**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
**Case No.:**

GRACIELA DELA TORRE,

     Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

     Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Graciela Dela Torre, files her Complaint against Defendant, Nippon Life Insurance Company of America, and states:

### I. JURISDICTION AND VENUE

1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2.     Plaintiff, Graciela Dela Torre ("Ms. Dela Torre"), is a resident of Kane County, Illinois, and was at all times relevant a participant of the long-term disability insurance policy at issue ("LTD policy"). Defendant, Nippon Life Insurance Company of America ("Defendant"), is the insurer and claims administrator of the LTD policy, is a foreign corporation authorized to do business in Illinois and can be found in the Northern District of Illinois.

### III.    FACTS

3.    At all times material to this action there was in full force and effect a group LTD policy that was underwritten and administered by Defendant.

4.    At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.    Ms. Dela Torre was employed with Nippon Express USA as a Senior Air Exporter (Wholesaler II). By virtue of her employment at Nippon Express USA, Ms. Dela Torre was an eligible participant of the LTD policy at all times material to this action.

6.    The purpose of the LTD policy was to provide Ms. Dela Torre a monthly benefit in the event that she became disabled ("LTD benefit").

7.    The LTD policy defined Disability, in pertinent part, as follows:

Disability; Disabled (for Long Term Disability Insurance) means your inability, solely or directly because of sickness or injury:

-   during the Benefit Waiting Period and the two-year period immediately following the Benefit Waiting Period:

-   if not working, to perform the majority of the material duties of your normal job; or

-   if working, to earn more than 80% of your Indexed Predisability Earnings; and

-   after completion of the Benefit Waiting Period and the two-year period immediately following the Benefit Waiting Period:

-   if not working, to perform the majority of the material duties of any job that reasonably fits your background and training; or

-   if working, to earn more than 66 2/3% of your Indexed Predisability Earnings.

8. Ms. Dela Torre has suffered, and continues to suffer, from a number of medical conditions. These include, but are not limited to, bilateral carpal tunnel syndrome, right lateral epicondylitis, left cubital tunnel syndrome, and left medial epicondylitis.

9. Ms. Dela Torre ceased working on May 1, 2019, and applied for long term disability benefits.

10. Defendant approved Ms. Dela Torre's disability benefits effective June 30, 2019, determining that she had been unable to perform the majority of the material duties of her job or any job that reasonably fit her background and training for which and was unable to earn 80% or more of his Indexed Earnings.

11. By letter dated November 18, 2021, Defendant terminated Ms. Dela Torre's LTD benefits effective November 30, 2021.

12. Ms. Dela Torre timely appealed Defendant's decision to deny her LTD benefits by email dated November 19, 2021.

13. Defendant denied Ms. Dela Torre's appeal for LTD benefits and communicated its decision via letter dated March 29, 2022.

14. Ms. Dela Torre has exhausted her appeals under ERISA.

15. In terminating Ms. Dela Torre's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

16. The termination of Ms. Dela Torre's LTD benefits was a breach of the terms of the LTD policy, and the decision was wrong and arbitrary and capricious.

17. Defendant's termination of Ms. Dela Torres' LTD disability benefits breached the fiduciary duties owed to Ms. Dela Torre under ERISA. Defendant further failed to discharge its

3

duties with respect to discretionary claims processing solely in the interests of Ms. Dela Torre as a participant of LTD policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein and says further that:

18. Plaintiff is entitled to certain benefits of the LTD policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

19. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the LTD policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

20. Defendant has refused to pay the benefits sought by Ms. Dela Torre, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 20 as if fully stated herein and says further that:

21. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

22. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. §1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

23.     Defendant is also liable to place Plaintiff in the position she would have enjoyed under the LTD policy had she not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Graciela Dela Torre, prays for a judgment against Defendant, Nippon Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14th day of December 2022.*

*/s/ Edward Philip Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff*