UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRACIELA DELA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22 C 7059 |
| ) | |
| NIPPON LIFE INSURANCE COMPANY OF ) | Judge Rebecca R. Pallmeyer |
| AMERICA ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, Defendant Nippon Life Insurance Company of America's 28 U.S.C. § 1404(a) motion to transfer this matter to the Southern District of New York [8] is denied.

## BACKGROUND

When resolving a § 1404(a) motion, the court considers the allegations in Plaintiff's complaint and evidentiary materials submitted by the parties. *In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) ("District courts are permitted, indeed, in some instances required, to make whatever factual findings are necessary prior to issuing a preliminary order.").

Plaintiff Graciela Dela Torre alleges that Defendant Nippon Life Insurance Company of America ("Nippon") violated the Employee Retirement Income Security Act of 1974 ("ERISA") when it terminated Plaintiff's long-term disability ("LTD") benefits. 29 U.S.C. § 1132(a)(1)(B). Ms. Dela Torre, a resident of Illinois, was employed by Nippon Express USA until May 1, 2019, and is a participant in Nippon Express USA's group LTD policy, issued by Defendant Nippon to Nippon Express USA in New York. (*See* Ex. B. to Def.'s Br. [9] at 1, 32.) After her employment ended, Dela Torre submitted an LTD claim to Nippon. (Compl. [1] ¶¶ 9–10; Ex. C to Def.'s Br.) That claim was administered by Disability Management Services ("DMS"), a Massachusetts corporation that reviews and decides LTD claims as a third-party vendor for Nippon. (Decl. of

Justin Wax Jacobs ("JWJ Decl."), Ex. A to Def.'s Br. [9-1] at ¶¶ 6–7.) Nippon approved Dela Torre's claim on August 2, 2019, effective retroactively as of June 30, 2019. (*Id.* at ¶ 11; Compl. ¶ 10.) Dela Torre continued to receive benefits for a few years, but, on October 27, 2021, DMS received an internal clinical review it had requested from Melissa Rios, RN, who determined that medical records did not support Dela Torre's ongoing claim for LTD benefits. (Ex. D to Def.'s Mot. at 2.) DMS concluded that Dela Torre was no longer entitled to LTD benefits and notified Dela Torre of her benefit termination in a letter dated November 18, 2021. (Ex. E to Def.'s Mot.) Dela Torre stopped receiving LTD benefits as of November 30, 2021. (JWJ Decl. at ¶¶ 11.) Dela Torre appealed this decision, and DMS upheld the termination of benefits in a letter to Dela Torre dated March 29, 2022. (Ex. G to Def.'s Mot.)

The merits of this decision are, for now, not before the court. The dispute is where Ms. Dela Torre's suit is properly venued. Relevant actors are in a variety of locations. Ms. Dela Torre herself lives in Illinois, her LTD claim was filed here, and her medical records were generated and issued by Illinois medical providers. (Ex. A to Pl.'s Resp. [14] at 7.) Though Nippon emphasizes that both Nippon and DMS's records are stored in the Northeastern United States (Def.'s Br. at 7), one of Nippon's four offices sits in Schaumburg, Illinois. *See* Decl. of Justin Wax Jacobs, Ex. A to Def.'s Mot. to Dismiss, *Dela Torre v. Nippon Life Ins. Co. of Am.*, No. 1:22-cv-22990 (S.D. Fla. Nov. 15, 2022), ECF No. 11-1. The consulting medical specialists who provided information to DMS are located in Delaware and Massachusetts. (JWJ Decl. at ¶¶ 16, 20, 23.)

Ms. Dela Torre initiated this lawsuit against Nippon on September 19, 2022, in the United States District Court for the Southern District of Florida pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). Her complaint sought unpaid LTD benefits she believes she is due under Nippon Express USA's LTD policy. *See* Complaint, *Dela Torre*, No. 22-22990 (S.D. Fla. Sep. 19, 2022), ECF No.1. Nippon moved to dismiss the lawsuit or, in the alternative, to transfer venue to the Southern District of New York, and Dela Torre voluntarily dismissed the complaint without prejudice. *See* Notice of Voluntary Dismissal, *Dela Torre*, No. 22-22990 (S.D. Fla. Dec. 13, 2022),

2

ECF No. 19. On December 14, 2022, Dela Torre (who has not explained her reasons for filing initially in Florida) re-filed her complaint in the Northern District of Illinois against the same Defendant, asserting the same cause of action and facts, and seeking the same remedy. Nippon now moves the court to transfer the case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a) [8].

## DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A party moving for transfer under § 1404(a) bears the burden of establishing that "1) venue is proper in the transferor district, 2) venue and jurisdiction would be proper in the transferee district, and 3) the transfer will serve the convenience of the parties and witnesses, and is in the interest of justice." *Crothall Laundry Services, Inc. v. OSF Health Care System*, No. 17-CV-8928, 2018 WL 1695364, at *3 (N.D. Ill. Apr. 3, 2018) (collecting Seventh Circuit authority). When hearing § 1404(a) motions, courts engage in a "flexible and individualized analysis and look beyond a narrow or rigid set of considerations" in order to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (internal quotations omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**I.      Venue in Transferor and Transferee Courts**

Nippon easily meets the first two requirements for transfer. ERISA contains its own venue provision, which states that a party may bring an ERISA action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132€(2). Venue is proper in the Northern District of Illinois, because this is "where the breach took place"—meaning, it is where Ms. Dela Torre was to receive the denied benefits—and

3

Nippon can be found in this district, because it has a physical office in Schaumburg, Illinois. Nippon has also shown that venue and jurisdiction would be proper in the Southern District of New York because that is a district where the plan is administered, and Nippon is located there.

## II.    Convenience of Witnesses and Parties

Nippon's arguments concerning convenience are less persuasive. In analyzing convenience, courts consider "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Sojka v. DirectBuy, Inc.*, No. 12-CV-9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014). The first factor favors Ms. Dela Torre: she filed this complaint in the Northern District of Illinois. With respect to the situs of material events, the court recognizes that Nippon's policy was issued and administered in New York, that DMS reviewed Dela Torre's appeal in Massachusetts as Nippon's agent, and that several non-party witnesses are located or reside in New York, Massachusetts, and Delaware. The court also notes, however, that Dela Torre's LTD claim was filed in Illinois, that Dela Torre lives in Illinois, and that her medical records were generated and issued by Illinois medical providers. This second factor weighs, at least slightly, in favor of an Illinois venue. Third, the relative ease of the parties' access to sources of proof is comparable in both Illinois and New York. Nippon asserts that relevant documents, correspondence, evaluations, and notices are stored in the Northeastern United States, but Nippon has not suggested that these documents may only be accessed in physical form; the court expects that Nippon will have little trouble accessing digital files in either location. In terms of the fourth factor, the court is also not overly concerned with the convenience to witnesses in this case. Trials are rare in ERISA benefits cases, and, even if this case were to include a trial, either venue would be inconvenient to one set of witnesses or another: either Nippon and DMS's representatives and consulting medical specialists will need to travel to Chicago, or Dela Torre's treating physicians would need to fly to New York. Because Nippon has specifically identified witnesses for whom traveling to Chicago would be more inconvenient than traveling to New York,

4

this factor weighs in favor of Nippon, but only slightly. Fifth, it appears to be more inconvenient for Dela Torre to litigate in New York than for Nippon to litigate in Chicago, in light of the fact that Nippon has one of its offices in Illinois. Dela Torre's decision, in the first instance, to file suit in the Southern District of Florida is puzzling and, on this record, unexplained. The court nevertheless disagrees with Nippon that her decision to re-file in her home district smacks of forum shopping. (*See* Def.'s Reply at 3.) In all, while the convenience factors in this case do not strongly favor either party, they slightly favor Dela Torre.

### III.   Interest of Justice

The court turns next to the interests of justice. Ms. Dela Torre's suit is based on federal law, which this court and courts in the Southern District of New York are equally competent to apply. With respect to any issues not governed by ERISA, the court presumes that the LTD policy is governed by New York law. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000) (Under Illinois law, "insurance policy provisions are generally governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing rational relationship to the general contract.") (quotation marks omitted); *see also Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 495–96 (S.D.N.Y. 2014) (explaining that New York courts apply the "center of gravity" analysis to determine which state law applies to an insurance policy, considering: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter; and (5) the contracting parties' places of business or domicile). In this case, Nippon's principal place of business is New York; Nippon issued the LTD policy in question in New York to a New York insured; and that policy provided coverage to the New York insured's employees and identified a Plan Administrator, Plan Sponsor, and Agent for Legal Services in New York. Perhaps, if state law claims predominated here, it would be advantageous for a federal judge who is more familiar with New York state law to hear the case. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221

(7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 645).  In fact, however, it appears that no complex issues of state law will be relevant, and any issues that do relate to state law will not be beyond the court's competence.  *See Timaero Ireland Ltd. v. Boeing Co.*, No. 19 C 8234, 2021 WL 963815, at *12 (N.D. Ill. Mar. 15, 2021) ("[W]here the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts.") (citation omitted); *see also Bodine's Inc., v. Sunny-O, Inc.,* 494 F. Supp. 1279, 1286 (N.D. Ill. 1980) (noting that arguments for transfer based on the purported applicability of out-of-circuit state law are most persuasive when the foreign law is "complex or unsettled").  To the extent this factor is relevant at all, it weighs only slightly in Nippon's favor.

In sum, the factors for transferring do not weigh heavily in either party's favor, and, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

## **CONCLUSION**

Nippon's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [8] is denied.

ENTER:

Dated:  April 10, 2023

_____
REBECCA R. PALLMEYER
United States District Judge