IC

FILED

FEB 03 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**GRACIELA DELA TORRE,** Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,** Defendant.

**Case No.: 1:22-cv-07059**

**Honorable Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION TO DISPUTE ATTORNEY FEES, INVALIDATE SETTLEMENT AGREEMENT, AND SEEK REMEDY FOR MALPRACTICE**

Plaintiff, Graciela Dela Torre, appearing pro se, respectfully moves this Honorable Court for an order to dispute the attorney fees charged by her former attorneys, Edward Dabdoub and Kevin Probst of Dabdoub Law Firm, invalidate the settlement agreement she signed under conditions of duress and medical incapacity, and seek remedy for malpractice and other violations of professional conduct. In support of this motion, Plaintiff states as follows:

---

## I. INTRODUCTION

1. This motion arises from Plaintiff's dispute with her former attorneys, Edward Dabdoub and Kevin Probst, regarding the excessive attorney fees charged, the unapproved expenses deducted from her settlement, and the circumstances under which she signed the settlement agreement.

2. Plaintiff seeks relief from the overcharged attorney fees, unapproved expenses, and the invalidation of the settlement agreement, which was entered into under duress and medical incapacity.

---

## II. FACTUAL BACKGROUND

1. On or about December 29, 2023, Plaintiff received a settlement statement with Nippon Life Insurance Company of America (Defendant) for the amount of $90,000 to resolve her long-term disability claim.

2. **Attorney Fee Overcharge:** On the contingency agreement, it was noted that in the event of a buy-out settlement, the attorney shall be paid a fee of 20% of the gross

recovery. However, Plaintiff's attorneys, Dabdoub and Probst, charged 40%, which resulted in an excessive overcharge of $36,000 (40% of $90,000 minus the agreed-upon 20%, which would have been $18,000).

3. **Unapproved Expenses:** Plaintiff was charged $4,563.93 in expenses, which were neither disclosed nor approved by her, and which Plaintiff did not agree to pay.

4. **Interest on Overcharges:** Plaintiff seeks 28% interest on the attorney fee overcharge and unapproved expenses. The interest calculation for the period from December 29, 2023 to January 28, 2025 (395 days) results in:

   o Interest on attorney fee overcharge: **$2,764.56**

   o Interest on unapproved expenses: **$350.52**

   o **Total interest amount: $3,115.08**

5. **Settlement Agreement under Duress and Medical Incapacity:** Plaintiff asserts that the settlement agreement was signed under duress, and that at the time of signing, Plaintiff was suffering from significant medical incapacity that impaired her ability to understand the terms and consequences of the settlement. Additionally, Plaintiff was instructed by her attorneys to sign a blank page, which was later filled in by Kevin Probst and opposing counsel with minor edits. This further invalidates the agreement as Plaintiff was not provided the full, accurate terms at the time of signing.

6. **Settlement Statement Signed on January 23, 2024:** Although the **settlement** was initially discussed and drafted on December 29, 2023, the final **settlement statement** was signed by Plaintiff on January 23, 2024 under circumstances in which Plaintiff contends she was still under medical duress and incapable of making fully informed decisions.

---

## III. LEGAL BASIS

1. **Attorney Fee Overcharge:** Attorneys are prohibited from charging excessive fees under the Illinois Rules of Professional Conduct. Dabdoub and Probst violated these rules by charging an excessive fee of 40%, which is in violation of the agreed-upon 20% contingency fee structure.

2. **Unapproved Expenses:** Attorneys must obtain prior approval for any expenses charged to their clients. By deducting $4,563.93 in unapproved expenses from

Plaintiff's settlement, Dabdoub and Probst acted improperly and in breach of their fiduciary duty.

3. **Invalidation of Settlement Agreement:** A settlement agreement signed under duress, undue influence, or medical incapacity is legally unenforceable. Plaintiff seeks to have the settlement agreement invalidated due to her compromised mental and physical condition at the time of signing, as well as the improper signing procedure.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Issue an order requiring a full accounting of the attorney fees and costs deducted from Plaintiff's settlement.

2. Declare the attorney fees charged by Edward Dabdoub and Kevin Probst as excessive and order the reimbursement of **$36,000** in overcharged fees.

3. Order the reimbursement of **$4,563.93** for unapproved expenses deducted from Plaintiff's settlement.

4. Award interest on the overcharged attorney fees and unapproved expenses at a rate of 28% per annum, totaling **$3,115.08** for the period from December 29, 2023 to January 28, 2025.

5. Invalidate the settlement agreement entered into on December 29, 2023, based on Plaintiff's medical incapacity and duress at the time of signing.

6. Direct that the total amount owed to Plaintiff, including overcharged fees, unapproved expenses, and interest, be directly deposited into the same account previously used for disbursement of the settlement amount, **no later than five (5) business days from the date of this Court's Order.**

7. Refer the actions of Edward Dabdoub and Kevin Probst to the Illinois Attorney Registration and Disciplinary Commission for investigation of potential ethical violations, including charging excessive fees, deducting unapproved expenses, and engaging in improper conduct related to the settlement agreement.

8. Grant any additional relief the Court deems just and proper under the circumstances.

9.  **/s/ Graciela Dela Torre** _Comella_ Date: Feb 03, 2025
    Pro Se Plaintiff
    653 WING ST, ELGIN IL 60123
    (630) 670-5914
    GMESTIZA1@GMAIL.COM

# DABDOUB LAW FIRM
### DISABILITY INSURANCE & ERISA ATTORNEYS

### Settlement Statement
#### Graciela Dela Torre v. Nippon Life Insurance

| | | | |
|---|---|---|---:|
| Total Amount of Settlement | | $ | 90,000.00 |
| Attorney's Fee: | 40% of the gross | $ | 36,000.00 |
| | | $ | - |
| | | | |
| Amount to the Dabdoub Law Firm | | $ | 27,000.00 |
| Ankin Law Office LLC i | 25% | $ | 9,000.00 |

### Costs

| | | |
|---|---|---:|
| NDIL Filing Fee | $ | 402.00 |
| Service of process | $ | 120.51 |
| Service of process - 2nd attempt | $ | 120.51 |
| Deposition transcripts | $ | 509.55 |
| Johnson Vocational Consulting | $ | 1,200.00 |
| Subpoenas for depos - Firefly | $ | 685.53 |
| Clt depo - airline tickets | $ | 433.81 |
| Clt depo - car rental | $ | 212.77 |
| Clt depo - gas expense | $ | 15.86 |
| Clt depo - hotel | $ | 350.99 |
| Clt depo - meal expense | $ | 19.85 |
| Clt depo - airport parking | $ | 75.00 |
| SDFL Filing Fee | $ | 402.00 |
| Service of process | $ | 15.55 |
| 0 | $ | - |
| 0 | $ | - |
| 0 | $ | - |
| 0 | $ | - |
| Total Costs | $ | 4,563.93 |
| | | |
| Attorney's Fee Collected | $ | 36,000.00 |
| | | |
| Net to Client | $ | 49,436.07 |

### Acknowledgement and Receipt

Graciela Dela Torre    , acknowledge my voluntary agreement to settle this caase with my full knowledge for the amounts shown and I agree to the itemized costs, expenses and disbursements. I am satisfied with the legal service rendered. I understand that I am responsible for all outstanding bills, not the Dabdoub Law Firm.

DocuSigned by:

*Graciela Dela Torre*

By: Client          Graciela Dela Torre          Date   1/23/2024

DocuSigned by:

*[signature]*

By: Edward P Dabdoub, Esq.          Date   1/23/2024

DocuSigned by:

*[signature]*

Ankin Law Office LLC i          Date   1/23/2024

# DABDOUB LAW FIRM
### DISABILITY INSURANCE & ERISA ATTORNEYS

## CONTINGENT FEE AGREEMENT

**This is a contingency fee agreement. The client does not pay any legal fees unless the client recovers benefits.**

**ACTION:** The undersigned CLIENT Graciela Dela Torre retains DABDOUB LAW FIRM Attorneys, for representation against Nippon Life Insurance Company of America in connection with disability benefits claimed on her long-term disability insurance policy.

**FEE: A.** In the event the claim is approved, the attorneys shall be paid a contingency fee of 40% of the past benefits owed and 20% of future monthly benefits.

**B.** In the event the claim is denied, or in the event of litigation, the attorneys shall be paid a contingency fee of 40% of the gross recovery or the Court awarded fee, whichever is greater. (Note: in the event the client is placed on claim, the attorneys shall also be paid 20% of future monthly benefits).

**C.** In the event of a buy-out settlement/ payment when the client's claim is in approved status with benefits being paid, the attorneys shall be paid a fee of 20% of the gross recovery. Note: this section applies only when your claim is approved and is being paid. It does not apply in any other situation, such as when your claim was denied, or your case is in litigation.

The client understands that the plan documents or insurance policy pertaining to the client's claim(s) may have an offset provision which could reduce the amount of the client's benefit, or the amount recovered. The client agrees to immediately and fully disclose to the attorneys, the amounts the client receive or may receive for Social Security benefits, worker's compensation benefits, pension or retirement benefits or any other form of benefit or payment. The client understands that if the client's benefits are reduced retroactively this could cause past benefits to be overpaid. In such circumstances, the client understands that amounts already paid to the attorneys are not due to be returned and that the client will be solely responsible for repaying the plan or insurance company. The client also understands that if the client is awarded any other income during the appeals process (including social security disability benefits), and the appeal is then approved, the attorney's fees are calculated based on the gross benefits amount and is not reduced for any offset.

**CLIENT'S RIGHTS:** This Contract may be cancelled by written notification to the attorneys at any time within 3 business days of the date the Contract was signed, as shown below, and if cancelled, the client shall not be obligated to pay any fees to the attorneys for the work performed during that time.

DocuSign Envelope ID: DBD57D91B9B1-4B8B-8635-792B7A814F37

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

**COSTS:** The client authorizes the attorneys to advance costs for any purposes the attorneys deem reasonable and necessary to satisfactorily handle this claim. The attorney shall be reimbursed for said costs from benefits recovered. "Costs" shall include, but not be limited to expenditures for filing fees, subpoenas, depositions, witness fees, investigation, expert witnesses, medical records and reports, and all other direct costs necessary for performance of services.

**SETTLE-MENT:** No settlement will be made except by mutual consent. One of the client's most important obligations under this contract is not to unreasonably withhold consent to settlement.

**RECOVERY:** The client expressly grants power to the attorneys to endorse and deposit into the attorneys Trust Account any checks in the client's names and authorize the attorneys to deduct fees and costs and pay all hospital and medical bills from the client's share of the recovery. Any unpaid bills for medical care, if any, shall remain the client's responsibility.

**DISCHARGE:** If the client elects to terminate this Agreement after the 3-day period, the client shall immediately pay all costs incurred by the attorneys, and in addition, shall be responsible to pay the attorneys the reasonable value of the services performed to date, or the appropriate percentage of the last settlement offer, or the amount of any judgment, whichever is greater.

**WITHDRAWAL:** The attorneys, in their absolute discretion, may withdraw at any time for any reason allowing the client a reasonable amount of time to obtain substitute counsel.

**NOTICES:** The client agrees to keep the attorneys informed of the client's address and phone numbers. All notices will be sent to the client's last known address.

**OTHER SERVICES:** This Agreement is only for legal services of this claim. Should the client(s) require additional services, the attorney may charge a reasonable fee for other legal matters. Some benefits may have local, state, and federal tax consequences. DABDOUB LAW FIRM does not provide tax advice to the client and encourages the client to seek tax advice from a qualified professional.

**RETURN OF RECORDS:** At the conclusion of your case, you should request the return of any records you provided. If no request is received, your records will be destroyed within six months after the conclusion of your case.

DATED this _____08_____ day of _____APRIL_____, 2022.

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

DocuSigned by:

*Graciela Dela Torre*

FC46ED2A9FDB49E...

Graciela Dela Torre, Client

653 WING ST
_____
Address

ELGIN IL 60123
_____
City, State, Zip Code

Phone (H) _N/A_____

(C) _630-670-5914_____

ACCEPTED BY:

DocuSigned by:

EB0380D1F12E438...

DABDOUB LAW FIRM, Attorney

# DABDOUB LAW FIRM
### DISABILITY INSURANCE & ERISA ATTORNEYS

## <u>DIRECTION OF PAYMENT</u>

I, Graciela Dela Torre request and direct that Nippon Life Insurance Company of America mail all disability benefits payments (including payment for past and/or future benefits or lump sum payments) payable to me, Graciela Dela Torre, under my disability insurance policy to my attorney-at-law at the following address:

DABDOUB LAW FIRM
1600 Ponce de Leon Boulevard, Suite 1202
Coral Gables, Florida 33134

DocuSigned by:

By: *Graciela Dela Torre*
FC46ED2A9FDB49E
Graciela Dela Torre, Client

SSN: 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

DOB: 04/08/1978

Date: 04/08/2022

**The Direction of Payment revokes any previous existing method of payment associated with this claim including Direct Deposit.**

# DABDOUB LAW FIRM
### DISABILITY INSURANCE & ERISA ATTORNEYS

## <u>AUTHORIZATION OF REPRESENTATION AND RELEASE OF CLAIM FILES</u>

I, Graciela Dela Torre, authorize DABDOUB LAW FIRM to represent me in my claim for disability benefits in connection with Nippon Life Insurance Company of America.  I, Graciela Dela Torre authorize Nippon Life Insurance Company of America to release any information, including insurance policies and claim files, in connection with such claim to DABDOUB LAW FIRM., 1600 Ponce de Leon Boulevard, Suite 1202, Coral Gables, FL 33134, (305) 754-2007, facsimile.

Date: 04/08/2022 _____

By: _____
DocuSigned by:
*Graciela Dela Torre*
FC46ED2A9FDB49E...
Graciela Dela Torre, Client

SSN: _____

DOB: 04/08/1978 _____

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

## AUTHORIZATION OF REPRESENTATION AND TO RELEASE INFORMATION

I, Graciela Dela Torre, authorize DABDOUB LAW FIRM to represent me in my claim for disability benefits in connection with Nippion express inc.  I, Graciela Dela Torre authorize Nippion express inc  to release any information, including insurance policies and claim files, in connection with such claim to DABDOUB LAW FIRM., 1600 Ponce de Leon Boulevard, Suite 1202, Coral Gables, FL 33134, (305) 754-2007, facsimile.

Date: 04/08/1978 _____

By: _Graciela Dela Torre_
    FC40ED2A9FDB49E...
    Graciela Dela Torre, Client

    SSN: 627716-6482

    DOB: 04/08/1978

DocuSign Envelope ID: DBDF7D91-69B1-4B8B-B625-702B7A814E27

✳ Blank Page ✳

Social Security Administration
## Consent for Release of Information

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

TO: Social Security Administration

GRACIELA DELA TORRE          04/08/1978          ~~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~~  GD

*My Full Name          *My Date of Birth          *My Social Security Number
(MM/DD/YYYY)

I authorize the Social Security Administration to release information or records about me to:

*NAME OF PERSON OR ORGANIZATION:          *ADDRESS OF PERSON OR ORGANIZATION:
Dabdoub Law Firm          1600 Ponce De Leon Blvd., Suite 1202

Coral Gables, FL. 33134

*I want this information released because: _____
We may charge a fee to release information for non-program purposes.

*Please release the following information selected from the list below:
Check at least one box. We will not disclose records unless you include date ranges where applicable.

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date _____ to date _____
   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

*Signature: _Graciela Dela Torre_          *Date: 04/08/1978
FC40ED2A9FD849E...

**Address: 653 WING ST ELGIN IL 60123          **Daytime Phone: (630)670-5914

Relationship (if not the subject of the record): _____          **Daytime Phone: _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of witness | 2. Signature of witness |
|---|---|
| Address(Number and street, City, State, and Zip Code) | Address(Number and street, City, State, and Zip Code) |

Form SSA-3288 (11-2016) uf

## AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION UNDER HIPAA RULE 164.508
*You May Refuse to Sign This Authorization*

I, GRACIELA DELA TORRE _____, (hereafter referred to as "Individual") hereby authorize

_____

_____, (hereafter referred to as "you") to use and disclose in any form or format a copy of records concerning Individual but only as follows, to: **DABDOUB LAW FIRM** for the purpose of (be specific) _____. I specifically authorize you to use and disclose the following types of super-confidential information (initial where appropriate):

____ HIV records (including HIV test results) and sexually transmissible diseases
____ Alcohol and substance abuse diagnosis and treatment records
____ Psychotherapy records                    ____Tuberculosis
____ All hospital records                          ____All of the above

I specifically authorize you to use and disclose the following Protected Health Information. Please initial one or more of the following, if applicable:

____Written Medical records                 _____X-rays/MRI/CT
____ Billing records                               _____Prescription records
____ All of the above

I understand that my records may be subject to re-disclosure by recipient(s) and unprotected by federal or state law; that this Authorization remains effective until the following date:_____; the following event:_____; or until you actually receive a signed revocation or until the records retention period required under federal and Florida law has expired, whichever first occurs; that I have been given an opportunity to ask questions; that I have received a copy of the signed Authorization; that I may inspect a copy of my protected health information to be used or disclosed under this Authorization; that you have not conditioned provision of services to or treatment of me upon receipt of this signed Authorization; and that I may refuse to sign this Authorization. My refusal to sign will not affect my eligibility for benefits or enrollment, payment for or coverage of services, or ability to obtain treatment, except as provided on this form. If the purpose of this Authorization is for the use and/or disclosure of health information for a research study, and I refuse to sign this Authorization, you reserve the right to deny treatment associated with such research. If the purpose of this Authorization is to disclose health information to another party based on health care that is provided solely to obtain such information, and I refuse to sign this Authorization, you reserve the right to deny that health care. I understand that I may inspect or copy the information that is used or disclosed. I understand that I may revoke this Authorization at any time by notifying you in writing, except to the extent that action has been taken in reliance on this Authorization; or if this Authorization is obtained as a condition of obtaining insurance coverage, other law provides the insurer with the right to contest a claim under the policy or the policy itself.

A copy of this signed form will be provided to the individual.

DocuSigned by:

By **Patient** GRACIELA DELA TORRE _____ (print)___ Graciela Dela Torre ___ (sign)
                   04/108/1978 _____(date)      FC46ED2A9FDB49E...

Or by **Patient's Representative:**
_____(print)_____(sign)_____(date)
(Describe authority below):

_____(name)

_____