IC

RECEIVED
FEB 03 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
FEB 03 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

**GRACIELA DELA TORRE, Plaintiff,**

**v.**

**NIPPON LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**Case No.: 1:22-cv-07059**

**Honorable Rebecca R. Pallmeyer**

**PROPOSED ORDER**

This matter having come before the Court on Plaintiff's Motion to Dispute Attorney Fees, Invalidate Settlement Agreement, and Seek Remedy for Malpractice, and the Court having considered the Motion, the record, and the arguments of the parties, it is hereby:

**ORDERED AND ADJUDGED:**

1. **Attorney Fee Overcharge:** The Court finds that the attorney fees charged by Edward Dabdoub and Kevin Probst of Dabdoub Law Firm are excessive in violation of the agreed-upon contingency fee structure. The attorneys are hereby ordered to reimburse Plaintiff the amount of **$36,000**, representing the overcharge for attorney fees.

2. **Unapproved Expenses:** The Court finds that Plaintiff was charged **$4,563.93** in unapproved expenses, which were neither disclosed nor authorized by Plaintiff. Dabdoub and Probst are hereby ordered to reimburse Plaintiff the amount of **$4,563.93** for these unapproved expenses.

3. **Interest on Overcharges:** The Court finds that Plaintiff is entitled to interest at a rate of 28% per annum on the overcharged attorney fees and unapproved expenses. The attorneys are hereby ordered to pay Plaintiff a total of **$3,115.08** in interest, calculated from December 29, 2023 to January 28, 2025.

4. **Total Amount Owed:** The total amount owed to Plaintiff, including overcharged attorney fees, unapproved expenses, and interest, is **$43,678.01**.

5. **Direct Deposit of Reimbursement:** The attorneys are hereby ordered to deposit the total amount owed to Plaintiff, including the overcharged attorney fees, unapproved expenses, and interest, into the same account previously used for the disbursement of the settlement amount, no later than **five (5) business days** from the date of this Order.

6. **Invalidation of Settlement Agreement:** The Court finds that the settlement agreement signed on December 29, 2024, was entered into under duress and medical incapacity, and is hereby declared **invalid** and unenforceable.

7. **Referral to the Illinois Attorney Registration and Disciplinary Commission:** The Court refers the actions of Edward Dabdoub and Kevin Probst to the Illinois Attorney Registration and Disciplinary Commission for investigation of potential ethical violations, including but not limited to charging excessive fees, deducting unapproved expenses, and engaging in improper conduct related to the settlement agreement.

8. **Additional Relief:** The Court grants any further relief it deems just and proper under the circumstances.

**SO ORDERED.**

**DATED:**

_____/_____/_____

**BY THE COURT:**

_____

**Honorable Rebecca R. Pallmeyer**
United States District Judge

_____