IC

FILED

FEB 03 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**GRACIELA DELA TORRE**, Plaintiff, v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA**, Defendant.

**Case No.: 1:22-cv-07059**

**Honorable Rebecca R. Pallmeyer**

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO SEAL

## I. INTRODUCTION

Plaintiff, Graciela Dela Torre, respectfully moves this Honorable Court to reconsider its order granting Defendant Nippon Life Insurance Company of America's Motion to Seal Judicial Records. Transparency is fundamental to justice, and the **Defendant's efforts to conceal key filings undermine the principles of fairness and accountability. The Court's decision to seal the entire record shields a powerful corporation from scrutiny and disadvantages the Plaintiff,** who has endured significant medical hardship and was misled into signing a settlement under coercive circumstances. **Plaintiff requests that only sensitive personal information related to her medical history and private details be sealed, rather than the entire record.**

## II. LEGAL STANDARD

Reconsideration is appropriate where there is newly discovered evidence, an intervening change in the law, or a need to correct clear error or prevent manifest injustice. Fed. R. Civ. P. 54(b); Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). **Here, manifest injustice would result if Defendant is permitted to suppress evidence of its improper conduct under the guise of confidentiality.**

## III. ARGUMENT

### 1. Sealing Protects a Powerful Corporation at the Expense of a Vulnerable Plaintiff

Plaintiff, who has undergone extensive medical procedures, including four major surgeries on both wrists and elbows, was in a physically weakened state when pressured into signing a settlement agreement. Additionally, Plaintiff's cognitive concerns, as indicated by medical evaluations, further underscore the need for fairness in these proceedings. However, these health challenges do not diminish Plaintiff's ability to assert her rights or advocate for justice. The Defendant seeks to exploit confidentiality provisions not to protect legitimate trade secrets or personal privacy concerns but to obscure evidence of misconduct.

1

### 2. Defendant's Motion to Seal is Overbroad and Unjustified

Courts recognize a presumption of public access to judicial records, which may only be overcome if sealing is narrowly tailored to serve a compelling interest. Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002). Defendant's blanket sealing request is overbroad and unjustified, as it seeks to prevent public access to materials demonstrating fraudulent inducement and coercion.

### 3. Plaintiff's Attorney's Own Statements Undermine Defendant's Position

Plaintiff's former attorney, Kevin Probst, explicitly stated in written communication that he would no longer provide guidance and advised Plaintiff to seek a second opinion. This admission suggests that Plaintiff was not adequately represented in the settlement process, further necessitating transparency in these proceedings. Additionally, Plaintiff previously filed a Motion to Seal under the mistaken belief that she was required to do so after receiving a demand for arbitration via FedEx. The demand created a sense of urgency and fear, leading Plaintiff to act against her best interests. However, upon further review, Plaintiff recognizes that transparency is crucial and that only sensitive personal medical information should be sealed. Defendant should not be allowed to misuse confidentiality provisions to suppress evidence of misconduct.

### 4. Sealing Would Set a Dangerous Precedent

Allowing Defendant to conceal evidence in this case would embolden corporations to exploit vulnerable individuals with impunity. Courts have consistently held that confidentiality agreements cannot be used to suppress evidence of fraud or misconduct. See Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 835 (7th Cir. 2013) (noting that settlement agreements involving allegations of wrongdoing should not be shielded from public scrutiny).

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Reconsider its order granting Defendant's Motion to Seal Judicial Records.

2. **Deny Defendant's Motion to Seal in its entirety.**

3. **Allow public access to Plaintiff's Motion to Reopen and all supporting evidence to ensure transparency and fairness, except for sensitive personal Plaintiff information, which may be sealed.**

4. Grant any other relief that this Court deems just and proper.

2

Respectfully submitted,

**Graciela Dela Torre (Gracie)** Pro Se Plaintiff

653 Wing St Elgin IL 60123

(630) 670-5914 GMESTIZA1@GMAIL.COM

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, hereby certify that on this Feb 03, 2025, a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Seal was served upon the following parties via the Court's CM/ECF electronic filing system.

I certify under penalty of perjury that the foregoing is true and correct.

**Dated: Feb 03, 2025**

**Respectfully submitted,**

**Graciela Dela Torre Pro Se Plaintiff** _____

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, hereby certify that on this Feb 03,2025 a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Seal was served upon the following parties via the Court's CM/ECF electronic filing system and by email:

**1:22-cv-07059 Notice has been electronically mailed to:**

**Counsel for Defendant:**

Justin Aaron Wax Jacobs    j-waxjacobs@nipponlifebenefits.com

Ambria Dominise Mahomes    docketgeneral@faegredrinker.com, legalresourcehub@faegredrinker.com, ambria.mahomes@faegredrinker.com

Matthew M Morrissey    alice.continpage@faegredrinker.com, matthew.morrissey@faegredrinker.com

**Former Counsel for Plaintiff: Kevin Probst Dabdoub Law Firm**

Kevin E Probst    kprobst@longtermdisability.net

Edward Philip Taric Dabdoub    paralegal@longtermdisability.net, geneses@longtermdisability.net, eddie@longtermdisability.net, nina@longtermdisability.net

JustinR.Lewicky    kwojtowicz@ankinlaw.com, jlewicky@ankinlaw.com, smazariegos@ankinlaw.com

I certify under penalty of perjury that the foregoing is true and correct.

**Respectfully submitted,**

/s/ Graciela Dela Torre    _Graciela_    Date: Feb 03, 2025

Pro Se Plaintiff
653 WING ST, ELGIN IL 60123
(630) 670-5914
GMESTIZA1@GMAIL.COM

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

---

## RE: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

---

**Kevin Probst** <kprobst@longtermdisability.net>                Fri, Jan 17, 2025 at 12:43 PM
To: Gracie Dlt <gmestiza1@gmail.com>
Cc: Geneses Strongarone <geneses@longtermdisability.net>

Ms. Dela Torre:

Under Rule 60(b)(2) and 59(b), for there to be valid grounds for a judge to reopen a closed case, there must be <u>newly discovered</u> <u>evidence that, with reasonable diligence, could not have been discovered</u> within 28 days of the entry of judgment (or other court order/notice closing the case). More importantly, I can assure that Nippon had ample medical records regarding your 2022 surgery and 2021 physical therapy treatment.

Under Rule 60(c), a motion under this Rule must be made no more than a year after the entry of the judgment or order closing the case.

As reflected by the attached Notification, the judge closed your case on January 24, 2024.

Therefore, your deadline to file a motion under Rule 60(b) is January 24, 2025.

Although it is our belief that the judge in your case is highly unlikely to grant a motion under Rule 60(b), I encourage you to seek a second opinion from another attorney.

We stand by the work we performed in your case and the successful settlement we helped you obtain.

 Though I wish you the best, please be advised that we will not be providing you with any further advice or representation.

Regards,



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007



# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, January 16, 2025 12:07 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Subject:** Re: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

**Subject:** Request to Vacate Settlement Using Rule 60(b) – New Evidence of Ongoing Treatment

Dear Kevin,

I hope this message finds you well. I'm writing to discuss the possibility of vacating my settlement related to the Long-Term Disability Insurance case based on newly discovered evidence.

Upon reviewing my medical records, I found that I accidentally omitted key documents regarding my ongoing physical therapy treatment that I was receiving in January throug December 2021, as well as surgery that took place in 2022. These documents show that I was still under medical care during the period when my benefits were terminated in November 2021.

 I would like to explore the option of using Rule 60(b) to seek relief from the settlement.

To summarize:

- I inadvertently omitted records showing that I was receiving ongoing occupational therapy and treatment throughout January 2021 through December 2021
- I also had surgery in 2022 that further supports the ongoing nature of my condition and treatment.
- Given that the benefits were terminated in November 2021, and the new evidence demonstrates my continued medical care, I believe there may be grounds to argue that my benefits were wrongly terminated.

I would like to proceed with discussing how we can use this new evidence to potentially vacate the settlement under Rule 60(b), which permits relief from a judgment due to new evidence or errors that have come to light after the fact. Please let

me know how we can move forward and if there is any additional information you need from me.

Thank you for your continued support and guidance in this matter. I look forward to hearing your thoughts.

Sincerely,

*Graciela*
*Direct # 630.670.5914*

**Do not print this email unless is necessary**

On Tue, Jan 7, 2025 at 3:19 PM Kevin Probst <kprobst@longtermdisability.net> wrote:



### Kevin Probst, J.D.

### Disability Insurance & ERISA Attorney

*Office*

longtermdisability.net

305.754.2000

*Fax*

 

305.754.2007

# DABDOUB LAW FIRM
## Disability Insurance & ERISA Attorneys

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Kevin Probst
**Sent:** Tuesday, January 7, 2025 3:05 PM
**To:** 'Gracie Dlt' <gmestiza1@gmail.com>
**Subject:** RE: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Good afternoon, Graciela:

After all the time, effort and resources that I and the firm dedicated to your case, reading your email was quite the shock. As you may recall, there was a strong possibility that - even if we had taken your case to judgment and won, you would have walked away with $0 because of the potential offsets/overpayment resulting from the money you were expecting to receive from Workers Comp and/or Social Security. Despite this fact, I was successful in getting Nippon to agree to pay $90,000 to resolve your case – and this was after you had already advised me that you'd willing to accept an offer of $80,000.

With disability cases such as yours, the only issue is whether the claim administrator made the correct decision at the time benefits were denied. In your case, that date was November 18, 2021. Your doctor's letter, on the other hand, was signed on December 7, 2023 – two years after Nippon terminated your benefits. Not surprisingly, Nippon was not interested in documents from 2 years after their decision was made.

As stated in the executed Settlement Agreement and Mutual Specific Release (attached) – and as is the case whenever parties sign a settlement agreement, they are releasing each other from any further causes of action related to the dispute and the court case is dismissed with prejudice (meaning it cannot be reopened).

It is my sincere hope that upon further reflection and consideration of the above explanation and facts, you come to understand again that we helped you obtain a **very** generous settlement offer.



I wish you a happy and healthy new year.



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, January 3, 2025 5:00 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Cc:** Retire Paralegal <Paralegal@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

**Graciela Dela Torre**
653 Wing St, Elgin IL 60123
January 3, 2025

**Kevin Probst**

Dabboub  Law Firm
1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**Subject:** Request for Review of LTD Settlement and Potential Reopening

Dear Kevin,

I hope this message finds you well. I am writing to request your assistance in reviewing the settlement agreement for my Long-Term Disability (LTD) claim, as I have concerns about potential errors or omissions that may have impacted the outcome.

Specifically, I provided you with a letter from my doctor stating my incapacity to work, which I believe was a critical piece of evidence. However, I suspect that this letter may not have been included or considered during the settlement process. If this is the case, it would constitute a significant omission, potentially affecting the terms and fairness of the agreement.

To clarify and address this matter, I kindly ask you to:

1. **Review the Settlement Agreement**: Verify whether the doctor's letter and other pertinent medical evidence were included and appropriately considered.

2. **Provide Documentation**: Share any records or communications regarding the inclusion of the letter in the settlement process.

3. **Evaluate Options for Reopening the Claim**: If the letter was excluded, I would like to explore options to challenge or reopen the settlement based on error or omission.

I am also open to any additional recommendations you may have to address this issue. Please let me know if further documentation or clarification from my side is required.

Thank you for your attention to this matter. I look forward to your response and guidance. Please feel free to contact me at 653 Wing St, Elgin IL 60123

Sincerely,
Graciela Dela Torre

(630) 670-5914

*Do not print this email unless is necessary*

Case: 1:22-cv-07059 Document #: 55 Filed: 02/03/25 Page 10 of 12 PageID #:370

On Thu, Dec 21, 2023 at 6:00 PM Kevin Probst <kprobst@longtermdisability.net> wrote:



Hi, Graciela:



The attached word doc reflects the tracked changes.

If you have any questions and prefer to speak by phone, let me know a few good times that work for you tomorrow.

Otherwise, as soon as you return your signature page, I'll sign as well and relay to Nippon's attorney which will start the 30 day clock for them to issue your check.

Regards,

Kevin



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

| *Office* | longtermdisability.net |
| --- | --- |
| 305.754.2000 | |
| *Fax* |    |
| 305.754.2007 | |

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, December 21, 2023 6:45 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Email received, what are those changes?

On Thu, Dec 21, 2023, 2:32 PM Kevin Probst <kprobst@longtermdisability.net> wrote:

Good afternoon, Gracie:

 

Since Nippon's attorney and I needed to make a few minor edits to the release, please sign and (**only**) return page 7 of the attached updated version.

Kindly confirm receipt of this email and let us know if you have any questions.

Regards,

Kevin

## Kevin Probst, J.D.

### Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Kevin Probst
**Sent:** Tuesday, December 19, 2023 11:42 AM
**To:** Gracie Dlt <gmestiza1@gmail.com>
**Cc:** Paralegal <Paralegal@longtermdisability.net>
**Subject:** Settlement Release: Dela Torre v. Nippon Life

Case: 1:22-cv-07059 Document #: 55 Filed: 02/03/25 Page 12 of 12 PageID #:372




Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)

ITS: (Write "Plaintiff")

DATE: (self-explanatory)

Let us know if you have any questions before signing.

Regards,

Kevin

## Kevin Probst, J.D.

### Disability Insurance & ERISA Attorney

Office

longtermdisability.net

305.754.2000

Fax

305.754.2007

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

DE 35 Notice of docket entry - Order closing case.pdf
18K