**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

GRACIELA DELA TORRE,                                          Case No.: 1:22-cv-07059

                              Plaintiff,

             v.

NIPPON LIFES INSURANCE COMPANY

OF AMERICA

                              Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NIPPON LIFE INSURANCE**
**COMPANY OF AMERICA'S, MOTION TO QUASH SUBPOENA PURSUANT TO RULE 45(d)**

## I.    PRELIMINARY STATEMENT

Defendant, NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as

the "DEFENDANT" or "NIPPON"), respectfully moves this Court to quash the subpoena duces tecum

(hereinafter referred to as the "Subpoena") filed by the Plaintiff (hereinafter referred to as the

"PLAINTIFF or "DELA TORRE") as Docket number 57. PLAINTIFF served the Subpoena on the

DEFENDANT, Disability Management Services, and other unidentified private investigation firms

and/or surveillance agencies. The Subpoena demands the production of: 1) the identity of private

investigators; 2) financial records and surveillance expenses; 3) reports from private investigators; 4) a

justification for surveillance; and 5) legal communications regarding surveillance.

The PLAINTIFF's Subpoena is palpably improper, procedurally deficient, and lacks any

modicum of merit. First, the PLAINTIFF lacks the legal authority to issue the Subpoena. Second, the

Subpoena itself is procedurally defective. And finally, compliance with the Subpoena and its

irresponsibly condensed time to comply of five (5) days would pose an undue burden on the Respondents.

Therefore, the Court should immediately quash PLAINTIFF's Subpoena pursuant to Rule 45(d).

## II. FACTS

On December 14, 2022, PLAINTIFF initiated the above titled action against the DEFENDANT by filing a complaint in the U.S. District Court for the Northern District of Illinois. See Declaration of Justin Wax Jacobs, attached as Exhibit A. PLAINTIFF is not an attorney. Exhibit A ¶ 8. Following the initiation of the lawsuit, the Parties engaged in discovery. As part of the discovery process the DEFENDANT produced PLAINTIFF's entire long term disability claims file. Exhibit A ¶¶ 11-12 The claims file was sent to PLAINTIFF's attorneys. *Id.* The claims file included video surveillance and a full report of the surveillance conducted, including the dates and locations of surveillance and the name of the investigator. *Id*. PLAINTIFF was observed engaging in activities and conduct which contradicted her medical records and the information submitted in her insurance claim. Exhibit A ¶12. On January 23, 2024, the parties filed a joint stipulation to dismiss the above titled action with prejudice pursuant to FRCP Rule 41(a). Dkt. 34; Exhibit A ¶ 13.

On January 22, 2025, the PLAINTIFF filed a motion to reopen the case. Dkt. 37. Following, her motion to reopen, the PLAINTIFF frivolously filed a Subpoena against Disability Management Services, Inc., NIPPON, and "[a]ny third-party private investigation firms or surveillance agencies hired to investigate Plaintiff." Dkt 57 at 1-2. The Subpoena demands: 1) the "identity of private investigators & surveillance teams;" 2) financial records of surveillance expenses; 3) reports from private investigators and surveillance teams; 4) justification for surveillance and decision making documents; and 5) legal communications regarding surveillance. *Id.* The Subpoena was issued by the PLAINTIFF and not the Court's clerk. *Id.*

## III. LAW

Federal Rule of Civil Procedure (FRCP) Rule 45 sets out the legal authority and power to issue a

judicial subpoena. Paragraph (a) of Rule 45 states, in part:

> "(1) *Form and Contents:* (A) *Requirements--In General*. Every subpoena must:
>
> (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e)…
>
> (2) *Issuing Court*. A subpoena must issue from the court where the action is pending.
>
> (3) *Issued by Whom*. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court…" FRCP Rule 45(a).

Paragraph (d) of the rule states, in part:

> "(d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> (1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply…
>
> (3) *Quashing or Modifying a Subpoena*: (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FRCP Rule 45(d).

## IV. ARGUMENTS

A.  <u>PLAINTIFF Lacks the Legal Authority to Issue a Subpoena</u>

3

The subject Subpoena was issued without legal authority. As a private individual, DELA TORRE has no authority or power to issue a subpoena. Moreover, the lack of a pending proceeding associated with the Subpoena nullifies its validity.

1.  PLAINTIFF Has No Personal Legal Authority to Issue

First, as a non-attorney *pro se* litigant, the PLAINTIFF lacks authority to issue a Subpoena. Second, since the associated case under which the Subpoena was issued is currently closed, there is no legal basis for the Subpoena thereby rendering it invalid.

Rule 45 of the Federal Rules of Civil Procedure (FRCP) specifies who may issue a subpoena. The rule states: "[t]he clerk must issue a subpoena, signed but otherwise in blank to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." FRCP Rule 45(a)(3).

The subject Subpoena was issued and signed by the PLAINTIFF. It was not issued by the Court's clerk. The PLAINTIFF is not an attorney licensed or otherwise authorized to practice law in the United States District Court for the Northern District of Illinois. As such, the PLAINTIFF has no legal authority under Rule 45, or any other law, to issue the Subpoena. Therefore, the Subpoena is legally invalid pursuant to Rule 45(a)(3).

2.  There Is No Pending Proceeding Associated With the Subpoena

It is well established that a judicial subpoena cannot be issued outside of a pending proceeding. There is no mechanism in federal civil procedure for the demand or inspection of documents in the absence of a proceeding pending in Court. See *Sullivan v. Dickson*, 283 F.2d 725, 727 (9th Cir. 1960), *cert denied*, 366 U.S. 951 (1961); *Ca'Paldo v. Department of Welfare of State of W.Va.*, 838 F.2d 1209 (4th Cir. 1988); *Blair v. Willis*, 112 Fed.Appx.546 (8th Cir. 2004).

At present, the current proceeding is closed pursuant to both a stipulation to dismiss with prejudice, entered and agreed to by the parties, and a Minute Entry by the Court. See Dkts. 34 and 35. There is no pending proceeding between the parties in this Court or any other district court in the United States. Although the PLAINTIFF's motion to reopen is pending before the Court, such a motion does not constitute a pending proceeding for the purposes of Rule 45 and the authority to issue a subpoena. Therefore, the PLAINTIFF's Subpoena is demonstrably invalid.

B.  The Subpoena Is Procedurally Defective

Pursuant to Rule 45, a subpoena must "set out the text of Rule 45(d) and (e). FRCP Rule 45(a)(1)(A)(iv). Nowhere in the Subpoena is the text of either paragraphs (d) or (e) included, incorporated, or even referred to. Therefore, the Subpoena is procedurally deficient.

C.  The Subpoena Requires Disclosure of Privileged and Protected Information

Pursuant to Rule 45(d)(3)(A), a subpoena must be quashed if it requires the disclosure of privileged or other protected matter. FRCP Rule 45(d)(3)(A)(iii). The Seventh Circuit has outlined attorney-client privilege as situations: "(1)[w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) mad in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *U.S. v. White*, 950 F.2d 426, 430 (7th Cir. 1991); citing *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983). Attorney-client privilege also applies to third party agents. See *Heriot v. Byrne*, 257 F.R.D. 645, 665 (N.D.Ill 2009); citing *U.S. v. Evans,* 113F.3d 1457,1462 (7th Cir. 1997).

PLAINTIFF's Subpoena demands the production of "legal communications regarding surveillance." Dkt. 57 at 2. The PLAINTIFF specifies "[a]ny and all communications between Disability

5

Management Services (DMS), Nippon Life's legal team, and third-party surveillance firms regarding Plaintiff;" and "[a]ll documents discussing the legal risks, ethical considerations or potential consequences of their surveillance efforts." *Id.*

On its face, the Subpoena clearly demands information protected by privilege. Any communications made or sent from NIPPON's legal team constitutes legal advice from a professional legal adviser. Additionally, any communications between NIPPON's legal team and its vendor, DMS, constitute attorney-client communications pursuant to DMS's status as NIPPON's agent. Moreover, the nature of the sought-after communications, discussions regarding legal risks and potential consequences, are blatantly within the confines of attorney-client privilege.

Consequently, the Subpoena demands information protected by attorney-client privilege and must therefore be quashed pursuant to Rule 45(d).

D.  The Subpoena Fails to Allow Reasonable Time to Comply

Pursuant to Rule 45(d)(3)(A), a subpoena must be quashed if it fails to allow a reasonable time to comply. FRCP Rule 45(d)(3)(A)(i).

PLAINTIFF's Subpoena demands compliance within five (5) days. Dkt. 57 at 2. Five days is an absurdly short time to comply with any subpoena. It is self-evidently unreasonable. See *Regueiro v. American Airlines, Inc.,* 2022 WL 2359764 (D. Colo. 2022) (holding that 8 days was an unreasonable time for compliance); *BNSF Railway Company on behalf of United States v. Center for Asbestos Related Diseases, Inc.*, 2022 WL 1442854 (D. Mont. 2022) (holding that 10 days was an unreasonable time for compliance); *United States Securities and Exchange Commission v. Ahmed*, 2018 WL 1541902 (D. Conn. 2018) (holding that 6 days was an unreasonable time for compliance); *Friedberg v. Madison*

*Realty Investments, Inc.*, 2016 WL 1562948 (S.D. Ohio 2016) (holding that 5 days was an unreasonable time for compliance). Therefore, the Subpoena must be quashed pursuant to Rule 45(d).

E.  The Subpoena is Unduly Burdensome

Pursuant to Rule 45(d)(3)(A), a subpoena must be quashed if it subjects a person to undue burden. FRCP Rule 45(d)(3)(A)(iv).

First, any requirement for the DEFENDANT, or associated third party, to produce information or documents pertaining to a lawsuit which has been dismissed with prejudice, and currently closed, is unequivocally burdensome. The burden of the demand is further amplified by the fact that such a request would most likely violate any settlement agreement, which may have been executed by the parties, thereby undermining the consideration upon which the DEFENDANT would have entered into the agreement as a way to forever dispose of this matter.

Additionally, as part of the discovery process prior to the dismissal of the case, the DEFENDANT produced the surveillance videos and surveillance report to the PLAINTIFF's legal representatives. PLAINTIFF's supporting evidence within her companion motion demonstrates the fact that she already has the information in her possession. See Dkt. 56. Reproduction of evidence already within the PLAINTIFF's control is unquestionably burdensome. Moreover, any ancillary information sought by the PLAINTIFF, such as financial records and justification for surveillance, is beyond the scope of the claims asserted by the PLAINTIFF in her complaint, irrelevant to the current action, and outside the bounds of both FRCP Rule 26 and appropriate discovery. Consequently, PLAINTIFF's demand for production is unduly burdensome.

Therefore, PLAINTIFF's Subpoena must be quashed pursuant to Rule 45(d)

V.  CONCLUSION

7

For all the aforementioned reasons, the DEFENDANT respectfully requests that the Court quash PLAINTIFF's Subpoena, Docket number 57.

Dated: February 6, 2025

Respectfully submitted,

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America
666 Third Avenue, Suite 2201
New York, New York, 10017
Tel:     646-630-4923
Fax:     212-867-3057
J-WaxJacobs@nipponlifebenefits.com

8

## <u>CERTIFICATE OF SERVICE</u>

I, Justin Wax Jacobs, hereby certify on February 6, 2025, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendant Nippon Life Insurance Company's motion to quash and the exhibits attached thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Edward Dabdoub and Kevin Probst of Dabdoub Law Firm continue to appear as Counsel for Plaintiff Graciela Dela Torre, as the Court has not yet granted their motion to withdraw. Both Edward Dabdoub and Kevin Probst are registered CM/ECF users and will be served by the CM/ECF system.

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America

9