# Exhibit A

## DECLARATION OF JUSTIN WAX JACOBS

I, Justin Wax Jacobs declare the following:

1. I am the Assistant General Counsel for Nippon Life Insurance Company of America (hereinafter Nippon), the Defendant in this lawsuit, and I have personal knowledge of the facts contained herein.

2. I am an attorney licensed to practice in New York and New Jersey.

3. I submit this declaration in support of Nippon Life Insurance Company of America's Motion to quash the Plaintiff's Subpoena, docket number 57.

4. Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York.

5. Nippon's only form of business is the sale of employer based (ERISA) group insurance policies for medical, dental, vision, disability and life products. Nippon has been licensed in 47 states and the District of Columbia to conduct and transact the business of insurance. However, in each jurisdiction Nippon is only authorized to sell employer-based group insurance plans.

6. Nippon has partnered with Disability Management Services (DMS), Incorporated, a third-party vendor, to administer, review and determine the long term disability claims submitted by Nippon's insured members. For the purposes of administering long term disability claims, DMS is an agent of Nippon.

7. The Plaintiff in this case, Graciela Dela Torre, was a plan member of Nippon Express USA's Long Term Disability (LTD) group insurance policy.

8. The Plaintiff is not an attorney licensed to practice law in Illinois or the United States District Court for the Northern District of Illinois.

9. On or about September 19, 2022 Plaintiff filed a complaint against NIPPON in the Southern District of Florida. *Dela Torre v. Nippon Life Insurance Company of America*, Case No. 1:22-cv-22990 (S.D. Fla. 2022). Plaintiff asserted one cause of action alleging entitlement to certain benefits of the LTD policy seeking unpaid LTD benefits, plus interest.

10. Because Dela Torre filed in an improper forum, the Plaintiff refiled in the United States District Court for the Northern District of Illinois on December 14, 2022.

11. Following initiation of the lawsuit in the Northern District of Illinois, the Parties engaged in discovery. A copy of the Plaintiff's entire long term disability claims file was produced and sent to the Plaintiff's attorneys at the Dabdoub Law Firm in late April, 2023.

12. The produced claims file included the surveillance report and all of the surveillance videos pertaining to the Plaintiff. The videos depicted Dela Torre engaging in activities which contradicted her medical records and insurance claim. The surveillance report provided the dates and location of the surveillance and the name of the investigator, as well as the investigator's observations.

13. On January 23, 2024, the Plaintiff and Defendant entered into a joint stipulation to dismiss the lawsuit with prejudice.

14. On February 5, 2025, I attempted to meet and confer with Plaintiff's attorney, Kevin Probst to discuss the Plaintiff's subpoena. Mr. Probst made it very clear that in his view, his representation of Ms. Dela Torre had ended and that he will not communicate with the Plaintiff unless ordered by the Court.

Executed on February 6, 2025 at Jamaica, New York: _____

Justin Wax Jacobs