**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
Case No.: 1:22-cv-07059

GRACIELA DELA TORRE,

    Plaintiff,

v.

NIPPON LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

_____/

## MOTION FOR LEAVE TO APPEAR VIA VIDEOCONFERENCE OR TELEPHONICALLY

Undersigned counsel respectfully moves this Honorable Court to enter an Order granting leave to attend the February 13, 2025 hearing via videoconference or telephonically and, as grounds thereof, states as follows:

1. The instant matter was filed on December 14, 2022, arising out of a dispute between the parties as to whether Plaintiff remained entitled to her long-term disability benefits when Defendant terminated her benefits effective November 18, 2021 [1].

2. The parties filed a Notice of Settlement with the Court on December 19, 2023 [31], and a Joint Stipulation of Dismissal with Prejudice on January 23, 2024 [34].

3. On January 24, 2024, the Court entered a Notification of Docket Entry dismissing this matter with prejudice and further stating that the civil case was terminated [35].

4. In January 2025, undersigned counsel was contacted by Plaintiff concerning her desire to reopen the case and advised Plaintiff that DABDOUB LAW FIRM, P.A. was no longer representing her in this matter.

5. Plaintiff filed a pro se Motion to Reopen Case Pursuant to Rule 60(b) on January 22, 2025 [37].

6. On January 28, 2025, Plaintiff contacted undersigned counsel and requested that he formally withdraw as her attorney from this case effective immediately.

7. On the same date, the Court issued a Notification of Docket Entry stating, in part, that "On the court's own motion and by agreement of the parties, an in-person hearing is set for 2/13/2025 at 9:00 a.m. for motion to re-open case [41]."

8. Although undersigned counsel nor other representative of Dabdoub Law Firm, P.A. were privy to any communications regarding the scheduling of the February 13, 2025 hearing, the Court has since indicated that it may have questions for undersigned counsel when it hears argument on Plaintiff's pro se motion to reopen the case [49].

9. Undersigned counsel resides and works in Miami, Florida. The cost for undersigned counsel to appear in person would be significant, including airfare and other travel expenses.

10. Accordingly, undersigned counsel requests that he be granted permission to attend the hearing via videoconference or telephonically.

11. This request is made in good faith, and no party will be prejudiced by undersigned counsel's remote appearance.

2

**WHEREFORE**, undersigned counsel fully requests that he be permitted to attend the hearing via videoconference or telephonically.

Dated: February 7, 2025

Respectfully submitted,

*/s/ Kevin E. Probst*
Kevin E. Probst (FBN. 51422)
kprobst@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2025, I electronically filed the foregoing document via CM/ECF and served Plaintiff via electronic mail to: gmestiza1@gmail.com.

By: */s/ Kevin E. Probst*
     Kevin E. Probst

3