**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

Graciela Dela Torre,                                                    Case No.: 1:22-cv-07059

                                      Plaintiff,

                    v.

Nippon Life Insurance Company
Of America,

                                      Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X


**DEFENDANT, NIPPON LIFE INSURANCE COMPANY OF AMERICA'S RESPONSE IN
OPPOSITION TO OPPOSING COUNSEL'S MOTION TO APPEAR VIA
<u>VIDEOCONFERENCE OR TELEPHONICALLY</u>**


The Defendant, NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred

to as the "DEFENDANT" or "NIPPON") submits this Response in opposition to Opposing Counsel's

Motion to Appear via Videoconference or Telephonically to the in-person hearing set for February 13,

2025 at 9:00 am, central time, as ordered by the Court. Dkt. 41. The DEFENDANT opposes the

PLAINTIFF's motion to reopen, in part, on the grounds that this matter should be subject to binding

arbitration, as agreed to by the parties, and a determination on the motion should not be made by the

Court but deferred to the proper arbitral body.

DEFENDANT's objections and demand to arbitrate notwithstanding, the in-person hearing

scheduled for February 13, 2025, is set to determine the Plaintiff, GRACIELA DELA TORRE's

(hereinafter referred to as the "PLAINTIFF" or "DELA TORRE"), motion to reopen the case and

invalidate any settlement the parties had previously agreed to. The factual basis for the PLAINTIFF's

motion rests solely on her allegations that Opposing Counsel, Kevin Probst, fraudulently induced and

coerced her into signing the settlement agreement. See Dkts 41 and 54.

Granting Opposing Counsel's motion would greatly prejudice both the DEFENDANT and Opposing Counsel's own client, the PLAINTIFF, by denying both Parties the opportunity to pose in-person questions to Opposing Counsel regarding the extent of his alleged improprieties and fraud. Moreover, Opposing Counsel has failed to demonstrate good cause for appearing virtually rather than in-person. Additionally, Opposing Counsel's motion is not timely. Therefore, Opposing Counsel's motion should be denied.

### I. Opposing Counsel Is Central to PLAINTIFF's Motion

The basis for PLAINTIFF's motion, and the September 13, 2025 hearing, is to determine whether Opposing Counsel, Kevin Probst, engaged in either fraud or coercion to improperly induce the PLAINTIFF into entering into a settlement agreement to dismiss the above titled action. Dkts. 41, 49, 54. As such, Mr. Probst's appearance is not only important but necessary to the disposition of the hearing. Were Opposing Counsel allowed to appear virtually, it would deny both the DEFENDANT and the PLAINTIFF the ability to pose in-person questions to Mr. Probst bearing on the underlying accusations, thereby greatly prejudicing both parties.

### II. Opposing Counsel Still Represents the PLAINTIFF

Contrary to the assertions made by Opposing Counsel, Kevin Probst and the Dabdoub Law Firm still represent the PLAINTIFF. On December 15, 2022, Edward Dabdoub, the principal and managing attorney of the Dabdoub law firm, entered his appearance on behalf of DELA TORRE. Dkt 2. A day earlier Mr. Dabdoub had filed the Complaint initiating this lawsuit on Ms. DELA TORRE's behalf. Dkt 1. On April 26, 2023, Kevin Probst submitted an application to appear *pro hac vice* on behalf of DELA TORRE. Dkt 23. The Court granted Mr. Probst's application on April 27, 2023. Dkt. 24.

Following the PLAINTIFF's motion to reopen on January 22, 2025, Opposing Counsel filed a motion on January 30, 2025 for both Edward Dabdoub and Kevin Probst to withdraw as PLAINTIFF's

legal representatives. Dkt. 44. However, the Court has not yet granted Opposing Counsel's motion. In fact, the Court has continued Opposing Counsel's motion for leave to withdraw specifically to the in-person hearing on February 13, 2025. Dkt. 49.

Prior to January 30, 2025, neither Mr. Dabdoub nor Mr. Probst had requested to withdraw from their representation of Ms. DELA TORRE. In fact, Opposing Counsel failed to immediately withdraw their appearances as PLAINTIFF's Counsel when the PLAINTIFF moved to reopen the case. Opposing Counsel waited over a week after PLAINTIFF filed her motion to reopen to submit their own motion to withdraw, January 22 to January 30. Moreover, Opposing Counsel failed to timely act to withdraw even though DELA TORRE made her intention to reopen the case clear to Mr. Probst prior to filing her motion to reopen on January 22, 2025. Dkt. 37 at 7.  It should also be noted that there is no provision or clause in the Dabdoub Law Firm's contingency fee agreement, entered into with the PLAINTIFF, whereby the firm's representation of the PLAINTIFF terminated upon the dismissal of the case. See Dkt. 54 at 6-8.

Consequently, Opposing Counsel's motion to withdraw was not timely made, and both Mr. Probst and Mr. Dabdoub still represent the PLAINTIFF pending the Court's determination on their motion.

### III. Opposing Counsel Lacks Good Cause to Appear Virtually

In their Motion for Leave to Appear Via Videoconference or Telephonically, Opposing Counsel asserts that Mr. Probst resides and works in Miami, Florida, and the costs and expenses of appearing in Chicago would be significant. Dkt. 64. However, such an assertion is disingenuous.

First, as discussed above, the Dabdoub law firm affirmatively took it upon themselves to represent the PLAINTIFF as well as to initiate and file this lawsuit in the Northern District of Illinois. In fact, Opposing Counsel opposed the DEFENDANT's motion to transfer the case and fought to keep the

3

case in Chicago. See Dkt. 14. Moreover, Kevin Probst affirmatively filed a motion to appear *pro hac vice* on Ms. DELA TORRE's behalf. Dkt. 23. In so doing Mr. Probst and the Dabdoub Law Firm assumed the responsibilities of representing the PLAINTIFF and prosecuting her case in the Northern District of Illinois. Such responsibilities undoubtedly included the prospect of appearing in-person in Chicago.

Second, the costs to Opposing Counsel are de minimis. The costs for Mr. Probst to travel to Chicago are delineated in the settlement statement the Dabdoub Law Firm issued to the PLAINTIFF, and the PLAINTIFF included in one of her recent motions, which lists the expenses incurred when Mr. Probst traveled to the Chicago area for the PLAINTIFF's deposition. See Dkt. 54 at 5. The total billed amount was $1,108.28. *Id.* Such an amount represents a fraction of the aggregated fees and expenses the Dabdoub Law Firm extracted from the PLAINTIFF and would therefore represent a minimal cost to its attorneys. Additionally, any expense incurred by Opposing Counsel for their travel would also be relative to the expenses incurred by the DEFENDANT's attorney, who is traveling from New York City to appear in Court on February 13, 2025, especially considering that it is the alleged misconduct of Opposing Counsel which precipitated the hearing in the first place.

Finally, Opposing Counsel does not assert or demonstrate any scheduling conflicts which would otherwise preclude him or another member of the Dabdoub Law Firm from appearing. The only cause asserted for appearing virtually is the cost. Dkt. 64 at ¶ 9. Cost does not represent a valid reason for not appearing in-person or good cause to appear virtually.

Therefore, Opposing Counsel has not demonstrated good cause to appear virtually.

### IV. Opposing Counsel's Motion Isn't Timely

Opposing Counsel's motion, filed on February 7, 2025, to appear virtually at the February 13, 2025 hearing cannot be considered timely. Opposing Counsel filed their motion only six days before the

date of the hearing despite being made aware of the hearing, as well as its date and time, on January 28, 2025 pursuant to the Court's minute entry. See Dkt. 41. Additionally, Opposing Counsel was made well aware that the Court may have questions for Mr. Probst and/or Mr. Dabdoub pursuant to the Court's minute entry on January 31, 2025. See Dkt. 49. Despite the Court's notice, and being aware that the Court expected them to appear, Opposing Counsel still delayed in filing their motion. Therefore, Opposing Counsel's motion is not timely.

## CONCLUSION

For all of the aforementioned reasons, the DEFENDANT respectfully requests that the Court deny Opposing Counsel's Motion to Appear Via Videoconference of Telephonically to the February 13, 2025 hearing.

Dated: February 7, 2025

Respectfully submitted,

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America
666 Third Avenue, Suite 2201
New York, New York, 10017
Tel:     646-630-4923
Fax:     212-867-3057
J-WaxJacobs@nipponlifebenefits.com

5

## CERTIFICATE OF SERVICE

I, Justin Wax Jacobs, hereby certify on February 7, 2025, I caused a true and correct copy of the Defendant Nippon Life Insurance Company's foregoing response in opposition to Opposing Counsel' motion to appear via videoconference or telephonically, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Edward Dabdoub and Kevin Probst of Dabdoub Law Firm continue to appear as Counsel for Plaintiff Graciela Dela Torre, as the Court has not yet granted their motion to withdraw. Both Edward Dabdoub and Kevin Probst are registered CM/ECF users and will be served by the CM/ECF system.

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America