

BC

FILED
2/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

--------------------------------------------------------------- X

GRACIELA DELA TORRE,

Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

Defendant.

--------------------------------------------------------------- X

Case No.: 1:22-cv-07059

## PLAINTIFF'S RESPONSE TO UNAUTHORIZED FILING AND MOTION FOR REVIEW OF ATTORNEY FEES

**Honorable Rebecca R. Pallmeyer**

Plaintiff, **Graciela Dela Torre**, pro se, respectfully submits this response to the unauthorized filing by **Kevin Probst**, who continues to submit filings under Plaintiff's name without authorization, despite a prior petition filed by Plaintiff requesting that Probst **cease using Plaintiff's name in any filings**. Furthermore, Plaintiff seeks judicial review of the excessive attorney fees deducted from the settlement, which included **40% taken by Kevin Probst and an additional 25% taken by Ankin Law Firm**, a total which is well above standard contingency fee agreements.

## I. OBJECTION TO UNAUTHORIZED FILING

1. On February 7, 2025, **Kevin Probst** filed a **Motion to Appear via Videoconference or Telephonically [64]**, improperly listing Plaintiff's name.

2. Filing documents under a former client's name without express authorization constitutes **misrepresentation and potential identity theft**, which is a violation of ethical and professional conduct standards.

3. Plaintiff requests that the Court **strike Kevin Probst's filing or, in the alternative, order him to refile under his own name**.

4. Reference is made to **Kevin Probst's Motion [64]**, which was filed despite Plaintiff's prior formal request that he cease using Plaintiff's name for any court records.

## II. REQUEST FOR REVIEW OF ATTORNEY FEES

5.  Plaintiff also requests the Court's intervention to review the excessive attorney fees deducted from her settlement: a. **Kevin Probst took 40% of the settlement funds**, exceeding standard contingency fee agreements. b. **Ankin Law Firm was allocated an additional 25%,** despite Plaintiff having never retained their services. c. **A total of 65% was taken from Plaintiff's settlement**, which is an unconscionable amount leaving Plaintiff with an unfairly diminished sum.

6.  Law firms maintain **trust accounts for emergencies and client funds**, and attorneys are **required to maintain ethical billing practices**, which raises concerns regarding these excessive deductions.

7.  Plaintiff requests the Court to **order a full accounting of the settlement disbursement** and require **Kevin Probst and Ankin Law Firm to provide justification for these excessive fees**.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1.  **Strike Kevin Probst's unauthorized filing** or require him to refile under his own name.

2.  **Order Kevin Probst and Ankin Law Firm to submit a full accounting of the settlement disbursement**, including all payments, deductions, and justifications.

3.  **Review and potentially adjust the excessive attorney fees** to ensure fairness and adherence to legal and ethical standards.

4.  **Grant any other relief the Court deems just and appropriate.**

Dated: Feb 07, 2025

Respectfully submitted,

Graciela Dela Torre _Graciela_ Feb 07, 2025
Pro Se Plaintiff
653 Wing St,
Elgin IL 60123

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

## CONTINGENT FEE AGREEMENT

**This is a contingency fee agreement. The client does not pay any legal fees unless the client recovers benefits.**

**ACTION:** The undersigned CLIENT Graciela Dela Torre retains DABDOUB LAW FIRM Attorneys, for representation against Nippon Life Insurance Company of America in connection with disability benefits claimed on her long-term disability insurance policy.

**FEE: A.** In the event the claim is approved, the attorneys shall be paid a contingency fee of 40% of the past benefits owed and 20% of future monthly benefits.

**B.** In the event the claim is denied, or in the event of litigation, the attorneys shall be paid a contingency fee of 40% of the gross recovery or the Court awarded fee, whichever is greater. (Note: in the event the client is placed on claim, the attorneys shall also be paid 20% of future monthly benefits).

**C.** In the event of a buy-out settlement/ payment when the client's claim is in approved status with benefits being paid, the attorneys shall be paid a fee of 20% of the gross recovery. Note: this section applies only when your claim is approved and is being paid. It does not apply in any other situation, such as when your claim was denied, or your case is in litigation.

The client understands that the plan documents or insurance policy pertaining to the client's claim(s) may have an offset provision which could reduce the amount of the client's benefit, or the amount recovered. The client agrees to immediately and fully disclose to the attorneys, the amounts the client receive or may receive for Social Security benefits, worker's compensation benefits, pension or retirement benefits or any other form of benefit or payment. The client understands that if the client's benefits are reduced retroactively this could cause past benefits to be overpaid. In such circumstances, the client understands that amounts already paid to the attorneys are not due to be returned and that the client will be solely responsible for repaying the plan or insurance company. The client also understands that if the client is awarded any other income during the appeals process (including social security disability benefits), and the appeal is then approved, the attorney's fees are calculated based on the gross benefits amount and is not reduced for any offset.

**CLIENT'S RIGHTS:** This Contract may be cancelled by written notification to the attorneys at any time within 3 business days of the date the Contract was signed, as shown below, and if cancelled, the client shall not be obligated to pay any fees to the attorneys for the work performed during that time.

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

## Settlement Statement
Graciela Dela Torre v. Nippon Life Insurance

| | | | | |
|---|---|---|---|---|
| Total Amount of Settlement | | | $ | 90,000.00 |
| Attorney's Fee: | 40% | of the gross | $ | 36,000.00 |
| | | | $ | - |
| Amount to the Dabdoub Law Firm | | | $ | 27,000.00 |
| Ankin Law Office LLC i | 25% | | $ | 9,000.00 |
| **Costs** | | | | |
| NDIL Filing Fee | | | $ | 402.00 |
| Service of process | | | $ | 120.51 |
| Service of process - 2nd attempt | | | $ | 120.51 |
| Deposition transcripts | | | $ | 509.55 |
| Johnson Vocational Consulting | | | $ | 1,200.00 |
| Subpoenas for depos - Firefly | | | $ | 685.53 |
| Clt depo - airline tickets | | | $ | 433.81 |
| Clt depo - car rental | | | $ | 212.77 |
| Clt depo - gas expense | | | $ | 15.86 |
| Clt depo - hotel | | | $ | 350.99 |
| Clt depo - meal expense | | | $ | 19.85 |
| Clt depo - airport parking | | | $ | 75.00 |
| SDFL Filing Fee | | | $ | 402.00 |
| Service of process | | | $ | 15.55 |
| 0 | | | $ | - |
| 0 | | | $ | - |
| 0 | | | $ | - |
| 0 | | | $ | - |
| Total Costs | | | $ | 4,563.93 |
| Attorney's Fee Collected | | | $ | 36,000.00 |
| | | Net to Client | $ | 49,436.07 |

## Acknowledgement and Receipt

Graciela Dela Torre  , acknowledge my voluntary agreement to settle this caase with my full knowledge for the amounts shown and I agree to the itemized costs, expenses and disbursements.  I am satisfied with the legal service rendered.  I understand that I am responsible for all outstanding bills, not the Dabdoub Law Firm.

DocuSigned by:

*Graciela Dela Torre*

By: Client        Graciela Dela Torre

Date 1/23/2024

DocuSigned by:

By: Edward P Dabdoub, Esq.

Date 1/23/2024

DocuSigned by:

Ankin Law Office LLC i

Date 1/23/2024