

BC

FILED
2/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------ X

GRACIELA DELA TORRE,

Plaintiff,                           Case No.: 1:22-cv-07059

v.                                   **Honorable Rebecca R. Pallmeyer**

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

Defendant.

------------------------------------------------------------------ X

## PLAINTIFF'S MOTION TO ADD CHIEF OF STRATEGY & OPERATIONS AS A NAMED REPRESENTATIVE

**TO Honorable Rebecca R. Pallmeyer**

Plaintiff, **Graciela Dela Torre**, pro se, respectfully moves this Court to **add David Humbert, Chief Strategy & Operations Officer of Nippon Life Insurance Company of America, as a named representative** in this case. Mr. Humbert executed the settlement agreement on behalf of Nippon and is therefore legally accountable for its terms. His testimony is necessary to clarify discrepancies in the financial records and ensure full transparency regarding the settlement agreement. If Mr. Humbert is no longer in this role, his **successor, acting Chief of Operations, or any other corporate officer responsible for settlement approvals** must be required to provide testimony.

### I. BACKGROUND

1. The settlement agreement between Plaintiff and Nippon Life Insurance Company of America was **executed and signed by David Humbert, Chief Strategy & Operations Officer of Nippon**.

2. Mr. Humbert **authorized financial disbursements and approvals related to the settlement**, making him a crucial witness.

3. Plaintiff has **not received full transparency** regarding the allocation and disbursement of settlement funds.

4. Nippon's legal counsel has failed to **provide direct testimony** from Mr. Humbert regarding settlement terms and financial transactions.

5. Given his **legal involvement and authority over the settlement**, Mr. Humbert must be formally recognized as a **representative of Nippon Life Insurance Company of America** in this case.

6. If Mr. Humbert is no longer serving as Chief Strategy & Operations Officer, his **successor or acting officer** must assume the same obligations and provide testimony.

## II. LEGAL BASIS FOR RELIEF

The addition of David Humbert as a named representative is justified under:

- **Federal Rules of Civil Procedure 19(a)** – which requires the joinder of necessary parties who have an interest in the subject matter of the litigation.

- **Due Process Considerations** – Plaintiff has the right to confront and question the official responsible for approving the settlement and financial disbursements.

- **Precedents in Contract Law** – When a corporate officer **personally executes a settlement**, they are subject to legal scrutiny as to the settlement's validity and execution.

## III. REQUEST FOR DISCLOSURE & TESTIMONY

Plaintiff further requests that the Court:

1. **Order Nippon Life Insurance Company of America to provide the full legal name, title, and direct contact information** of David Humbert or his successor immediately.

2. **Recognize David Humbert as a named representative** for all settlement-related matters.

3. **Permit Plaintiff to depose David Humbert or his successor** regarding: a. His role in authorizing the settlement agreement. b. The financial breakdown of settlement disbursements. c. Any undisclosed agreements or financial allocations involving attorneys.

4. **Compel production of all communications** involving David Humbert or his successor related to settlement discussions and financial authorizations.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **grant this motion, formally recognize David Humbert (or his successor) as a named representative, and order full disclosure and testimony regarding his role in the settlement process.**

Dated: Feb 07, 2025

Respectfully submitted,

---

**Graciela Dela Torre** _(signature)_ **Feb 07, 2025**

Pro Se Plaintiff

653 Wing St, Elgin IL 60123.

5.7  Time is of the essence with respect to this Agreement.

5.8  This Agreement shall be construed and interpreted in accordance with Illinois law.

IN WITNESS HEREOF, the undersigned have executed this Agreement as of the dates indicated below:

GRACIELA DELA TORRE

BY: _Graciela Dela Torre_
ITS: _Plantiff_
DATE: _12/29/2023_

NIPPON LIFE INSURANCE COMPANY OF AMERICA

BY: _David Aentroel_
ITS: Chief Strategy & Operations Officer
DATE: January 2, 2024

7

THIS IS PAGE 7 OF THE AGREEMENT SHOWING NOPPON'S CHIEF & STRATEGY IN CHARGE PERSON SIGNING OF BEHALF OF NIPPON LIFE INSURANCE.