**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

GRACIELA DELA TORRE,                                                                Case No.: 1:22-cv-07059

                                        Plaintiff,

                        v.

NIPPON LIFES INSURANCE COMPANY

OF AMERICA

                                        Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NIPPON LIFE**
**INSURANCE COMPANY OF AMERICA'S, MOTION TO QUASH SUBPOENA PURSUANT**
**TO RULE 45(d)**

Defendant, NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as

the "DEFENDANT" or "NIPPON"), submits this Reply to the Plaintiff's (hereinafter referred to as the

"PLAINTIFF or "DELA TORRE") Response to the DEFENDANT's Motion to Quash, which was

submitted via email on February 6, 2025 but never filed, attached as Exhibit B.

## I.     PLAINTIFF Never Served the Subpoena Via CM/ECF

According to the PLAINTIFF's Response, the PLAINTIFF obtained a Subpoena from the Clerk

of Court of the Northern District of Illinois on February 3, 2025. A copy of the Subpoena was attached

to the PLAINTIFF's response and emailed to the DEFENDANT on February 6, 2025. Exhibit B.

However, the Subpoena attached to the PLAINTIFF's response was not included in the PLAINTIFF's

filing on CM/ECF or any known email which was sent to the DEFENDANT on February 3, 2025. See

Dkt. 57.

Rather, the PLAINTIFF unilaterally drafted, wrote and signed a different subpoena independent of the one issued by the Clerk of Court. See Dkt. 57. PLAINTIFF's self-drafted and self-issued subpoena was then "served" on the Respondents via CM/ECF as Docket Number 57. Docket 57 only includes the PLAINTIFF's self-drafted subpoena, a certificate of service, and a 2022 letter from DMS, a non-party agent of NIPPON. Dkt. 57. The filing did not include the subpoena duces tecum issued by the court clerk. *Id.* Consequently, the PLAINTIFF never served the Court issued subpoena duces tecum via CM/ECF.

It should also be noted that the PLAINTIFF's failure to serve the Court issued subpoena duces tecum via CM/ECF stands in contradiction to the PLAINTIFF's sworn statement, made under the penalty of perjury, whereby she claims to have served the subpoena via CM/ECF on February 3, 2025. See Exhibit B.

## II.      Service Was Improper

Questions regarding the validity of the subpoena and the actual service of the subpoena notwithstanding, PLAINTIFF's method of attempted service was improper.

Rule 45(b) of the FRCP specifies the rules regarding the service of a subpoena. The rule states: "[a]ny person who is at least 18 years old ***and not a party may serve a subpoena*** (emphasis added)." FRCP Rule 40(b)(1). As the named PLAINTIFF in the lawsuit, DELA TORRE is unequivocally a party to the underlying action and therefore ineligible to serve a subpoena associated with the case. Since DELA TORRE attempted to serve both the self-drafted subpoena and the Court issued subpoena herself, the service of either is inherently improper and invalid under Rule 45(b). See Dkt. 57; Exhibit B.

Therefore, PLAINTIFF's Subpoena must be quashed pursuant to Rule 45.

## III.      CONCLUSION

For all the aforementioned reasons and the reasons previously articulated in its Memorandum of

Law in Support, the DEFENDANT respectfully requests that the Court quash PLAINTIFF's Subpoena,

Docket number 57.

Dated: February 10, 2025

Respectfully submitted,

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America
666 Third Avenue, Suite 2201
New York, New York, 10017
Tel:    646-630-4923
Fax:    212-867-3057
J-WaxJacobs@nipponlifebenefits.com

## CERTIFICATE OF SERVICE

I, Justin Wax Jacobs, hereby certify on February 10, 2025, I caused a true and correct copy of the foregoing Reply in Support of Defendant Nippon Life Insurance Company's motion to quash and the exhibits attached thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Edward Dabdoub and Kevin Probst of Dabdoub Law Firm continue to appear as Counsel for Plaintiff Graciela Dela Torre, as the Court has not yet granted their motion to withdraw. Both Edward Dabdoub and Kevin Probst are registered CM/ECF users and will be served by the CM/ECF system.

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America

4