# Exhibit B

## Wax Jacobs, Justin (NY)

| | |
|---|---|
| **From:** | Gracie Dlt <gmestiza1@gmail.com> |
| **Sent:** | Thursday, February 6, 2025 11:12 PM |
| **To:** | Wax Jacobs, Justin (NY); Pallmeyer@ilnd.uscourts.gov; Christina Presslak |
| **Cc:** | Gracie Dlt |
| **Subject:** | Re: Activity in Case 1:22-cv-07059 Dela Torre v. Nippon Life Insurance Company of America memorandum in support of motion |
| **Attachments:** | Subpoena to Produce.pdf |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**Subject:** Plaintiff's Response to Defendant's Motion to Quash Subpoena

Dear Mr. Wax Jacobs,

I am writing in response to your Motion to Quash Subpoena (Dkt. 61) in the matter of **Dela Torre v. Nippon Life Insurance Company of America, Case No. 1:22-cv-07059**.

Please be advised that the subpoena in question **was properly issued by the Clerk of Courts**, and a clear copy was filed for reference, outlining the scope and compliance instructions. The arguments presented in your motion mischaracterize the validity of the subpoena and the procedural status of this case.

Additionally, the information requested should be **readily available**, as Disability Management Services (DMS) has already produced extensive reports and surveillance materials in prior discovery. There should be no undue burden in complying with the subpoena, given that these records have been previously compiled, reviewed, and shared. If any specific concerns exist regarding privilege or burden, I am willing to discuss reasonable accommodations.

As I have moved to reopen this case, the resolution of that motion will determine the next steps regarding discovery. The information sought is directly relevant to my claims, and I respectfully request that you comply or provide a valid legal basis for withholding each category of requested materials.

I trust that this matter can be resolved appropriately, but I will proceed with the necessary legal actions should non-compliance persist. Please confirm receipt of this email and your position on compliance.

Best regards,
**Graciela Dela Torre**
Pro Se Plaintiff

(Cc: Judge Honorable Rebecca R Pallmeryer, Court Clerk Christina Presslak)

See attached. :)

On Thu, Feb 6, 2025 at 10:54 AM <usdc_ecf_ilnd@ilnd.uscourts.gov> wrote:

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

**Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.2)**

**Notice of Electronic Filing**

The following transaction was entered by Wax Jacobs, Justin on 2/6/2025 at 10:53 AM CST and filed on 2/6/2025

| | |
|---|---|
| **Case Name:** | Dela Torre v. Nippon Life Insurance Company of America |
| **Case Number:** | 1:22-cv-07059 |
| **Filer:** | Nippon Life Insurance Company of America |

**WARNING: CASE CLOSED on 01/24/2024**

**Document Number:** 61

**Docket Text:**
**MEMORANDUM by Nippon Life Insurance Company of America in support of motion to quash[60] (Attachments: # (1) Declaration)(Wax Jacobs, Justin)**

**1:22-cv-07059 Notice has been electronically mailed to:**

Ambria Dominise Mahomes &nbsp &nbsp ambria.mahomes@faegredrinker.com, docketgeneral@faegredrinker.com, legalresourcehub@faegredrinker.com

Edward Philip Taric Dabdoub &nbsp &nbsp eddie@longtermdisability.net, geneses@longtermdisability.net, nina@longtermdisability.net, paralegal@longtermdisability.net

Graciela Dela Torre &nbsp &nbsp GMESTIZA1@gmail.com

Justin Aaron Wax Jacobs &nbsp &nbsp j-waxjacobs@nipponlifebenefits.com

Justin R. Lewicky &nbsp &nbsp jlewicky@AnkinLaw.com, kwojtowicz@ankinlaw.com, smazariegos@ankinlaw.com

Kevin E Probst &nbsp &nbsp [kprobst@longtermdisability.net](kprobst@longtermdisability.net)

Matthew M Morrissey &nbsp &nbsp [Matthew.Morrissey@faegredrinker.com](Matthew.Morrissey@faegredrinker.com),
[alice.continpage@faegredrinker.com](alice.continpage@faegredrinker.com)

**1:22-cv-07059 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-0
] [81c29320264dffe3848cdaa86d3ad816018a9eb8a5d76dda454a4f97d00fc7026cc
741459bd783ec1562d4df4c06f3cf2d2d3b9f11ad87574823f61caccb051a]]
**Document description:**Declaration
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-1
] [500f2cb1b7c9ce89204aabe19c0ef7543252f64eed38584f8c9f1b4a410604eb9ee
93bec841b3a08e08783f70173d89cd6f885183c7ae5e3481b7083bf220b64]]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

Graciela Dela Torre
*Plaintiff*

Nippon Life Insurance
Disability Managemet Serv Inc.
All affiliated Investigators or
third Party Surveillance Companies
*Defendant*

Civil Action No. 1:22-cv-07059

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nippon Life Insurance, Disability Management Inc & All affiliated Investigators or third-Party Surveillance companies.
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: 1 Identify of Private Investigators & Surveillance teams
2- Financial records of surveillance expenses
3- Reports from private Investigators & surveillance teams
4 Justification for surveillance & Decicion-Making Documents

| Place: 219 S Dearborn St Chicago IL 60604 | Date and Time: Feb 8, 2025 |
|---|---|

5- Legal communication regarding Surveillance

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-3-2025
(Feb 3, 2025)

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

_____

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* Feb 3, 2025 .

☒ I served the subpoena by delivering a copy to the named person as follows: Recipients Notified
Via the court's CM/ECF System.
DMS Via Email & Certified Mail _____ on *(date)* Feb 3, 2025 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                    *Server's signature*

Gracela Dela Torre Pro-Se
*Printed name and title*

653 Wing St, Elgin FL 60123
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).