

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**

FEB 10 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

-------------------------------------------------------------------

GRACIELA DELA TORRE,

Plaintiff,                                      Case No.: 1:22-cv-07059

v.                                              **Honorable Rebecca R. Pallmeyer**

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

Defendant.

-------------------------------------------------------------------

## PLAINTIFF'S MOTION TO COMPEL FULL COMMUNICATIONS BETWEEN NIPPON AND DISABILITY MANAGEMENT SERVICES (DMS)

Plaintiff, **Graciela Dela Torre,** pro se, respectfully moves this Court for an order compelling Defendant **Nippon Life Insurance Company of America ("Nippon")** to produce full and complete communications, including internal correspondence, between Nippon and **Disability Management Services (DMS)** regarding the handling of Plaintiff's long-term disability claim.

## I. BACKGROUND

1. Defendant **Nippon has admitted that DMS is its agent** for administering long-term disability claims (See Declaration of Justin Wax Jacobs, ¶6).

2. Plaintiff's **long-term disability claim was denied**, and Defendant relied on information provided by DMS in making that determination.

3. Plaintiff has reason to believe that **critical information was withheld, altered, or misrepresented** by DMS to support an unjustified denial of her benefits.

4. **Surveillance footage and reports** were allegedly produced by DMS and used against Plaintiff, but the accuracy, completeness, and context of these materials have never been independently verified.

5. Defendant has refused to produce **internal communications** regarding: a. Nippon's directives to DMS on how to handle Plaintiff's claim. b. Any discussions regarding surveillance results and their interpretation. c. Internal evaluations of DMS's claim-handling process.

6. Plaintiff's subpoena for these records has been **improperly opposed by Defendant's Motion to Quash (Dkt. 57).**

## II. LEGAL BASIS FOR RELIEF

Plaintiff is entitled to the requested documents under:

- **Federal Rules of Civil Procedure 37(a)** – Allowing motions to compel discovery when a party withholds relevant documents.

- **Agency Law Principles** – Since DMS acts as Nippon's agent, all communications between them regarding Plaintiff's claim are **discoverable and relevant.**

- **ERISA's Fiduciary Duty** – Under ERISA, insurance companies must act in good faith and ensure fair claim handling.

## III. REQUEST FOR COURT ACTION

Plaintiff respectfully requests that the Court:

1. **Order Nippon to produce all internal communications and directives exchanged with DMS** regarding Plaintiff's claim within **One (1) day.**

2. **Compel production of full surveillance reports and all internal correspondence discussing their relevance to Plaintiff's claim.**

3. **Sanction Defendant if it continues to withhold relevant records** in bad faith.

4. **Grant any further relief this Court deems just and necessary.**

## IV. CERTIFICATE OF SERVICE

I certify that on **February 10, 2025,** I electronically filed the foregoing **Plaintiff's Motion to Compel Full Communications Between Nippon and Disability Management Services (DMS)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. (DMS via email at: LEGAL@di-mgmt.com, dms.inquiry@di-mgmt.com, ja_johnson@di-mgmt.com, Nicole_Bitzas@di-mgmt.com,)

Dated: Feb 07, 2025 Respectfully submitted,

Graciela Dela Torre _Graciela_ _____ Feb 10, 2025.
Pro Se Plaintiff

653 Wing St, Elgin IL 60123

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Gracela Dela Torre
_____
*Plaintiff*

Nippon Life Insurance
Disability Managemet serv Inc
All affiliated Investigators or
third Party Surveillance Companies
*Defendant*

1:22-cv-07059

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nippon Life Insurance, Disability Management Inc 3 All affiliated Investigators or third-Party Surveillance companies
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Identify of Private Investigators 3 Surveillance teams
2- Financial records of surveillance expenses
3. Reports from private Investigators s Surveillance teams
4 Justification for Surveillance 3 Decision-Making Documents
5- Legal communication regarding Surveillance

| Place: 219 S Dearborn St Chicago IL 60604 | Date and Time: Feb 8, 2025 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-3-2025
(Feb 3, 2025)

CLERK OF COURT

Ashia Liddell
_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are: _____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* Feb 3, 2025 .

☒ I served the subpoena by delivering a copy to the named person as follows: Recipents Notified

Via the court's CM/ECF System.

DMS Via Email & Certified Mail    on *(date)* Feb 3, 2025 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_Server's signature_

Graciela Dela Torre Pro-Se
_Printed name and title_

653 Wing St, Elgin IL 60123
_Server's address_

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I electronically filed the foregoing Proposed Order Compelling Production of Full Communications Between Nippon and Disability Management Services (DMS) with the Clerk of the Court using the CM/ECF system, which automatically served a copy of this document on all counsel of record.

Graciela Dela Torre, Pro Se
Dated: February 10, 2025

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------

GRACIELA DELA TORRE,

Plaintiff,                                              Case No.: 1:22-cv-07059

v.                                                     **Honorable Rebecca R. Pallmeyer**

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

Defendant.

## PROPOSED ORDER COMPELLING PRODUCTION OF FULL COMMUNICATIONS BETWEEN NIPPON AND DISABILITY MANAGEMENT SERVICES (DMS)

This matter comes before the Court on Plaintiff's Motion to Compel Full Communications Between Nippon Life Insurance Company of America ("Nippon") and Disability Management Services (DMS) regarding Plaintiff's long-term disability claim. The Court, having considered the pleadings, the applicable law, and being fully advised in the premises, hereby finds that good cause exists for the relief requested.

IT IS HEREBY ORDERED that:

1. **Production of Documents:**
   Defendant Nippon is ordered to produce within **one (1) day** of the entry of this Order the following documents and communications:

a. All internal communications and directives exchanged with DMS regarding Plaintiff's long-term disability claim, including but not limited to communications that pertain to the handling, evaluation, or determination of Plaintiff's claim.

b. All surveillance reports and any internal correspondence discussing the collection, interpretation, or relevance of surveillance footage and related reports that were used in connection with Plaintiff's claim.

2. **Scope of Production:**
   The documents and communications requested herein shall include all forms of correspondence, whether electronic or paper, and shall encompass any attachments, exhibits, or ancillary materials that are related to the above items. As DMS acts as Nippon's agent in administering long-term disability claims, all such communications are deemed discoverable and relevant to the proceedings.

3. **Sanctions:**
   Should Defendant fail to comply with this Order, the Court may impose appropriate sanctions, including but not limited to, an adverse inference instruction to the jury, monetary sanctions, or any other relief the Court deems just and proper.

4. **Additional Relief:**
   Defendant's pending Motion to Quash is hereby denied to the extent that it seeks to prevent the production of the aforementioned materials. The parties are further directed to meet and confer to establish a mutually agreeable production schedule, consistent with the deadlines set forth above.

5. **Service:**
   The Clerk of Court is instructed to serve a copy of this Order on all counsel of record.

IT IS SO ORDERED.

Dated: _____, 2025

_____

Honorable Rebecca R. Pallmeyer
United States District Judge