

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**GRACIELA DELA TORRE,**

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

Defendant.

**FILED**

**FEB 1 0 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Case No.: 1:22-cv-07059**

**Honorable Rebecca R. Pallmeyer**

### PLAINTIFF'S AMENDED MOTION TO REOPEN CASE PURSUANT TO RULE 60

NOW COMES Plaintiff, **Graciela Dela Torre**, pro se, and respectfully moves this Honorable Court to reopen this matter under **Federal Rule of Civil Procedure 60,** based on newly discovered evidence, fraud, misrepresentation, and misconduct by an opposing party. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

1.  This motion is filed pursuant to **Rule 60(b)(2) and (b)(3),** which allow relief from a final judgment based on newly discovered evidence and fraud, misrepresentation, or misconduct by an opposing party.

2.  Plaintiff has obtained critical medical records and financial evidence that were either omitted or not considered at the time of settlement, which directly impact the fairness and legitimacy of the agreement.

3.  Additionally, **Plaintiff's former attorney, Kevin Probst, engaged in deceptive practices** by failing to properly advise Plaintiff on the settlement terms, coercing her into signing without providing a final version, and withholding material information.

4.  Documents obtained by Plaintiff reveal that **Defendant's attorney, Justin Wax Jacobs, and Plaintiff's former attorney, Kevin Probst, communicated behind Plaintiff's back** regarding her case, raising serious concerns of collusion and bad faith dealings.

### II. NEWLY DISCOVERED EVIDENCE & FINANCIAL HARDSHIP

5.  Plaintiff has obtained **medical documentation confirming her ongoing incapacity to work,** which includes:

- o **ATI Physical Therapy records (May 16, 2022)** stating that Plaintiff's **pain levels remained at 4-5/10 at rest and 8-10/10 with activity,** therapy was limited due to excessive pain, and Plaintiff **could not meet functional goals necessary for a return to work.**

- o **Blue Cross MRI Denial Letter (January 2, 2025),** confirming Plaintiff was **denied medically necessary imaging** due to insurance obstacles, despite ongoing pain and medical restrictions.

6. Plaintiff has suffered **severe financial hardship,** as demonstrated by:

- o **Discover Card Decline Notice (January 22, 2025),** showing Plaintiff lacked funds to complete a **$9.61** purchase at Subway, despite allegedly receiving settlement funds.

- o **BMO Bank Overdraft Notice (February 10, 2025),** proving that Plaintiff's account had insufficient funds, further emphasizing the **urgent need for settlement fund transparency and access to financial relief.**

7. The **ATI records, MRI denial, Discover card decline, and BMO overdraft reinforce that Plaintiff's disability remains unresolved,** contradicting any claim by **Nippon or Plaintiff's former attorney that her medical condition was no longer an issue.**

## III. FRAUD, MISREPRESENTATION, AND MISCONDUCT

8. **Kevin Probst, Plaintiff's former attorney, manipulated Plaintiff into signing an incomplete settlement agreement** by falsely stating that only minor edits had been made.

9. Probst did not provide a finalized version before Plaintiff's signature, **depriving her of informed consent.**

10. **On May 24, 2023, after Plaintiff's deposition, Kevin Probst dismissed Plaintiff and then proceeded to meet privately with Nippon's attorney without her presence.** This unauthorized meeting raises **serious ethical and legal concerns** regarding potential ex parte communications and undisclosed settlement discussions.

11. **Justin Wax Jacobs, on behalf of Nippon Life Insurance Company of America, initiated an arbitration proceeding against Plaintiff (Case No. 01-25-0000-4189) without proper notice or adherence to contractual requirements.** The ongoing arbitration proceedings further demonstrate **Defendant's continued bad faith conduct.**

12. On **January 28, 2025, Nippon's attorney filed a demand for arbitration** seeking **$90,000 plus attorney fees, along with punitive and exemplary damages.** This action appears to be a **scare tactic designed to pressure Plaintiff** and obstruct her legal proceedings.

13. **Nippon's attorney requested arbitration to be held in New York,** which is unreasonable given that **Plaintiff resides in Illinois and the case has been litigated in the Northern District of Illinois.** This further demonstrates **Defendant's continued bad faith actions.**

14. **Defendant's refusal to provide settlement transparency and financial disclosure has directly contributed to Plaintiff's current financial hardship, as evidenced by the BMO overdraft and Discover decline.**

## IV. LEGAL ARGUMENT

15. **Under Rule 60(b)(2), relief is warranted where new evidence emerges that could not have been obtained earlier with due diligence.** Plaintiff's medical records, MRI denial, Discover card decline, and overdraft notice fall within this category.

16. **Under Rule 60(b)(3), relief is justified when an opposing party engages in fraud, misrepresentation, or misconduct.** Probst's deceptive practices and Defendant's suppression of key financial and medical evidence meet this standard.

17. **Denying Plaintiff's ability to access settlement funds while simultaneously pursuing arbitration against her for $90,000 further demonstrates bad faith.**

18. **Nippon's ongoing attempts to withhold critical settlement documents, including medical and financial records, justify reconsideration of the case.**

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **GRANT this Amended Motion to Reopen Case under Rule 60;**

2. **VACATE the previous judgment entered on January 24, 2024;**

3. **PERMIT Plaintiff to proceed with litigation based on the newly discovered medical and financial evidence;**

4. **ORDER a forensic audit of the settlement funds and payments;**

5. **ORDER a sworn statement from each attorney involved, including Kevin Probst and Ankin Law, disclosing any funds received from the settlement;**

6. **ENJOIN Nippon from proceeding with arbitration in New York or any other forum;**

7. **GRANT emergency relief requiring all settlement records to be disclosed by February 11, 2025, in advance of the February 13 hearing;**

8. **PROVIDE any other relief that this Court deems just and proper.**

## VI. CERTIFICATE OF SERVICE

I certify that on **February 10, 2025,** I electronically filed the foregoing **Amended Motion to Reopen Case Pursuant to Rule 60** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: February 10, 2025

Respectfully submitted,

**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing St
Elgin, IL 60123
(630) 670-5914
GMESTIZA1@GMAIL.COM



**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box ☐ There is no additional administrative fee for this service.

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent: Graciela Dela Torre

Address: 653 Wing Street

City: Elgin | State: Illinois | Zip Code: 60123

Phone No.: 630-670-5914 | Fax No.:

Email Address: gmestiza1@gmail.com

Name of Representative (if known):

Name of Firm (if applicable):

Representative's Address:

City: | State: Select... | Zip Code:

Phone No.: | Fax No.:

Email Address:

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

The Respondent violated a settlement agreement between the two parties by reopening a lawsuit which they had previously dismissed with prejudice and violated the settlement agreement's confidentiality clause by publishing information related to the agreement.

Dollar Amount of Claim: $ 90,000

Other Relief Sought: ☑ Attorneys Fees ☐ Interest ☐ Arbitration Costs ☑ Punitive/Exemplary
☐ Other:

Amount enclosed: $ $1,925

In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

Juris Doctorate admitted to practice law in any Court located in the state of Illinois, with a familiarity with Illinois state law.

Hearing locale: New York, New York

(check one) ☑ Requested by Claimant ☐ Locale provision included in the contract

Please visit our website at www.adr.org/support to file this case online.
AAA Customer Service can be reached at 800-778-7879.



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

| Estimated time needed for hearings overall: | hours or 1 | days |
|---|---|---|

Type of Business:

Claimant: Insurance                                Respondent: Private Individual

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?

Yes, Nippon is an American corporation whose parent company is a Japanese corporation.

| Signature (may be signed by a representative): | Date: |
| *Justin Jacobs* | January 28, 2025 |

Name of Claimant: Nippon Life Insurance Company of America

Address (to be used in connection with this case): 666 Third Avenue, Suite 2201

| City: New York | State: New York ▾ | Zip Code: 10017 |
|---|---|---|
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com

Name of Representative: Justin Wax Jacobs

Name of Firm (if applicable):

Representative's Address: 666 Third Avenue, Suite 2201

| City: New York | State: New York ▾ | Zip Code: 10017 |
|---|---|---|
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com

To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.



841 S. Randall Road, Elgin, IL 60123
Phone: 224-856-4448
Fax: 847-608-0974

WC Claim #: 188961910

**Progress Note - 5/16/2022**

Name: **DeLaTorre, Graciela (24302290)**
DOB: 4/8/1978    Age: 44    Sex: F
Date of Injury:
Primary/Rehab Diagnosis: Epicondyle Debridement: Lateral (R)
Epicondylitis: Lateral (R)
ICD10 Codes: M25.521, M77.11, Z47.89

Physician: OConnor MD, Daryl
Return Physician Appointment: 5/11/2022
Visit Count: 15

Occupation: Air Export Agent
Off Work Date: 5/1/2019
Estimated Current PDL: Sedentary
Surgery Date: 2/28/2022
Adjuster: PORTER,FRAN

**Assessment:**

Since last progress note, Graciela has made progress with end range elbow AROM, however limitations remain into end range elbow extension.

At this time, patient is struggling to meet initial established functional goals, or tolerate any progression of treatment due to pain. Pt presents today with report of active infection along proximal scar site, having been prescribed antibiotics, and as such withheld heat and IFC out of caution. Pt is also verbalizing increased cracking sensation along R ulnar wrist, that becomes painful with overt pronation. Negative Roo's and Adson's test.

Discontinued weighted elbow stretch activity after new orders were received from MD's office on 5/9/22. Treatment sessions have consisted of heat, soft tissue massage, P/AROM exercises and IFC to decrease symptoms on her R elbow. No increased pain is reported with PROM to elbow and forearm. At this time, pain has been consistently 3-4/10, increasing at times after treatment sessions.

Progression of therapy may be limited due to subjective complaints. If pt unable to progress, will then recommend follow up with MD for continued testing/imaging. MD please advise with frequency/duration.

| | Evaluation Date: 3/30/2022 | Progress Note Date: 4/21/2022 | Progress Note Date: 5/16/2022 |
|---|---|---|---|
| Primary Complaint: | Patient reports stiffness in her R elbow. | Patient reports stiffness in her R elbow, intermittent cramping. | Patients complaint is consistent 4-5/10 pain, intermittent shooting pains for over a week that is impacting overall independence with ADLs. |
| Functional Limitations: | Brushing her teeth, Climbing ladders, Dressing, Lifting heavy products from the floor, Opening a jar, Opening boxes, Pushing/pulling a pallet jack, Typing for extended time, Use hand tools, Using the barcode scanner | Climbing ladders, Lifting heavy products from the floor, Opening a jar, Opening boxes, Pushing/pulling a pallet jack, Typing for extended time, Use hand tools, Using the barcode scanner | Applying makeup, Climbing ladders, Cutting food, Dressing: Donning/doffing undergarments, Holding a plate, bowl, glass, Holding steering wheel, Lifting from floor, Lifting heavy products from the floor, Lifting overhead, Opening a jar, Opening boxes, Overhead reaching, Styling/washing hair, Typing for extended time, Use hand tools, Using the barcode scanner |
| Pain Scale: | At Rest 4/10; During Activity 9/10; | At Rest 3/10; During Activity 5/10; | At Rest 5/10; During Activity 8/10; Functional Activity: Any lifting, any heavy activity; |
| Observation: | Observation Comment: Girth assessment 1 inch distal to the R elbow crease: 27cm Girth assessment 1 inch distal to the L elbow crease: 26.5cm Patient presents with an incision along the lateral aspect of her R elbow. The incision is healing well without any signs or symptoms of infection. | Observation Comment: Girth assessment 1 inch distal to the R elbow crease: 27cm Girth assessment 1 inch distal to the L elbow crease: 26.5cm Patient presents with an incision along the lateral aspect of her R elbow. The incision is healing well and responding well to scar remodleing techniques. | Observation Comment: Girth assessment 1 inch distal to the R elbow crease: 26cm Girth assessment 1 inch distal to the L elbow crease: 26.5cm Scar site along R lateral elbow presents with thickness. Pt is hypersensitive to area following draining to R lateral elbow, and recent infection. |

ROM:(degrees)

| | AROM R | AROM L | PROM R | PROM L | | AROM R | AROM L | PROM R | PROM L | | AROM R | AROM L | PROM R | PROM L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Elbow Flexion (140°-150°) | 95* | 143 | | | Elbow Flexion (140°-150°) | 142* | 143 | | | Elbow Flexion (140°-150°) | 142* | 143 | | |
| Elbow Extension (0°-10°) | 51* | 0 | | | Elbow Extension (0°-10°) | -20* | 0 | -13 | | Elbow Extension (0°-10°) | -15* | 0 | -10 | |
| Forearm Supination (85°-90°) | 85* | 87 | | | Forearm Supination (85°-90°) | 85* | 87 | | | Forearm Supination (85°-90°) | 85* | 87 | | |
| Forearm Pronation (85°-90°) | 68* | 90 | | | Forearm Pronation (85°-90°) | 88* | 90 | | | Forearm Pronation (85°-90°) | 88* | 90 | | |
| Wrist Flexion (80°-90°) | 40* | 66 | | | Wrist Flexion (80°-90°) | 72* | 66 | | | Wrist Flexion (80°-90°) | 72* | 66 | | |
| Wrist Extension (70°-90°) | 46* | 65 | | | Wrist Extension (70°-90°) | 69* | 65 | | | Wrist Extension (70°-90°) | 69* | 65 | | |

| Strength: | Strength Comment: Strength not assessed on this date due to recent surgery. To be assessed when appropriate. | Strength Comment: Strength not assessed on this date due to recent surgery. To be assessed when appropriate. | Strength Comment: Strength not assessed on this date as updated MD orders say to hold weights at this time, will assess when MD clarifies orders and allows for strengthening. |

Flexibility:

|  |  |  |
|---|---|---|
| describing more as a surgical pain vs constant stinging pain. | | dorsal thumb IP joint only at rest. Pt has negative ROO's test today. She is reporting cracking sensation along R ulnar wrist with overt pronation, and occasionally with supination. Pain is reported with the crack, but then it dissipates. |

**Special Tests:**

Other - ADSON'S TEST: Right -; ROO's test also negative today.

**Neuro:** 

**Sensation:** Sensory Comment: Patient notes continued numbness in the radial aspect of her R thumb. However, this has been present since prior to her carpal tunnel release surgery.

**Sensation:** Sensory Comment: Patient notes continued numbness in the radial aspect of her R thumb. However, this has been present since prior to her carpal tunnel release surgery.

**Sensation:** Sensory Comment: Patient notes continued numbness in the radial aspect of her R thumb. However, this has been present since prior to her carpal tunnel release surgery.

**Outcome Assessments:**

| Date | Assessment | Score | Date | Assessment | Score | Date | Assessment | Score |
|---|---|---|---|---|---|---|---|---|
| 3/31/2022 | Upper Extremity Functional Index (UEFI) | 2pts | 4/21/2022 | Upper Extremity Functional Index (UEFI) | 17pts | 5/12/2022 | Upper Extremity Functional Index (UEFI) | 14pts |
| 3/31/2022 | VR-12 Mental Component Summary | 43pts | 4/21/2022 | VR-12 Mental Component Summary | 43pts | 5/12/2022 | VR-12 Mental Component Summary | 43pts |
| 3/31/2022 | VR-12 Physical Component Summary | 16pts | 4/21/2022 | VR-12 Physical Component Summary | 23pts | 5/12/2022 | VR-12 Physical Component Summary | 28pts |

## Plan of Treatment: Physician please advise

*Treatments:* 97110 Therapeutic exercises , 97140 Manual therapy , 97112 Neuromuscular re-education , 97530 Therapeutic activities , 97165-97167 OT Evaluation , 97010 Cold pack , 97010 Hot pack , 97035 Ultrasound , 97014 Electrical stimulation (Unattended)
*These treatments will address the objective and functional deficits as defined above*
The patient will be advanced safely and appropriately in order for the patient to progress towards his / her prior level of function. Additional exercises will be introduced, with progression to a comprehensive home exercise program upon discharge, to ensure carry over of functional gains achieved in the clinic. This treatment plan has been reviewed and agreed upon by the patient.

**Short Term Goals to be completed by: 3 weeks**

1. Patient will decrease pain score to 4/10
2. Patient will increase AROM to 20 degrees of R elbow extension ☑ 05/16/2022
3. Patient will increase AROM to 120 degrees of R elbow flexion ☑ 04/21/2022
4. Patient will improve UEFI outcome survey by 9 points. ☐

**Long Term Goals to be completed by: 05/11/2022**

1. Patient will increase AROM to 140 degrees of R elbow flexion in order to allow for completion of: Using the barcode scanner ☑ 05/16/2022
2. Patient will increase AROM to 90 degrees of pronation in order to allow for completion of: Opening boxes ☐
3. Patient will increase strength to 5/5 in her wrist extensors in order to allow for completion of: Lifting heavy products from the floor ☐
4. Patient will demonstrate grip strength within 10 % of uninvolved to allow for completion of: Climbing ladders ☐
5. Patient will be able to squat and lift 70 lbs. for return to work duties. ☐

Electronically Signed By: Ashleigh Gonzalez, OT, License 056011998 May 16, 2022 5:06 PM

---

### To Be Completed by Physician

☐ I have no revisions to this plan of care.

☐ Discharge patient.

☐ Revise plan of care as follows:

| Physician: OConnor MD, Daryl | Physician Signature: | Date: |
|---|---|---|

 **Blue Cross Community Health Plans**<sup>SM</sup>

### Adverse Benefit Determination

**1/2/2025**

GRACIELA DELATORRE
653 WING ST
ELGIN, IL 60123

*For help to translate or understand this, please call 1-877-860-2837 or TDD/TTY hearing impaired 711.*

Re:  Member name: GRACIELA DELATORRE
Member ID No: 144059409
Tracking Number: D233355839

Dear GRACIELA DELATORRE:

Blue Cross Community Health Plans, offered by Blue Cross and Blue Shield of Illinois, looked at services requested for GRACIELA DELATORRE. The request received on 01/02/2025 for the coverage of the services listed below was Denied.

| Procedure | Description | Units Requested | Units Denied | Modifier (if applicable) |
|---|---|---|---|---|
| 73221 | Magnetic Resonance Imaging (MRI), a special kind of picture of your arm joint (wrist, elbow or shoulder) without contrast (dye) | 1 | 1 | |

Your doctor told us that you have shoulder pain. An imaging study was asked for. We cannot approve this request because:

Imaging requires six weeks of provider directed treatment to be completed. Supported treatments include (but are not limited to) drugs for swelling or pain, an in office workout (physical therapy), and/or oral or injected steroids. This must have been completed in the past three months without improved symptoms. Contact (via office visit, phone, email, or messaging) must occur after the treatment is completed. This has not been met because:

Case: 1:22-cv-07059 Document #: 75 Filed: 02/10/25 Page 10 of 13 PageID #:628

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Your Discover Card was declined
1 message

**Discover Card** <discover@services.discover.com>
Reply-To: gmestiza1@gmail.com
To: gmestiza1@gmail.com

Wed, Jan 22, 2025 at 6:20 PM

🔒 Account Center — Last 4 #: 2449



# GRACIELA DELATORRE, your Discover® card was declined because you exceeded your credit line

Merchant: Subway 5128

Date: January 22, 2025

Amount: $9.61

Wasn't you? Call us immediately at 1-800-DISCOVER

**See Recent Activity**

**Update Your Alert Settings**

Case: 1:22-cv-07059 Document #: 75 Filed: 02/10/25 Page 11 of 13 PageID #:629

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Your account was overdrawn

1 message

**BMO Digital Banking** <no-reply@usdigitalalerts.bmo.com>
To: GMESTIZA1@gmail.com

Mon, Feb 10, 2025 at 6:46 AM



Your account was overdrawn



Hi GRACIELA,

We wanted to let you know that there weren't enough funds available for a recent transaction and your account was overdrawn. Don't worry though, we've got you covered, and we paid for the item(s) at this time.

Sign-in to BMO Digital Banking to manage your account online.

Best Regards,

Your friends at BMO

AlertID: BDB065

 **Gmail**

Gracie Dlt <gmestiza1@gmail.com>

## Re: Activity in Case 1:22-cv-07059 Dela Torre v. Nippon Life Insurance Company of America memorandum in support of motion

1 message

**Gracie Dlt** <gmestiza1@gmail.com>                                      Thu, Feb 6, 2025 at 10:12 PM
To: "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com>, Pallmeyer@ilnd.uscourts.gov, Christina Presslak
<Christina_Presslak@ilnd.uscourts.gov>
Cc: Gracie Dlt <gmestiza1@gmail.com>

**Subject:** Plaintiff's Response to Defendant's Motion to Quash Subpoena

Dear Mr. Wax Jacobs,

 

I am writing in response to your Motion to Quash Subpoena (Dkt. 61) in the matter of **Dela Torre v. Nippon Life Insurance Company of America, Case No. 1:22-cv-07059**.

Please be advised that the subpoena in question **was properly issued by the Clerk of Courts**, and a clear copy was filed for reference, outlining the scope and compliance instructions. The arguments presented in your motion mischaracterize the validity of the subpoena and the procedural status of this case.

Additionally, the information requested should be **readily available**, as Disability Management Services (DMS) has already produced extensive reports and surveillance materials in prior discovery. There should be no undue burden in complying with the subpoena, given that these records have been previously compiled, reviewed, and shared. If any specific concerns exist regarding privilege or burden, I am willing to discuss reasonable accommodations.

As I have moved to reopen this case, the resolution of that motion will determine the next steps regarding discovery. The information sought is directly relevant to my claims, and I respectfully request that you comply or provide a valid legal basis for withholding each category of requested materials.

I trust that this matter can be resolved appropriately, but I will proceed with the necessary legal actions should non-compliance persist. Please confirm receipt of this email and your position on compliance.

Best regards,
**Graciela Dela Torre**
Pro Se Plaintiff

(Cc: Judge Honorable Rebecca R Pallmeryer, Court Clerk Christina Presslak)

See attached. :)

On Thu, Feb 6, 2025 at 10:54 AM <usdc_ecf_ilnd@ilnd.uscourts.gov> wrote:

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**United States District Court**

**Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.2)**

## Notice of Electronic Filing

The following transaction was entered by Wax Jacobs, Justin on 2/6/2025 at 10:53 AM CST and filed on 2/6/2025

**Case Name:**     Dela Torre v. Nippon Life Insurance Company of America

**Case Number:**     1:22-cv-07059

**Filer:**     Nippon Life Insurance Company of America

**WARNING: CASE CLOSED on 01/24/2024**

**Document Number:** 61

**Docket Text:**

**MEMORANDUM by Nippon Life Insurance Company of America in support of motion to quash[60] (Attachments: # (1) Declaration)(Wax Jacobs, Justin)**

**1:22-cv-07059 Notice has been electronically mailed to:**

Ambria Dominise Mahomes     ambria.mahomes@faegredrinker.com, docketgeneral@faegredrinker.com, legalresourcehub@faegredrinker.com

Edward Philip Taric Dabdoub     eddie@longtermdisability.net, geneses@longtermdisability.net, nina@longtermdisability.net, paralegal@longtermdisability.net

Graciela Dela Torre     GMESTIZA1@gmail.com

Justin Aaron Wax Jacobs     j-waxjacobs@nipponlifebenefits.com

Justin R. Lewicky     jlewicky@AnkinLaw.com, kwojtowicz@ankinlaw.com, smazariegos@ankinlaw.com

Kevin E Probst     kprobst@longtermdisability.net

Matthew M Morrissey     Matthew.Morrissey@faegredrinker.com, alice.continpage@faegredrinker.com

**1:22-cv-07059 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-0
] [81c29320264dffe3848cdaa86d3ad816018a9eb8a5d76dda454a4f97d00fc7026cc
741459bd783ec1562d4df4c06f3cf2d2d3b9f11ad87574823f61caccb051a]]
**Document description:** Declaration
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-1
] [500f2cb1b7c9ce89204aabe19c0ef7543252f64eed38584f8c9f1b4a410604eb9ee
93bec841b3a08e08783f70173d89cd6f885183c7ae5e3481b7083bf220b64]]

 **Subpoena to Produce.pdf**
2289K