

FILED
2/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**GRACIELA DELA TORRE,**

Plaintiff,                     **Case No.: 1:22-cv-07059**

v.                     **Honorable Rebecca R. Pallmeyer**

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

**Defendant.**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENA PURSUANT TO RULE 45(d)**

TO **Honorable Rebecca R. Pallmeyer**

NOW COMES Plaintiff, **Graciela Dela Torre**, pro se, and respectfully submits this Response to Defendant **Nippon Life Insurance Company of America's Motion to Quash Subpoena (Dkt. 70)**. Defendant's arguments are based on procedural technicalities, not substantive objections to the subpoena. Plaintiff respectfully requests that the Court deny Defendant's Motion to Quash and order full compliance with the subpoena. In support thereof, Plaintiff states as follows:

**I. THE SUBPOENA WAS PROPERLY ISSUED BY THE CLERK OF COURT**

1. **Defendant does not dispute that the subpoena was issued by the Clerk of the Court on February 3, 2025.** Defendant's only argument concerns alleged service defects, not the validity of the subpoena itself.

2. Plaintiff's email response to Defendant (Exhibit B) clearly states that the **subpoena was properly issued by the Clerk of Court, and a copy was filed for reference.**

3. Defendant falsely claims that Plaintiff "self-drafted" a subpoena. However, Defendant's own Exhibit B confirms that the **subpoena attached was the court-issued subpoena, not an independently drafted document.**

**II. NIPPON WAS PROPERLY SERVED WITH NOTICE OF THE SUBPOENA**

4. Defendant acknowledges that Plaintiff **emailed the subpoena to them on February 6, 2025, confirming actual receipt.**

5. **Federal Rule of Civil Procedure 45 does not require CM/ECF service for subpoenas.** The only requirement is proper notice and delivery.

6. In addition to email service, Plaintiff **sent the subpoena via USPS mail, which constitutes another valid form of service.**

7. Since Defendant had actual notice and received the subpoena, **any minor service defect does not justify quashing the subpoena.**

## III. IF SERVICE WAS IMPROPER, RE-SERVICE BY MAIL WILL BE COMPLETED IMMEDIATELY (at defendants cost)

8. Even if the Court finds a technical defect in service, **this does not invalidate the subpoena itself.** The Court may simply order re-service.

9. Plaintiff will promptly **re-serve the subpoena via mail** to ensure compliance. If Defendant prefers a process server, **Defendant should bear the cost.**

10. Since the only issue raised is service, **quashing the subpoena is unnecessary and excessive.** A minor service correction should suffice.

## IV. DEFENDANT COMMUNICATED WITH PLAINTIFF'S FORMER LAWYER DESPITE KNOWING HE REFUSES TO SPEAK WITH PLAINTIFF

11. Defendant **engaged in direct communication with Plaintiff's former attorney, Kevin Probst, despite knowing that Probst refuses to communicate with Plaintiff unless ordered by the Court.**

12. This raises serious concerns about **ex parte communications, potential collusion, and bad faith efforts to obstruct Plaintiff's access to legal representation.**

13. Defendant cannot selectively engage with Probst while **actively denying Plaintiff access to key settlement information and legal negotiations.**

## V. THE REQUESTED DOCUMENTS ARE WITHIN NIPPON'S POSSESSION AND CONTROL

14. Defendant has not argued that the subpoena seeks irrelevant, privileged, or overly burdensome information. Instead, they seek to avoid compliance on a procedural technicality.

15. **Defendant previously provided similar records in prior discovery, confirming that the requested materials exist and are readily available.**

16. Defendant's filing acknowledges that **Disability Management Services (DMS) is an agent of Nippon, meaning records in DMS's possession are also under Nippon's control and subject to subpoena.**

## VI. PLAINTIFF MADE A GOOD FAITH EFFORT TO RESOLVE THIS ISSUE BEFORE COURT INTERVENTION

17. Plaintiff's email (Exhibit B) explicitly states that she is **willing to discuss reasonable accommodations** if Defendant has valid concerns.

18. Instead of engaging in a good-faith discussion, **Defendant immediately moved to quash the subpoena, demonstrating bad faith.**

19. The Court should take Defendant's refusal to engage into account when ruling on this motion.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Deny Defendant's Motion to Quash the Subpoena (Dkt. 70).**

2. **Order Defendant to comply with the subpoena and produce the requested documents.**

3. **If necessary, allow Plaintiff to re-serve the subpoena via certified mail.**

4. **Recognize Defendant's bad faith in selectively communicating with Plaintiff's former attorney while denying Plaintiff access to legal representation.**

5. **Award any other relief this Court deems just and proper.**

## VIII. CERTIFICATE OF SERVICE

I certify that on **February 10, 2025,** I electronically filed the foregoing **Response to Defendant's Motion to Quash Subpoena Pursuant to Rule 45(d)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: February 10, 2025

Respectfully submitted,

---

**Graciela Dela Torre** *Coraultra* **Feb 10, 2025.**
Pro Se Plaintiff
653 Wing St Elgin, IL 60123 (630) 670-5914
GMESTIZA1@GMAIL.COM

9. On or about September 19, 2022 Plaintiff filed a complaint against NIPPON in the Southern District of Florida. *Dela Torre v. Nippon Life Insurance Company of America*, Case No. 1:22-cv-22990 (S.D. Fla. 2022). Plaintiff asserted one cause of action alleging entitlement to certain benefits of the LTD policy seeking unpaid LTD benefits, plus interest.

10. Because Dela Torre filed in an improper forum, the Plaintiff refiled in the United States District Court for the Northern District of Illinois on December 14, 2022.

11. Following initiation of the lawsuit in the Northern District of Illinois, the Parties engaged in discovery. A copy of the Plaintiff's entire long term disability claims file was produced and sent to the Plaintiff's attorneys at the Dabdoub Law Firm in late April, 2023.

12. The produced claims file included the surveillance report and all of the surveillance videos pertaining to the Plaintiff. The videos depicted Dela Torre engaging in activities which contradicted her medical records and insurance claim. The surveillance report provided the dates and location of the surveillance and the name of the investigator, as well as the investigator's observations.

13. On January 23, 2024, the Plaintiff and Defendant entered into a joint stipulation to dismiss the lawsuit with prejudice.

14. On February 5, 2025, I attempted to meet and confer with Plaintiff's attorney, Kevin Probst to discuss the Plaintiff's subpoena. Mr. Probst made it very clear that in his view, his representation of Ms. Dela Torre had ended and that he will not communicate with the Plaintiff unless ordered by the Court.

Executed on February 6, 2025 at Jamaica, New York: _____

Justin Wax Jacobs

2/10/25, 5:43 PM          Gmail - Re: Activity in Case 1:22-cv-07059 Dela Torre v. Nippon Life Insurance Company of America memorandum in support of mo…

 Gmail

Gracie Dlt <gmestiza1@gmail.com>

## Re: Activity in Case 1:22-cv-07059 Dela Torre v. Nippon Life Insurance Company of America memorandum in support of motion

1 message

Gracie Dlt <gmestiza1@gmail.com>                                          Thu, Feb 6, 2025 at 10:12 PM
To: "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com>, Pallmeyer@ilnd.uscourts.gov, Christina Presslak
<Christina_Presslak@ilnd.uscourts.gov>
Cc: Gracie Dlt <gmestiza1@gmail.com>

Subject: Plaintiff's Response to Defendant's Motion to Quash Subpoena

Dear Mr. Wax Jacobs,

I am writing in response to your Motion to Quash Subpoena (Dkt. 61) in the matter of **Dela Torre v. Nippon Life Insurance Company of America, Case No. 1:22-cv-07059**.

Please be advised that the subpoena in question **was properly issued by the Clerk of Courts**, and a clear copy was filed for reference, outlining the scope and compliance instructions. The arguments presented in your motion mischaracterize the validity of the subpoena and the procedural status of this case.

Additionally, the information requested should be **readily available**, as Disability Management Services (DMS) has already produced extensive reports and surveillance materials in prior discovery. There should be no undue burden in complying with the subpoena, given that these records have been previously compiled, reviewed, and shared. If any specific concerns exist regarding privilege or burden, I am willing to discuss reasonable accommodations.

As I have moved to reopen this case, the resolution of that motion will determine the next steps regarding discovery. The information sought is directly relevant to my claims, and I respectfully request that you comply or provide a valid legal basis for withholding each category of requested materials.

I trust that this matter can be resolved appropriately, but I will proceed with the necessary legal actions should non-compliance persist. Please confirm receipt of this email and your position on compliance.

Best regards,
**Graciela Dela Torre**
Pro Se Plaintiff

(Cc: Judge Honorable Rebecca R Pallmeryer, Court Clerk Christina Presslak)


See attached. :)


On Thu, Feb 6, 2025 at 10:54 AM <usdc_ecf_ilnd@ilnd.uscourts.gov> wrote:

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.2)

**Notice of Electronic Filing**

The following transaction was entered by Wax Jacobs, Justin on 2/6/2025 at 10:53 AM CST and filed on 2/6/2025
**Case Name:**        Dela Torre v. Nippon Life Insurance Company of America
**Case Number:**    1:22-cv-07059
**Filer:**                Nippon Life Insurance Company of America
**WARNING: CASE CLOSED on 01/24/2024**
**Document Number:** 61

**Docket Text:**
**MEMORANDUM by Nippon Life Insurance Company of America in support of motion to quash[60] (Attachments: # (1) Declaration)(Wax Jacobs, Justin)**

**1:22-cv-07059 Notice has been electronically mailed to:**

Ambria Dominise Mahomes &nbsp &nbsp ambria.mahomes@faegredrinker.com, docketgeneral@faegredrinker.com, legalresourcehub@faegredrinker.com

Edward Philip Taric Dabdoub &nbsp &nbsp eddie@longtermdisability.net, geneses@longtermdisability.net, nina@longtermdisability.net, paralegal@longtermdisability.net

Graciela Dela Torre &nbsp &nbsp GMESTIZA1@gmail.com

Justin Aaron Wax Jacobs &nbsp &nbsp j-waxjacobs@nipponlifebenefits.com

Justin R. Lewicky &nbsp &nbsp jlewicky@AnkinLaw.com, kwojtowicz@ankinlaw.com, smazariegos@ankinlaw.com

Kevin E Probst &nbsp &nbsp kprobst@longtermdisability.net

Matthew M Morrissey &nbsp &nbsp Matthew.Morrissey@faegredrinker.com, alice.continpage@faegredrinker.com

**1:22-cv-07059 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-0
] [81c29320264dffe3848cdaa86d3ad816018a9eb8a5d76dda454a4f97d00fc7026cc
741459bd783ec1562d4df4c06f3cf2d2d3b9f11ad87574823f61caccb051a]]
**Document description:**Declaration
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=2/6/2025] [FileNumber=28954231-1
] [500f2cb1b7c9ce89204aabe19c0ef7543252f64eed38584f8c9f1b4a410604eb9ee
93bec841b3a08e08783f70173d89cd6f885183c7ae5e3481b7083bf220b64]]


**Subpoena to Produce.pdf**
2289K