

**FILED**
2/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**GRACIELA DELA TORRE,**

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

**Defendant.**

**Case No.: 1:22-cv-07059**
**Honorable Rebecca R. Pallmeyer**

**NOTICE OF DEFENDANTS' OBSTRUCTION OF SUBPOENAS AND ATTEMPT TO BLOCK TRANSPARENCY**

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

Plaintiff **Graciela Dela Torre**, pro se, respectfully **notifies the Court of Defendants' and their agents' active obstruction of subpoenas** that were properly issued in pursuit of relevant evidence. This obstruction further supports Plaintiff's pending **Motion to Reopen Case Pursuant to Rule 60** and calls into question **Defendants' refusal to disclose critical documents** related to this case.

**I. BACKGROUND**

1. Plaintiff issued subpoenas requesting **records from Davies Life & Health (formerly Disability Management Services, Inc.)**, a third-party administrator contracted by Defendant Nippon Life Insurance Company of America.

2. In a letter dated **February 11, 2025**, Davies Life & Health refused to comply with the subpoenas, citing:

   - **(a)** The argument that the case is closed (despite Plaintiff's pending Motion to Reopen).

   - **(b)** Claims of improper service, despite Plaintiff making valid service attempts, including certified mail/USPS.

   - **(c)** The claim that document production would be an undue burden, implicitly acknowledging that the requested records exist.

- o **(d)** The claim that the documents are located in Massachusetts, invoking the 100-mile rule to avoid compliance.

## II. LEGAL ARGUMENT

3. Plaintiff has a **pending Motion to Reopen the Case**, which, if granted, will remove the basis of Defendants' argument that subpoenas are invalid due to case closure.

4. Defendants and their agents **cannot selectively withhold critical records** when those documents are essential to determining whether misconduct, fraud, or suppression of evidence occurred.

5. The claim of **undue burden suggests that the requested records exist** and are accessible. If these documents were irrelevant, Defendants would not be resisting their disclosure so aggressively.

6. **Jurisdictional challenges are not absolute**—Davies Life & Health engaged in **business with Nippon in Illinois**, and therefore should not be shielded from producing documents relevant to litigation in this jurisdiction.

## III. REQUEST FOR COURT ACTION

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Take judicial notice of Defendants' and their agents' refusal to comply with duly issued subpoenas.**

2. **Order Davies Life & Health to preserve all requested documents** pending resolution of Plaintiff's Motion to Reopen.

3. **Permit Plaintiff to file a Motion to Compel if the case is reopened** to ensure full production of relevant records.

4. **Acknowledge that Defendants' resistance to transparency further justifies reconsidering Plaintiff's settlement.**

5. **Grant any further relief that the Court deems just and proper.**

## IV. CERTIFICATE OF SERVICE

I certify that on **February 11, 2025**, I electronically filed the foregoing **Notice of Defendants' Obstruction of Subpoenas and Attempt to Block Transparency** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: February 11, 2025

Respectfully submitted,

---

**/S/Graciela Dela Torre**

Pro Se Plaintiff

653 Wing St

Elgin, IL 60123

(630) 670-5914

GMESTIZA1@GMAIL.COM



## CHITTENDEN, MURDAY & NOVOTNY LLC

**Joseph R. Jeffery**
*Attorney at Law*
*Licensed in Illinois & Missouri*

303 West Madison Street
Suite 2400
Chicago, Illinois 60606
312.281.3600 Telephone
312.281.3678 Facsimile
*www.cmn-law.com*

312.281.3627 Direct Line
*jjeffery@cmn-law.com*

February 11, 2025

**VIA U.S. MAIL & EMAIL DELIVERY**
Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Gmestiza1@gmail.com

Re:     **Dela Torre v. Nippon Life Insurance Co. of America**
        **Case No. 1:22-cv-07059 (N.D. Ill.) (*Closed and Dismissed with Prejudice 1/24/2024*)**

Dear Ms. Dela Torre:

Our firm represents Davies Life and Health, Inc. ("Davies L&H"), formerly known as Disability Management Services, in connection with two subpoenas duces tecum you purported to issue and serve in connection with your now-settled long-term disability claim against Nippon Life Insurance Company of America. Any future communications with Davies L&H concerning your settled claim or the subpoenas you purported to issue to Davies L&H should be directed to me. Under no circumstances are you to contact Davies L&H directly about these matters.

You attempted to personally issue one subpoena duces tecum to Davies L&H this week ("Your Subpoena"), and then you had the Clerk of Court for the Northern District of Illinois issue a second subpoena ("Clerk's Subpoena"). You emailed both documents to an individual who works in my client's claims department. For the reasons discussed below, the subpoenas are invalid and my client will not be producing any documents or other materials in response to them. The subpoenas you issued this week are invalid for one or more of the following reasons:

- *First*, the Federal Rules of Civil Procedure do not authorize the issuance of either subpoena you emailed to Davies L&H this week. A federal subpoena can only be issued from a court that is exercising jurisdiction over a pending lawsuit. The lawsuit under which the subpoenas were issued settled over a year ago, after which the case was dismissed with prejudice pursuant to a joint stipulation of the parties. Because the case remains closed, any subpoena issued in connection with the case is invalid.

February 11, 2025
Page 2

- *Second*, even if the case were still open, your subpoenas would be untimely and therefore are unenforceable. Subpoenas can only be issued during discovery. The Scheduling Order for the case provided that discovery closed on February 1, 2024. *See* Dkt. No. 21. Because your subpoenas were issued after the close of discovery, they are untimely and unenforceable.

- *Third*, the subpoenas are invalid because they purportedly command Davies L&H to produce documents in Chicago, which is more than 100 miles from my client's principal place of business in Springfield, Massachusetts. Such a commandment violates Fed. R. Civ. P. 45(c)(1) and renders the subpoena unenforceable.

- *Fourth*, complying with the subpoenas would impose an undue burden on my client in violation of Fed. R. Civ. P. 45(d)(1). The subpoenas seek to require Davies L&H to produce materials within five days of the date you issued each subpoena. Even if the subpoenas were valid, which they are not, that timeframe would not allow Davies L&H a reasonable period of time to comply. Complying with the subpoenas therefore would impose an undue burden on my client.

- *Fifth*, my understanding is that you are not an attorney. Assuming that is correct, Your Subpoena is invalid under Fed. R. Civ. P. 45(a)(3).

- *Sixth*, Rule 45(b) makes clear that you, as a party, are not authorized to serve a validly-issued subpoena. *See* Fed. R. Civ. P. 45(b)(1). You attempted to serve Your Subpoena and the Clerk's Subpoena on Davies L&H by emailing them directly to an employee in my client's claims department. That is not proper service under Rule 45. Your subpoenas state that you also served the subpoenas via Certified Mail. Without waiving any argument about whether service by Certified Mail constitutes proper service under Rule 45, my client has not received either of your subpoenas via Certified Mail. I further note that the proof of service set forth in each subpoena does not list a Certified Mail receipt number that could be used to confirm whether the subpoenas were mailed and/or delivered.

- *Seventh*, even if service by Certified Mail were effective service, you did not send Your Subpoena to my client's address. The Certificate of Service for Your Subpoena states that you sent it via Certified Mail to 260 Charles Street, Waltham, Massachusetts 02453. That address is not and never has been an address associated with Davies L&H, Disability Management Services, or their agent for service.[1] Consequently, even if a subpoena sent via Certified Mail were valid service, it would not be effective here because it was not sent to my client.

---

[1] The Proof of Service for the Clerk's Subpoena does not identify the address to which you say it was mailed.

February 11, 2025
Page 3

My client notes that the defendant in this matter, Nippon Life Insurance Company of America, filed a Motion to Quash and an accompanying Memorandum of Law in support of the Motion. Davies L&H incorporates the arguments and reasoning set forth in the Motion and Memorandum as additional grounds on which it objects to your subpoenas.

Davies L&H is not able to view all of the pleadings in this matter as several of them remain under seal. To the extent those pleadings may provide additional grounds for Davies L&H to object to your subpoenas, it does not waive, but rather specifically preserves, the right to assert any additional objections revealed by those pleadings, and it reserves the right to assert any other objections it may discover during the course of any proceedings related to your subpoenas.

Very truly yours,

/s/ Joseph R. Jeffery

Joseph R. Jeffery

JRJ:jp