

BC

FILED
2/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

KG

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**GRACIELA DELA TORRE,**

Plaintiff,                    **Case No.: 1:22-cv-07059**

v.                             **Honorable Rebecca R. Pallmeyer**

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

**Defendant.**

**NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM FOR PHONE RECORDS**

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that, pursuant to **Federal Rule of Civil Procedure 45**, Plaintiff **Graciela Dela Torre**, pro se, has issued a **Subpoena Duces Tecum** requesting the preservation and production of phone records related to communications between **Attorney Kevin Probst and Attorney Justin Wax Jacobs (counsel for Nippon Life Insurance Company of America)** on key dates relevant to Plaintiff's case.

**I. PURPOSE OF THE SUBPOENA**

1. **To obtain phone records confirming whether Attorney Kevin Probst and Attorney Justin Wax Jacobs engaged in off-record discussions after Plaintiff's deposition on May 24, 2023.**

2. **To determine whether Attorney Probst engaged in communications with opposing counsel during settlement negotiations without Plaintiff's knowledge or consent.**

3. **To support Plaintiff's claims regarding potential attorney misconduct, ex parte communications, and a breach of fiduciary duty.**

4. **To provide critical evidence relevant to Plaintiff's pending motions, including the Motion to Reopen Case and the Motion to Compel Settlement Transparency.**

**II. DETAILS OF THE SUBPOENA**

1. **Phone records requested include:**

   o  Call logs (date, time, and duration of calls) between Kevin Probst and Justin Wax Jacobs.

- o Any text message metadata (date, time, recipient) between Kevin Probst and Justin Wax Jacobs.

- o Any other records reflecting direct communication between Probst and Nippon's legal team regarding Plaintiff's case.

2. **The subpoenaed entities has been directed to preserve and produce the requested records by no later than February 12, 2025.**

## III. REQUEST FOR JUDICIAL NOTICE

Plaintiff respectfully requests that the Court **take notice of the issuance of this subpoena** and recognize its relevance to the pending proceedings, particularly regarding **concerns of attorney misconduct and settlement transparency.**

## IV. CERTIFICATE OF SERVICE

I certify that on **February 11, 2025**, I electronically filed the foregoing **Notice of Issuance of Subpoena Duces Tecum for Phone Records** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: February 11, 2025

Respectfully submitted,

**Graciela Dela Torre** *(signature)* **Feb 11, 2025**
Pro Se Plaintiff
653 Wing St
Elgin, IL 60123
(630) 670-5914
GMESTIZA1@GMAIL.COM

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRACIELA DELA TORRE,          )
                              )
            Plaintiff,        )
                              )
      vs.                     )   No. 1:22--cv-07059
                              )
NIPPON LIFE INSURANCE          )
COMPANY OF AMERICA,           )
                              )
            Defendant.        )

The deposition of GRACIELA DELA TORRE, called by the Defendant for examination taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before Valerie Calabria, CSR, RPR, taken at 1051 Perimeter Drive, Suite 425, Schaumburg, Illinois, on May 24, 2023, at 9:55 a.m.

Page 2

APPEARANCES:

  DABDOUB LAW FIRM

  BY:  MR. KEVIN PROBST

      1600 Ponce de Leon Boulevard, Suite 1202

      Coral Gables, Florida 33134

      305.754.2000

      kprobst@longtermdisability.net

           appeared on behalf of the Plaintiff;

  NIPPON LIFE INSURANCE COMPANY OF AMERICA

  BY:  MR. JUSTIN WAX JACOBS

      666 Third Avenue, Suite 2201

      New York, New York 10017

      646.630.4923

      j-waxjacobs@nipponlifebenefits.com

           appeared on behalf of the Defendants.

ALSO PRESENT:

  Samuel Pine

      Nippon Life Insurance Company of America

* * * * *

Reported By:  Valerie M. Calabria, CSR, RPR

License No.:  084-003928

Page 3

INDEX

WITNESS                                          EXAMINATION

GRACIELA DELA TORRE

  BY MR. WAX JACOBS                              5

  BY MR. PROBST                                 78

  BY MR. WAX JACOBS (Further)                    80


DEPOSITION EXHIBITS

NUMBER/DESCRIPTION                               IDENTIFIED

  Exhibit 1                                      7

  Exhibit 2                                     11

  Exhibit 3                                     13

  Exhibit 4                                     26

  Exhibit 5                                     27

  Exhibit 6                                     39

  Exhibit 7                                     41

  Exhibit 8                                     56

  Exhibit 9                                     61

  Exhibit 10                                    62

Page 4

(Witness duly sworn.)

MR. WAX JACOBS: So we'll just start with appearances. I'm Justin Wax Jacobs. I'm the attorney for the defendant Nippon Life Insurance Company of America. I'm joined today by Samuel Pine, who is our legal intern.

MR. PROBST: Kevin Probst, Dabdoub Law Firm, appearing on behalf of the plaintiff.

THE WITNESS: Graciela Dela Torre, plaintiff.

MR. WAX JACOBS: All right.

MR. PROBST: I'm sorry. I just want to get one general objection on the record before the depo begins. Ms. Dela Torre objects to defendant propounding discovery, including taking her deposition today in this action, because defendant has taken an inconsistent position that precludes defendant from seeking any discovery. Specifically, defendant maintains that the arbitrary and capricious standard review applies to this action under the A&C standard of review and at-risk defendant may not seek discovery since the Court will review whether the adverse benefits decision was reasonable in light of the information the defendant had in the defendant's administrative