**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**
Case No.: 1:22-cv-07059

GRACIELA DELA TORRE,

     Plaintiff,

v.

NIPPON LIFE INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____/

**DABDOUB LAW FIRM, P.A.'S CONSOLIDATED RESPONSE
TO PLAINTIFF'S PRO SE PLEADINGS**

The undersigned attorneys of record for the Plaintiff, Graciela Dela Torre, respectfully submit the following consolidated response to Ms. Dela Torre's Motions (Dkts. 37, 54, 69 and 75).

1. The instant matter was filed on December 14, 2022, arising out of a dispute between the parties as to whether Plaintiff remained entitled to her long term disability benefits when Defendant terminated her benefits effective November 18, 2021. Dkt. 1.

2. The parties filed a Notice of Settlement with the Court on December 19, 2023, Dkt. 31, and a Joint Stipulation of Dismissal with Prejudice on January 23, 2024. Dkt. 34.

3. On January 24, 2024, the Court entered a Notification of Docket Entry dismissing this matter with prejudice and further stating that the civil case was terminated. Dkt. 35.

4. Almost one year after the case closed and representation ended, Plaintiff contacted undersigned counsel on January 16, 2025, regarding "the possibility of vacating [her] settlement related to the Long-Term Disability Insurance case based on newly discovered evidence." See Ex. 1.

5. Undersigned counsel responded to Plaintiff on January 17, 2025, (1) informing her of the firm's position that filing a motion to reopen based on newly discovered evidence lacked merit; (2) encouraging her to seek a second opinion from another attorney; and (3) advising her that the firm would not be providing any further advice or representation in this matter. See Ex. 2.

6. Plaintiff filed a pro se Motion to Reopen Case Pursuant to Rule 60(b) on January 22, 2025. Dkt. 37.

7. Since filing her pro se motion to reopen her case, Plaintiff has frivolously filed numerous pleadings falsely accusing undersigned counsel, local counsel, and their respective law firms of improper and unethical conduct in connection with their past representation of Plaintiff. See Dkts. 52, 54, 66, 69, 73, and 75.

8. As practically all of Plaintiff's allegations are patently false on the face of her exhibits, undersigned counsel refrained from responding until now; however, in light of Plaintiff's ongoing barrage of unjustified attacks, the Court's Minute Entry (Dkt. 78), and after consulting with the Court's Local Rules, the ABA Model Rules of Professional Conduct and the Florida Bar Ethics hotline, it is our hope that this pleading will assist the Court with expediting its ruling.

9. In her motion, Plaintiff alleged five statements of fact, all of which are false and expressly denied.

10. First, Plaintiff alleged that undersigned counsel sent her an email on December 19, 2023, instructing her to sign a blank signature page without providing the full settlement agreement for review. Dkt. 37 at 1.

2

11. Plaintiff attached said email to her motion which, on its face, proves Plaintiff's allegation to be false. See Dkt. 37 at 11, Ex. 3.

| | |
|---|---|
| **From:** | Kevin Probst |
| **Sent:** | Tuesday, December 19, 2023 11:42 AM |
| **To:** | Gracie Dlt |
| **Cc:** | Paralegal |
| **Subject:** | Settlement Release: Dela Torre v. Nippon Life |
| **Attachments:** | Settlement Agreement - Dela Torre v Nippon.pdf |

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)
ITS: (Write "Plaintiff")
DATE: (self-explanatory)

Let us know if you have any questions before signing.

Regards,
Kevin

12. Second, Plaintiff alleged that she received a December 29, 2023 email from undersigned counsel's paralegal emphasizing the urgency of signing the settlement release without being offered a meaningful opportunity for questions or clarification. See Dkt. 37 at 1.

13. This statement is also false and denied. See Ex. 4.

14. Third, Plaintiff alleged that undersigned counsel and the firm's staff routinely contacted her late on Friday afternoons, knowing that she was occupied caring for her granddaughter, creating undue pressure to comply without thorough review.

15. This statement is also false and denied. Throughout undersigned counsel's representation of Plaintiff, she was contacted at various dates and times with ample opportunities to respond and ask additional questions.

3

16. Fourth, Plaintiff alleged that she did not receive a full copy of the settlement agreement until January 13, 2025.

17. This statement is also false and denied. See Ex. 3.

18. Finally, Plaintiff alleged that she has identified terms in the settlement agreement that she was not aware of at the time of signing.

19. This statement is also false and denied. The settlement agreement undersigned counsel sent to Plaintiff on December 19, 2023, was the final version of the identical terms and language that Plaintiff agreed to and signed on December 29, 2023.

20. In Plaintiff's Motion to Dispute Attorney Fees, Invalidate Settlement Agreement, and Seek Remedy for Malpractice, Plaintiff alleged, in brief, that Dabdoub Law Firm, P.A. charged her an amount inconsistent with the signed fee agreement. See Dkt. 54 at 1-2.

21. These allegations are false and denied. See Dkt. 54 at 5-8.

22. In her Motion to Remove and Investigate Unauthorized Attorney Representation, Plaintiff alleges that she "**never retained, consulted, or authorized** any attorney from **Ankin Law Firm** to represent her in this matter." (original emphasis). Dkt. 69 at 1.

23. This allegation is false and denied. See Ex. 5.

24. Plaintiff continued her baseless attacks against undersigned counsel in her Amended Motion to Reopen Case Pursuant to Rule 60, repeating her allegations that deceptive practices were used to coerce her into signing the settlement agreement and now accusing undersigned counsel of colluding with Defendant's counsel.

25. Like every other allegation, these are false and expressly denied. Undersigned counsel complied with the applicable rules of professional conduct throughout his representation

4

of Plaintiff and happily invested hours on hours to zealously advocate on her behalf to secure a successful outcome in her case. Also see Ex. 3-4.

26. For the foregoing reasons, Plaintiff's requests for relief should be denied.

**WHEREFORE**, undersigned counsel and DABDOUB LAW FIRM, P.A. respectfully requests that this Honorable Court deny all of Plaintiff's motions for relief.

Dated: February 12, 2025

Respectfully submitted,

*/s/ Kevin E. Probst*
Kevin E. Probst (FBN. 51422)
kprobst@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2025, I caused a true and correct copy of the foregoing document to be filed electronically via CM/ECF.

*/s/ Kevin E. Probst*
Kevin E. Probst

5