**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

_____

**GRACIELA DELA TORRE,**

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

**Defendant.**

**RECEIVED**

**FEB 12 2025**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Case No.: 1:22-cv-07059**
**Honorable Rebecca R. Pallmeyer**

**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Upon consideration of Plaintiff **Graciela Dela Torre's Emergency Motion for Protective Order,** and after reviewing all relevant pleadings, evidence, and applicable law, the Court finds as follows:

**FINDINGS OF FACT:**

1. Plaintiff has demonstrated a **pattern of harassment, surveillance, and intimidation** by Defendant **Nippon Life Insurance Company of America** and its agents, including **private investigators** hired to conduct surveillance.

2. Plaintiff has provided **documentary and photographic evidence** of ongoing monitoring, including:

   o Surveillance reports from **Disability Management Services (DMS)** documenting investigators monitoring Plaintiff outside her home since **December 2021.**

   o Recent **photographic evidence** showing an **identified investigator parked near Plaintiff's vehicle at her medical provider's office on February 6, 2025.**

3. This conduct has **no legitimate purpose** other than to **intimidate, harass, and interfere with Plaintiff's legal proceedings.**

4. Defendant's actions **constitute an abuse of process** and a violation of Plaintiff's **right to privacy and protection from harassment.**

**ORDER:**

IT IS HEREBY ORDERED that:

1. **Defendant, its legal representatives, private investigators, and any affiliated third-party contractors are prohibited from conducting any further surveillance, intimidation, or harassment of Plaintiff.**

2. **Defendant is ordered to disclose the identities of any private investigators and surveillance agencies hired to monitor Plaintiff from 2021 to the present.**

3. **Defendant and its agents are enjoined from approaching, contacting, or photographing Plaintiff within 500 feet of her residence, workplace, or medical facilities.**

4. **Defendant must produce all existing surveillance records, reports, and expenditures related to monitoring Plaintiff, including video, photographic, and written documentation.**

5. **Failure to comply with this Order may result in sanctions, contempt proceedings, and further injunctive relief as deemed appropriate by this Court.**

6. **This Court retains jurisdiction over this matter to ensure full compliance with this Order and to address any further disputes arising from this issue.**

IT IS SO ORDERED.

Dated: _____, 2025

_____

**HON. REBECCA R. PALLMEYER**
United States District Judge