



FILED
2/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

QR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**
**Case No. 1:22-cv-07059**
**Hon. Rebecca R. Pallmeyer**

---

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CERTIFICATE OF SERVICE AND NOTICE OF MOTION TO COMPEL ARBITRATION**

**NOW COMES Plaintiff, GRACIELA DELA TORRE,** *pro se*, and respectfully moves this Honorable Court to strike the **Affidavit and Certificate of Service filed by Defendant Nippon Life Insurance Company of America** regarding the **Notice of Motion to Compel Arbitration and Memorandum of Law in Support (Docket Numbers 50 and 51).** In support, Plaintiff states as follows:

---

## I. INTRODUCTION

1. **On February 4, 2025,** Defendant Nippon Life Insurance Company, through **Attorney Justin Wax Jacobs**, filed an **Affidavit and Certificate of Service**, claiming that they served the **Notice of Motion to Compel Arbitration and related exhibits (Docket Numbers 50 and 51)** via FedEx overnight mail.

2. However, **Plaintiff has not received these documents, nor were they served upon her directly** despite her status as a pro se litigant.

3. Instead, Defendant improperly mailed these documents to **Plaintiff's former attorneys (Kevin Probst, Edward Dabdoub, and Justin R. Lewicky), none of whom currently represent her in this case**.

4. This constitutes **improper service**, violates Plaintiff's **due process rights**, and prevents her from adequately responding to the motion.

5. Plaintiff moves to **strike the Affidavit and Certificate of Service**, require proper service, and deny Defendant's Motion to Compel Arbitration as procedurally defective and legally improper.

---

## II. DEFENDANT FAILED TO PROPERLY SERVE PLAINTIFF AS A PRO SE PARTY

6.   Plaintiff has been **pro se** in this case since the withdrawal of her prior attorneys and is therefore **entitled to direct service of all legal filings**.

7.   **Federal Rule of Civil Procedure 5(b)(2)** requires that legal filings be served:

   o   **Directly on a party if they are unrepresented**.

   o   **Through electronic means if the party consents, or via U.S. Mail if electronic service is not possible**.

8.   By failing to serve Plaintiff directly and instead sending filings **only to her former attorneys,** Defendant has **failed to provide proper notice**, violating due process and rendering their motion defective.

---

## III. DEFENDANT'S MOTION TO COMPEL ARBITRATION IS PROCEDURALLY AND SUBSTANTIVELY DEFECTIVE

**A. The Settlement Agreement Is Disputed and Cannot Be Used to Enforce Arbitration**

9. The arbitration agreement Defendant is attempting to enforce is **contained within a settlement agreement that Plaintiff never consented to**.

10. Because **the validity of the settlement agreement is in dispute**, Defendant cannot rely on any arbitration clause within it.

11. Courts have consistently held that **arbitration cannot be compelled when the underlying contract is challenged as void or unenforceable** (see *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006)).

12. Until the Court determines whether the settlement agreement is **valid and binding**, no arbitration clause within it can be enforced.

**B. Plaintiff Never Agreed to Arbitrate This Dispute**

13. Even if arbitration were a valid option, **Plaintiff has never consented to arbitrate claims regarding settlement fraud, attorney misconduct, or wrongful handling of her case**.

14. Arbitration agreements must be **clear, mutual, and voluntarily accepted**—none of which apply here.

---

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. **Strike Defendant's Affidavit and Certificate of Service** for failing to properly serve Plaintiff as a pro se litigant.

2. **Deny Defendant's Motion to Compel Arbitration (Docket Numbers 50 and 51) as procedurally and substantively improper**.

3. **Require Defendant to properly serve Plaintiff with any future motions or filings** related to arbitration or any other issue.

4. **Grant any further relief this Court deems just and necessary.**

---

**Respectfully Submitted,**

**/s/ Graciela Dela Torre**
**Plaintiff, Pro Se**
653 Wing St
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914

---