



**FILED**
2/12/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

**GRACIELA DELA TORRE,**

Plaintiff,

v.

**NIPPON LIFE INSURANCE COMPANY OF AMERICA,**

**Defendant.**

**Case No.: 1:22-cv-07059**

**Honorable Rebecca R. Pallmeyer**

**STATEMENT FOR THE RECORD COVER PAGE**

TO THE HONORABLE COURT:

Plaintiff, **Graciela Dela Torre**, pro se, submits this **Statement for the Record** to ensure the following observations, contradictions, and key facts are properly documented in this matter.

This statement contains relevant details regarding **Former Attorney Kevin Probst's Consolidated response with my notes** and is submitted for inclusion in the official court record.

Respectfully submitted,

**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing St, Elgin, IL 60123
(630) 670-5914
GMESTIZA1@GMAIL.COM

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**
Case No.: 1:22-cv-07059

GRACIELA DELA TORRE,

  Plaintiff,

v.

NIPPON LIFE INSURANCE
COMPANY OF AMERICA,

  Defendant.

_____/

### DABDOUB LAW FIRM, P.A.'S CONSOLIDATED RESPONSE
### TO PLAINTIFF'S PRO SE PLEADINGS

The undersigned attorneys of record for the Plaintiff, Graciela Dela Torre, respectfully submit the following consolidated response to Ms. Dela Torre's Motions (Dkts. 37, 54, 69 and 75).

1. The instant matter was filed on December 14, 2022, arising out of a dispute between the parties as to whether Plaintiff remained entitled to her long term disability benefits when Defendant terminated her benefits effective November 18, 2021. Dkt. 1.

2. The parties filed a Notice of Settlement with the Court on December 19, 2023, Dkt. 31, and a Joint Stipulation of Dismissal with Prejudice on January 23, 2024. Dkt. 34.

3. On January 24, 2024, the Court entered a Notification of Docket Entry dismissing this matter with prejudice and further stating that the civil case was terminated. Dkt. 35.

4. Almost one year after the case closed and representation ended, Plaintiff contacted undersigned counsel on January 16, 2025, regarding "the possibility of vacating [her] settlement related to the Long-Term Disability Insurance case based on newly discovered evidence." See Ex. 1.

*[Handwritten margin notes: "The past is Not being argued ?"; "Correct"; "* January 03 at 4:00 pm *  See exhibit A  Page 3"]*

5. Undersigned counsel responded to Plaintiff on January 17, 2025, (1) informing her of the firm's position that filing a motion to reopen based on newly discovered evidence lacked merit; (2) encouraging her to seek a second opinion from another attorney; and (3) advising her that the firm would not be providing any further advice or representation in this matter. See Ex. 2.



6. Plaintiff filed a pro se Motion to Reopen Case Pursuant to Rule 60(b) on January 22, 2025. Dkt. 37. *Of Course, I'm defending my life through this court (even though for you is Just a case."*

7. Since filing her pro se motion to reopen her case, Plaintiff has frivolously filed numerous pleadings falsely accusing undersigned counsel, local counsel, and their respective law firms of improper and unethical conduct in connection with their past representation of Plaintiff. See Dkts. 52, 54, 66, 69, 73, and 75. *Proof to come*

8. As practically all of Plaintiff's allegations are patently false on the face of her exhibits, undersigned counsel refrained from responding until now; however, in light of Plaintiff's ongoing barrage of unjustified attacks, the Court's Minute Entry (Dkt. 78), and after consulting with the Court's Local Rules, the ABA Model Rules of Professional Conduct and the Florida Bar Ethics hotline, it is our hope that this pleading will assist the Court with expediting its ruling.

9. In her motion, Plaintiff alleged five statements of fact, all of which are false and expressly denied.

10. First, Plaintiff alleged that undersigned counsel sent her an email on December 19, 2023, instructing her to sign a blank signature page without providing the full settlement agreement for review. Dkt. 37 at 1.

11. Plaintiff attached said email to her motion which, on its face, proves Plaintiff's allegation to be false. See Dkt. 37 at 11, Ex. 3.

| | |
|---|---|
| **From:** | Kevin Probst |
| **Sent:** | Tuesday, December 19, 2023 11:42 AM |
| **To:** | Gracie Dlt |
| **Cc:** | Paralegal |
| **Subject:** | Settlement Release: Dela Torre v. Nippon Life |
| **Attachments:** | Settlement Agreement - Dela Torre v Nippon.pdf |

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)
ITS: (Write "Plaintiff")
DATE: (self-explanatory)

*"This is the only detail breakdown I ever received from the settlemet."*

Let us know if you have any questions before signing.

Regards,
Kevin

12. Second, Plaintiff alleged that she received a December 29, 2023 email from undersigned counsel's paralegal emphasizing the urgency of signing the settlement release without being offered a meaningful opportunity for questions or clarification. See Dkt. 37 at 1. *See exhibit 4 exhibit 37 Attached*

13. This statement is also false and denied. See Ex. 4. *See your own exhibit 4*

14. Third, Plaintiff alleged that undersigned counsel and the firm's staff routinely contacted her late on Friday afternoons, knowing that she was occupied caring for her granddaughter, creating undue pressure to comply without thorough review.

15. This statement is also false and denied. Throughout undersigned counsel's representation of Plaintiff, she was contacted at various dates and times with ample opportunities to respond and ask additional questions.

16. Fourth, Plaintiff alleged that she did not receive a full copy of the settlement agreement until January 13, 2025. *Draft with red underlines received* [handwritten]

17. This statement is also false and denied. See Ex. 3.

18. Finally, Plaintiff alleged that she has identified terms in the settlement agreement that she was not aware of at the time of signing.

19. This statement is also false and denied. The settlement agreement undersigned counsel sent to Plaintiff on December 19, 2023, was the final version of the identical terms and language that Plaintiff agreed to and signed on December 29, 2023.

20. In Plaintiff's Motion to Dispute Attorney Fees, Invalidate Settlement Agreement, and Seek Remedy for Malpractice, Plaintiff alleged, in brief, that Dabdoub Law Firm, P.A. charged her an amount inconsistent with the signed fee agreement. See Dkt. 54 at 1-2. *40% X* *20% ✓* [handwritten]

21. These allegations are false and denied. See Dkt. 54 at 5-8.

22. In her Motion to Remove and Investigate Unauthorized Attorney Representation, Plaintiff alleges that she "**never retained, consulted, or authorized** any attorney from **Ankin Law Firm** to represent her in this matter." (original emphasis). Dkt. 69 at 1.

23. This allegation is false and denied. See Ex. 5.

24. Plaintiff continued her baseless attacks against undersigned counsel in her Amended Motion to Reopen Case Pursuant to Rule 60, repeating her allegations that deceptive practices were used to coerce her into signing the settlement agreement and now accusing undersigned counsel of colluding with Defendant's counsel.

25. Like every other allegation, these are false and expressly denied. Undersigned counsel complied with the applicable rules of professional conduct throughout his representation

4

of Plaintiff and happily invested hours on hours to zealously advocate on her behalf to secure a successful outcome in her case. Also see Ex. 3-4.

26. For the foregoing reasons, Plaintiff's requests for relief should be denied.

**WHEREFORE,** undersigned counsel and DABDOUB LAW FIRM, P.A. respectfully requests that this Honorable Court deny all of Plaintiff's motions for relief.

Dated: February 12, 2025

Respectfully submitted,

/s/ Kevin E. Probst
Kevin E. Probst (FBN. 51422)
kprobst@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2025, I caused a true and correct copy of the foregoing document to be filed electronically via CM/ECF.

/s/ Kevin E. Probst
Kevin E. Probst

5

# EXHIBIT 1

**Kevin Probst**

*✳ — This is an incomplete statement.*

| | |
|---|---|
| From: | Gracie Dlt <gmestiza1@gmail.com> |
| Sent: | Thursday, January 16, 2025 12:07 PM |
| To: | Kevin Probst |
| Subject: | Re: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life |

*The Email Chain is missing*

*✳*

**Subject:** Request to Vacate Settlement Using Rule 60(b) – New Evidence of Ongoing Treatment

Dear Kevin,

I hope this message finds you well. I'm writing to discuss the possibility of vacating my settlement related to the Long-Term Disability Insurance case based on newly discovered evidence.

Upon reviewing my medical records, I found that I accidentally omitted key documents regarding my ongoing physical therapy treatment that I was receiving in January throug December 2021, as well as surgery that took place in 2022. These documents show that I was still under medical care during the period when my benefits were terminated in November 2021.

I would like to explore the option of using Rule 60(b) to seek relief from the settlement.

To summarize:

- I inadvertently omitted records showing that I was receiving ongoing occupational therapy and treatment throughout January 2021 through December 2021
- I also had surgery in 2022 that further supports the ongoing nature of my condition and treatment.
- Given that the benefits were terminated in November 2021, and the new evidence demonstrates my continued medical care, I believe there may be grounds to argue that my benefits were wrongly terminated.

I would like to proceed with discussing how we can use this new evidence to potentially vacate the settlement under Rule 60(b), which permits relief from a judgment due to new evidence or errors that have come to light after the fact. Please let me know how we can move forward and if there is any additional information you need from me.

Thank you for your continued support and guidance in this matter. I look forward to hearing your thoughts.

Sincerely,

Graciela
Direct # 630.670.5914

**Do not print this email unless is necessary**

# EXHIBIT 2

*✳ This is an incomplete statement*

**Kevin Probst**

*The email chain is missing ✳*

| | |
|---|---|
| **From:** | Kevin Probst |
| **Sent:** | Friday, January 17, 2025 1:43 PM |
| **To:** | Gracie Dlt |
| **Cc:** | Geneses Strongarone |
| **Subject:** | RE: FW: URGENT: Updated Settlement Release – Dela Torre v. Nippon Life |
| **Attachments:** | DE 35 Notice of docket entry – Order closing case.pdf |

Ms. Dela Torre:

Under Rule 60(b)(2) and 59(b), for there to be valid grounds for a judge to reopen a closed case, there must be <u>newly discovered</u> evidence that, with reasonable diligence, could not have been discovered within 28 days of the entry of judgment (or other court order/notice closing the case). More importantly, I can assure that Nippon had ample medical records regarding your 2022 surgery and 2021 physical therapy treatment.

Under Rule 60(c), a motion under this Rule must be made no more than a year after the entry of the judgment or order closing the case.

As reflected by the attached Notification, the judge closed your case on January 24, 2024.

Therefore, your deadline to file a motion under Rule 60(b) is January 24, 2025.

Although it is our belief that the judge in your case is highly unlikely to grant a motion under Rule 60(b), I encourage you to seek a second opinion from another attorney.

We stand by the work we performed in your case and the successful settlement we helped you obtain.

Though I wish you the best, please be advised that we will not be providing you with any further advice or representation.

Regards,



**Kevin Probst, J.D.**
Disability Insurance & ERISA
Attorney

*Office*
305.754.2000
*Fax*
305.754.2007

longtermdisability.net
🇫 🐦 ▶️ in G+

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

# EXHIBIT 3

## Kevin Probst

| | |
|---|---|
| **From:** | Kevin Probst |
| **Sent:** | Tuesday, December 19, 2023 11:42 AM |
| **To:** | Gracie Dlt |
| **Cc:** | Paralegal |
| **Subject:** | Settlement Release: Dela Torre v. Nippon Life |
| **Attachments:** | Settlement Agreement - Dela Torre v Nippon.pdf |

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)
ITS: (Write "Plaintiff")
DATE: (self-explanatory)

Let us know if you have any questions before signing.

Regards,
Kevin



**Kevin Probst, J.D.**
Disability Insurance & ERISA
Attorney

*Office*
305.754.2000

longtermdisability.net

*Fax*
305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

# EXHIBIT 4

*Was this email forwarded? manipulated?*

*??? Why is this email's format different from the other ones?*

**Outlook**

*Two lines?*

## FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

**From** Paralegal <Paralegal@longtermdisability.net>
**Date** Fri 12/29/2023 2:46 PM    *See # 12*
**To**    Gracie Dlt <gmestiza1@gmail.com>
**Cc**    Kevin Probst <kprobst@longtermdisability.net>

📎 2 attachments (644 KB)
Settlement Agreement & Release - Dela Torre v Nippon.pdf; Settlement Agreement & Release - Dela Torre v Nippon.pdf;

*attached after forwarding?*

Ms. Dela Torre,

I just left you a voicemail. Please see the attached Release. It is urgent that you sign and return the signature page (page 7) - or let us know asap if you have any questions.

Thank you,

**Oriana Ordaz**
**Paralegal**

*Office*
305.754.2000
*Fax*
305.754.2007

longtermdisability.net
 🇫 🐦 ▶️ 🔗 G+

# DABDOUB LAW FIRM
## *Disability Insurance & ERISA Attorneys*

**From:** Kevin Probst <kprobst@longtermdisability.net>
**Sent:** Thursday, December 21, 2023 3:32 PM
**To:** Gracie Dlt <gmestiza1@gmail.com>
**Cc:** Paralegal <Paralegal@longtermdisability.net>
**Subject:** URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Good afternoon, Gracie:

Since Nippon's attorney and I needed to make a few minor edits to the release, please sign and **(only)** return page 7 of the attached updated version.

Kindly confirm receipt of this email and let us know if you have any questions.

Regards,
Kevin



**Kevin Probst, J.D.**
Disability Insurance & ERISA Attorney

*Office*
305.754.2000          longtermdisability.net
*Fax*
305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Kevin Probst
**Sent:** Tuesday, December 19, 2023 11:42 AM
**To:** Gracie Dlt <gmestiza1@gmail.com>
**Cc:** Paralegal <Paralegal@longtermdisability.net>
**Subject:** Settlement Release: Dela Torre v. Nippon Life

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)
ITS: (Write "Plaintiff")
DATE: (self-explanatory)

Let us know if you have any questions before signing.

Regards,
Kevin

*[Handwritten note:]* This further Proves Mr. Probst New about the cognitive fatigue, difficulty concentrating and memory issues. Mr. Probst clearly took advantage of the vulnerability I was going through. ✳Gracie✳

**Kevin Probst, J.D.**
Disability Insurance & ERISA Attorney

*Office*
305.754.2000          longtermdisability.net
*Fax*
305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

# EXHIBIT 5

# DABDOUB LAW FIRM
DISABILITY INSURANCE & ERISA ATTORNEYS

## CO-COUNSEL AGREEMENT

This agreement serves to confirm that Illinois local counsel, Justin Lewicky of Ankin Law Office LLC., has been associated as co-counsel along with Graciela Dela Torre's attorneys at Dabdoub Law Firm to represent her in connection with her claim against Nippon Life Insurance Company of America.

Each lawyer involved in this case will be jointly responsible for legal representation and agrees to be available for consultation with the client, Graciela Dela Torre, as needed.

Attorney's fees shall be paid as set forth in the executed contingency fee agreement between Dabdoub Law Firm and Ms. Dela Torre. Twenty-five percent (25%) of Dabdoub Law Firm's attorney's fees will be paid to Ankin Law Office, LLC, if any recovery is made on Ms. Dela Torre's behalf in this matter.

All the undersigned parties agree and approve of Ankin Law Office, LLC acting as co-counsel under the same contingency fee agreement entered into between Ms. Dela Torre and Dabdoub Law Firm.

*Electronic Signature?* *Electronic Signature?*

Dabdoub Law Firm: _____        Client: _____
        Edward Dabdoub                                    Graciela Dela Torre

Ankin Law Office, LLC: _____        *Wet (Pen) Signature?*

*✱ Where is the date on this "agreement?"✱*

1600 PONCE DE LEON BOULEVARD, SUITE 1202, CORAL GABLES, FL 33134  T.305.754.2000  F.305.754.2007  WWW.LONGTERMDISABILITY.NET

DISABILITY, LIFE, & LONG-TERM CARE INSURANCE  •  BAD FAITH INSURANCE  •  ERISA



 Gmail

Gracie Dlt <gmestiza1@gmail.com>

*This is the complete email*

**RE: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life** trail *

1 message

**Kevin Probst** <kprobst@longtermdisability.net>                    Fri, Jan 17, 2025 at 12:43 PM
To: Gracie Dlt <gmestiza1@gmail.com>
Cc: Geneses Strongarone <geneses@longtermdisability.net>

Ms. Dela Torre:

Under Rule 60(b)(2) and 59(b), for there to be valid grounds for a judge to reopen a closed case, there must be underline newly discovered evidence that, with reasonable diligence, could not have been discovered within 28 days of the entry of judgment (or other court order/notice closing the case). More importantly, I can assure that Nippon had ample medical records regarding your 2022 surgery and 2021 physical therapy treatment.

Under Rule 60(c), a motion under this Rule must be made no more than a year after the entry of the judgment or order closing the case.

As reflected by the attached Notification, the judge closed your case on January 24, 2024.

Therefore, your deadline to file a motion under Rule 60(b) is January 24, 2025.

Although it is our belief that the judge in your case is highly unlikely to grant a motion under Rule 60(b), I encourage you to seek a second opinion from another attorney.

We stand by the work we performed in your case and the successful settlement we helped you obtain.

Though I wish you the best, please be advised that we will not be providing you with any further advice or representation.

Regards,



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*

longtermdisability.net

305.754.2000

*Fax*

🇫 🐦 ▶️ in G+

305.754.2007

# DABDOUB LAW FIRM
## *Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, January 16, 2025 12:07 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Subject:** Re: FW: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

**Subject:** Request to Vacate Settlement Using Rule 60(b) – New Evidence of Ongoing Treatment

Dear Kevin,

I hope this message finds you well. I'm writing to discuss the possibility of vacating my settlement related to the Long-Term Disability Insurance case based on newly discovered evidence.

Upon reviewing my medical records, I found that I accidentally omitted key documents regarding my ongoing physical therapy treatment that I was receiving in January throug December 2021, as well as surgery that took place in 2022. These documents show that I was still under medical care during the period when my benefits were terminated in November 2021.

I would like to explore the option of using Rule 60(b) to seek relief from the settlement.

To summarize:

- I inadvertently omitted records showing that I was receiving ongoing occupational therapy and treatment throughout January 2021 through December 2021
- I also had surgery in 2022 that further supports the ongoing nature of my condition and treatment.
- Given that the benefits were terminated in November 2021, and the new evidence demonstrates my continued medical care, I believe there may be grounds to argue that my benefits were wrongly terminated.

I would like to proceed with discussing how we can use this new evidence to potentially vacate the settlement under Rule 60(b), which permits relief from a judgment due to new evidence or errors that have come to light after the fact. Please let

me know how we can move forward and if there is any additional information you need from me.

Thank you for your continued support and guidance in this matter. I look forward to hearing your thoughts.

Sincerely,

*Graciela*
**Direct # 630.670.5914**

**Do not print this email unless is necessary**

On Tue, Jan 7, 2025 at 3:19 PM Kevin Probst <kprobst@longtermdisability.net> wrote:



### Kevin Probst, J.D.

Disability Insurance & ERISA Attorney

| *Office* | |
| --- | --- |
| 305.754.2000 | longtermdisability.net |
| *Fax* | 📘 🐦 ▶️ 🔗 G+ |
| 305.754.2007 | |

# DABDOUB LAW FIRM
## *Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Kevin Probst
**Sent:** Tuesday, January 7, 2025 3:05 PM
**To:** 'Gracie Dlt' <gmestiza1@gmail.com>
**Subject:** RE: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Good afternoon, Graciela:




After all the time, effort and resources that I and the firm dedicated to your case, reading your email was quite the shock. As you may recall, there was a strong possibility that - even if we had taken your case to judgment and won, you would have walked away with $0 because of the potential offsets/overpayment resulting from the money you were expecting to receive from Workers Comp and/or Social Security. Despite this fact, I was successful in getting Nippon to agree to pay $90,000 to resolve your case – and this was after you had already advised me that you'd willing to accept an offer of $80,000.




With disability cases such as yours, the only issue is whether the claim administrator made the correct decision at the time benefits were denied. In your case, that date was November 18, 2021. Your doctor's letter, on the other hand, was signed on December 7, 2023 – two years after Nippon terminated your benefits. Not surprisingly, Nippon was not interested in documents from 2 years after their decision was made.

As stated in the executed Settlement Agreement and Mutual Specific Release (attached) – and as is the case whenever parties sign a settlement agreement, they are releasing each other from any further causes of action related to the dispute and the court case is dismissed with prejudice (meaning it cannot be reopened).




It is my sincere hope that upon further reflection and consideration of the above explanation and facts, you come to understand again that we helped you obtain a **very** generous settlement offer.

I wish you a happy and healthy new year.



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, January 3, 2025 5:00 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Cc:** Retire Paralegal <Paralegal@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

**Graciela Dela Torre**
653 Wing St, Elgin IL 60123
January 3, 2025

**Kevin Probst**

Dabboub Law Firm
1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**Subject:** Request for Review of LTD Settlement and Potential Reopening

Dear Kevin,

I hope this message finds you well. I am writing to request your assistance in reviewing the settlement agreement for my Long-Term Disability (LTD) claim, as I have concerns about potential errors or omissions that may have impacted the outcome.

Specifically, I provided you with a letter from my doctor stating my incapacity to work, which I believe was a critical piece of evidence. However, I suspect that this letter may not have been included or considered during the settlement process. If this is the case, it would constitute a significant omission, potentially affecting the terms and fairness of the agreement.

To clarify and address this matter, I kindly ask you to:



1. **Review the Settlement Agreement**: Verify whether the doctor's letter and other pertinent medical evidence were included and appropriately considered.

2. **Provide Documentation**: Share any records or communications regarding the inclusion of the letter in the settlement process.

3. **Evaluate Options for Reopening the Claim**: If the letter was excluded, I would like to explore options to challenge or reopen the settlement based on error or omission.



I am also open to any additional recommendations you may have to address this issue. Please let me know if further documentation or clarification from my side is required.

Thank you for your attention to this matter. I look forward to your response and guidance. Please feel free to contact me at 653 Wing St, Elgin IL 60123

Sincerely,
Graciela Dela Torre

(630) 670-5914

*Do not print this email unless is necessary*

On Thu, Dec 21, 2023 at 6:00 PM Kevin Probst <kprobst@longtermdisability.net> wrote:

Hi, Graciela:

The attached word doc reflects the tracked changes.

If you have any questions and prefer to speak by phone, let me know a few good times that work for you tomorrow.

Otherwise, as soon as you return your signature page, I'll sign as well and relay to Nippon's attorney which will start the 30 day clock for them to issue your check.

Regards,

Kevin



**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007

# DABDOUB LAW FIRM
*Disability Insurance & ERISA Attorneys*

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Thursday, December 21, 2023 6:45 PM
**To:** Kevin Probst <kprobst@longtermdisability.net>
**Subject:** Re: URGENT: Updated Settlement Release - Dela Torre v. Nippon Life

Case: 1:22-cv-07059 Document #: 92 Filed: 02/12/25 Page 25 of 26 PageID #:847

Email received, what are those changes?

On Thu, Dec 21, 2023, 2:32 PM Kevin Probst <kprobst@longtermdisability.net> wrote:

Good afternoon, Gracie:



Since Nippon's attorney and I needed to make a few minor edits to the release, please sign and (**only**) return page 7 of the attached updated version.



Kindly confirm receipt of this email and let us know if you have any questions.

Regards,

Kevin

## Kevin Probst, J.D.

Disability Insurance & ERISA Attorney

*Office*

305.754.2000

longtermdisability.net

*Fax*

305.754.2007

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

**From:** Kevin Probst
**Sent:** Tuesday, December 19, 2023 11:42 AM
**To:** Gracie Dlt <gmestiza1@gmail.com>
**Cc:** Paralegal <Paralegal@longtermdisability.net>
**Subject:** Settlement Release: Dela Torre v. Nippon Life

Case: 1:22-cv-07059 Document #: 92 Filed: 02/12/25 Page 26 of 26 PageID #:848

Hi, Graciela:

Please review the attached settlement agreement & release. You only need to send back page 7 after completing as follows:

BY: (Sign your name here)

ITS: (Write "Plaintiff")

DATE: (self-explanatory)

*This is the only explanation I ever received about the settlement*

Let us know if you have any questions before signing.

Regards,

Kevin

**Kevin Probst, J.D.**

Disability Insurance & ERISA Attorney

Office

305.754.2000

longtermdisability.net

Fax

305.754.2007

1600 Ponce de Leon Blvd. ste. 1202 • Coral Gables, FL 33134

DE 35 Notice of docket entry - Order closing case.pdf
18K