**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Graciela Dela Torre,** )<br>)<br>　　　　　**Plaintiff,**　　　　　)<br>)<br>　　　　　v.　　　　　　　　　　)<br>)<br>**Nippon Life Insurance Company** )<br>　　of America,　　　　　　　　)<br>)<br>　　　　　**Defendants.**　　　　)　 | No. 22 C 7059<br><br>Judge Rebecca R. Pallmeyer |

## ORDER

　　Plaintiff's motions to reopen this case [37, 75] are denied.  Her motion for leave to file certain materials under seal [72] is granted; the Clerk is directed to place pages 3 through 112 of that document [72] under seal.  As explained below, motion [66] is stricken; motions [44, 50, 51, 60] are granted; motions [52, 54, 55, 56, 67, 68, 69, 71, 73, 74, 85] are denied.  This case remains closed on the court's docket.

## STATEMENT

　　Plaintiff Graciela Dela Torre challenged Defendant Nippon Life Insurance Company's denial of her claim for long-term disability benefits.  After a period of discovery, the parties entered into a settlement agreement, and the court dismissed the case pursuant to stipulation in January 2024 [31, 34, 35].  Nearly a year later, Ms. Dela Torre moved to reopen the case, alleging that she had been pressured into signing the settlement agreement, had been directed to sign it "in blank," and had not even been shown a copy of the agreement until early this year.  The court convened a hearing on these claims on February 13, 2025 and heard from Ms. Dela Torre herself; Kevin Probst, the attorney who represented her; and counsel for Nippon Life Insurance Company.

　　By Ms. Dela Torre's own account, she accepted the terms of the proceeds of the settlement and knew, at the time the funds were deposited into her account, that the deposited amounts were proceeds of the settlement.  She has not offered to return the money, and as explained below, her challenges to the validity and enforceability of the agreement have no merit.

　　Mr. Probst demonstrated, with reference to his contemporaneous notes, that her assertions about his conduct in representing her are false.  For example, when she refused an initial offer, he successful negotiated for more.  He regularly took calls from her—and although she now complains about the timing of their communications, Mr. Probst's notes show that it was Ms. Dela Torre herself, not her attorneys, who communicated late at night.  Contrary to her assertions, counsel demonstrated that before Plaintiff signed the settlement agreement, he had provided her with a complete redline version of the final agreement; the one ultimately entered into was identical to that redline version.  Ms. Dela Torre complains of what she believes are irregularities in the negotiation process, but identified only routine or innocuous circumstances:

for example, that she signed the agreement three days before Nippon's representatives signed it, and that her attorney required her to sign it in person rather than via "DocuSign." In short, these circumstances are not unusual and do not undermine the validity of the agreement.

Instead, it is apparent that Ms. Dela Torre filed her motion because she has had second thoughts about having entered into the agreement. But her second thoughts are not a valid reason to reopen this lawsuit nearly a year after it was terminated pursuant to settlement. Her motions to reopen this case [37, 75] are therefore denied. Her related motion to dispute attorney fees, invalidate the settlement agreement, and seek a remedy for malpractice [54] is also denied. Ms. Dela Torre has not shown that her former attorneys have withheld relevant information from her; her motion for review of attorneys' fees and response to "unauthorized filing" [66] is stricken.

Several other motions are pending as well. The court grants Plaintiff's motion for leave to file her medical records under seal [72] and directs the Clerk to place pages 3 through 112 of that document [72] under seal.

As Attorney Probst has now appeared and provided information in response to Ms. Dela Torre's motion, his motion for leave to withdraw his appearance and that of Attorney Dabdoub [44] is granted. As Mr. Dabdoub and Mr. Probst will no longer be representing her, Ms. Dela Torre's motion to compel them to "turn over e-filing credentials" [52] is denied as moot. Mr. Probst explained that attorneys from the Ankin Law Firm (who may have represented Plaintiff in her workers' compensation claim) filed an appearance in this case solely as local counsel. Ms. Dela Torre's duplicate motions to "remove and investigate unauthorized attorney representation" by Ankin Law Firm lawyers [69, 71] are denied.

Nippon Life Insurance Company has filed a sealed motion to compel arbitration of disputes arising out of the settlement agreement and stay this action [50]. Having found the agreement enforceable, the court concludes that any legitimate further disputes arising out the agreement are indeed subject to arbitration. That motion [50, 51] is granted, and Ms. Dela Torre's motion to strike the notice of motion to compel arbitration [88] is denied.

Evidence of settlement negotiations is inadmissible pursuant to FED. R. EVID. 408. Plaintiff's motion for reconsideration of the court's order granting defendant's motion to seal [55] is therefore denied. Plaintiff has identified no credible evidence of false advertising or deceptive business practices. Her motion to introduce such evidence [53] in this proceeding is denied. Plaintiff claims that she has been subject to continued surveillance and harassment; but her disability claim is no longer at issue, and she offers no credible basis for her suspicion that Defendant is engaged in such misconduct. Her motion to cease surveillance and harassment [56] and emergency motion for a protective order [85] are therefore denied. Nippon Life Insurance's motion to quash a subpoena directed at those issues [60] is granted, and Plaintiff's motions to add Nippon Life Insurance Company's Chief of Strategy and Operations [67] and to "compel full communications between Nippon and Disability Management Services" and to compel "full settlement documentation, attorney retainer agreements, financial disclosure and emergency relief" [68, 73, 74] are denied.

ENTER:

Date: February 13, 2025

REBECCA R. PALLMEYER
United States District Judge