



CVK

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
------------------------------------ X
GRACIELA DELA TORRE,                  :
                         Plaintiff,   :
                                      :
                                      :
              v.                      :           Case: 1:22-cv-07059
                                      :
                                      :
NIPPON LIFE INSURANCE COMPANY OF      :
AMERICA,                              :
                         Defendant.   :
                                      :
------------------------------------ X
```

## PLAINTIFF'S EMERGENCY MOTION TO STAY ENFORCEMENT, TAKE JUDICIAL NOTICE OF SUSPENDED ARBITRATION, AND IMPOSE SANCTIONS FOR FRAUDULENT CONCEALMENT

Now comes Plaintiff, Graciela Dela Torre, pro se, pursuant to the Court's inherent authority, Federal Rule of Civil Procedure 60(b)(3), and 28 U.S.C. § 1927, and respectfully moves this Court for immediate relief based on Defendant's counsel's latest act of fraud on this Court and the arbitral tribunal. In support, Plaintiff states:

### I. INTRODUCTION AND SUMMARY OF FRAUD

On January 6, 2026, Defendant's counsel, Justin Wax Jacobs, filed a "Motion to Enforce" this Court's February 13, 2025 Order compelling arbitration (Dkt. 94)—but he filed it in a different, closed case (1:25-cv-01483, Dkts. 190, 191). In that filing, he intentionally concealed a material fact known to him: that the very arbitration he seeks to enforce has been suspended by order of the arbitrator until February 12, 2026, due to Plaintiff's non-payment of fees that resulted directly from counsel's own fraudulent "international" filing.

This Motion brings that concealment to light and demonstrates that Defendant' counsel is engaged in an ongoing scheme to misuse this Court's Order and defraud both this Court and the arbitration tribunal.

### II. NEWLY DISCOVERED EVIDENCE: THE SUSPENDED ARBITRATION

Attached as Exhibit A is an email chain from December 2025, which Plaintiff provides in lieu of a scanned copy as she lacks access to a scanner. The chain shows:

1. December 8, 2025: Justin Wax Jacobs requests a two-month extension of the payment deadline in the arbitration, moving it to February 12, 2026, citing the need to "pursue remedies to compel compliance."
2. December 9, 2025: Arbitrator Damian Vallejo grants the request and formally suspends the arbitration until February 12, 2026.
3. December 12, 2025: Plaintiff emails the arbitrator (copying Mr. Wax Jacobs) seeking clarification of the record and access to an "Amended Demand" that

was never served on her, further evidence of the one-sided, prejudicial conduct of the arbitration.

### III. COUNSEL'S FRAUDULENT CONCEALMENT FROM THIS COURT

Despite knowing the arbitration was suspended until February 12, 2026, Mr. Wax Jacobs filed a "Motion to Enforce" that same arbitration on January 6, 2026, in Case No. 1:25-cv-01483. He made no mention of the suspension. This is a material omission designed to mislead that court into believing the arbitration is active and enforceable, when in fact it is suspended due to the fee dispute he created through fraud.

This concealment is part of a pattern of fraudulent litigation conduct that includes:

- Submitting altered emails (Dkt. 191-5 in 1:25-cv-01483);
- Filing a sworn declaration contradicted by his own exhibits (Dkts. 44-5 & 44-7);
- Submitting a forged proof-of-service email (Dkt. 118-2, as detailed in Plaintiff's Judicial Notice, Dkt. 134 in 1:25-cv-01483).

### IV. LEGAL BASIS FOR RELIEF

A. Fraud on the Court Under the Court's Inherent Authority and Rule 60(b)(3).

A fraud on the court occurs when an officer of the court engages in conduct "directed to the judicial machinery itself" that is "so egregious that it undermines the integrity of the proceeding." *Greer v. City of Chicago*, 2019 WL 2287922, at *3 (N.D. Ill. May 29, 2019)*. Counsel's concealment of the arbitration's suspension while seeking its enforcement is precisely such conduct.

B. Sanctions Under 28 U.S.C. § 1927.

Counsel has "unreasonably and vexatiously multiplied proceedings" by filing an enforcement motion in the wrong case while withholding key facts. Sanctions are warranted.

C. Judicial Notice Under FRE 201.

This Court may take judicial notice of the arbitrator's suspension order, which is a matter of public record in the arbitration and evidenced in Exhibit A.

### V. REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Take Judicial Notice of the suspension of the arbitration in AAA/ICDR Case No. 01-25-0000-4189 until February 12, 2026.
2. Issue an Order Staying any and all enforcement proceedings related to this Court's February 13, 2025 Order (Dkt. 94), including but not limited to proceedings in *Dela Torre v. Nippon Life Ins. Co. of Am.*, Case No. 1:25-cv-01483, pending resolution of Plaintiff's Motion to Vacate that Order.
3. Impose Sanctions on Justin Wax Jacobs personally for fraudulent concealment and multiplication of proceedings, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.
4. Schedule a Hearing on this matter at the Court's earliest convenience.
5. Grant any further relief the Court deems just and proper.

---

CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that I filed this motion electronically via the CM/ECF system, which will serve notice on all counsel of record.

Respectfully submitted,
/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com
Dated: January 7, 2026

**EXHIBIT A**



Gracie Dlt <gmestiza1@gmail.com>

## Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

1 message

Gracie Dlt <gmestiza1@gmail.com>                                    Fri, Dec 12, 2025 at 12:12 AM
To: Damian Vallejo <dvallejo@dvmlaw.com>
Cc: "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com>, ICDR Sabriyah Samsudeen
<SabriyahSamsudeen@adr.org>

Dear Arbitrator Vallejo and Case Manager Samsudeen,

(Medical Note: Due to a fibromyalgia flare and cognitive fog, I received limited, non-legal assistance organizing the facts and formatting this document. Its contents were read aloud to me. I understand, approve, and adopt this communication as my own.)

I write under my full Reservation of Rights, and in light of your December 9, 2025 order suspending this arbitration until February 12, 2026, to request clarification on two procedural matters essential for a fair process upon any resumption.

1. Clarification on Exhibits for the Record
My prior emails contained numerous exhibits relevant to the threshold procedural issues that contributed to the suspension. To ensure a clear and complete record should proceedings resume, I respectfully request that the Tribunal confirm in a brief order that the following submitted exhibits have been formally received and entered into the official record:

- Exhibit 1: Deposition transcript (May 24, 2023) showing Mr. Justin Wax Jacobs conducting legal business in Schaumburg, IL.
- Exhibit 2: The ICDR "Demand for Arbitration" where Claimant answered "Yes" to whether parties are from different countries, despite the policy being between U.S. entities.

- Exhibit 3: The Insurance Policy (Exhibit B, 1:22-cv-07059) showing "Nippon Life Insurance Company of America - A Stock Company - Des Moines, Iowa."
- Exhibit 4: FedEx Support Ticket (C-199697842) stating the arbitration demand shipment "has not been located."
- Exhibit 5: Dkt. 20 (1:22-cv-07059) where the Court denied Nippon's motion to transfer the case to New York.
- Exhibit 6: Dkts. 17 & 27 showing Mr. Wax Jacobs was granted Pro Hac Vice status to practice in the Northern District of Illinois.
- Exhibit 7: Contradictory Filings: Dkt. 44-5 (Junko Inaga Declaration claiming delivery) vs. Dkt. 44-7 (FedEx notification to Wax Jacobs).
- Exhibit 8: Dkt. 118-2 showing inconsistencies in the purported proof-of-service email.
- Exhibit 9: Dkt. 187 outlining the improper AAA vs. ICDR forum filing.
- Exhibit 10: Dkt. 158 (Plaintiff's Reply) detailing FedEx's inability to locate the shipment.
- Exhibit 11: Dkt. 188 where Judge Pallmeyer directs forum concerns to the arbitrator.
- Exhibit 12: Dkt. 134 (Judicial Notice of Forgery and Bad Faith).

2. Request for Access to the "Amended Demand" Discovered During Suspension

I note that the "Amended Demand" was filed on September 25, 2025, prior to the suspension. I have no access to this document, as I am not registered for the WebFile portal. All prior communications have been via email, the established protocol for my pro se participation. The Claimant has not shared this pleading with me via this established channel.

To prepare for any potential future proceedings and to ensure I am not prejudiced by lack of access, I request that the Tribunal, as part of its management of this suspended case:

- Direct the Claimant to provide me with a copy of the "Amended Demand" via email; and
- Require the Claimant to explain in writing why it departed from the established email protocol for this filing.

These requests are made to uphold procedural fairness during this suspension period and to prevent prejudice to my ability to understand the full scope of the case should it continue. I appreciate the Tribunal's attention to these administrative matters.

Respectfully,

Graciela Dela Torre
Pro Se Respondent
*I'm the Grace of God*

On Tue, Dec 9, 2025 at 10:43 AM Damian Vallejo <dvallejo@dvmlaw.com> wrote:

Dear Parties,

I have considered Claimant's request to extend the suspension of the arbitration for two months and, given the upcoming Holidays, Claimant's representative planned time off and the lack of prejudice to the parties, the request is hereby granted. The arbitration will remain suspended until February 12, 2026.

Kind regards,

Damian Vallejo

Sole Arbitrator

**From:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Sent:** Monday, December 8, 2025 2:07 PM
**To:** Damian Vallejo <dvallejo@dvmlaw.com>; Gracie Dlt <gmestiza1@gmail.com>
**Cc:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
**Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Arbitrator Vallejo,

On behalf of the Complainant, Nippon Life Insurance Company of America, I'd like to request a two month extension of the deadline to render the Respondent's outstanding payment for the arbitrator's fees - from December 12, 2025 to February 12, 2026. The extension is necessary to provide the Complainant with time to pursue remedies to compel compliance and payment. A two month timeframe is necessary since the holidays, new year, and planned time off will impede a quick resolution of this issue.

Since the arbitration is, and for the time being will remain, suspended, a two month extension will not prejudice any party.

Best,
Justin Wax Jacobs
ジャスティン　ワックス　ジェイコブス
Assistant General Counsel
Nippon Life Benefits
666 Third Avenue, Suite 2201
New York, NY 10017
Mobile: 646-630-4923
E-mail: j-waxjacobs@nipponlifebenefits.com
www.nipponlifebenefits.com

**From:** Damian Vallejo <dvallejo@dvmlaw.com>

**Sent:** Monday, December 8, 2025 12:06 PM

**To:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>; Gracie Dlt <gmestiza1@gmail.com>

**Cc:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>

**Subject:** Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

**CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Dear Parties,

**Please find attached today's order suspending the proceedings.**

Kind regards,
Damian Vallejo
Sole Arbitrator