



CVK

FILED
1/7/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------- X

GRACIELA DELA TORRE,⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:⠀⠀⠀⠀Case: 1:22-cv-07059

⠀⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

NIPPON LIFE INSURANCE COMPANY OF⠀:
AMERICA,

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀:

⠀⠀⠀⠀⠀⠀⠀⠀Defendant.

---------------------------------- X

## PLAINTIFF'S MOTION TO VACATE ORDER COMPELLING ARBITRATION AND FOR SANCTIONS FOR FRAUD ON THE COURT

### PROCEDURAL NOTE & ACCOMMODATION

Pursuant to the Court's prior order (Dkt. 104), Plaintiff notes that due to a documented medical fibromyalgia flare, she received limited, non-legal assistance in formatting this document and comparing back up documentation. Its contents were read aloud to her. Plaintiff understands and adopts this communication as her own.

### I. MOTION

Plaintiff Graciela Dela Torre, *pro se*, moves this Court under its inherent authority, Fed. R. Civ. P. 60(b)(3), and 9 U.S.C. § 10(a)(1) to vacate or modify its February 13, 2025 Order (Dkt. 94) compelling arbitration. Plaintiff further moves for sanctions against Justin Wax Jacobs for committing a fraud on this Court and the arbitral process. In the alternative, Plaintiff moves the Court to find that Defendant has waived its right to arbitrate through bad-faith misconduct.

### II. INTRODUCTION

This Court's Order (Dkt. 94) was intended to enforce a domestic settlement agreement under AAA Commercial Rules. Instead, Defendant's counsel used the Order as a tool for deception by misrepresenting the case as "International" to the AAA. This maneuver effectively "priced out" a disabled, *pro se* litigant from the very justice this Court ordered. Counsel was caught in this deception by the ICDR administrator on February 4, 2025, yet he refused to correct the filing. This is not a "clerical error"; it is a bad-faith scheme to use the threat of jail (via contempt) to punish the Plaintiff for a financial obstacle counsel himself created. Because Defendant has fundamentally corrupted the arbitral process, it should be barred from further pursuing arbitration in this matter.

### III. LEGAL STANDARDS

- Rule 60(b)(3): Permits relief from an order for "fraud, misrepresentation, or misconduct by an opposing party."

- Fraud on the Court: Occurs when an officer of the court engages in a deliberate scheme to subvert the judicial process. *U.S. v. Estate of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011).
- 9 U.S.C. § 10(a)(1): Provides for vacatur where the arbitration process is procured by "corruption, fraud, or undue means."
- Waiver of Right to Arbitrate: The "bad faith" or "willful misconduct" of a party justifies a court's refusal to compel arbitration, as such conduct frustrates the goal of a speedy and inexpensive resolution.

## IV. STATEMENT OF FACTS

A. The Contractual Mandate: The settlement agreement mandates "AAA Commercial Arbitration Rules." (Dkt. 51-1, §3.6).

B. The Fraudulent Nexus: Counsel filed a demand falsely representing an "international nexus" to trigger the International Centre for Dispute Resolution (ICDR) fee schedule. (See Exhibit 1: ICDR Demand Form).

C. Evidence of Intent: On February 4, 2025, the ICDR administrator confirmed that the "international" designation was based strictly on counsel's own representations. (See Exhibit 2: Email Chain, Dkt. 191-5).

D. Deliberate Inaction: After being alerted to the error, counsel maintained the ICDR designation to generate a $2,750 deposit demand—knowing Plaintiff has no income. (See Exhibit 3: ICDR Invoice).

E. Weaponization: Counsel used Plaintiff's inability to pay these fraudulently induced fees to move for Civil Contempt. (Case No. 1:25-cv-01483, Dkt. 191).

## V. ARGUMENT

A. Counsel Committed a Fraud on the Court and the Arbitral Tribunal.

By misrepresenting the case's nexus to the AAA, counsel subverted this Court's Order. A "fraud on the court" involves conduct that "defiles the court itself" so that the judicial machinery cannot perform its task. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This fraud directly implicates this Court's Order, which was premised on the parties' contract for AAA Commercial arbitration.

B. The Court Should Vacate or Modify Its Order Under Rule 60(b)(3) and 9 U.S.C. § 10(a)(1).

The arbitration proceeding was procured by "fraud or undue means." 9 U.S.C. § 10(a)(1). Counsel's misconduct—misrepresenting the case as international to secure a different, more onerous forum—warrants vacatur or modification of the Order to specify the correct, contracted forum. To allow the ICDR proceeding to stand would sanction a fraud and make this Court complicit in an abuse of its own process.

C. Defendant Has Waived Its Right to Arbitrate Through Bad Faith.

Courts may refuse to compel arbitration when a party uses court or arbitral proceedings for its own purposes while acting in bad faith. Defendant's deliberate use of a high-cost international forum to trigger a contempt motion against an indigent respondent is a "willful misconduct" that waives the right to any further arbitration.

D. Sanctions Are Warranted Under the Court's Inherent Authority and 28 U.S.C. § 1927.

Mr. Wax Jacobs "unreasonably and vexatiously" multiplied proceedings by creating a fraudulent procedural dead-end and then launching a separate contempt action. 28 U.S.C. § 1927. His conduct—creating a problem through deceit and then seeking

extreme sanctions for his opponent's inability to solve it—is the epitome of bad faith warranting sanctions. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).

## VI. CONCLUSION & RELIEF REQUESTED

Defendant's counsel has shown contempt not for Plaintiff, but for this Court's processes and the integrity of arbitration. He used deception to transform a straightforward contractual arbitration into a weapon against a vulnerable litigant. This Court must not allow its Order to be enforced through fraud.

Plaintiff respectfully requests that the Court:

1. Vacate the Order (Dkt. 94) and find that Defendant has waived its right to arbitrate through bad-faith misconduct;
2. In the alternative, modify the Order to specify that arbitration must proceed exclusively under AAA Commercial Rules and order the withdrawal of the ICDR proceeding (No. 01-25-0000-4189);
3. Impose Sanctions, including Plaintiff's costs, against Justin Wax Jacobs personally;
4. Stay any related contempt proceedings (1:25-cv-01483, Dkt. 191) until this motion is resolved.
5. Issue any other relief just and proper.

Dated: March 24, 2024
Respectfully submitted,
*/s/ Graciela Dela Torre*
Graciela Dela Torre, Plaintiff *pro se*
653 Wing Street
Elgin, IL 60123
(630) 670-5914

CERTIFICATE OF SERVICE
I, Graciela Dela Torre, certify that I filed via the Court's CM/ECF system.

[EXHIBIT PAGE – REDACTED]

Exhibit 1: ICDR Demand Form (Redacted)
*Image or PDF excerpt of the ICDR demand form filed by Justin Wax Jacobs. The field indicating an "international nexus" or "parties from different countries" is highlighted. Identifying case numbers are visible; personal contact information is redacted.*
Caption: *Document showing counsel's false representation triggering ICDR jurisdiction.*

Exhibit 2: Email Chain (Redacted) - Dkt. 191-5
*Email dated February 3, 2025, from Justin Wax Jacobs to ICDR administrator: "why is the international fee schedule being applied? This is a domestic matter..."*
*Administrator's reply dated February 4, 2025: "...our records indicate that the Claimant's parent company is a Japanese corporation."*
*Email headers and signatures are visible; internal server paths are redacted.*
Caption: *Counsel's feigned ignorance and the administrator's confirmation that his own filing caused the ICDR assignment.*

Exhibit 3: ICDR Invoice (Redacted)
*ICDR invoice dated October 30, 2025, addressed to Plaintiff, showing a $2,750.00 charge for "Respondent's 50% Share of the Arbitrator Compensation Deposit."*
*Plaintiff's name, address, and case number are visible; payment details and internal codes are redacted.*
Caption: *The financial burden levied against Plaintiff as a direct result of the fraudulent ICDR filing.*

NOTE TO THE COURT: Unredacted copies of all exhibits are available for in camera review upon the Court's request.