BC

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

FILED

5/14/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

------------------------------------ X

GRACIELA DELA TORRE,          :

                 Plaintiff,  :

                      :

                      :      Case: 1:22-cv-07059

           v.             :

                      :

NIPPON LIFE INSURANCE COMPANY OF AMERICA,          :

                      :

               Defendant.

------------------------------------ X

## PLAINTIFF'S MOTION TO UNSEAL DOCKET ENTRIES 45 AND 46 PURSUANT TO LOCAL RULE 26.2 AND SEVENTH CIRCUIT PRECEDENT Dkt. 58 APPROVED 45 & 46 SEALED

Plaintiff, Graciela Dela Torre, proceeding pro se, respectfully moves this Court for entry of an Order unsealing Docket Entries 45 and 46, or, in the alternative, permitting only narrowly tailored redactions consistent with Local Rule 26.2 and controlling Seventh Circuit authority. In support thereof, Plaintiff states as follows:

**NOTICE OF LIMITED ASSISTANCE:** Due to an unexpected fibromyalgia flare-up, Plaintiff received limited assistance in the preparation of this filing. Plaintiff has reviewed, approved, adopted, and submits this Motion as her own.

### I. COMPLIANCE WITH LOCAL RULE 26.2

Local Rule 26.2(b) requires any party seeking to maintain material under seal to establish, with document-specific particularity: **1).**The precise portions of the material warranting restriction; **2).**The legitimate confidentiality interest supporting restriction; **3).**The specific and articulable harm that would result from disclosure; and **4).**Why less restrictive alternatives, including redaction, are insufficient.

To Plaintiff's knowledge, the record does not contain findings satisfying these requirements with respect to continued sealing of Docket Entries 45 and 46. Any continued restriction appears unsupported by publicly articulated, document-specific findings sufficient to overcome the strong presumption of public access applicable to judicial records.

### II. REDACTION AS THE LESS RESTRICTIVE ALTERNATIVE

Local Rule 26.2 expressly contemplates redaction as the preferred alternative to wholesale sealing where feasible. The materials at issue do not appear to implicate categories protected under Federal Rule of Civil Procedure 5.2, including: **1).** Social Security numbers **2).** Full dates of birth **3).** Names of minor children **4).**Financial account #'s. Settlement amounts and arbitration-related provisions are not categorically exempt from disclosure under Rule 5.2 and do not independently justify sealing absent a particularized showing. The documents are already redacted under Rule 5.2. No basis remains for sealing.

### III. SEVENTH CIRCUIT AUTHORITY GOVERNING SEALING OF JUDICIAL RECORDS

The United States Court of Appeals for the Seventh Circuit has consistently held that judicial records are presumptively open to public inspection and that sealing requires specific, document-level justification. Relevant authority includes:

- Citizens First Nat'l Bank of Princeton v. Cincinnati Insurance Co. (requiring document-specific findings supporting sealing);
- Baxter International, Inc. v. Abbott Laboratories (requiring narrow tailoring and rejecting conclusory assertions); and
- In re Krynicki (recognizing the strong presumption of public access to judicial records).

Local Rule 26.2 implements these principles by requiring specificity and prohibiting blanket sealing unsupported by individualized judicial findings.

## IV. APPLICATION TO DOCKET ENTRIES 45 AND 46

Docket Entries 45 and 46 constitute judicial records submitted for judicial consideration in connection with Defendant's motion practice and are therefore subject to the presumption of public access.

To the extent any continued restriction is maintained, Local Rule 26.2(b) requires: **1).**Identification of the precise portions requiring protection; **2).**A particularized explanation of the harm allegedly resulting from disclosure; and **3).**A showing that redaction or narrower alternatives are insufficient. **No such showing appears on the public docket.**

Section 4 of the Settlement Agreement further provides that disclosure is permitted where "required by law" or "necessary to enforce or implement the terms of this Agreement," which includes filings made in connection with judicial proceedings concerning enforcement or interpretation of the agreement.

## V. PRIOR PUBLIC FILING OF SETTLEMENT AGREEMENT IN RELATED CLOSED PROCEEDING

Plaintiff respectfully notes that Defendant previously filed an unredacted version of the Settlement Agreement in separate federal proceedings, specifically Dkt. 44-3 in Case No. 1:25-cv-01483. That matter is closed, and the referenced filing is part of the public judicial record in that proceeding.

The prior public availability of the Settlement Agreement in another federal case is relevant to the Court's evaluation of the scope and weight of any asserted confidentiality interest in the present matter. In particular, it bears on whether continued sealing of Docket Entries 45 and 46 is supported by a sufficiently specific and narrowly tailored confidentiality interest under Local Rule 26.2 and applicable Seventh Circuit authority. Plaintiff does not assert that the prior filing, by itself, constitutes waiver of confidentiality protections. Rather, it is offered solely as part of the Court's balancing analysis concerning the strength of any remaining confidentiality interest as compared to the strong presumption of public access to judicial records. Accordingly, the existence of prior public disclosure in related proceedings is relevant to whether less restrictive alternatives, including targeted redaction, adequately protect any remaining confidentiality interests.

## VI. PUBLIC INTEREST IN ACCESS TO JUDICIAL RECORDS

The public maintains a substantial interest in access to judicial records, particularly those relating to post-settlement proceedings, enforcement disputes, procedural fairness, and judicial administration. Transparency in judicial proceedings promotes accountability and public confidence in the adjudicative process.

Guidance from the Northern District of Illinois identifies routine redaction categories under Rule 5.2 as: **1).** Social Security numbers **2).** Full dates of birth **3).** Names of minor children **4)**.Financial account #'s Settlement terms and arbitration provisions are not categorically exempt from disclosure.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Docket Entry 45 & 46 unsealed in full; or alternatively
2. Authorize narrowly tailored redactions consistent with Exhibit A;
3. Direct the Clerk to apply Local Rule 26.2 procedures if any continued restriction is deemed necessary; and
4. Grant such further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

This has been electronically filed using the Court's pro se filing system, which will serve notice upon all counsel of record.

Respectfully:

/s/ Graciela Dela Torre Plaintiff, Pro Se

Kane County IL 60123.

gmestiza1@gmail.com l 630-670-5914

EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

GRACIELA DELA TORRE,                                   Case No.: 1:22-cv-07059

                      Plaintiff,

             v.                                   Hon.  Rebecca R. Pallmeyer

NIPPON LIFES INSURANCE COMPANY

OF AMERICA

                      Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

## MOTION TO SEAL JUDICIAL RECORDS

Pursuant to Local R. Civ. P. 26.2 (N.D.Ill) the DEFENDANT, NIPPON LIFE INSURANCE

COMPANY OF AMERICA, through its attorney, Justin Wax Jacobs, respectfully moves the court to

enforce the settlement agreement's confidentiality clause between the two named parties and:

    1)    seal all judicial records related to the PLAINTIFF's motion to

           reopen, including Docket Number 37;

    2)    seal all judicial records related to the DEFENDANT's motion herein

           to seal; and

    3)    for any and all other such relief the Court determines to be just and

           necessary.

In support, NIPPON LIFE INSURANCE COMPANY OF AMERICA submits DEFENDANT's

Memorandum of Law dated January 31, 2025 with supporting exhibits and a Proposed Order, which are

being filed contemporaneously with this motion.

Dated: January 31, 2025

Respectfully submitted,

_____

Justin Wax Jacobs

Attorney *Pro Hac Vice* for the Defendant

Nippon Life Insurance Company of America

666 Third Avenue, Suite 2201

New York, New York, 10017

Tel:    646-630-4923

Fax:    212-867-3057

J-WaxJacobs@nipponlifebenefits.com

2

**CERTIFICATE OF SERVICE**

I, Justin Wax Jacobs, hereby certify on January 31, 2025, I caused a true and correct copy of the Defendant Nippon Life Insurance Company's foregoing motion to seal and exhibits attached thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Edward Dabdoub and Kevin Probst of Dabdoub Law Firm continue to appear as Counsel for Plaintiff Graciela Dela Torre, as the Court has not yet granted their motion to withdraw. Both Edward Dabdoub and Kevin Probst are registered CM/ECF users and will be served by the CM/ECF system.

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America

3

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

GRACIELA DELA TORRE,                                          Case No.: 1:22-cv-07059

                                  Plaintiff,

                 v.

NIPPON LIFES INSURANCE COMPANY

OF AMERICA

                                  Defendant.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, NIPPON LIFE INSURANCE**
**COMPANY OF AMERICA'S, MOTION TO SEAL JUDICIAL RECORDS**

### I.   PRELIMINARY STATEMENT

Defendant, NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as

the "DEFENDANT" or "NIPPON"), respectfully moves to seal all judicial records related to the

Plaintiff's (hereinafter referred to as the "PLAINTIFF or "DELA TORRE") motion to reopen, including

all papers or evidence submitted in opposition or response, pursuant to the valid confidentiality clause of

a settlement agreement executed by and in force against the named parties.  PLAINTIFF's motion to

reopen contains information and evidence within the scope of the confidentiality clause, including the

settlement amount, portions of the agreement itself, and information relating to the settlement

negotiations.

The DEFENDANT also requests that its current motion herein, and any future submissions in

response to this motion, likewise be sealed by the Court pursuant to the same aforementioned

confidentiality agreement.

### II.   FACTS

On December 14, 2022, PLAINTIFF initiated the above titled action against the DEFENDANT by filing a complaint in the U.S. District Court for the Northern District of Illinois. On January 2, 2024, the parties executed a settlement agreement, whereby the PLAINTIFF agreed to withdraw the case against the DEFENDANT in exchange for the payment of a sum amount delineated in the agreement. A redacted version of the agreement is attached as Exhibit A. Included within the agreement was a confidentiality clause, which stated:

> "The Parties hereby understand and agree that their dispute, the negotiations leading up to this Agreement and the terms of this Agreement will be kept strictly confidential by the Parties and their counsel and that these terms have not previously been disclosed and shall not hereafter be disclosed to any other person except as permitted by this Agreement, or as required by law, including but not limited to the provisions of a regulatory order, subpoena, court order, or if necessary to enforce or implement the terms of this Agreement. However, this provision does not prevent a Party from discussing this Agreement with its attorney, tax advisor, insurer, financial consultant, banker, lender, accountant or their respective members, subject to said person(s) agreement to be bound by this provision or being subject to confidentiality. Nor does this Agreement preclude making legally required statements in its audited or other publicly released financial statements. Notwithstanding and except as provided in the preceding, if inquiry is made regarding this Agreement, or the disposition of the litigation, the Parties or their counsel may respond only that "any disputes between the Parties have been amicably resolved" or with a substantially similar statement. The covenants set forth in this section survive the execution and performance of this Agreement." Exhibit A at § 4.

On January 12, 2024, the DEFENDANT issued a check for the agreed upon settlement amount. On January 22, 2024, the PLAINTIFF, or their representative, cashed the check. A copy of the check and the related transaction details are attached as Exhibit B. On January 23, 2024, the parties filed a joint stipulation to dismiss the above titled action with prejudice pursuant to FRCP Rule 41(a). Dkt. 34 attached as Exhibit C.

On January 22, 2025, the PLAINTIFF filed a motion to reopen the case. Dkt. 37. As part of her motion, the PLAINTIFF attached multiple pieces of evidence in support of her request. *Id.* Within the

submitted evidence packet is: 1) an email from her former attorney, Kevin Probst dated January 7, 2025, specifying the settlement amount paid by NIPPON to the PLAINTIFF; and 2) a copy of page 7 of the settlement agreement included the signature block, unsigned, and Sections 5.7 and 5.8 of the settlement agreement. Dkt. 37 at 6 and 12.

## III. LAW

Pursuant to the local rules for the Northern District of Illinois, a "court may for good cause shown enter an order directing that one or more documents be filed under seal." Local R. Civ. P. 26.2 (N.D.Ill). Generally, a court may seal judicial records if the interests favoring nondisclosure in a particular case outweigh the presumption in favor of the public's common-law right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013); *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221–22 (3rd Cir. 2011); *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678–79 (9th Cir. 2010); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).

## IV. ARGUMENTS

A. Valid Confidentiality Agreement

A valid and enforceable confidentiality agreement exists between the two named parties in the above-titled action. The confidentiality agreement was a clause included within the settlement agreement executed by the parties. See Exhibit A at §4. The confidentiality clause was a material component of the settlement agreement. Proper consideration was provided to establish the enforceability of the agreement. The PLAINTIFF consented to the agreement both by signing the settlement agreement itself, and by accepting payment of the settlement amount on January 22, 2024. See Exhibit B.

Pursuant to the severability clause in Section 5.4 of the settlement agreement, the confidentiality clause remains enforceable against the parties if any other part of the settlement agreement is deemed by the Court to be invalid, void or unenforceable. Exhibit A at §5.4. Additionally, the confidentiality clause itself states that "[t]he covenants set forth in this section survive the execution and performance of this Agreement." Exhibit A at §4

Therefore, a valid confidentiality agreement exists in force between the two parties.

B. Information Within the Scope of the Confidentiality Agreement

Per the plain language of Section 4, "[t]he Parties hereby understand and agree that their dispute, the negotiations leading up to this Agreement and the terms of this Agreement will be kept strictly confidential by the Parties and their counsel and that these terms have not previously been disclosed and shall not hereafter be disclosed to any other person except as permitted by this Agreement, or as required by law, including but not limited to the provisions of a regulatory order, or if necessary to enforce or implement the terms of this Agreement." Exhibit A at §4.

It is indisputable that the various terms and provisions of the settlement agreement are covered under the confidentiality clause. Specifically, this includes the settlement amount, the settlement payment, and the verbatim sections of the agreement. Additionally, the confidentiality clause includes within its scope information relating to the dispute between the parties and "the negotiations leading up to [the] Agreement…" *Id.*

The evidence submitted by the PLAINTIFF in support of her motion to reopen contains elements of information which are unequivocally within the scope of the confidentiality clause. First, as part of the evidence packet, the PLAINTIFF has included page 7 of the settlement agreement itself. Dkt. 37 at 6. Although page 7 includes a blank signature block, it also contains Sections 5.7 and 5.8 of the

Agreement. The PLAINTIFFS' disclosure of those terms represents a direct violation of the prohibition against disclosing any of the terms of the settlement agreement. See Exhibit A at §4. Second, the PLAINTIFF also included an email between her and her former attorney, Kevin Probst, dated January 7, 2025. Dkt. 37 at 12. In the email, Mr. Probst makes a direct reference to the settlement amount that the DEFENDANT agreed to pay the PLAINTIFF – "I was successful in getting Nippon to agree to pay … to resolve your case." *Id.* Furthermore, Mr. Probst described the negotiations leading up to the agreement: "I was successful in getting Nippon to agree to pay;" and "Nippon was not interested in documents from 2 years after their decision was made." *Id.*

As such, elements of the evidence submitted by the PLAINTIFF clearly contained information covered under the confidentiality clause of the settlement agreement between the two parties.

It should also be noted that the PLAINTIFF's motion does not constitute a permissible disclosure pursuant to the confidentiality clause. PLAINTIFF's motion to reopen was not required by law, and was not made subject to a regulatory order, subpoena or court order. Nor is the PLAINTIFF seeking to enforce any of the provisions of the Agreement. In fact, the PLAINTIFF's motion to reopen is attempting to void the Agreement and its provisions. See, Plaintiff's Motion to Reopen Dkt. 37. Neither is the motion to reopen a discussion with the PLAINTIFF's attorney, tax advisor, insurer, financial consultant, banker, lender, accountant or their respective members. While the email communications between the PLAINTIFF and Kevin Probst may have been a discussion between the Plaintiff and her attorney permissible under the agreement, the subsequent publication of those communications in a public forum, when PLAINTIFF filed her motion to reopen with the Court, was a breach of the confidentiality clause.

Therefore, elements of the PLAINTIFF's motion to reopen include information within the scope of the settlement agreement's confidentiality clause and its disclosure by the PLAINTIFF was impermissible.

C. Good Cause to Seal

The DEFENDANT has good cause to enforce the terms of the settlement agreement's confidentiality clause, and therefore has good cause to request that the Court seal any and all judicial records which may violate the confidentiality clause's terms.

Unless sealed, all judicial records are open and available to the public. By filing her motion to reopen, the PLAINTIFF intentionally publicized information she was prohibited from disclosing pursuant to the settlement agreement's confidentiality clause. Anyone with access to, or the inclination to access, court records will be able to obtain the confidential information contained within the PLAINTIFF's motion.

The public's common-law right to access judicial records pales in comparison to the DEFENDANTS' interest in the enforcement of the confidentiality clause. NIPPON acquiesced to the settlement agreement as a way to avoid protracted litigation. However, the disclosure of the agreement's terms, and the negotiations which led to those terms, will undoubtedly have the opposite effect. The disclosure of the settlement amount, as well as Opposing Counsel's assertion that he was able to take advantage of NIPPON during negotiations, will create a prevalent perception that the DEFENDANT is a soft target which can be easily manipulated. Such a perception will certainly attract more attorneys and litigants to file suit, causing irreparable harm by exposing NIPPON to a greater volume of unnecessary litigation.

6

Additionally, the Court has a general interest in enforcing confidentiality provisions in settlement agreements like the one between NIPPON and DELA TORRE. The inclusion of a confidentiality provision helps to promote settlement between adversarial parties by allowing them to engage in a resolution of their dispute without the fear of public scrutiny. If parties were permitted to unilaterally breach a settlement agreement's confidentiality provision without consequence, less litigants would be willing to settle their disputes. The failure to enforce valid confidentiality provisions in settlement agreements would consequently lead to an increase in motion practice and trial volume within the court system.

Finally, good cause exists for the Court to seal the contents of the motion herein. As a consequence of the PLAINTIFF's breach of the confidentiality clause, the DEFENDANT has been forced to disclose the terms of the settlement agreement, including Exhibits A and B, to obtain enforcement of the agreement itself. While such disclosures are permitted under Section 4 of the agreement, to enforce the agreement's terms, the DEFENDANT should not be punished for the PLAINTIFF's unilateral breach by being forced to disclose the very information it is trying to protect. Moreover, sealing the contents of the PLAINTIFF's motion to reopen while leaving the DEFENDANT's current motion to seal open to the public, would invariably negate the purpose of this motion, the settlement agreement and its confidentiality clause.

Therefore, good cause exists for the Court to seal the records pertaining to both the PLAINTIFF's motion to reopen and the DEFENDANT's motion to seal.

## V. CONCLUSION

For the aforementioned reasons, the DEFENDANT respectfully requests that the Court grant its motion to seal all judicial records related to the PLAINTIFF's motion to reopen and the

DEFENDANT's motion herein or, alternatively, for any other relief that the Court determines to be

necessary and just.

Dated: January 31, 2025

Respectfully submitted,

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America
666 Third Avenue, Suite 2201
New York, New York, 10017
Tel:     646-630-4923
Fax:     212-867-3057
J-WaxJacobs@nipponlifebenefits.com

8

## CERTIFICATE OF SERVICE

I, Justin Wax Jacobs, hereby certify on January 31, 2025, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendant Nippon Life Insurance Company's motion to seal and exhibits attached thereto, to be filed electronically with the Clerk of Court via the Court's CM/ECF system. Edward Dabdoub and Kevin Probst of Dabdoub Law Firm continue to appear as Counsel for Plaintiff Graciela Dela Torre, as the Court has not yet granted their motion to withdraw. Both Edward Dabdoub and Kevin Probst are registered CM/ECF users and will be served by the CM/ECF system.

_____

Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of America

9

# Exhibit A

### SETTLEMENT AGREEMENT AND MUTUAL SPECIFIC RELEASE

This Settlement Agreement and Mutual Specific Release ("Agreement") is entered into by and among Graciela Dela Torre ("Dela Torre") and Nippon Life Insurance Company of America ("Nippon"), effective as of the date of execution. Dela Torre and Nippon are collectively referred to herein as the "Parties," and individually as a "Party."





WHEREFORE, the Parties hereto, for good and adequate consideration, agree as follows:

2



3. Representations and Warranties.



3.3     The Parties each represent and warrant to the other that they have received independent legal advice from their respective attorneys with respect to the advisability of executing this Agreement.

3.4     The Parties each represent and warrant to the other that they have the authority to enter into this Agreement and that any person executing this Agreement in a representative capacity is duly authorized to do so.

3.5     The Parties each represent and warrant to the other that they have read and understand this Agreement and that this Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any party hereto.  The Parties hereby acknowledge that they have been represented in the negotiation and preparation of this Agreement by counsel of their own choice, and that they have read this Agreement and had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision herein.



4.      Confidentiality.

The Parties hereby understand and agree that their dispute, the negotiations leading up to this Agreement and the terms of this Agreement will be kept strictly confidential by the Parties and their counsel and that these terms have not previously been disclosed and shall not hereafter be disclosed to any other person except as permitted by this Agreement, or as required by law, including but not limited to the provisions of a regulatory order, subpoena, court order, or if necessary to enforce or implement the terms of this Agreement. However, this provision does not prevent a Party from discussing this Agreement with its attorney, tax advisor, insurer, financial consultant, banker, lender, accountant or their respective members, subject to said person(s) agreement to be bound by this provision or being subject to confidentiality. Nor does this Agreement preclude making legally required statements in its audited or other publicly released financial statements. Notwithstanding and except as provided in the preceding, if inquiry is made regarding this Agreement, or the disposition of the litigation, the Parties or their counsel may respond only that "any disputes between the Parties have been amicably resolved" or with a substantially similar statement. The covenants set forth in this section survive the execution and performance of this Agreement.

5



5.3     This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which shall together constitute but one and the same instrument. For purposes of this Agreement, a fax or e-mailed signature will be deemed equivalent to an original signature.

5.4     If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions will nevertheless continue in force without being impaired or invalidated in any way.



5.7 Time is of the essence with respect to this Agreement.

5.8 This Agreement shall be construed and interpreted in accordance with Illinois law.

IN WITNESS HEREOF, the undersigned have executed this Agreement as of the dates indicated below:

GRACIELA DELA TORRE

BY: _Graciela Dela Torre_
ITS: _Plantiff_
DATE: _12/29/2023_

NIPPON LIFE INSURANCE COMPANY OF AMERICA

BY: _David Aenbord_
ITS: Chief Strategy & Operations Officer
DATE: January 2, 2024

7

DABDOUB LAW FIRM, P.A.

By: _____          01/02/2024
    Kevin Probst                       Date
    Attorney for
    Graciela Dela Torre


NIPPON LIFE INSURANCE COMPANY OF America

By: _____          January 2, 2024
    Justin Wax Jacobs                   Date
    Attorney for
    Nippon Life Insurance Company of America

8

# Exhibit B

# NIPPON LIFE INSURANC

**J.P.Morgan**

** All values are subject to verification and adjustments. **

## Transaction Details

### Transaction Information

| Acct. Number | Bank ID | Status |
|---|---|---|
| ███████ | ██████ | Completed |

| Acct. Name | Bank Name | |
|---|---|---|
| GENERAL OPERATING ACCT | JPMORGAN CHASE BANK, N.A. - NEW YORK | |

| Credit/Debit | Value Date | BAI Code |
|---|---|---|
| DR | 01/22/2024 | 475 |
| **Amount** | **Transaction Date** | **Description** |
| 90,000.00 USD | 01/22/2024 | CHECK |
| **Immediate Available** | **Transaction Type** | |
| 90,000.00 USD | CHK | |
| **1 Day Available** | **Customer Reference** | |
| 0.00 USD | 0000000011474 | |
| **2 Day Available** | **Bank Reference** | |
| 0.00 USD | 104570823679 | |
| **3+ Day Available** | | |
| 0.00 USD | | |

### Remarks / Additional Transaction Information

CHECK NO=0000000011474

### NIPPON LIFE INSURANC Notes

0 Notes

| Notes | Created By | Created On | Updated On |
|---|---|---|---|
| | | There are no Notes associated with this transaction. | |

### Image Details

Type: Check                              Check Number: 000000011474



Transaction Details

Created On: 01/23/2024 10:02 AM EST

Page 1 of   1

# Exhibit C

Case: 1:22-cv-07059 Document #: 119 Filed: 05/14/26 Page 27 of 28 PageID #:1035

Case: 1:22-cv-07059 Document #: 46-3 Filed: 01/31/25 Page 2 of 3 PageID #:257
Case: 1:22-cv-07059 Document #: 34 Filed: 01/23/24 Page 1 of 2 PageID #:202

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**
Case No.: 1:22-cv-07059

GRACIELA DELA TORRE,

      Plaintiff,

v.

NIPPON LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant.

_____ /

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective counsel, that the action may be, and hereby is, dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Each party will bear its own attorneys' fees, costs, and expenses.

***Respectfully Submitted this 23rd day of January, 2024.***

| | |
|---|---|
| */s/ Justin Wax Jacobs* | */s/ Edward Philip Dabdoub* |
| Justin Wax Jacobs | Edward Philip Dabdoub (FBN. 45685) |
| j-waxajacobs@nipponlifebenefits.com | eddie@longtermdisability.net |
| Nippon Life Insurance Company of America | Kevin Edward Probst (FBN. 51422) |
| | kprobst@longtermdisability.net |
| 666 Third Avenue, Ste. 2201 | DABDOUB LAW FIRM, P.A. |
| New York, NY 10017 | 1600 Ponce de Leon Blvd., Suite 1202 |
| T: (646) 207-1379 | Coral Gables, Florida 33134 |
| F: (212)-867-3057 | Tel: (305) 754-2000 |
| *Counsel for Defendant* | Fax: (305) 754-2007 |
| | *Counsel for Plaintiff* |
| /s/ *Kimberly A. Jones* | |
| Kimberly A. Jones | */s/ Justin Lewicky* |
| Kimberly.Jones@faegredrinker.com | JLewicky@ankinlaw.com |

Case: 1:22-cv-07059 Document #: 119 Filed: 05/14/26 Page 28 of 28 PageID #:1036

Case: 1:22-cv-07059 Document #: 46-3 Filed: 01/31/25 Page 3 of 3 PageID #:258
Case: 1:22-cv-07059 Document #: 34 Filed: 01/23/24 Page 2 of 2 PageID #:203

FAEGRE DRINKER BIDDLE & REATH
LLP
320 Canal St., Ste 3300
Chicago, IL 60606
T: (312) 569-1000
F: (312) 569-3000
*Local Counsel for Defendant*

Ankin Law Office LLC
10 North Dearborn St., Suite 500
Chicago, IL 60602
Tel: 312.600.0000
*Local Counsel for Plaintiff*

2

FAEGRE DRINKER BIDDLE & REATH
LLP
320 Canal St., Ste 3300
Chicago, IL 60606

Ankin Law Office LLC
10 North Dearborn St., Suite 500
Chicago, IL 60602