**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

------------------------------X

GRACIELA DELA TORRE,                                    Case No.: 1:22-cv-07059

                        Plaintiff,

              v.                                         Hon. Rebecca R. Pallmeyer

NIPPON LIFE INSURANCE COMPANY OF
AMERICA

                        Defendant.

------------------------------X

**NIPPON LIFE INSURANCE COMPANY OF AMERICA'S STATEMENT OF
*NO POSITION* IN RESPONSE TO OPENAI'S MOTION TO REASSIGN**

NIPPON LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as

"NIPPON"), by and through its undersigned counsel, submits this Statement of No Position in

Response (the "Statement") in Response to OpenAI Foundation and OpenAI Group PBC's

(collectively referred to as "OpenAI") Motion to Reassign (the "Motion") Case Number 1:26-cv-

02448, *Nippon Life Insurance Company of America v. OpenAI Foundation, et al.* (the "NIPPON

Case"). In support thereof, NIPPON states as follows:

NIPPON takes no position on the relief sought by OpenAI in its Motion. However,

NIPPON submits this Statement to clarify certain incorrect assertions in the Motion and assist

the Court in its deliberations.

**I.      The NIPPON Case Does Not Arise from the Same Transaction or
         Occurrence as DELA TORRE's Previous Two Lawsuits Against NIPPON.**

OpenAI erroneously contends that the NIPPON Case grows out of the same transaction

or occurrence as Graciela Dela Torre's ("DELA TORRE") previous two lawsuits—*Dela Torre v.*

*Nippon Life Insurance Company of America*, 1:22-cv-07059 ("Dela Torre I") & *Dela Torre v.*

*Nippon Life Insurance Company of America*, 1:25-cv-01483 ("Dela Torre II"). That is wrong. The cases are based on fundamentally different transactions and occurrences.

*Dela Torre I* and *Dela Torre II* are based on contentions that NIPPON wrongfully terminated DELA TORRE's long-term disability benefits, and otherwise breached NIPPON's obligations in administering her long-term disability policy. *See Dela Torre I*, Dkt. 1; *see also Dela Torre II*, Dkt. 80. In contrast, the three causes of action in the NIPPON Case relate to OpenAI's separate misconduct outside of those cases. Specifically, Count I asserts that OpenAI intentionally induced DELA TORRE to breach the settlement agreement that she entered into with NIPPON to resolve *Dela Torre I*. Nippon Case, Dkt. 1 at ¶¶ 107-115. Count II alleges that OpenAI aided and abetted DELA TORRE's abuse of the judicial process in *Dela Torre I* and *II*. *Id.* at ¶¶ 116-120. And Count III argues that OpenAI engaged in the unlicensed practice of law by providing DELA TORRE with legal advice and legal assistance. *Id.* at ¶¶ 121-127. These causes of action have nothing to do with the termination of DELA TORRE's long-term disability benefits. Rather, they seek redress for OpenAI's conduct outside of *Dela Torre I* and *II*, separate and distinct from DELA TORRE's improprieties.

Admittedly, there is some factual overlap between the NIPPON Case and *Dela Torre I* and *II*. But factual overlap is not equivalent to arising from the same transaction or occurrence. The causes of action in the NIPPON Case target OpenAI's independent conduct – inducing a breach of settlement, aiding an abuse of process, and practicing law without a license. None of those claims depend on the resolution of the dispute over DELA TORRE's long-term disability benefits. To the extent Judge Pallmeyer's familiarity with the record in those cases would assist the Court in the adjudication of this case, NIPPON does not object to proceeding before her. But OpenAI's characterization of the NIPPON Case as one "based in its entirety on events that

occurred before this *Court in Dela Torre I and II*" which seeks to "redress injuries resulting from alleged misconduct in judicial proceedings. . . ." is wrong. Dkt. 118 at 3.

II.     **The Previous Lawsuits Between DELA TORRE and NIPPON are Not Currently Pending**

OpenAI's assertion that "[a]ll three cases are pending in this Court" is simply incorrect. Dkt. 118 at 3. Neither of DELA TORRE's prior two cases are currently pending before the Court.

As OpenAI knows, both *Dela Torre I* and *Dela Torre II* have been closed. *Dela Torre I* (1:22-cv-07059) was dismissed pursuant to a settlement on January 24, 2024, and has remained closed since the Court denied DELA TORRE's motion to reopen on February 14, 2025. *See Dela Torre I*, Dkt. 94; *Id*. at Dkt. 115 ("This case was dismissed pursuant to a settlement on January 24, 2024."). And *Dela Torre II* was closed on September 22, 2025. *Dela Torre II*, Dkt. 180 ("Civil case terminated"); *id.* Dkt. 186 ("This case remains closed on the court's docket…").

Both cases have been terminated and remain closed. Neither is pending before the Court, and OpenAI's contrary assertion is without basis.

Dated: June 1, 2026

Respectfully submitted,

_____
Justin Wax Jacobs
Attorney *Pro Hac Vice* for the Defendant
Nippon Life Insurance Company of
America 666 Third Avenue, Suite 2201
New York, New York, 10017
Tel: 646-630-4923
Fax: 212-867-3057

**CERTIFICATE OF SERVICE**

I, Justin Wax Jacobs, hereby certify on June 1, 2026, I caused a true and correct copy of the foregoing Response to be filed electronically with the Clerk of Court via the Court's CM/ECF system and thereby served upon all of the named parties or their representatives.

_____

Justin Wax Jacobs

Attorney *Pro Hac Vice* for the Defendant

Nippon Life Insurance Company of America