**BC**

FILED
MAN
6/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| GRACIELA DELA TORRE, | ) |
| Plaintiff, | ) |
| v. | ) Honorable Rebecca R. Pallmeyer |
| NIPPON LIFE INSURANCE COMPANY OF | ) Case No. 1:22-cv-07059 |
| AMERICA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S NOTICE OF CONTROLLING AUTHORITY PURSUANT TO LOCAL RULE 7.1 AND THE COURT'S INHERENT AUTHORITY: *CARR V. GATEWAY, INC.*, 241 ILL. 2D 15 (2011) (ARBITRATION AGREEMENT IS UNENFORCEABLE WHEN THE CONTRACTUALLY DESIGNATED FORUM IS NOT UTILIZED)**

Pursuant to Local Rule 7.1 and this Court's inherent authority to consider controlling state law precedent, Plaintiff Graciela Dela Torre respectfully submits this Memorandum of Law in Support of her Notice of Controlling Authority.

**I. CONTROLLING AUTHORITY AND SUMMARY OF LAW**

1. *Carr v. Gateway, Inc.*, 241 Ill. 2d 15 (2011). In *Carr*, the Illinois Supreme Court held that when an arbitration agreement designates an exclusive arbitral forum and its specific rules, the agreement is rendered unenforceable if that contractually selected forum is not utilized.

2. The Court further held that Section 5 of the Federal Arbitration Act (9 U.S.C. § 5), which authorizes judicial appointment of a substitute arbitrator, cannot be invoked to revive the provision.

   a. "The specific designation of the NAF as the exclusive arbitration forum is an integral part of the arbitration clause in the Agreement." 241 Ill. 2d at 20.

   b. "Under the arbitration clause as written, the court cannot appoint a substitute arbitrator because the clause specifically requires that the arbitration be administered by the NAF in accordance with its rules." Id. at 21.

**II. THIS COURT'S FEBRUARY 13, 2025 ORDER CONFIRMS THE SETTLEMENT AGREEMENT GOVERNS THIS DISPUTE (DKT. 94 OF CASE NO. 1:22-CV-07059)**

3. As this Court confirmed in its February 13, 2025 Order (Dkt. 94), Section 3.6 of the Settlement Agreement executed between Plaintiff and Defendant Nippon Life Insurance Company of America ("NLIcoA") explicitly mandates:

   a. "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules."

4. The plain, unambiguous language of Section 3.6 designates an exclusive forum: the American Arbitration Association ('AAA') acting strictly pursuant to its Commercial Arbitration Rules.

**A). DEFENDANT IMPROPERLY INVOKED THE INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION (ICDR) RULES IN VIOLATION OF THE FORUM SELECTION CLAUSE MANDATING AAA COMMERCIAL RULES**

A. On January 28, 2025, Defendant NLIcoA filed its Demand for Arbitration with the American Arbitration Association ("AAA"). However, NLIcoA improperly elected to proceed under the **International Centre for Dispute Resolution** ("ICDR") rules, rather than the Commercial Arbitration Rules explicitly required by Section 3.6 of the Settlement Agreement. Based on NLIcoA's representation that its parent company is a Japanese corporation, the AAA processed the filing under ICDR Case No. 01-25-0000-4189. *(See Case No. 1:22-cv-07059, Dkt. 51-4; Exhibit [X]).*

B. Plaintiff immediately objected to this unauthorized international forum, participating strictly under a Reservation of Rights ("ROR"). As established by the record and Plaintiff's filings on this Court's docket, Plaintiff repeatedly raised this threshold forum defect with the AAA case manager, the Arbitrator, and this Court. *(See Dkt. 184, 185, 187, 195, 198).*

C. Rather than curing the forum defect under Section 3.6, NLIcoA filed its first motion for civil contempt on July 28, 2025. *(Dkt. 129).* NLIcoA misled the Court to obtain an enforcement order authorizing the U.S. Marshals Service, then exceeded the scope of that order by distributing unauthorized photographs of Plaintiff, her son, and her granddaughter. *(See Dkt. 173, attached as exhibit).*

D. On January 6, 2026, NLIcoA filed a second motion for civil contempt, again failing to cure the threshold forum defect under Section 3.6. *(Dkt. 190).* Without seeking prior Court approval, NLIcoA dispatched a private investigator to Plaintiff's home, who harassed Plaintiff by displaying invasive photographs taken inside the interior of Plaintiff's private bathroom. *(See Dkt. 193, attached as exhibit).*

**B). PLAINTIFF INVOKED THE DESIGNATED FORUM, AND FILED DKT 213. THE AAA ADMINISTRATIVELY REASSIGNED THE MATTER TO A DISTINCT SET OF RULES, RENDERING THE PROVISION UNENFORCEABLE UNDER CARR**

5. On November 18, 2025, Plaintiff invoked the contractually designated forum (AAA Commercial Rules) when she filed her Demand for Arbitration, alongside a fee waiver request. The AAA subsequently granted the fee waiver and confirmed that Plaintiff's filing requirements were met.

6. On February 26, 2026, the AAA administratively reassigned the dispute to its Employment/Workplace Arbitration Rules and assessed a $2,100 invoicing requirement upon Defendant as the employer's allocation. *(See Exhibit attached).* Plaintiff expressly preserved her objection to this administrative reassignment.

7. Defendant submitted a Request for Administrative Review to the AAA, petitioning the forum to confirm the application of the Employment Rules and to consolidate the matter with its pending, defective ICDR proceeding. Defendant, for its part, never invoked the mandated Commercial Arbitration Rules. Instead, Defendant actively resisted the Commercial Arbitration Rules while simultaneously pursuing two entirely separate, non-consensual forums: the **ICDR international rules and the AAA Employment Rules.** *(See Exhibit attached).*

8. Because the contractually designated forum and governing rules (AAA Commercial Rules) were not utilized by either party or the forum itself, the arbitration provision has become entirely fractured and legally unenforceable under controlling precedent. See *Credit Acceptance Corp. v. Front*, 745 S.E.2d 537 (W. Va. 2013) (citing *Carr v. Gateway, Inc.*, 944 N.E.2d 327 (Ill. 2011)). Where a choice of forum is an integral part of the agreement to arbitrate, the failure or unavailability of that specific chosen forum renders the arbitration agreement unenforceable. Consequently, neither pending arbitration proceeding complies with Section 3.6 of the Settlement Agreement. This Court should declare the provision unenforceable and is precluded from appointing a substitute arbitrator under 9 U.S.C. § 5.

**C). DEFENDANT MUST BE ENJOINED FROM FILING FURTHER CIVIL CONTEMPT MOTIONS OR DISPATCHING US MARSHALLS AND OR PRIVATE INVESTIGATORS PENDING RESOLUTION OF THE JURISDICTIONAL FORUM DEFECT**

9. Defendant NLIcoA's repeated use of civil contempt motions *(Dkt. 129, 190)* constitutes an abuse of the judicial process designed to bypass the threshold jurisdictional forum defects of its own making. While NLIcoA remains in open breach of Section 3.6 of the Settlement Agreement, it cannot equity-seek through this Court's contempt powers. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814 (1945) (applying the doctrine of unclean hands to deny relief to a party engaging in inequitable conduct touching the matter in litigation).

10. Furthermore, Defendant's extrajudicial deployment of a private investigator to conduct invasive surveillance inside Plaintiff's private home and bathroom *(Dkt. 193)* exceeds all bounds of legitimate discovery or enforcement. To protect the integrity of these proceedings and preserve the status quo, this Court should exercise its inherent equitable powers to enjoin Defendant from filing any future motions for civil contempt, and from dispatching private investigators or process servers to Plaintiff's residence, unless and until the threshold arbitration forum dispute is fully and finally adjudicated.

**D) DEFENDANT DOUBLED DOWN ON THE DEFECTIVE FORUM BY FILING AN AMENDED DEMAND FOR $191,461 WITHIN THE UNAUTHORIZED TRACK**

11. On September 25, 2025, Defendant escalated unauthorized proceedings by filing an Amended Demand for Arbitration for $191,461, failing to cure a threshold forum defect. Plaintiff received no proper service of the initiating or enforcement documents until January 6, 2026, when records were attached to a second contempt motion (See Dkt. 191-6). This failure to serve documents constituted a distinct violation of procedural rights and continued the structural failure of the contractual forum

**III PLAINTIFF'S REBUTTAL TO ANTICIPATED ARGUMENTS UNDER *GREEN V. U.S. CASH ADVANCE ILLINOIS, LLC***

12. Defendant may rely upon *Green v. U.S. Cash Advance Illinois, LLC*, 724 F.3d 787 (7th Cir. 2013), but *Green* is factually distinguishable and does not control the disposition of this matter. In *Green*, the contractually designated arbitral forum, the National Arbitration Forum ("NAF"), had ceased to accept consumer arbitrations entirely, rendering the forum objectively unavailable due to external factors. The Seventh Circuit held that the arbitration agreement did not terminate because the NAF's unavailability was driven by an external circumstance completely beyond the parties' control.

13. Conversely, in the present matter, the contractually designated forum, the AAA acting pursuant to its Commercial Arbitration Rules, remains fully operational and available. This case does not involve the structural, third-party unavailability of a chosen forum. Instead, it involves Defendant's unilateral non-compliance with the express, mandatory terms of Section 3.6, since January 28, 2025 as attached exhibit shows. Because *Green* does not address or excuse a party's willful departure from a contractual forum designation, its holding is entirely inapplicable here.

**IV. CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that this Court: 5. Declares that ICDR is unenforseable

1. Take judicial notice of *Carr v. Gateway, Inc.*, 241 Ill. 2d 15 (2011), as controlling state law precedent regarding contractual forum designation within arbitration agreements;

2. Apply the rule set forth in *Carr* to the operative facts of this matter;

3. Reject any argument advanced by Defendant relying upon *Green v. U.S. Cash Advance Illinois, LLC*, 724 F.3d 787 (7th Cir. 2013), as *Green* applies exclusively to objective forum unavailability, and not to a party's non-compliance with an operational and available forum; and

4. Determine and Declare **that while the AAA Commercial Arbitration Rules remain operational and available, the forum's administrative application of alternative rules to these disputes leaves the contractually designated mechanism unavailable, rendering the subject arbitration provision impossible to perform and legally unenforceable.**

**CERTIFICATE OF SERVICE**

I, Graciela Dela Torre, certify that I filed this using the Pro se portal, all counsel of record will receive an electronic copy via the Court's CM/ECF system

Respectfully submitted,
Graciela Dela Torre, Pro Se
Kane County Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com

**NOTICE OF LIMITED ASSISTANCE:** Due to documented medical conditions, Plaintiff received limited assistance with the formatting and clerical preparation of this filing. The content of the filing was read aloud to Plaintiff in its entirety. Plaintiff fully approves, ratifies, and adopts the content as her own.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **Graciela Dela Torre,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 22 C 7059** |
| | ) | |
| **Nippon Life Insurance Company** | ) | **Judge Rebecca R. Pallmeyer** |
| **of America,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff's motions to reopen this case [37, 75] are denied. Her motion for leave to file certain materials under seal [72] is granted; the Clerk is directed to place pages 3 through 112 of that document [72] under seal. As explained below, motion [66] is stricken; motions [44, 50, 51, 60] are granted; motions [52, 54, 55, 56, 67, 68, 69, 71, 73, 74, 85] are denied. This case remains closed on the court's docket.

## STATEMENT

Plaintiff Graciela Dela Torre challenged Defendant Nippon Life Insurance Company's denial of her claim for long-term disability benefits. After a period of discovery, the parties entered into a settlement agreement, and the court dismissed the case pursuant to stipulation in January 2024 [31, 34, 35]. Nearly a year later, Ms. Dela Torre moved to reopen the case, alleging that she had been pressured into signing the settlement agreement, had been directed to sign it "in blank," and had not even been shown a copy of the agreement until early this year. The court convened a hearing on these claims on February 13, 2025 and heard from Ms. Dela Torre herself; Kevin Probst, the attorney who represented her; and counsel for Nippon Life Insurance Company.

By Ms. Dela Torre's own account, she accepted the terms of the proceeds of the settlement and knew, at the time the funds were deposited into her account, that the deposited amounts were proceeds of the settlement. She has not offered to return the money, and as explained below, her challenges to the validity and enforceability of the agreement have no merit.

Mr. Probst demonstrated, with reference to his contemporaneous notes, that her assertions about his conduct in representing her are false. For example, when she refused an initial offer, he successful negotiated for more. He regularly took calls from her—and although she now complains about the timing of their communications, Mr. Probst's notes show that it was Ms. Dela Torre herself, not her attorneys, who communicated late at night. Contrary to her assertions, counsel demonstrated that before Plaintiff signed the settlement agreement, he had provided her with a complete redline version of the final agreement; the one ultimately entered into was identical to that redline version. Ms. Dela Torre complains of what she believes are irregularities in the negotiation process, but identified only routine or innocuous circumstances:

for example, that she signed the agreement three days before Nippon's representatives signed it, and that her attorney required her to sign it in person rather than via "DocuSign." In short, these circumstances are not unusual and do not undermine the validity of the agreement.

Instead, it is apparent that Ms. Dela Torre filed her motion because she has had second thoughts about having entered into the agreement. But her second thoughts are not a valid reason to reopen this lawsuit nearly a year after it was terminated pursuant to settlement. Her motions to reopen this case [37, 75] are therefore denied. Her related motion to dispute attorney fees, invalidate the settlement agreement, and seek a remedy for malpractice [54] is also denied. Ms. Dela Torre has not shown that her former attorneys have withheld relevant information from her; her motion for review of attorneys' fees and response to "unauthorized filing" [66] is stricken.

Several other motions are pending as well. The court grants Plaintiff's motion for leave to file her medical records under seal [72] and directs the Clerk to place pages 3 through 112 of that document [72] under seal.

As Attorney Probst has now appeared and provided information in response to Ms. Dela Torre's motion, his motion for leave to withdraw his appearance and that of Attorney Dabdoub [44] is granted. As Mr. Dabdoub and Mr. Probst will no longer be representing her, Ms. Dela Torre's motion to compel them to "turn over e-filing credentials" [52] is denied as moot. Mr. Probst explained that attorneys from the Ankin Law Firm (who may have represented Plaintiff in her workers' compensation claim) filed an appearance in this case solely as local counsel. Ms. Dela Torre's duplicate motions to "remove and investigate unauthorized attorney representation" by Ankin Law Firm lawyers [69, 71] are denied.

Nippon Life Insurance Company has filed a sealed motion to compel arbitration of disputes arising out of the settlement agreement and stay this action [50]. Having found the agreement enforceable, the court concludes that any legitimate further disputes arising out the agreement are indeed subject to arbitration. That motion [50, 51] is granted, and Ms. Dela Torre's motion to strike the notice of motion to compel arbitration [88] is denied.

Evidence of settlement negotiations is inadmissible pursuant to FED. R. EVID. 408. Plaintiff's motion for reconsideration of the court's order granting defendant's motion to seal [55] is therefore denied. Plaintiff has identified no credible evidence of false advertising or deceptive business practices. Her motion to introduce such evidence [53] in this proceeding is denied. Plaintiff claims that she has been subject to continued surveillance and harassment; but her disability claim is no longer at issue, and she offers no credible basis for her suspicion that Defendant is engaged in such misconduct. Her motion to cease surveillance and harassment [56] and emergency motion for a protective order [85] are therefore denied. Nippon Life Insurance's motion to quash a subpoena directed at those issues [60] is granted, and Plaintiff's motions to add Nippon Life Insurance Company's Chief of Strategy and Operations [67] and to "compel full communications between Nippon and Disability Management Services" and to compel "full settlement documentation, attorney retainer agreements, financial disclosure and emergency relief" [68, 73, 74] are denied.

ENTER:

Date:   February 13, 2025

REBECCA R. PALLMEYER
United States District Judge

2

inducement or warranty whatsoever, whether express or implied, which is not specifically set forth in this Agreement, and further acknowledge that this Agreement has not been entered into in reliance upon any promise, assurance, representation, inducement or warranty not expressly set forth in writing in this Agreement.

      3.3    The Parties each represent and warrant to the other that they have received independent legal advice from their respective attorneys with respect to the advisability of executing this Agreement.

      3.4    The Parties each represent and warrant to the other that they have the authority to enter into this Agreement and that any person executing this Agreement in a representative capacity is duly authorized to do so.

      3.5    The Parties each represent and warrant to the other that they have read and understand this Agreement and that this Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any party hereto. The Parties hereby acknowledge that they have been represented in the negotiation and preparation of this Agreement by counsel of their own choice, and that they have read this Agreement and had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision herein.

      3.6    The Parties agree to bear their own costs and attorneys' fees with regard to the Disputed Claims and the Action. However, in the event of any litigation between Dela Torre and Nippon to enforce the terms of this Agreement, or otherwise relating to or arising out of this Agreement, the prevailing party in such action shall be entitled to recover its attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be

4

settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

4. Confidentiality.

The Parties hereby understand and agree that their dispute, the negotiations leading up to this Agreement and the terms of this Agreement will be kept strictly confidential by the Parties and their counsel and that these terms have not previously been disclosed and shall not hereafter be disclosed to any other person except as permitted by this Agreement, or as required by law, including but not limited to the provisions of a regulatory order, subpoena, court order, or if necessary to enforce or implement the terms of this Agreement. However, this provision does not prevent a Party from discussing this Agreement with its attorney, tax advisor, insurer, financial consultant, banker, lender, accountant or their respective members, subject to said person(s) agreement to be bound by this provision or being subject to confidentiality. Nor does this Agreement preclude making legally required statements in its audited or other publicly released financial statements. Notwithstanding and except as provided in the preceding, if inquiry is made regarding this Agreement, or the disposition of the litigation, the Parties or their counsel may respond only that "any disputes between the Parties have been amicably resolved" or with a substantially similar statement. The covenants set forth in this section survive the execution and performance of this Agreement.

5. Miscellaneous.

5.1 This Agreement is the compromise of disputed claims, and nothing herein is to be construed, considered or interpreted as an admission of liability or fault on the part of any party or the absence of liability by any party. The execution of this Agreement by the Parties shall

5

Home

# THANK YOU!

### YOUR AAA CASE NUMBER : 01-25-0000-4189

Thank you for choosing American Arbitration Association.
Please print a copy of this page for your record.

Print

## Basic Filing Information:

Justin Wax Jacobs
6466304923
j-waxjacobs@nipponlifebenefits.com
Arbitration

Nippon Life Insurance Company of America v. Graciela Dela Torre The parties consented to an arbitration agreement, located in Section 3.6 of the settlement agreement.

**Filing Fee Charged**  | $1925.00

**Documents received on 2025-01-28 15:43:07.0 Eastern Time**

INTERNATIONAL CENTRE FOR DISPUTE RESOLUCION ("ICDR")

This notice acknowledges receipt of your filing on January 28, 2025, at 4:01 PM EST. **PLEASE NOTE:** This notice <u>does not</u> constitute the AAA's initiation of the case and <u>does not</u> confirm that all filing requirements have been satisfied. It only acknowledges receipt of the filing.

**<u>ADDITIONAL REQUIREMENTS:</u>**

Case: 1:22-cv-07059 Document #: 124 Filed: 06/03/26 Page 9 of 41 PageID #:1053
Case: 1:22-cv-07059 Document #: 51-4 Filed: 02/03/25 Page 3 of 3 PageID #:325

1. You must send a copy of the completed filing form to all parties. The American Arbitration Association (AAA-ICDR) does not do this on your behalf.
2. When sending the completed filing form to all parties, include a copy of the agreement, court order, or post-dispute submission referencing the American Arbitration Association (AAA-ICDR). This information should have been included as part of your initial filing.
3. Retain a copy of the filing form and all attachments for your records.

**NEXT STEPS:**

Our team will review your filing to determine if all requirements have been met. Please note that this process can take up to 14 days, depending on several factors, including the current volume of case filings (this timeframe does not apply to cases seeking emergency relief). If additional information is needed, the AAA will contact you. To amend or modify your filing, please contact Casefiling@adr.org.

**PLEASE NOTE: Your case filing will not be visible on the WebFile® portal during review.**

If we determine that all filing requirements have been met and that the AAA is the proper administrator of the case, a case manager will contact you with information on how to access your case. If the AAA declines to administer your case, we will notify you of the basis for that determination.

For additional information, please see the applicable rules. Thank you.



# Understanding the ICDR Arbitration Process

This document provides information about your upcoming arbitration and the expectations concerning each party's conduct throughout the process. Please save this information sheet for reference.

## Administrative Conference Call

The ICDR may conduct an Administrative Conference Call with the parties to discuss issues that will assist the ICDR and the parties in managing the case as efficiently as possible. This is also an opportunity for the parties to discuss ways to conduct the arbitration to meet their specific needs. Please be prepared to discuss the following:

- The means of communication between the ICDR and the parties;
- The process of mediation;
- The number of arbitrators and/or party-appointed arbitrator provisions;
- The method of appointment of arbitrators;
- The qualifications and area of expertise of the arbitrators;
- The financial obligations of the parties;
  The review of Data and Cybersecurity;
- The possibility of utilizing a documents-only process.

## Exchange of Correspondence and Documents

The parties shall copy each other and the ICDR on all correspondence during the course of the arbitration. Three items are exempt from this rule: (1) the Checklist for Conflicts, (2) any financial documents (e.g., invoices), and (3) the parties' arbitrator ranking lists (if applicable).

## Communications with Arbitrator(s)

It is paramount that the parties do not engage in any ex-parte communications with the arbitrators. Once appointed, the arbitrators shall determine whether a limited direct exchange of communications between the parties, the ICDR, and the arbitrators is acceptable. Otherwise, all correspondence shall be submitted to the ICDR for transmittal to the arbitrator, copying the other party.

## Timeliness of Filings

Please pay particular attention to response dates included on any ICDR correspondence. Should a party need an extension to any deadline, it should contact the other party first and attempt to reach an agreement. Should the parties disagree prior to the appointment of the arbitrators, the ICDR may grant a reasonable extension.

## Place of Arbitration

The parties may agree to a place of arbitration. This agreement can be made in the parties' agreement or contract, or when the arbitration is submitted to the ICDR. Any dispute as to the place will be determined by the ICDR in accordance with the Rules governing the arbitration.

**Fees and Refund Schedule**

The ICDR's International Standard Fee Schedule has a refund schedule in the administrative fee section of the Rules. Please note that there are no refunds under the Flexible Fee Schedule.

**Arbitrator Compensation**

Arbitrator compensation is the responsibility of the parties and will be requested to submit deposits as requested by the arbitrator to cover the costs of submitted invoices for services incurred. All unused deposits are returned to the parties upon closure of the case.

**WebFile®**

We invite the parties to visit our website to learn more about how to file and manage your cases online. As part of our administrative service, AAA WebFile allows parties to perform a variety of case related activities, including:

- Filing additional claims;
- Completing the Checklist for Conflicts form;
- Viewing invoices and submitting payment;
- Sharing and managing documents;
- Striking and ranking listed neutrals; and/or
- Reviewing case status or hearing dates and times.
- Upload documents into a self-service, case-dedicated file folder.

In order to access your case through AAA WebFile, you need to register for an Account with our website https://www.adr.org/aaa/faces/register. Once you sign in to your Account, you should be able to access the case. If there are any questions with respect to AAA WebFile, Account, or case assess, please contact the person handling the administration of your case.

AAA WebFile provides the flexibility for the parties to work online at any time. Cases originally filed in the traditional offline manner can also be viewed and managed online.

Please review the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy* and *AAA-ICDR Cybersecurity Checklist* that is attached to this correspondence.

**d. Arbitration Was Properly Initiated With the AAA**

Section 3.6 of the Agreement states that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules…" Exhibit A at § 3.6. In response to the PLAINTIFF's breach of the Agreement, as will be discussed *infra,* NIPPON initiated arbitration against the PLAINTIFF by submitting a demand for arbitration with the American Arbitration Association (AAA) on January 28, 2025. See Exhibit B. NIPPON later amended that demand on September 25, 2025. See Exhibit E.

Upon review, the AAA unilaterally assigned the case to its International Centre for Dispute Resolution (ICDR). Affidavit in Support at ¶ 13. In her explanation for the assignment, Sabriyah Samsudeen – ICDR Case Administrator – clarified that the AAA's definition of "international" refers to the parties and their controlling shareholders, including parent organizations, and the case was assigned to the ICDR due to the fact that NIPPON's parent company is Japanese. *Id.*; see Exhibit D.

The ICDR is a division within the AAA, and as such is part of the AAA. *Id.* The ICDR's administration of the case is, therefore, within the scope of the Agreement's arbitration clause designating the AAA as the arbitral forum.

**e. The Arbitration Currently Before the AAA is for a Dispute Arising Out of the Agreement**

On January 28, 2025, NIPPON submitted a demand for arbitration based on the PLAINTIFF's breach of the Settlement Agreement, arising from her attempt to reopen her first lawsuit against NIPPON. See Exhibit B.That demand was subsequently amended on September 25, 2025, whereby the Complainant, NIPPON, submitted five claims to arbitration. Exhibit E. Those five claims are: 1) PLAINTIFF's motion to reopen case 1:22-cv-07059 was a breach of Sections 2.1 and 2.3 of the Agreement; 2) PLAINTIFF's second lawsuit, 1:25-cv-01483, against NIPPON breached Section 2.1 of the Agreement; 3) PLAINTIFF's second lawsuit 1:25-cv-01483, against NIPPON breached Section 2.3

12/11/25, 10:52 AM          RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189 - Wa…

 Outlook

---

## RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

---

**From** Sabriyah Samsudeen <SamsudeenS@adr.org>

**Date** Tue 2/4/2025 4:53 PM

**To**  Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>

 1 attachment (86 KB)
International Arbitration Fee Schedule_06_01_23.pdf;

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Mr. Wax Jacobs,

This case is administered by the ICDR fee schedule due to the international nexus of claimant's parent company being a Japanese corporation. The AAA's definition of international includes not only parties to the arbitration, but also controlling shareholders or parents companies that are from different countries. This matter was filed with ICDR because after review of page 2 of the demand form, it indicates that parties to the arbitration, or their controlling shareholders or parent company are from different countries than each other. I have reattached the ICDR fee schedule for your review.

Thanks,
Sabriyah Samsudeen

 **Sabriyah Samsudeen**
**Case Administrator III**

International Centre for Dispute Resolution
American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271
**T:** +1 212 484 4143



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Sabriyah Samsudeen
**Sent:** Tuesday, February 4, 2025 12:07 PM
**To:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Subject:** RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

Mr. Wax Jacobs,

Our records indicate that the Claimant's parent company is a Japanese corporation. As a result, this case is being administered in accordance with the ICDR fee schedule.

Thanks,
Sabriyah Samsudeen

---

**From:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Sent:** Monday, February 3, 2025 12:11 PM

12/11/25, 10:52 AM    RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189 - Wa…

Case: 1:22-cv-07059 Document #: 124 Filed: 06/03/26 Page 14 of 41 PageID #:1058
Case: 1:25-cv-01483 Document #: 191-5 Filed: 01/06/26 Page 3 of 5 PageID #:1666

**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
**Subject:** RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

**\*\*\* External E-Mail – Use Caution \*\*\***

Ms. Samsudeen,
Thank you, but why is the international fee schedule being applied? This is a domestic matter between two domestic/American parties.
Best,
Justin Wax Jacobs
ジャスティン　ワックス　ジェイコブス
Assistant General Counsel
Nippon Life Benefits
666 Third Avenue, Suite 2201
New York, NY 10017
Mobile: 646-630-4923
Fax: 212-867-3057
E-mail: j-waxjacobs@nipponlifebenefits.com

 Nippon Life Benefits®
www.nipponlifebenefits.com
The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby requested not to disseminate, distribute or copy any information inadvertently provided.
IRS CIRCULAR 230 NOTICE. Any tax advice expressed above was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax penalties. If such advice was written or used to support the promotion or marketing of the matter addressed above, then each offeree should seek advice from an independent tax advisor.

**From:** ICDR Sabriyah Samsudeen
**Sent:** Monday, February 3, 2025 12:07 PM
**To:** Wax Jacobs, Justin (NY)
**Subject:** RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

> **CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Mr. Wax Jacobs,
Please review the attached fee schedule that is being used for this matter.
Thanks,
Sabriyah Samsudeen

**ICDR Sabriyah Samsudeen**
**Senior Case Manager**

American Arbitration Association
T: 212 484 4143 E: SabriyahSamsudeen@adr.org
120 Broadway, 21st Floor, New York, NY 10271
adr.org | icdr.org | aaamediation.org

 NPT's BEST NONPROFITS TO WORK FOR ★2024★

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Sent:** Monday, February 3, 2025 9:25 AM
**To:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
**Subject:** RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

**\*\*\* External E-Mail – Use Caution \*\*\***
Ms. Samsudeen,
Good morning. Would you be able to clarify what the outstanding balance of $425 is for?

12/11/25 10:52 AM          RE: Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre  AAA Case 01 25 0000 4189  Wa

Best,

Justin Wax Jacobs

$Beb(Bク$Bec(B」$Beb(Bク$Bec!&$%ec(Bウ$Be`(B€$Bec(Bツ$Bec!&$1eb(Bク$Be`(B€$Beb(Bク$Beb(Bア$Beb(B、$Beb(Bウ$BecLe$;(B

Assistant General Counsel

Nippon Life Benefits

666 Third Avenue, Suite 2201

New York, NY 10017

Mobile: 646-630-4923

Fax: 212-867-3057

E-mail: j-waxjacobs@nipponlifebenefits.com

◆ Nippon Life Benefits®

*www.nipponlifebenefits.com*

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby requested not to disseminate, distribute or copy any information inadvertently provided.

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax penalties. If such advice was written or used to support the promotion or marketing of the matter addressed above, then each offeree should seek advice from an independent tax advisor.

**From:** SabriyahSamsudeen@adr.org <SabriyahSamsudeen@adr.org>
**Sent:** Monday, February 3, 2025 5:14 AM
**To:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Subject:** Monthly Statement for Nippon Life Insurance Company of America v. Graciela Dela Torre - AAA Case 01-25-0000-4189

> **CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Attached, please find a statement reflecting the current balance due for the above-referenced case.

These statements are automatically generated, and sent, on a monthly basis for those accounts with any balance due. To help facilitate your payment, please use the following link that will take you to our Quick Pay option. You will need the Case Number and the Pay Pin (located on the bottom left hand portion of the attached statement).

https://www.adr.org/PayOnline

Thank you and please contact us if you have any questions regarding this statement, or charges due.

**Set up your web portal account for quick access to your benefit information!**
By registering, you will have access to a range of self-service tools and helpful information.
Please visit https://www.nipponlifebenefits.com/portal-registration/ to see more information.

**Disclaimer:**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

**Set up your web portal account for quick access to your benefit information!**
By registering, you will have access to a range of self-service tools and helpful information.
Please visit https://www.nipponlifebenefits.com/portal-registration/ to see more information.

**Disclaimer:**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Graciela Dela Torre

                        Plaintiff,

v.                                    Case No.: 1:25–cv–01483
                                         Honorable Rebecca R. Pallmeyer

Davies Life & Health, Inc., et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, July 30, 2025:

       MINUTE entry before the Honorable Rebecca R. Pallmeyer: Defendant Nippon Life Insurance Company's motion for service by the United States Marshals Service [130] is granted. The Marshals are directed to serve Ms. Dela Torre at the address provided by Defendant, upon payment of the appropriate service fees. With respect to Plaintiff's motion for sanctions [110], Nippon reported that Plaintiff failed to serve Nippon in accordance with the Rule 11(c)(2) safe harbor provision [118]. Her motion to strike Nippon's purportedly untimely response to the motion for sanctions [123] is therefore denied, and her reply in support of that motion remains due on August 6, as previously ordered [119]. With respect to her motion to strike Defendant Allsup, LLC's motion to dismiss, the court directs the Clerk to mail a copy of that motion and the supporting memorandum [101, 102] to Plaintiff at her address of record. This will cure any purported lack of notice, and the motion to strike [124] is therefore denied. On its own motion, the court extends the date for Plaintiff's response to Allsup's motion [101] and to the Davies motion to dismiss [99, 100], to August 29, 2025; replies will be due September 12, 2025. Plaintiff's emergency motion for a temporary restraining order [121] is entered and continued. Defendant Nippon has responded to that motion [128]. Plaintiff's reply, if any, shall be filed no later than August 11, 2025. Defendant Nippon's motion to enforce the court's order compelling arbitration [129] is entered and continued. The court will set a briefing schedule on that motion promptly on notice that Plaintiff has been served by the United States Marshal. Mailed notice. (cp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See *"Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Graciela Dela Torre | 1:25-cv-01483 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Nippon Life Insurance Company of America | Personal (Rule 4(c)(3)) |

**SERVE AT** { NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Graciela Dela Torre

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

653 Wing Street, Elgin, IL 60123

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| Justin Wax Jacobs<br>666 Third Ave, Suite 2201<br>New York, New York 10017 | Number of process to be served with this Form 285 — **1** |
| | Number of parties to be served in this case — **1** |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

The Party to be served is a middle aged woman approximately 5ft 5 inches tall, brown hair, Hispanic. She lives at home with at least her son and grandchild. Pictures of the Party to be served are enclosed. Her phone number is: 630-670-5914.

Per the Court's Order, enclosed, please serve Defendant's Notice of Motion, Affidavit in Support, and supporting exhibits.

| Signature of Attorney other Originator requesting service on behalf of | ☐ PLAINTIFF ☒ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| **Justin Wax Jacobs** Digitally signed by Justin Wax Jacobs Date: 2025.07.30 15:55:15 -04'00' | | 646-630-4923 | 7/30/2025 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No | District to Serve No | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date 8/22/25 | Time 1530 | ☐ am ☒ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy M. Lesel | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

1 DUSM / 41 mi (x2) = 82 miles / 2hrs. (x2) = 4 hours

Form USM-285
Rev. 03/21

**BC**

**FILED**
1/10/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRACIELA DELA TORRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:25-cv-01483 |
| DAVIES LIFE & HEALTH, INC., formerly known as Disability Management Services, Inc., NIPPON LIFE INSURANCE COMPANY OF AMERICA, and ALLSUP, LLC, | ) ) ) ) ) | Honorable Rebecca R. Pallmeyer |
| Defendants. | ) ) | |

**CEASE AND DESIST DEMAND AND NOTICE OF VIOLATION OF ILLINOIS RULE OF PROFESSIONAL CONDUCT 4.4(a) JUSTIN AARON WAX JACOBS' & NIPPON LIFE INSURANCE COMPANY OF AMERICA SUBMISSION OF PLAINTIFF PHOTOGRAPHS TO U.S. MARSHALS & PRIVATE INVESTIGATOR FOR THE PURPOSE OF HARASSMENT**

Plaintiff, Graciela Dela Torre, *pro se*, received limited non legal assistance due to a Fibromyalgia flare, its content has been read aloud to her, she approves and adopts it as her own, she files this Notice pursuant to the Court's inherent authority to manage its proceedings and the parties' obligations under the Federal Rules of Civil Procedure and applicable ethical rules.

I. NOTICE OF IMPROPER CONDUCT BY DEFENSE COUNSEL

1.  Background of Previously Alleged Surveillance. On February 13, 2025, this Court denied Plaintiff's motion to cease surveillance, stating Plaintiff had offered "no credible basis for her suspicion that Defendant is engaged in such misconduct." *See* 1:22-cv-07059, Dkt. 94, p. 2.
2.  Confirmation of Surveillance via Counsel's Own Filing. Contrary to the Court's prior finding, Defendant's counsel, Justin Aaron Wax Jacobs, has now provided direct evidence of surveillance. In his July 30, 2025 "Process Receipt and Return" (Form USM-285) filed with this Court, Mr. Wax Jacobs included the following instruction to the U.S. Marshals Service:
    "Pictures of the Party to be served are enclosed." *See* 1:25-cv-01483,Dkt. 173, p. 1.
    This filing confirms:
    a. Defendant, through its agents, obtained personal photographs of Plaintiff.
    b. These photographs were taken outside of any judicial proceeding.
    c. Counsel deemed it appropriate to provide these surveillance-derived photographs to federal law enforcement for use in a civil service of process, an act that is highly irregular and suggestive of an intent to harass or intimidate.

3. Ongoing Harassment. On January 8, 2026, a private investigator appeared at Plaintiff's residence attempting personal service of court documents that had already been effectuated electronically by the CM/ECF system on July 28, 2025 Dkt. 129. This constitutes wasteful, burdensome, and harassing conduct, the private investigator also possessed surveillance style photos of the plaintiff.

4. Plaintiff is not suicidal, has no intent to harm herself or others, and is of sound mind. This statement is made out of an abundance of caution and in light of the highly irregular conduct described above, including the provision of surveillance photographs to federal law enforcement and the deployment of a private investigator after electronic service. Plaintiff has a good-faith concern that Defendants or their agents may seek to misuse such materials or allegations to create a false narrative or to otherwise interfere with her rights, safety, or reputation.

## II. DEMAND FOR DISCLOSURE, CEASE AND DESIST, AND RETURN OF PHOTOGRAPHS

Pursuant to the Court's authority and counsel's duties under the Illinois Rules of Professional Conduct, Plaintiff hereby demands that Justin Aaron Wax Jacobs, and through him Nippon Life Insurance Company of America:

A. CEASE AND DESIST all further surveillance, investigation, or tracking of Plaintiff Graciela Dela Torre, her family, her two pitbulls, or her residence. All future communications shall be made solely through formal court or arbitral channels.

B. DISCLOSE, UNDER PENALTY OF PERJURY, in writing filed with this Court within ten (10) calendar days:

1. The source of the photographs provided to the U.S. Marshals (e.g., name of investigator/agency);
2. The date(s) the photographs were taken;
3. The original purpose for which the photographs were obtained;
4. All communications and directives between Mr. Wax Jacobs/Nippon and any investigator regarding Plaintiff since the date of the settlement (January 2024);
5. A complete list of all persons, entities, or agencies to whom the photographs have been provided or disseminated.

C. TURN OVER AND CERTIFY DESTRUCTION of all copies of the surveillance photographs. Plaintiff demands that Defendants file, under penalty of perjury, a sworn statement:

1. Attesting that all copies of the photographs have been returned to Plaintiff or permanently destroyed;
2. Affirming that the photographs have not been used for any obscure purpose other than the attempted service of process referenced in Dkt. 173; and
3. Stating that no further copies exist in any form.

D. PRESERVE all evidence related to the surveillance, photography, and investigation of Plaintiff.

III. LEGAL AND ETHICAL BASES FOR DEMAND

1. The Court's Inherent Authority includes the power to curb abusive litigation tactics, protect the integrity of its proceedings, and remedy invasions of privacy perpetrated through the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991); *see also* 28 U.S.C. § 1651(a) (All Writs Act).
2. Federal Rule of Civil Procedure 1 mandates the "just, speedy, and inexpensive determination" of every action. Harassing surveillance and duplicative, intimidating service multiply proceedings and increase burden contrary to this rule.
3. 28 U.S.C. § 1927 authorizes sanctions against counsel who "multiplies the proceedings in any case unreasonably and vexatiously."
4. Illinois Rule of Professional Conduct 4.4(a) prohibits a lawyer from using means "that have no substantial purpose other than to embarrass, delay, or burden a third person." The provision of surveillance photographs to federal agents and the deployment of a private investigator after electronic service have no proper litigation purpose and serve only to harass.
5. Federal Rule of Civil Procedure 26(c)(1) empowers the Court to issue protective orders to shield a party from "annoyance, embarrassment, oppression, or undue burden or expense."
6. Such conduct constitutes the tort of intrusion upon seclusion under Illinois law, for which Plaintiff retains all rights to pursue civil relief. *See Lovgren v. Citizens First National Bank*, 126 Ill. 2d 411, 534 N.E.2d 987 (1989); Restatement (Second) of Torts § 652B.

IV. CONSEQUENCES OF NON-COMPLIANCE

Should Mr. Wax Jacobs and Defendant fail to comply fully with this Demand, Plaintiff will be forced to seek relief from this Court, including but not limited to:

1. A formal Motion for Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.
2. A Renewed Motion for a Protective Order under Fed. R. Civ. P. 26(c), now supported by evidence of surveillance.
3. A Complaint to the Attorney Registration and Disciplinary Commission (ARDC) of Illinois, the New York State Unified Court System Attorney Grievance Committee, and the Office of Attorney Ethics of New Jersey.

V. CONCLUSION

Plaintiff brings this conduct to the Court's attention and formally demands its cessation. The use of surveillance-derived photographs in civil litigation, coupled with duplicative and intimidating service attempts, undermines the dignity of these proceedings and warrants the Court's intervention.

Respectfully submitted,

/s/ Graciela Dela Torre
Graciela Dela Torre, Pro Se Plaintiff
653 Wing Street
Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com


CERTIFICATE OF SERVICE

I, Graciela Dela Torre, certify that I filed this Notice electronically via the Court's
CM/ECF system,

/s/ Graciela Dela Torre



==DOMESTIC DISPUTES==



**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

# COMMERCIAL ARBITRATION RULES
## DEMAND FOR ARBITRATION

*For Consumer or Employment cases, please visit **www.adr.org** for appropriate forms.*

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent:   Nippon Life Insurance Company of America

Address:  1051 Perimeter Dr Suite 425,

| City: Schaumburg | State: IL | Zip Code: 60173 |
|---|---|---|

| Phone No.: (847) 619-4699 | Fax No.: |
|---|---|

Email Address:   jpdesk@nipponlifebenefits.com

Name of Representative (if known):

Name of Firm (if applicable):

Representative's Address:

| City: | State: | Zip Code: |
|---|---|---|

| Phone No.: | Fax No.: |
|---|---|

Email Address:   jpdesk@nipponlifebenefits.com

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:
This is a domestic contractual dispute, this action arises under Section 3.6 of the parties' Settlement Agreement, which expressly requires that any controversy arising out of or relating to the Agreement must be arbitrated under the American Arbitration Association ("AAA") Commercial Arbitration Rules. AAA (not ICDR)

Dollar Amount of Claim: $   $4,000,000+ (benefits, offsets, consequential damages, and all related relief)

Other Relief Sought:   Attorneys Fees    Interest    Arbitration Costs    Punitive/Exemplary
  Other:

Amount enclosed: $ $0 Fee waiver requested due to documented financial hardship and disability
In accordance with Fee Schedule:   Flexible Fee Schedule    Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:
ERISA benefit disputes, Insurance bad faith, Contract formation challenges

Fraud on tribunals / procedural misconduct, Disability and cognitive-impairment–related settlement issues

Hearing locale:  Chicago, Illinois

*(check one)*   Requested by Claimant    Locale provision included in the contract

| Estimated time needed for hearings overall: | hours  or | 2-3 days |
|---|---|---|

*Please visit our website at www.adr.org if you would like to file this case online.*
*AAA Case Filing Services can be reached at 877-495-4185.*

American LegalNet, Inc.
www.FormsWorkFlow.com



**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | | | |
|---|---|---|---|
| Type of Business: | | | |
| Claimant: | Claimant: Individual (Disability Insurance Beneficiary) | Respondent: | Insurance Company |

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?
NO. (Nippon Life Insurance Company of America: a U.S. corporation, A parent company in Japan has zero relevance.)

| | |
|---|---|
| Signature (may be signed by a representative): /s/Graciela Dela Torre | Date: 11/18/2025 |

Name of Claimant: Graciela Dela Torre

Address (to be used in connection with this case): 653 Wing St, Elgin IL 60123

| | | |
|---|---|---|
| City: Elgin | State: ILLINOIS | Zip Code: 60123 |
| Phone No.: 630-670-5914 | Fax No.: | |

Email Address: GMESTIZA1@GMAIL.COM

Name of Representative: GRACIELA DELA TORRE

Name of Firm (if applicable): PRO SE DISABLED LITTIGANT

Representative's Address: 653 Wing St

| | | |
|---|---|---|
| City: Elgin | State: ILLINOIS | Zip Code: 60123 |
| Phone No.: 630-670-5914 | Fax No.: | |

Email Address: gmestiza1@gmail.com

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. At the same time, send the original Demand to the Respondent.

*Please visit our website at www.adr.org if you would like to file this case online.*
*AAA Case Filing Services can be reached at 877-495-4185.*

American LegalNet, Inc.
www.FormsWorkFlow.com



120 Broadway
Floor 21 – Intake
New York, NY 10271
Telephone: (856)435-6401

February 26, 2026

Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Via Email to: gmestiza1@gmail.com

Justin Wax Jacobs
Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
Via Email to: j-waxjacobs@nipponlifebenefits.com

**Case Number: 01-25-0005-7312**

Graciela Dela Torre
-vs-
Nipton Life Insurance Company of America

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA's Employment/Workplace Arbitration Rules and Mediation Procedures and Employment Due Process Protocol, which can be found on our website, www.adr.org. Please note that the AAA's administrative review is not an opinion on whether the arbitration agreement, the contract or plan, or any part of them is legally enforceable, nor is it a determination regarding the arbitrability of the dispute.

**Accordingly, we request that the employer pay its share of the filing fee in the amount of $2,100.00 on or before March 28, 2026. Upon receipt of the balance of the filing fee, the AAA will proceed with administration. The employer's share of the fee is due regardless of whether the case settles or is withdrawn.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment.

In the event, a check is the only method that you can provide payment, please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 120 Broadway, Floor 21 – Intake, New York, NY 10271. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business' representative. The business' representative should then forward payment to the AAA in accordance with the foregoing instructions.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

**We would like to remind the employer that Under the Costs of Arbitration Section of the Employment/Workplace Arbitration Rules and Mediation Procedures, the "employer's full share is due as soon as the employee meets his or her filing requirements, even if the matter settles or is withdrawn". This notice confirms that employee's filing requirements have been met.**

We hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the AAA that if an employer does not comply with our request to pay the administrative fees stated in the Employment/Workplace Arbitration Rules and Mediation Procedures, the AAA may decline to administer future cases involving that employer. In addition, the employer may be requested to remove the AAA as the provider organization from their employment arbitration clauses.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:

 **Gracie Dlt <gmestiza1@gmail.com>**

# 01-25-0000-4189 Arbitrator's Compensation Fee

1 message

**Wax Jacobs, Justin (NY)** <J-WaxJacobs@nipponlifebenefits.com>    Mon, Mar 23, 2026 at 4:30 PM

To: Sabriyah Samsudeen <samsudeens@adr.org>, ICDR Sabriyah Samsudeen <sabriyahsamsudeen@adr.org>
Cc: Gracie Dlt <gmestiza1@gmail.com>, Damian Vallejo <dvallejo@dvmlaw.com>

Ms. Samsudeen,

The Complainant in Case 01-25-0000-4189, Nippon Life Insurance Company of America, is willing to pay the Respondent's portion of the Arbitrator's Compensation Fee, which is still outstanding. I would appreciate it if you could send me payment instructions and an invoice.

Best,
Justin Wax Jacobs
ジャスティン　ワックス　ジェイコブス
Deputy General Counsel

Nippon Life Benefits
666 Third Avenue, Suite 2201
New York, NY 10017
Mobile:  646-630-4923
E-mail:  j-waxjacobs@nipponlifebenefits.com

 Nippon Life Benefits™

   *www.nipponlifebenefits.com*

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby requested not to disseminate, distribute or copy any information inadvertently provided.

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above was not intended or written to be used, and cannot be used, by any taxpayer to avoid U.S. federal tax penalties. If such advice was written or used to support the

 Gracie Dlt &lt;gmestiza1@gmail.com&gt;

## Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

1 message

**Gracie Dlt** &lt;gmestiza1@gmail.com&gt;                                                    Thu, May 7, 2026 at 6:55 AM
To: Damian Vallejo &lt;dvallejo@dvmlaw.com&gt;
Cc: ICDR Sabriyah Samsudeen &lt;SabriyahSamsudeen@adr.org&gt;, ICDR-CaseFiling@adr.org, "Wax Jacobs, Justin (NY)" &lt;J-WaxJacobs@nipponlifebenefits.com&gt;

**ICDR team, please file this into the case file.**

Reminder:  No response has been provided to the request to vacate/reschedule the Preliminary Hearing set for May 12, 2026 (scheduled despite timely notification) due to medical unavailability and ongoing treatment limitations during May and June 2026.

Respondent further reiterates that, pursuant to Sections:

**3.6 of the Settlement Agreement, arbitration shall be administered under Commercial Arbitration Rules,**

**5.8, the Agreement shall be construed and interpreted in accordance with Illinois law.**

**Respondent does not consent to ICDR administration, New York law, or New York-based procedural timing. Participation is under ROR.**

Respondent further notes that, pursuant to the confidentiality provision of the Settlement Agreement, the dispute, negotiations, and terms of the Agreement remain strictly confidential except as required by law or regulatory order.

Respondent maintains all prior objections on the record.

ICDR administration is inconsistent with Section 3.6 because it replaces the Commercial Arbitration framework that the parties agreed governs arbitration.

Aaron Jacobs (Counsel for Nippon Life Insurance Company of America), just because Respondent refuses to accept anything other than Commercial Rules/admin as mandated by the contract, you have filed two civil contempt motions, and in connection with this matter, records reflect federal court filings including a $10 million counterclaim, Attached documentation further reflects service activity involving the U.S. Marshals (With photos, photos you have no right to possess) and private investigator service at Respondent's residence. By now, you might have or might not have understood that returning to federal court is not the preferred method of resolution, Without prejudice to her rights, Respondent is willing to allow you three (3) days to address and resolve the current procedural issues to avoid further Federal proceedings.

Graciela Dela Torre, Pro Se *I'm the Grace of God*

*Do not print this email unless is necessary*

Sent from my iPhone

 On Tue, May 5, 2026 at 6:12 AM Gracie Dlt &lt;gmestiza1@gmail.com&gt; wrote:

> Dear Arbitrator Damian Vallejo,
>
> Respondent Graciela Dela Torre, pro se, submits this response to Claimant's May 4, 2026 correspondence.
>
> Respondent respectfully states that she informed the parties in advance that she would be unavailable during the period in which the preliminary hearing was subsequently scheduled. Despite that prior notice, the hearing was set for May 12, 2026.
>
> Respondent has previously requested rescheduling of the preliminary hearing based on medical unavailability and maintains that request.

Respondent reiterates that participation on May 12, 2026 is not feasible due to ongoing disability-related medical treatment and scheduling limitations affecting her availability during May and June 2026.

Claimant's assertions regarding delay or intent are denied. Respondent has not engaged in any conduct intended to obstruct these proceedings and has acted solely to preserve her ability to participate while undergoing medical treatment.

Respondent further reiterates her objection to the governing arbitral framework. The Settlement Agreement provides for arbitration "administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules." Respondent did not consent to ICDR administration or any rules other than **AAA Commercial Arbitration Rules**.

Respondent maintains all prior objections regarding jurisdiction, applicable rules, and arbitral authority.

Respectfully submitted,
Graciela Dela Torre
Pro Se Respondent

**3.6 The Parties agree to bear their own costs and attorneys' fees with regard to the Disputed Claims and the Action. However, in the event of any litigation between Dela Torre and Nippon to enforce the terms of this Agreement, or otherwise relating to or arising out of this Agreement, the prevailing party in such action shall be entitled to recover its attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.**

Graciela Dela Torre, Pro Se *I'm the Grace of God* ❤️

*Do not print this email unless is necessary*

Sent from my iPhone

On Mon, May 4, 2026 at 2:31 PM Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com> wrote:

Arbitrator Vallejo,

Claimant respectfully objects to the Respondent's request to reschedule the preliminary hearing for multiple reasons.

First, as a preliminary matter, Respondent mistakenly cites and references the ICDR rules in her request to reschedule. However, as the initiation letter - sent by Ms. Samsudeen on January 31, 2025 - states, the AAA's Commercial Rules will apply to this arbitration, not the ICDR rules.

Second, the Respondent fails to identify a specific conflict between the scheduled date and time of the preliminary hearing with any preexisting appointments or treatments. Instead, she relies on a vague statement of "disability-related medical treatment and multiple required medical appointments" without providing any detail as to how these treatments and appointments would preclude her participation in a remote/video hearing.

Third, the Claimant finds it highly unlikely that the Respondent would have absolutely no time during the entire months of May and June to participate in the preliminary hearing. Respondent's alleged medical conditions have not precluded her from participating in recent Court hearings and conferences. See *Dela Torre v. Dabdoub Law Firm, et al*, 1:25-cv-13176 (N.D.Ill.) (Respondent participated in telephonic hearing on April 22, 2026; *Dela Torre v. Nippon Express USA, Inc.*, 1:25-cv-05793 (N.D.Ill.) (Respondent participated in a telephonic hearing on February 5, 2026).

Fourth, Respondent's request comes within the backdrop of her repeated antics to impede the progression of this arbitration. Although the Claimant initiated this arbitration in January 2025, the Respondent successfully delayed the proceedings by six months by filing an improper motion to dismiss, and an additional five months due to her refusal to pay the Arbitrator's Compensation Fees. Respondent has also engaged in external attempts to stop this arbitration by claiming that this proceeding is "a Fraudulent Breach of Contract" and fabricating emails from the AAA to support her position of non-compliance with the Court's order compelling arbitration. See Respondent's Response to Claimant's request to enforce the Court's order compelling arbitration, and Claimant's Reply, both attached to this email.

Finally, Respondent has failed to provide or suggest alternative dates and times to hold the preliminary hearing. The lack of an alternative concrete date and time upon which the Respondent commits to participate leaves the door open to her continued attempts to delay and obstruct this proceeding.

If the Respondent would like to propose alternative dates and times in May or early June which are more conducive to her schedule, the Claimant will make every effort to accommodate. However, the Respondent's proposed two month delay is both unreasonable and without merit.

Best,

Justin Wax Jacobs

---

**From:** Damian Vallejo <dvallejo@dvmlaw.com>
**Sent:** Monday, May 4, 2026 2:11 PM
**To:** Gracie Dlt <gmestiza1@gmail.com>; Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
**Cc:** SabriyahSamsudeen@adr.org <SabriyahSamsudeen@adr.org>; ICDR-CaseFiling@adr.org <ICDR-CaseFiling@adr.org>
**Subject:** RE: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Dear Parties,

I refer to Respondent's below request to reschedule the May 12 preliminary hearing due to their unavailability to participate in such hearing.  If so wishes, Claimant is directed to provide its position on Respondent's request by Tuesday, May 5, 2026, 12pm.

Kind regards,

Damian Vallejo

Sole Arbitrator

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, May 1, 2026 4:57 PM
**To:** SabriyahSamsudeen@adr.org; Damian Vallejo <dvallejo@dvmlaw.com>; ICDR-CaseFiling@adr.org
**Cc:** j-waxjacobs@nipponlifebenefits.com
**Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

**RESPONDENT'S NOTICE AND REQUEST TO VACATE PRELIMINARY HEARING**

**ICDR team, please file this into the case file.**

Respondent, **Graciela Dela Torre**, appearing *pro se*, respectfully requests that the preliminary hearing scheduled for May 12, 2026, at 11:00 a.m. Eastern Time be vacated.

Respondent's prior correspondence dated April 27, 2026 is incorporated by reference.

**1. No Waiver**

This submission is made under protest. Respondent preserves all objections pursuant to ICDR Article 27, including jurisdiction, venue, applicable rules, and scheduling.

**2. Medical Unavailability; Fair Opportunity**

Respondent has no availability throughout May and June 2026 due to disability-related medical treatment and multiple required medical appointments, as well as legal obligations.

Under ICDR Article 16(1), each party must be afforded a fair opportunity to present its case.
Under ICDR Article 22, the Tribunal shall ensure fairness and equality of treatment.
Under ICDR Article 32, a hearing shall be postponed upon a showing of good cause.

Proceeding during this period would materially impair Respondent's ability to participate.

**3. Jurisdiction and Applicable Rules**

Respondent renews her objection to jurisdiction and arbitral framework. The Settlement Agreement requires AAA Commercial Arbitration and Illinois law.

Pursuant to ICDR Article 21(1), jurisdictional issues should be resolved before further proceedings.

**4. Scheduling**

Under ICDR Article 26, hearings are to be scheduled after consultation with the parties. Respondent does not consent to the current setting.

**WHEREFORE**, Respondent respectfully requests that the May 12, 2026 hearing be vacated and rescheduled to a date after June 2026.

Respectfully submitted,
**Graciela Dela Torre**
Pro Se Respondent

Respectfully submitted,

Graciela Dela Torre, Pro Se *I'm the Grace of God* ❤️

*Do not print this email unless is necessary*

Sent from my iPhone


On Fri, May 1, 2026 at 11:05 AM <SabriyahSamsudeen@adr.org> wrote:

> Hello,
>
> Please review the attached correspondence regarding the above-referenced case.
>
> Feel free to contact me with any questions, comments or concerns you have related to this matter.
>
> Thank you.

---

**6 attachments**

**US Marshalls with Photos 8.22.2025(Abuse of process).pdf**
2575K

**196 Aff-Serv.pdf**
448K

**196-1 Aff-Serv with my photos too.pdf**
450K

**44-3 Settement Agreement.pdf**
2396K

**10 million Counter Claim.pdf**
8895K

**Screenshot .pdf**
149K

INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**Re: Nippon Life Insurance Company of America v. Graciela Dela Torre**

**ICDR Case No. 01-25-0000-4189**

**RESPONDENT'S REQUEST FOR THRESHOLD RULING ON GOVERNING ARBITRATION FORUM AND JURISDICTION**

### I. REQUEST FOR THRESHOLD DETERMINATION

Respondent respectfully requests that the Arbitrator first determine whether this proceeding may lawfully proceed under ICDR administration in light of the controlling Settlement Agreement (Dkt. 44-3).

The Settlement Agreement provides that:

➢ The dispute is governed by **Illinois law (Section 5.8)**, and

➢ The arbitration framework is **AAA Commercial Arbitration Rules**, as set forth in the parties' agreement.

Respondent objects to ICDR administration as inconsistent with the Settlement Agreement.

### II. ISSUE PRESENTED

The threshold issue requiring determination is:

➢ Whether the Settlement Agreement supersedes any prior ICDR designation;

➢ Whether AAA Commercial Arbitration Rules are the governing procedural rules; and

➢ Whether the arbitration agreement validly incorporates ICDR Rules and confers jurisdiction upon this Tribunal .

### III. REQUEST TO STAY PROCEEDINGS

Respondent respectfully requests that all case management and merits-related proceedings, including the scheduled preliminary hearing, be stayed pending resolution of this threshold jurisdictional issue.

IV. BASIS

This request is based on:

➢ ICDR Arbitration Rules (jurisdictional authority of the Tribunal);

➢ Kompetenz-kompetenz doctrine; and

➢ The Settlement Agreement (Dkt. 44-3), including Section 5.8 (Illinois governing law) and AAA arbitration designation.

### V. RELIEF REQUESTED

Respondent requests a procedural order:

1. Determining governing arbitration forum under the Settlement Agreement;
2. Resolving ICDR vs AAA procedural authority; and
3. Staying all proceedings until such determination is issued.

Respectfully submitted,

**Graciela Dela Torre**    Feb 2, 2026

Respondent, Pro Se

## DECLARATION OF JUSTIN WAX JACOBS

I, Justin Wax Jacobs declare the following:

1. I am the Assistant General Counsel for Nippon Life Insurance Company of America (hereinafter Nippon), the Defendant in this lawsuit, and I have personal knowledge of the facts contained herein.

2. I am an attorney licensed to practice in New York and New Jersey.

3. I submit this declaration in support of Nippon Life Insurance Company of America's Motion to transfer the case under 28 U.S.C. § 1404(a) to the Southern District Court of New York (the "Motion").

4. Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York.

5. Nippon's only form of business is the sale of employer based (ERISA) group insurance policies for medical, dental, vision, disability and life products. Nippon has been licensed in 47 states and the District of Columbia to conduct and transact the business of insurance. However, in each jurisdiction Nippon is only authorized to sell employer-based group insurance plans.

6. Nippon utilizes Disability Management Services (DMS), Incorporated, a third-party vendor, to review and determine long term disability claims.

7. DMS is located in Springfield, Massachusetts.

8. The Plaintiff in this case, Graciela Dela Torre, is a plan member of Nippon Express USA's Long Term Disability (LTD) group insurance policy, policy number D20800, hereinafter referred to as the "Policy." *See* Motion at Ex. B.

 Gmail

**Gracie Dlt <gmestiza1@gmail.com>**

---

## Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189**NOTICE OF MATERIAL BREACH OF SETTLEMENT AGREEMENT §3.6 AND FRAUDULENT INDUCEMENT OF ICDR JURISDICTION IN CASE 01-25-0000-4189**

1 message

---

**Gracie Dlt** <gmestiza1@gmail.com>                                                    Mon, Feb 2, 2026 at 5:55 AM
To: ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>, Damian Vallejo <dvallejo@dvmlaw.com>
Cc: "Wax Jacobs, Justin (NY)" <J-WaxJacobs@nipponlifebenefits.com>, Case Filing <CaseFiling@adr.org>, ICDR-CaseFiling@adr.org

---

VIA EMAIL+ELECTRONIC FILING & EMAIL

**TO:** Justin Wax Jacobs, Esq.
Counsel for Nippon Life Insurance Company of America
j-waxjacobs@nipponlifebenefits.com

**TO:** American Arbitration Association
Case Administrator, Case No. 01-25-0005-7312
CaseFiling@adr.org

**TO:** International Centre for Dispute Resolution
Case Administrator
ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>

**DATE:** February 02, 2026
**RE:** NOTICE OF MATERIAL BREACH OF SETTLEMENT AGREEMENT §3.6 AND FRAUDULENT INDUCEMENT OF ICDR JURISDICTION IN CASE 01-25-0000-4189

**1. NOTICE OF BREACH.**
This letter constitutes formal notice that Nippon Life Insurance Company of America ("Nippon" NLICOA") is in **material breach** of Section 3.6 of the Settlement Agreement executed January 2, 2024. That section unambiguously requires arbitration under the **Commercial Arbitration Rules of the American Arbitration Association ("AAA")**. Nippon's filing of a demand with the **International Centre for Dispute Resolution ("ICDR")** (Case No. 01-25-0000-4189) is a direct violation of this contractual term.

**2. NOTICE OF FRAUDULENT INDUCEMENT.**
The ICDR's jurisdiction was fraudulently induced by Nippon's counsel, Justin Wax Jacobs. In the ICDR filing, Mr. Wax Jacobs represented the dispute as "international." This representation is **directly contradicted** by his own prior sworn declaration to the United States District Court for the Northern District of Illinois, in which he attested under penalty of perjury that "Nippon is an insurance company incorporated in the State of Iowa with its principal place of business in New York, New York." (See *Dela Torre v. Nippon*, 1:22-cv-07059, Docket 9-1, p.4). A domestic corporation cannot create an "international" dispute for purposes of forum selection. This misrepresentation appears designed to trigger a forum that is (a) non-contractual, and (b) exponentially more costly,

thereby burdening a *pro se* litigant. TO ADD INJURY TO THE INSULT, Nippon/NLICOA accused the ICDR case administrator, Sabriyah Samsudeen of unilaterally choosing ICDR see 1:25-cv-01483 Dkt. 191 page 5 of 12.

## 3. DEMAND FOR CURE.
You are hereby directed to **immediately withdraw** the improperly initiated ICDR proceeding (01-25-0000-4189) and to bear all costs associated with its filing. The only proper forum is the pending AAA Commercial arbitration (01-25-0005-7312).

## 4. RESERVATION OF RIGHTS.
All rights are expressly reserved, including but not limited to the right to seek: (a) sanctions in the AAA proceeding for this bad-faith breach; (b) dismissal of any contempt or enforcement motion predicated on the invalid ICDR proceeding; (c) attorney disciplinary action for misrepresentation; and (d) any and all other remedies available at law or in equity.

Sincerely,

Graciela Dela Torre, *Pro Se*


On Tue, Jan 13, 2026 at 4:25 AM Gracie Dlt <gmestiza1@gmail.com> wrote:

> **To:** Sabriyah Samsudeen, ICDR Case Administrator
> **CC:** AAA Office of Ethics & Compliance, Legal Department
> **From:** Graciela Dela Torre
>
> Dear Ms. Samsudeen,
>
> I am writing to formally notify you of fraudulent misrepresentations made by Nippon Life Insurance Company of America's counsel, Justin Wax Jacobs, which improperly triggered the assignment of this matter to the ICDR.
>
> **1. Fraudulent Triggering of ICDR Jurisdiction:**
> In Docket No. 191, ¶ 13 (Case No. 1:25-cv-01483), Mr. Wax Jacobs claims You "unilaterally assigned" this case to the ICDR because "NIPPON's parent company is Japanese."
>
> This is false. In his **sworn Declaration under penalty of perjury** (1:22-cv-07059, Docket 9-1, ¶ 4), Mr. Wax Jacobs attested:
>
> > **"Nippon is an insurance company incorporated in the State of Iowa with its principal place of business located in New York, New York."**
>
> This confirms the dispute is **domestic**. His later representation in the AAA Demand form was a deliberate misrepresentation to trigger the more costly and improper ICDR forum.
>
> **2. The ICDR Case is Suspended – But the Fraud Remains:**
> I note that the ICDR case is currently suspended until February 12, 2026, at Mr. Wax Jacobs's request. However, this does not cure the underlying fraud. The suspension does not erase the fact that the ICDR was improperly invoked through deceit.

## 3. No Breach of Confidentiality:

No breaching confidentiality is present here by disclosing that I was misled into a $90,000 settlement after being told by a former co-worker that Nippon had awarded me $6,000,000. Disclosing this fraud is **not a breach of confidentiality,** it is a protected disclosure of misconduct.

## 4. Demand for Documentation & Action:

I hereby demand that the ICDR:

- Provide the **original, unaltered email** referenced as Exhibit D in Docket 191-5;

- Confirm in writing that the case was assigned to the ICDR based solely on Mr. Wax Jacobs's representation that the dispute was "international"; and

- Issue a written finding that the assignment was fraudulently induced, and that any future proceedings must be conducted under **AAA Commercial Rules** as required by the parties' Settlement Agreement §3.6.

## 5. Notice to Justin Wax Jacobs:

This email serves as formal notice that your fraudulent triggering of the ICDR, harassment via surveillance and private investigators, and abusive litigation tactics will no longer be tolerated.

I demand that you:

- **Formally withdraw the fraudulent ICDR filing** and acknowledge the assignment was improper;

- **File an unopose reopening of the federal case** in the Northern District of Illinois so that the merits may be heard in a proper forum; and

- **Cease all harassing conduct**, Stop gathering photos of me, that is beyond WEIRD! return all photos of me in your possession, including surveillance, Stop frivolous contempt motions, and coercive "settlement" demands.

Failure to comply will result in the filing of:

- Updated and expanded Attorney misconduct complaints with the Illinois ARDC and New York and New Jersey State Bar;

- A federal lawsuit for fraud, abuse of process, and harassment; and

- A motion for sanctions under FRCP 11 and 28 U.S.C. § 1927.

The ICDR must not be weaponized as a tool for harassing disabled pro se litigants. I expect your prompt response and corrective action.

To Case Filing: File the entire attached documents plus this email into the docket.

Sincerely,
**Graciela Dela Torre**
Pro Se Plaintiff
653 Wing Street, Elgin, IL 60123
(630) 670-5914 | gmestiza1@gmail.com

On Mon, Dec 15, 2025 at 10:00 AM Damian Vallejo <dvallejo@dvmlaw.com> wrote:

Dear Parties,

I refer to the below requests from Respondent, which are hereby denied.  As stated in my December 9, 2025, email, the arbitration is currently suspended until February 12, 2026.  If the suspension is lifted, a first procedural conference will be scheduled and a procedural timetable will be established, providing both parties the opportunity to submit their respective positions and evidence.

Kind regards,

Damian Vallejo

Sole Arbitrator

---

**From:** Gracie Dlt <gmestiza1@gmail.com>
**Sent:** Friday, December 12, 2025 1:12 AM
**To:** Damian Vallejo <dvallejo@dvmlaw.com>
**Cc:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>; ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
**Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Dear Arbitrator Vallejo and Case Manager Samsudeen,
(Medical Note: Due to a fibromyalgia flare and cognitive fog, I received limited, non-legal assistance organizing the facts and formatting this document. Its contents were read aloud to me. I understand, approve, and adopt this communication as my own.)
I write under my full Reservation of Rights, and in light of your December 9, 2025 order suspending this arbitration until February 12, 2026, to request clarification on two procedural matters essential for a fair process upon any resumption.

1. Clarification on Exhibits for the Record
My prior emails contained numerous exhibits relevant to the threshold procedural issues that contributed to the suspension. To ensure a clear and complete record should proceedings resume, I respectfully request that the Tribunal confirm in a brief order that the following submitted exhibits have been formally received and entered into the official record:

- Exhibit 1: Deposition transcript (May 24, 2023) showing Mr. Justin Wax Jacobs conducting legal business in Schaumburg, IL.

- Exhibit 2: The ICDR "Demand for Arbitration" where Claimant answered "Yes" to whether parties are from different countries, despite the policy being between U.S. entities.

- Exhibit 3: The Insurance Policy (Exhibit B, 1:22-cv-07059) showing "Nippon Life Insurance Company of America - A Stock Company - Des Moines, Iowa."

- Exhibit 4: FedEx Support Ticket (C-199697842) stating the arbitration demand shipment "has not been located."

- Exhibit 5: Dkt. 20 (1:22-cv-07059) where the Court denied Nippon's motion to transfer the case to New York.

- Exhibit 6: Dkts. 17 & 27 showing Mr. Wax Jacobs was granted Pro Hac Vice status to practice in the Northern District of Illinois.

- Exhibit 7: Contradictory Filings: Dkt. 44-5 (Junko Inaga Declaration claiming delivery) vs. Dkt. 44-7 (FedEx notification to Wax Jacobs).

- Exhibit 8: Dkt. 118-2 showing inconsistencies in the purported proof-of-service email.

- Exhibit 9: Dkt. 187 outlining the improper AAA vs. ICDR forum filing.

- Exhibit 10: Dkt. 158 (Plaintiff's Reply) detailing FedEx's inability to locate the shipment.
- Exhibit 11: Dkt. 188 where Judge Pallmeyer directs forum concerns to the arbitrator.
- Exhibit 12: Dkt. 134 (Judicial Notice of Forgery and Bad Faith).

2. Request for Access to the "Amended Demand" Discovered During Suspension

I note that the "Amended Demand" was filed on September 25, 2025, prior to the suspension. I have no access to this document, as I am not registered for the WebFile portal. All prior communications have been via email, the established protocol for my pro se participation. The Claimant has not shared this pleading with me via this established channel.

To prepare for any potential future proceedings and to ensure I am not prejudiced by lack of access, I request that the Tribunal, as part of its management of this suspended case:

- Direct the Claimant to provide me with a copy of the "Amended Demand" via email; and
- Require the Claimant to explain in writing why it departed from the established email protocol for this filing.

These requests are made to uphold procedural fairness during this suspension period and to prevent prejudice to my ability to understand the full scope of the case should it continue. I appreciate the Tribunal's attention to these administrative matters. Respectfully,

Graciela Dela Torre
Pro Se Respondent

On Tue, Dec 9, 2025 at 10:43 AM Damian Vallejo <dvallejo@dvmlaw.com> wrote:

> Dear Parties,
>
> I have considered Claimant's request to extend the suspension of the arbitration for two months and, given the upcoming Holidays, Claimant's representative planned time off and the lack of prejudice to the parties, the request is hereby granted.  The arbitration will remain suspended until February 12, 2026.
>
> Kind regards,
>
> Damian Vallejo
>
> Sole Arbitrator
>
> ---
>
> **From:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>
> **Sent:** Monday, December 8, 2025 2:07 PM
> **To:** Damian Vallejo <dvallejo@dvmlaw.com>; Gracie Dlt <gmestiza1@gmail.com>
> **Cc:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
> **Subject:** Re: Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189
>
> Arbitrator Vallejo,
>
> On behalf of the Complainant, Nippon Life Insurance Company of America, I'd like to request a two month extension of the deadline to render the Respondent's outstanding payment for the arbitrator's fees - from December 12, 2025 to February 12, 2026. The extension is necessary to provide the Complainant with time to pursue remedies to compel compliance and payment. A two month

timeframe is necessary since the holidays, new year, and planned time off will impede a quick resolution of this issue.

Since the arbitration is, and for the time being will remain, suspended, a two month extension will not prejudice any party.

Best,

Justin Wax Jacobs

ジャスティン　ワックス　ジェイコブス

Assistant General Counsel

Nippon Life Benefits

666 Third Avenue, Suite 2201

New York, NY 10017

Mobile:  646-630-4923

E-mail:  j-waxjacobs@nipponlifebenefits.com

---

**From:** Damian Vallejo <dvallejo@dvmlaw.com>
**Sent:** Monday, December 8, 2025 12:06 PM
**To:** Wax Jacobs, Justin (NY) <J-WaxJacobs@nipponlifebenefits.com>; Gracie Dlt <gmestiza1@gmail.com>
**Cc:** ICDR Sabriyah Samsudeen <SabriyahSamsudeen@adr.org>
**Subject:** Nippon Life Insurance Company of America v. Graciela Dela Torre - Case 01-25-0000-4189

Dear Parties,

Please find attached today's order suspending the proceedings.

Kind regards,

Damian Vallejo

Sole Arbitrator

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**.

---

📄 **Dela Torre+ICDR Demand for Cure.pdf**
440K

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**Arbitration No.: 01-25-0000-4189**
**In the Matter of the Arbitration Between:**
**Nippon Life Insurance Company of America** Claimant
-and-
**Graciela Dela Torre** Respondent

**PETITION FOR DETERMINATION OF LACK OF SUBJECT MATTER JURISDICTION AND FOR DISMISSAL OF ARBITRATION PROCEEDING**

**I. Statement of Facts**

1. The Contract: On January 24, 2024, the parties executed a Settlement Agreement dismissing Case No. 1:22-cv-07059 (N.D. Ill.).

2. **Section 3.6:** Mandates binding arbitration administered exclusively under AAA-Commercial Arbitration Rules, with each party bearing its own costs.

3. **Section 5.8:** Mandates that the contract shall be governed and construed **under Illinois law.**

4. **Section 4:** Restricts disclosure of the agreement unless necessary for exact enforcement.

5. **Sections 5.2 & 3.2:** Prohibit oral modifications or reliance on extracontractual representations.

6. The Deviations: On January 28, 2025, Claimant requested, applied, INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION ("ICDR") International Rules, international fees, a New York venue, and Eastern Time based on Claimant's parent company nationality, absent authorizing contract language.

7. AAA Availability: The AAA Commercial Rules framework is fully operational, but the AAA and Claimant have declined to utilize it.

8. Parallel Administrative Record: On November 18, 2025, Respondent filed a demand for Commercial Rules. The AAA reassigned the matter to Employment Rules, declining to administer under the contract terms.

9. Procedural Impossibility: Consequently, due to the administrative forum's material variance from the strict procedural mandates of the Settlement Agreement, the Court's Order Compelling Arbitration has rendered performance impossible according to its essential contractual terms.

**AVERMENTS OF NON-COMPLIANCE AND CONTRACTUAL VARIANCE:**

10. Sec. 4: Claimant disclosed the agreement to an unauthorized forum (ICDR) outside the scope of exact enforcement.

11. Sec. 5.8: The current administration applies New York venue guidelines, international cost schedules, and Eastern Time, in variance with the Illinois choice-of-law mandate.

12. Sec. 5.2: The substitution of ICDR rules constitutes a material modification without Respondent's written consent.

13. Sec. 3.2: Claimant introduced international structural representations to the AAA outside the text of the contract.

14. Sec. 3.6: Claimant offered to assume Respondent's share of fees via email on March 23, 2026, altering the contractually mandated cost allocation.

**Protest:** Respondent participates strictly under protest with an express reservation of rights.

15. Impossibility: Consequently, due to these compounding administrative deviations from the Settlement Agreement, the Court's Order Compelling Arbitration has rendered performance impossible according to its essential contractual terms.

**II. CONCLUSIONS OF LAW ON THRESHOLD JURISDICTIONAL DEFECTS**

16. Governing Legal Framework: Pursuant to Section 5.8, the Settlement Agreement must be construed and interpreted strictly under the substantive contract law of the State of Illinois.

17. Materiality of the Forum Selection: The contractually specified framework, the AAA acting in accordance with its Commercial Arbitration Rules under Section 3.6, constitutes an essential and integral part of the agreement to arbitrate.

18. Unenforceability Under Controlling Precedent: Under Illinois law, when the selection of a specific arbitral forum and its accompanying rules forms an integral part of the arbitration agreement, the failure to utilize that designated forum renders the provision unenforceable. As held in *Carr v. Gateway, Inc.*, 241 Ill. 2d 15 (2011), such failure deprives a non-designated tribunal of subject matter jurisdiction.

19. Inapplicability of Statutory Substitution: The *Carr* court determined that Section 5 of the Federal Arbitration Act (9 U.S.C. § 5), authorizing judicial appointment of a substitute arbitrator, cannot be invoked to revive an agreement where "the specific designation of the [designated forum] as the exclusive arbitration forum is an integral part of the arbitration clause." *Carr*, 241 Ill. 2d at 20-21.

20. Legal Distinction from Seventh Circuit Precedent: This matter is legally distinguishable from *Green v. U.S. Cash Advance Illinois, LLC*, 724 F.3d 787 (7th Cir. 2013). In *Green*, the designated forum ceased to exist, presenting objective, physical unavailability. Conversely, the contractually designated AAA Commercial Arbitration Rules framework is fully operational. The administrative body and Claimant have declined to implement it, establishing a contractual non-compliance rather than objective unavailability.

21. Impossibility of Performance: Because the AAA has not administered this dispute under its Commercial Arbitration Rules, performance of the arbitration provision in Section 3.6 cannot be executed according to its express terms.

22. Absence of Waiver: Respondent's continuous participation under express protest and formal reservation of rights precludes a finding of waiver, acquiescence, or implied consent to an alternative arbitral forum or rule set.

23. Contractual Abandonment Through Non-Compliance: The multiple deviations from Sections 4, 5.8, 5.2, 3.2, and 3.6 collectively demonstrate that Claimant has departed from the essential terms of the contract.

24. Lack of Subject Matter Jurisdiction: As a matter of law, this Tribunal lacks subject matter jurisdiction over the dispute. Consequently, any award issued by this Tribunal would be *void ab initio* for lack of jurisdiction.

### III. PRAYER FOR RELIEF

WHEREFORE, Respondent Graciela Dela Torre respectfully requests that the Arbitrator:

1. Rule upon this Petition and declare that this Tribunal lacks subject matter jurisdiction over the present dispute prior to convening any preliminary hearings, scheduling conferences, or procedural sessions;

2. *Declare that the arbitration agreement contained within Section 3.6 of the Settlement Agreement is unenforceable under the controlling precedent of Carr v. Gateway, Inc.;*

3. Dismiss this arbitration proceeding in its entirety with prejudice; and

4. Close the administrative case file and cancel all currently scheduled hearings, conferences, and procedural deadlines.

Respectfully submitted,
Graciela Dela Torre, Pro Se Respondent
Kane County, Elgin, IL 60123
(630) 670-5914 | gmestiza1@gmail.com

NOTICE: Because this Tribunal lacks subject matter jurisdiction over this dispute, and three previous petitions/filings involving this identical issue have been ignored, Respondent authorizes the forwarding to other parties, to avoid appearance of ex-parte communications. Furthermore Defendants will only submit unredacted medical documentation after the Arbitrator rules on this threshold Petition for Determination of Lack of Subject Matter Jurisdiction and Dismissal, which is presented for immediate adjudication prior to any preliminary hearing.