**BC**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**
6/5/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**AXM**

GRACIELA DELA TORRE,  )
Plaintiff,  )
 )
v.  ) Case No. 1:22-cv-07059
 ) Honorable Rebecca R. Pallmeyer
NIPPON LIFE INSURANCE COMPANY  )
OF AMERICA,  )
Defendant.  )

**PLAINTIFF'S NOTICE OF PROCESAL INCONSISTENCY IN DKT. 121: "NO POSITION" STATEMENT THAT LITIGATES THE MERITS — VIOLATING *CORSENTINO*, FRCP 8(b)(6), 12(f), AND LOCAL RULE 7.1**

**JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(b)**

Plaintiff Graciela Dela Torre, proceeding pro se, notifies the Court of a procedural inconsistency in Defendant's "Statement of No Position" [Dkt. 121] and requests judicial notice under Federal Rule of Evidence 201(b).

### I. THE INCONSISTENT FILING AND PROCEDURAL CONTRADICTION

1. On June 1, 2026, Defendant filed a document titled "Statement of No Position in Response to OpenAI's Motion to Reassign" [Dkt. 121].

2. The document explicitly states: *"Nippon takes no position on the relief sought by OpenAI in its Motion."* (Dkt. 121 at 1).

3. Yet, the document dedicates three (3) pages to substantive legal arguments, including:

- Asserting OpenAI's position is "wrong" and "incorrect" (Dkt. 121 at 2-3);
- Contending that Plaintiff's prior cases are "not currently pending" before this Court (id. at 3); and
- Citing specific docket entries to support these contentions (id.).

4. **A true "No Position" statement serves as a neutral procedural waiver, not a vehicle for substantive opposition. The contrast is clear:**

| "No Position" Standard | Defendant's Dkt. 121 |
| --- | --- |
| Declares neutrality | Attacks OpenAI's position |
| Defers to the Court | Instructs the Court on how to rule |
| Offers no substantive argument | Cites docket records and makes factual assertions |
| One sentence or paragraph | Three (3) pages of argument |

5. This inconsistency creates a procedural ambiguity: Is Nippon neutral, or does it oppose OpenAI's motion? The document attempts to be both. It seeks to influence the Court's decision without assuming the procedural responsibility of filing a formal opposition brief.

### II. APPLICABLE LEGAL FRAMEWORK AND PRACTICES

6. **Silence Enforcement:** *United States v. Corsentino*: In *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir. 1982), the Second Circuit held that a "no position" designation mandates absolute silence. A party cannot issue a text that bears upon or influences the judge's evaluation. The Court stated:

> *"A plausible interpretation is that... the Government would make no comment to the sentencing judge, either orally at sentencing or in writing prior to sentencing, that bears in any way upon the type or severity of the sentence to be imposed." Id.* at 50.

7. **Implied Admission:** FRCP 8(b)(6): Under Federal Rule of Civil Procedure 8(b)(6), asserting neutrality waives active defense positions. A party who fails to deny an allegation admits it. By filing a "Statement of No Position," Defendant impliedly represented that there was nothing to deny. Litigating the merits outside proper adversarial filings renders those extra-procedural arguments void.

8. **Striking Immaterial Matter:** FRCP 12(f): Federal Rule of Civil Procedure 12(f) empowers courts to strike self-contradictory, immaterial, or irregular filings that declare one stance while performing the opposite action. The Rule provides:

   *"The court may strike from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter."* Fed. R. Civ. P. 12(f).

9. **Procedural Surrender:** Local Rule 7.1 and Established Practice: Standard federal practice, reflected in Northern District of Illinois Local Rule 7.1 (duty to confer and state position), treats non-opposition or "no position" as a waiver of the right to present argument. See *Teang v. GMAC Mortgage LLC*, No. CIV S-11-0024 MCE DAD PS (E.D. Cal. 2011) (treating a statement of non-opposition as procedural surrender). Proper remedies require filing a formal opposition or seeking leave to withdraw the waiver. See *Cobb v. Mendoza-Powers*, No. 1:10-cv-00642 (E.D. Cal. 2012).

### III. CONSEQUENCES AND REQUEST FOR JUDICIAL NOTICE

10. This procedural defect creates three (3) options for the Court:

| Option | Legal Basis | Effect |
| --- | --- | --- |
| 1 | FRCP 12(f); *Corsentino*, 685 F.2d 48 | Strike Dkt. 121 in its entirety |
| 2 | FRCP 8(b)(6); Local Rule 7.1 | Disregard the three (3) pages of argument |
| 3 | FRE 201(b) | Take judicial notice of the inconsistency |

11. Plaintiff does not seek immediate sanctions or request that the Court strike Dkt. 121 at this time. Instead,

12. Plaintiff requests judicial notice of Docket Entry 121 as an indisputable matter of public court record under Federal Rule of Evidence 201(b)(2).

13. Public federal dockets, including filings in related federal proceedings before the same court, are proper subjects of judicial notice. See *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

14. This notice is submitted without waiver of, and expressly preserving, all prior objections and rights. Plaintiff requests the Court note this internal contradiction as it bears directly upon the credibility and consistency of counsel's representations , as potential witnesses or individuals with discoverable information , in evaluating the pending motions.

## IV. CONCLUSION

15. Plaintiff respectfully requests that the Court:

- A. Take judicial notice of Docket Entry 121 in Case No. 1:22-cv-07059 pursuant to Fed. R. Evid. 201(b); and
- B. Consider this procedural inconsistency, if appropriate, in evaluating the pending Motion to Dismiss [Dkt. 55] and Motion to Stay Discovery [Dkt. 58] in the above-captioned matter.

16. This submission is made without waiver of, and expressly preserving, all prior objections and rights

NOTICE OF ASSISTANCE AND SEALED RECORDS:
Plaintiff Graciela Dela Torre received limited assistance preparing this document, reviewed its contents, and adopts them as her own. To protect her privacy, Plaintiff's medical records are under seal see (Dkt. 45), Case No. 1:22-cv-07059 (Dkt. 72), and Case No. 1:25-cv-01483 (Dkt. 182).
CERTIFICATE OF SERVICE
I certify that on this date I filed the foregoing document through the Court's Pro Se electronic filing portal, which will serve all parties of record.
/s/ Graciela Dela Torre

Dated: June 5, 2026
Respectfully submitted,
/s/ Graciela Dela Torre Pro Se
Kane County, Elgin, IL 60123
(630) 670-5914
gmestiza1@gmail.com