**BC**

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
6/10/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**EE**

GRACIELA DELA TORRE,                    )

Plaintiff,                              )

                                        ) Case No. 1:25-cv-01483 AND

v.                                      ) Case No. 1:22-cv-07059

                                        )

NIPPON LIFE INSURANCE COMPANY ) Hon. Rebecca R. Pallmeyer

OF AMERICA, et al.,                     )

Defendants.                             )

PLAINTIFF'S NOTICE OF FORMAL COMPLIANCE DEMAND: REQUIRING THAT THE REFERRED INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION (ICDR) PROCEEDING (CASE NO. 01-25-0000-4189) VACATE ADMINISTERED RULES TRACKS WITHIN THREE (3) BUSINESS DAYS PURSUANT TO SECTIONS 5.2, 3.2, 3.6, AND 5.8 OF THE AGREEMENT UNDER *CARR V. GATEWAY, INC.*, 241 ILL. 2D 15 (2011), AND RECORDING THE RECENT <u>TERMINATION AND ADMINISTRATIVE CLOSURE OF THE PRELIMINARY AAA EMPLOYMENT RULES TRACK (CASE NO. 01-25-0005-7312)</u>

Plaintiff, Graciela Dela Torre, appearing *pro se*, respectfully requests that counsel align all post-settlement proceedings with the Settlement Agreement within three (3) business days from the date of this filing.

The following items are submitted for review and performance within three (3) business days:

1. ICDR Case No. 01-25-0000-4189: Counsel is requested to withdraw the active international rules track. Under *Carr v. Gateway, Inc.*, 241 Ill. 2d 15 (2011), an international framework departs from Section 3.6 and lacks the mutual written execution required by Section 5.2. Evidence of this assignment is preserved in the July 7, 2025 ICDR letter attached as Exhibit A.

2. AAA Case No. 01-25-0005-7312: The record incorporates notice that this preliminary employment track is administratively closed. As confirmed by Exhibit B, substituting Employment Rules for contractually required Commercial Arbitration Rules demonstrates the inapplicability of alternative frameworks under *Carr*.

3. Electronic Court Delivery Systems: Counsel is requested to rely exclusively upon automated electronic delivery and filing platforms under the Northern District of Illinois Local Rules. Standard electronic delivery avoids procedural friction and physical delivery at Plaintiff's residence, as noted at Docket 193.

4. Evidence Preservation: Notice is given to preserve all internal records, log entries, communications, and case files connected to ICDR Case No. 01-25-0000-4189, closed AAA Case No. 01-25-0005-7312, and the civil docket timeline in the case summary attached as Exhibit C. Any modification of these records will be addressed through ordinary spoliation review.

In the absence of a withdrawal of the international rules track within three (3) business days, Plaintiff will seek resolution through the appropriate judicial channels under federal common law and Illinois law to ensure full adherence to the express terms of the Settlement Agreement.

Executed: June 10, 2026

Respectfully submitted,

/s/ Graciela Dela Torre Pro Se

Kane County, Elgin, IL 60123

(630) 670-5914 | gmestiza1@gmail.com



International Centre
Thomas Ventrone, Esq.
ICDR Vice President
120 Broadway, 21st Floor
New York, NY 10271
Telephone: (212)484-4181
Fax: (212)246-7274

July 7, 2025

**Via Email**

Justin Wax Jacobs
Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
Via Email to: j-waxjacobs@nipponlifebenefits.com

Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Via Email to: gmestiza1@gmail.com

Case Number: 01-25-0000-4189

Nippon Life Insurance Company of America
-vs-
Graciela Dela Torre

Dear Party Representatives,

The issue before the ICDR Administrative Review Council is whether the filing requirements contained in the applicable rules/procedures have been met by Claimant in the above-referenced matter. After careful consideration of the comments submitted by the parties and review of the documents in our possession, the ICDR Administrative Review Council has made an administrative determination that Claimant has met the filing requirements by filing a Notice of Arbitration providing for administration by the ICDR/AAA under its Rules and/or Procedures. Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the ICDR will proceed with the administration of this matter.

However, the parties' contentions have been made a part of the file and will be available to the Tribunal upon appointment. The parties may submit their jurisdictional or arbitrability arguments to the Tribunal for a final determination.

At this stage the arbitration may proceed and a strike and rank list will be distributed.

Sincerely,

/s/

Sabriyah   Samsudeen
Senior Case Administrator
(212) 484-4143
SabriyahSamsudeen@adr.org



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

120 Broadway
Floor 21 – Intake
New York, NY 10271
Telephone: (856)435-6401

February 26, 2026

Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Via Email to: gmestiza1@gmail.com

Justin Wax Jacobs
Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
Via Email to: j-waxjacobs@nipponlifebenefits.com

**Case Number: 01-25-0005-7312**

Graciela Dela Torre
-vs-
Nipton Life Insurance Company of America

Dear Parties:

The outcome of our preliminary administrative review, which is subject to review by the arbitrator, is that this dispute will be administered in accordance with the AAA's Employment/Workplace Arbitration Rules and Mediation Procedures and Employment Due Process Protocol, which can be found on our website, www.adr.org. Please note that the AAA's administrative review is not an opinion on whether the arbitration agreement, the contract or plan, or any part of them is legally enforceable, nor is it a determination regarding the arbitrability of the dispute.

**Accordingly, we request that the employer pay its share of the filing fee in the amount of $2,100.00 on or before March 28, 2026. Upon receipt of the balance of the filing fee, the AAA will proceed with administration. The employer's share of the fee is due regardless of whether the case settles or is withdrawn.**

Please note payment should be submitted by credit card or electronic check. A secured paylink will be forthcoming with instructions to submit payment.

In the event, a check is the only method that you can provide payment, please make the check payable to the American Arbitration Association and include a reference to the case number. Checks should be mailed to 120 Broadway, Floor 21 – Intake, New York, NY 10271. In the event that payment is being made by a third party, such as an insurance company, please request that payment be sent directly to the business' representative. The business' representative should then forward payment to the AAA in accordance with the foregoing instructions.

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay all of the arbitrator's fees and expenses.

Please note: no answering statement or counterclaim is due at this time. The AAA will notify the parties of the response deadlines when all fees have been received.

**We would like to remind the employer that Under the Costs of Arbitration Section of the Employment/Workplace Arbitration Rules and Mediation Procedures, the "employer's full share is due as soon as the employee meets his or her filing requirements, even if the matter settles or is withdrawn". This notice confirms that employee's filing requirements have been met.**

We hope that this situation does not escalate to this level, but we want you to be aware that it is the policy of the AAA that if an employer does not comply with our request to pay the administrative fees stated in the Employment/Workplace Arbitration Rules and Mediation Procedures, the AAA may decline to administer future cases involving that employer. In addition, the employer may be requested to remove the AAA as the provider organization from their employment arbitration clauses.

If you have any questions, please email the Employment Filing Team at employmentFiling@adr.org and we will be happy to assist you.

Sincerely,

Employment Filing Team
employmentFiling@adr.org
(856) 679-4610

cc:



120 Broadway
Floor 21 – Intake
New York, NY 10271
Telephone: (856)435-6401

April 6, 2026

Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Via Email to: gmestiza1@gmail.com

Justin Wax Jacobs
Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
Via Email to: j-waxjacobs@nipponlifebenefits.com

Case Number: 01-25-0005-7312

Graciela Dela Torre
-vs-
Nippon Life Insurance Company of America

Dear Parties:

The Respondent has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the Claimant will be refunded under separate cover.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:

Query    Reports    Utilities    Help    Log Out

APPENTENG,TERMED

## United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-01483

Dela Torre v. Nippon Life Insurance Company of America
Assigned to: Honorable Rebecca R. Pallmeyer
Cause: 42:402 Social Security Benefits

Date Filed: 02/12/2025
Date Terminated: 09/22/2025
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Graciela Dela Torre**                                  represented by **Graciela Dela Torre**
653 Wing St.
Elgin, IL 60123
630-670-5914
Email: gmestiza1@gmail.com
PRO SE

V.

**Defendant**

**Davies Life & Health, Inc.**                           represented by **Joseph R. Jeffery**
*TERMINATED: 08/28/2025*                                 Chittenden, Murday & Novotny, LLC
*formerly known as*                                      303 West Madison
Disability Management Services, Inc. ("DMS")             Suite 2400
*TERMINATED: 08/28/2025*                                 Chicago, IL 60606
(312)281-3600
Fax: Active
Email: jjeffery@cmn-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allsup, LLC**                                          represented by **Robert Brunner**
*TERMINATED: 08/28/2025*                                 Robert Brunner
Kilpatrick Townsend Stockton LLP
500 W. Madison
Ste 3700
Chicago, IL 60661
312-281-1103
Email: bbrunner@ktslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nippon Life Insurance Company of America**             represented by **Justin Aaron Wax Jacobs**
Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
(646) 630-4923
Fax: Pro Hac Vice
Email: j-waxjacobs@nipponlifebenefits.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**OpenAI Foundation**

**Movant**

**OpenAI Group PBC**

**Counter Claimant**

**Nippon Life Insurance Company of America**  represented by  **Justin Aaron Wax Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Graciela Dela Torre**

**Counter Claimant**

**Nippon Life Insurance Company of America**  represented by  **Justin Aaron Wax Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Graciela Dela Torre**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2025 | 1 | RECEIVED Complaint and no copies by Graciela Dela Torre. (Exhibits) (Received at the Intake Counter on 2/12/25.) (ph, ) (Entered: 02/12/2025) |
| 02/12/2025 | 2 | CIVIL Cover Sheet. (Received at the Intake Counter on 2/12/25.) (ph, ) (Entered: 02/12/2025) |
| 02/12/2025 | 3 | APPLICATION by Plaintiff Graciela Dela Torre for leave to proceed in forma pauperis. (Received at the Intake Counter on 2/12/25.) <br><br> (ph, ) (Entered: 02/12/2025) |
| 02/12/2025 | 4 | PRO SE Appearance by Plaintiff Graciela Dela Torre. (Received at the Intake Counter on 2/12/25.) (ph, ) (Entered: 02/12/2025) |
| 02/12/2025 | | CASE ASSIGNED to the Honorable Edmond E. Chang. Designated as Magistrate Judge the Honorable Jeannice W. Appenteng. Case assignment: Random assignment. (Civil Category 2). (ph, ) (Entered: 02/12/2025) |
| 02/12/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (ph, ) (Entered: 02/12/2025) |
| 02/18/2025 | 6 | MINUTE entry before the Honorable Edmond E. Chang: On review of the in forma pauperis application, the motion is granted given financial indigency. On review of the complaint, R. 1, however, a jurisdictional inquiry is needed. The Plaintiff relies on federal-question jurisdiction because the alleged misconduct by the Defendants prevented her from receiving Social Security benefits. R. 1, para. 4. But the Plaintiff identifies no **federal** cause of action for the alleged misconduct. Instead, the claims are based on, in essence, state law fraud and deceptive-practices claims. Put another way, the claims are analogous to a legal-malpractice claim against a lawyer for negligently pursuing a Social Security benefits case: the claim would not arise under federal law, but instead on state law. On or before 03/12/2025, the Plaintiff shall file a Jurisdictional Memorandum explaining why there is subject matter jurisdiction over the case. If there is no jurisdiction in federal court, then the case will be dismissed without prejudice to refiling the case in state court, which is likely where this case belongs. The Court notes that there is a Pro Se Help Desk staffed with volunteer lawyers. Information is at https://www.ilnd.uscourts.gov/Pages.aspx?/2+UWDbtVzCDq3Lu8BusuQ==. To track the case only (no appearance is required, the case will not be called), a tracking status hearing is set for 03/21/2025 at 8:30 a.m. Emailed notice (mw, ) (Entered: 02/18/2025) |
| 02/26/2025 | 7 | CIVIL Cover Sheet (Received via pro se email on 2/26/2025) (emc, ) (Entered: 02/26/2025) |
| 03/10/2025 | 8 | AMENDED complaint by Graciela Dela Torre against All Defendants (Received via pro se email on 3/10/2025) (emc, ) (Entered: 03/10/2025) |
| 03/10/2025 | 9 | MEMORANDUM regarding magistrate judge jurisdiction by Graciela Dela Torre (Received via pro se email on 3/10/2025) (emc, ) (Entered: 03/10/2025) |
| 03/10/2025 | 10 | CERTIFICATE of Service by Graciela Dela Torre (Received via pro se email on 3/10/2025) (emc, ) (Entered: 03/11/2025) |
| 03/12/2025 | 11 | ATTORNEY Appearance for Defendant Davies Life & Health, Inc. by Joseph R. Jeffery (Jeffery, Joseph) (Entered: 03/12/2025) |
| 03/12/2025 | 12 | Jurisdictional Memorandum Confirming This Court's Subject Matter Jurisdiction STATEMENT by Davies Life & Health, Inc. (Attachments: # 1 Exhibit A - Declaration of Nicole Bitzas)(Jeffery, Joseph) (Entered: 03/12/2025) |

| | | |
|---|---|---|
| 03/14/2025 | 13 | MINUTE entry before the Honorable Edmond E. Chang: On review of the Amended Complaint, R. 8, the Jurisdictional Memorandum filed by the Plaintiff, R. 9, and the Jurisdictional Memorandum filed by Defendant Davies Life & Health, Inc., R. 12, there does appear to be federal-question jurisdiction for the fiduciary-duty claim under ERISA, at least as to Davies Life & Health. Whether the other claims against other Defendants comes within supplemental jurisdiction remains to be seen. At this point, the Plaintiff shall proceed to effectuate service, either by obtaining waivers of service or accomplishing service (see Civil Rule 4(d)(1), 4(h)). The deadline to accomplish service is set for 04/28/2025. If the Plaintiff wishes the Marshals Service to effectuate service, then the Plaintiff must complete and file USM-285 (Marshals Service) forms for each Defendant by 03/23/2025. The Plaintiff shall file a status report on service by no later than 04/18/2025. The tracking status hearing of 03/21/2025 is reset to 04/04/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 03/14/2025) |
| 03/17/2025 | 15 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff having provided USM-285 forms for Defendants Allsup, LLC, and Nippon Life Insurance Company of America, the Clerk of Court is directed to issue summonses as to those Defendants and provide the summonses and the USM-285 forms, R. 14, to the U.S. Marshals Service. Given the grant of in forma pauperis status, the Marshals Service is appointed to effectuate service. Emailed notice (mw, ) (Entered: 03/17/2025) |
| 03/17/2025 | 16 | SUMMONS Issued (Court Participant), along with USM 285 form(s), certified copy of order dated 3/17/2025 to the U.S. Marshal's Office for service as to Defendants Allsup, LLC, Nippon Life Insurance Company of America via email. (Attachments: # 1 Summons)(emc, ) (Entered: 03/17/2025) |
| 04/03/2025 | 17 | MINUTE entry before the Honorable Edmond E. Chang: The tracking status hearing of 04/04/2025 is reset to 04/25/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The Court will check with the Marshals Service on the status of service. Emailed notice (mw, ) (Entered: 04/03/2025) |
| 04/03/2025 | 20 | Proof of Delivery. (Attachments). by Graciela Dela Torre. (Received by Box.Com on 4/3/25). (gcy, ) (Entered: 04/04/2025) |
| 04/04/2025 | 18 | ATTORNEY Appearance for Defendant Allsup, LLC by Robert Brunner (Brunner, Robert) (Entered: 04/04/2025) |
| 04/04/2025 | 19 | WAIVER OF SERVICE returned executed by Allsup, LLC. Allsup, LLC waiver sent on 3/24/2025, answer due 5/23/2025. (Brunner, Robert) (Entered: 04/04/2025) |
| 04/04/2025 | 21 | AFFIDAVIT of Service filed by Plaintiff Graciela Dela Torre regarding summons and amended complaint served on Davies Life & Health, Inc., Allsup, LLC, and Nippon Life Insurance Company of America. (Exhibits)(Received via pro se email on 4/4/2025) (emc, ) (Entered: 04/07/2025) |
| 04/04/2025 | 22 | REQUEST by Plaintiff Graciela Dela Torre for entry of default against Allsup, LLC (Exhibits) (Received via pro se email on 4/4/2025)<br><br>(emc, ) (Entered: 04/07/2025) |
| 04/04/2025 | 23 | CERTIFICATE of Service by Plaintiff Graciela Dela Torre (Received via pro se email on 4/4/2025) (emc, ) (Entered: 04/07/2025) |
| 04/07/2025 | 24 | MOTION by Defendant Davies Life & Health, Inc. to reassign case<br><br>(Jeffery, Joseph) (Entered: 04/07/2025) |
| 04/07/2025 | 25 | NOTICE of Motion by Joseph R. Jeffery for presentment of motion to reassign case 24 before Honorable Edmond E. Chang on 4/16/2025 at 08:30 AM. (Jeffery, Joseph) (Entered: 04/07/2025) |
| 04/08/2025 | 26 | PETITION by Plaintiff Graciela Dela Torre for leniency and MOTION for protective order (Exhibits) (Received via pro se email on 4/8/2025)<br><br>(emc, ) (Entered: 04/08/2025) |
| 04/08/2025 | 27 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-23317365. *Application for Justin Wax Jacobs*<br><br>(Attachments: # 1 Exhibit New York Certificate of Good Standing, # 2 Exhibit New Jersey Certificate of Good Standing) (Wax Jacobs, Justin) (Entered: 04/08/2025) |
| 04/09/2025 | 28 | MINUTE entry before the Honorable Edmond E. Chang: Justin W. Jacobs's motion to appear pro hac vice for Defendant Nippon Life Insurance Company of America 27 is granted. Emailed notice (mw, ) (Entered: 04/09/2025) |
| 04/09/2025 | 29 | MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the docket, Defendant Allsup LLC waived service, and its response is due on 05/23/2025. R. 19. For that reason, and also because service by mail (even certified mail) is not effective, see R. 20, 22, the motion 22 for default is denied. Counsel have appeared for the other two defendants, Davies Life and Health and, separately, Nippon Life Insurance. (2.) The Plaintiff's petition for leniency 26 is terminated without prejudice as unnecessary in that the general requirement of interpreting pro se filings liberally is always applied and there is no need for a motion. (3.) On Defendant Davies Life and Heath's motion 24 to reassign as related to 1:22-cv-07059, ordinarily a reassignment motion must be filed in the lower-numbered case. But the motion is really seeking a finding that this case is the refiling of a previously dismissed case. With that understanding, the Plaintiff shall file a response as to why this case should not be considered the refiling of 1:22-cv-07059, by 04/21/2025. The Defendants may reply by 04/28/2025. The Court notes that there does not appear to be a statement of conferral (or attempted conferral) as required by Judge Chang's Case Management Procedures. All parties must comply with that requirement going forward. For now, as to all |

| | | Defendants, any response deadlines earlier than 05/23/2025 are reset to 05/23/2025. The notice of motion for 04/16 is vacated. The tracking status hearing of 04/25/2025 remains in place for now. Emailed notice (mw, ) (Entered: 04/09/2025) |
|---|---|---|
| 04/09/2025 | 30 | REQUEST by Plaintiff Graciela Dela Torre for entry of default and affidavit in support (Received via pro se email on 4/9/2025)<br><br>(emc, ) (Entered: 04/09/2025) |
| 04/09/2025 | 31 | MEMORANDUM by Nippon Life Insurance Company of America in Opposition to motion for default judgment 30 *and for leave to waive service per Rule 4(d)* (Attachments: # 1 Exhibit Exhibit A - Plaintiff's Certificate of Service)(Wax Jacobs, Justin) (Entered: 04/09/2025) |
| 04/10/2025 | 32 | MOTION by Plaintiff Graciela Dela Torre to strike defendant nippon's untimely opposition and renewed request for entry of default judgment pursuant to Rule 55(b) 31 (Received via pro se email on 4/10/2025)<br><br>(emc, ) (Entered: 04/10/2025) |
| 04/10/2025 | 33 | EXHIBIT B by Graciela Dela Torre (Received via pro se email on 4/10/2025) (emc, ) (Entered: 04/10/2025) |
| 04/10/2025 | 34 | AMENDED AFFIDAVIT confirming proper service in compliance with Rule 4 and Illinois law filed by Plaintiff Graciela Dela Torre (Exhibits) (Received via pro se email on 4/10/2025) (emc, ) (Entered: 04/10/2025) |
| 04/11/2025 | 35 | MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the Plaintiff's motions and filings 30 32 33 34 asking to deem Defendant Nippon Life Insurance in default, the motions are denied. A prior order of the Court stated that certified mail is not a proper way to effectuate service. R. 29. Despite this, the Plaintiff asserts that service by certified mail on Nippon Life is effective. R. 32 at 2, R. 33 at 3, R. 34 at 2. None of the authorities cited by the Plaintiff support that proposition. Indeed, even giving the pro se Plaintiff the benefit of expansive leeway, the reliance on the citations is frivolous. (A.) Civil Rule 4(e)(1) simply refers to the state law of the forum for service, and the Plaintiff's citation to 735 ILCS 5/2-203.1 does not at all address service by certified mail. Instead, Section 2-203.1 simply allows plaintiffs to move for authorization to serve by alternative means. The Plaintiff has not obtained an order with that authorization. (B.) The citation to Kirkland v. American Title Ins. Co., "692 F. Supp. 153, 155 (N.D. Ill. 1988)," R. 33 at 3, is no help. The case was decided by the Eastern District of New York, not the Northern District. Neither the pinpoint page (at 155) or any other part of the opinion deals with service of summons, let alone certified mail (the term "certified mail" does not appear in the opinion). (C.) The citation to United States v. Balan, 2013 WL 5539296 (N.D. Ill. Oct. 7, 2013), is also incorrect: the Westlaw citation number brings up a case from Louisiana state court, Trahan v. Verret, 2013 WL 5539296 (La. App. Ct. 2013). A search for a case title with that name in 2013 in the Northern District results in no cases. (D.) The citation to People ex rel. Devine v. $30,700.00 U.S. Currency, 199 Ill. 2d 142 (2002), does not apply here, because Devine was an Illinois state forfeiture case governed by completely different statutes governing notice of forfeiture. 199 Ill.2d at 149-50. (E.) Lastly, the citation in the two most recent filings, R. 33 at 3, R. 34 at 2, to In re Marriage of Schmitt, 391 Ill. App. 3d 1010, 101617 (2d Dist. 2009), makes no sense because that case deals with a dissolution of marriage and has no discussion at all about service of process (let alone by certified mail). The citations wasted judicial resources. (2.) Given the absence of effective service, Nippon Insurance's request, R. 31, to waive service is granted. The response to the complaint is due on 06/09/2025. (3.) The Court emphasizes the need for the Plaintiff to respond as directed in the order of 04/09/2025, R. 29, that is, to explain why this case should not be considered a refiling of 1:22-cv-07059. Emailed notice (eec) (Entered: 04/11/2025) |
| 04/11/2025 | 36 | MOTION by Plaintiff Graciela Dela Torre to place defendant's bad faith pattern on record and request judicial notice and equitable relief (Received via pro se email on 4/11/2025)<br><br>(emc, ) (Entered: 04/14/2025) |
| 04/11/2025 | 37 | MOTION by Plaintiff Graciela Dela Torre for judicial notice of prior regulatory sanctions against defendant Nippon Life Insurance Company of America (Received via pro se email on 4/11/2025)<br><br>(emc, ) (Entered: 04/14/2025) |
| 04/16/2025 | 38 | MOTION by Plaintiff Graciela Dela Torre to withdraw document #36 and substitute corrected filing (Exhibits) (Received via pro se email on 4/16/2025)<br><br>(emc, ) (Entered: 04/16/2025) |
| 04/17/2025 | 39 | MINUTE entry before the Honorable Edmond E. Chang: The Plaintiff's motion 38 to withdraw R. 36 is granted only insofar as R. 36 is terminated as withdrawn and has no operative effect. No other relief sought in R. 37 and R. 38 are granted. Instead, the only relevant issue at this point in this case is whether this case is a refiling of a previously dismissed case. See R. 29, R. 35(3). The response on that issue is the only filing that the Plaintiff should be filing at this point. Emailed notice (mw, ) (Entered: 04/17/2025) |
| 04/21/2025 | 40 | RESPONSE by Plaintiff Graciela Dela Torre to dkt. 29: statement that case no. 1:25-cv-01483 is not a refiling of case no. 1:22-cv-07059 (Exhibits) (Received via pro se email on 4/21/2025) (emc, ) (Entered: 04/21/2025) |
| 04/21/2025 | 41 | EXHIBIT A by Graciela Dela Torre (Received via pro se email on 4/21/2025) (emc, ) (Entered: 04/21/2025) |
| 04/24/2025 | 42 | MINUTE entry before the Honorable Edmond E. Chang: The defense reply on the issue of whether this is the refiling of a previously dismissed case remains due on 04/28/2025, see R. 29. The tracking status hearing of 04/25/2025 is reset to 05/02/2025 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Emailed notice (mw, ) (Entered: 04/24/2025) |

| 04/28/2025 | 43 | RESPONSE by Defendant Davies Life & Health, Inc. to Response 40 *and Its Reply In Support of Motion to Reassign Related Case or Find it is a Refiling of Prior Case (Combined)* (Jeffery, Joseph) (Entered: 04/28/2025) |
|---|---|---|
| 04/28/2025 | 44 | REPLY by Defendant Nippon Life Insurance Company of America to Response 40 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Wax Jacobs, Justin) (Entered: 04/28/2025) |
| 04/29/2025 | 45 | SUR-REPLY in further response to dkt. 29 by Plaintiff Graciela Dela Torre (Exhibits) (Received via pro se email on 4/29/2025) (emc, ) (Entered: 04/29/2025) |
| 04/29/2025 | 46 | SUR-REPLY by Plaintiff Graciela Dela Torre in response to 43 (Exhibits) (Received via pro se email on 4/29/2025) (emc, ) (Entered: 04/29/2025) |
| 04/29/2025 | 47 | ==REQUEST by Plaintiff Graciela Dela Torre for judicial notice regarding arbitration clause and unauthorized third-party involvement (Received via pro se email on 4/29/2025)==<br><br>(emc, ) (Entered: 04/29/2025) |
| 04/29/2025 | 48 | MINUTE entry before the Honorable Edmond E. Chang: On review of the complaint, and the filings discussing whether this case is a refiling of a previously dismissed case, Dela Torre v. Nippon Life Insurance, 1:22-cv-07059, the Court concludes that this case indeed is primarily a refiling of the prior case. As best as can be discerned, at least five of the eight claims in this case (in the amended complaint, R. 8), are actually variations on the claim alleged in the prior case, that is, that Nippon Life Insurance wrongfully terminated the Plaintiff's long-term disability benefits. are re-alleged in this case. Indeed, when the judge presiding over the prior case refused to re-open the case, the Plaintiff filed the amended complaint to name Nippon Life Insurance. Compare R. 8 (amended complaint) with 1:22-cv-07059, R. 95. Under these circumstances, the Court recommends to the Executive Committee that this case be reassigned to the calendar of the judge presiding over the previously dismissed case, 1:22-cv-07059. The status hearing of 05/02/2025 for Judge Chang is vacated. On these grounds, the motion 24 to reassign is terminated as unnecessary. Emailed notice (mw, ) (Entered: 04/29/2025) |
| 04/29/2025 | 50 | MOTION by Plaintiff Graciela Dela Torre to clarify scope of claims, reserve right to pursue post-settlement misconduct, and for leave to amend and file medical evidence under seal (Received via pro se email on 4/29/2025)<br><br>(emc, ) (Entered: 04/30/2025) |
| 04/30/2025 | 49 | MINUTE entry before the Executive Committee: Case reassigned to the Honorable Judge Rebecca R. Pallmeyer for all further proceedings pursuant to Local Rule 40.3(b)(2). Mailed notice (Attachments: # 1 Request for Reassignment) (emc, ) (Entered: 04/30/2025) |
| 05/06/2025 | 51 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has reviewed Ms. Dela Torre's recent submissions and Judge Chang's orders. Plaintiff is directed to show cause within 14 days why this case should not be dismissed as duplicative of her earlier lawsuit. Mailed notice. (cp, ) (Entered: 05/06/2025) |
| 05/20/2025 | 52 | RESPONSE to order to show cause 51 and MOTION by Plaintiff Graciela Dela Torre for leave to file second amended complaint (Exhibits) (Received via pro se email on 5/20/2025)<br><br>(emc, ) (Entered: 05/20/2025) |
| 05/20/2025 | 53 | RECEIVED SECOND AMENDED Complaint and no copies by Graciela Dela Torre (Exhibits) (Received via pro se email on 5/20/2025) (emc, ) (Entered: 05/20/2025) |
| 05/20/2025 | 54 | MOTION by Plaintiff Graciela Dela Torre to file exhibit H under seal (Received via pro se email on 5/20/2025)<br><br>(emc, ) (Entered: 05/20/2025) |
| 05/20/2025 | 55 | WAIVER of service returned unexecuted as to Nippon Life Insurance Company of America, filed by Graciela Dela Torre. (Received via pro se email on 5/20/2025) (emc, ) (Entered: 05/20/2025) |
| 05/20/2025 | 56 | WAIVER of service returned unexecuted as to Allsup, LLC, filed by Graciela Dela Torre. (Received via pro se email on 5/20/2025) (emc, ) (Entered: 05/20/2025) |
| 05/21/2025 | 57 | MOTION by Plaintiff Graciela Dela Torre for rule 11 sanctions for bad faith filings and misrepresentations (Received via pro se email on 5/21/2025)<br><br>(emc, ) (Entered: 05/22/2025) |
| 05/21/2025 | 58 | MOTION by Plaintiff Graciela Dela Torre for leave to file supplemental complaint under rule 15(d) (Exhibits) (Received via pro se email on 5/21/2025)<br><br>(emc, ) (Entered: 05/22/2025) |
| 05/22/2025 | 59 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for leave to file Exhibit H under seal 54 is granted. The court will take no further action in this case until Defendants have been served with process. Mailed notice. (cp, ) (Entered: 05/22/2025) |
| 05/23/2025 | 60 | SUPPLEMENTAL clarification regarding service and RESPONSE by Plaintiff Graciela Dela Torre to minute entry dkt. 59 (Received via pro se email on 5/23/2025) (emc, ) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/23/2025 | 61 | SUPPLEMENTAL RESPONSE by Plaintiff Graciela Dela Torre to dkt. 51 (Received via pro se online portal on 5/23/2025) (emc, ) (Entered: 05/23/2025) |
| 05/29/2025 | 62 | SUPPLEMENT to dkt. 34 - service affirmation and exhibits A-C by Graciela Dela Torre (Received by mail in the Clerk's Office on 5/29/2025, postmarked 5/22/2025) (emc, ) (Entered: 05/29/2025) |
| 05/29/2025 | 63 | MOTION by Plaintiff Graciela Dela Torre for appointment of pro bono counsel or to refer my case to the pro bono program (Received via pro se online portal on 5/29/2025)<br><br>(emc, ) (Entered: 05/30/2025) |
| 06/02/2025 | 64 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: As it appears the three Defendants have appeared through counsel, they are directed to file their answers or otherwise plead, as previously directed by Judge Chang, on June 9, 2025. Plaintiff's motion for attorney representation 63 is denied; the court does not appoint counsel in civil cases, such as this one. The court will on some occasions request that a lawyer enter an appearance on behalf of an indigent litigant but declines to do so at this time, absent a showing that Plaintiff has made efforts to find counsel on her own and that she has a meritorious claim that she is incapable of pursuing on her own. Mailed notice. (cp, ) (Entered: 06/02/2025) |
| 06/04/2025 | 65 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has directed Defendants to file responsive pleadings. The court notes that Plaintiff has moved for leave to file a second amended complaint 53 and also seeks leave to file a supplemental complaint 58 . The court construes her more recent motion 58 as one seeking leave to file a third amended complaint, and grants that motion. The earlier motion 53 is denied as moot. The Clerk is directed to docket the third amended complaint (58, Exhibit A) as the operative pleading. In directing Defendants to respond, the court expresses no opinion on the merits of Plaintiff's claims or any defenses that may be raised. Mailed notice. (cp, ) (Entered: 06/04/2025) |
| 06/04/2025 | 66 | COMPLAINT filed by Graciela Dela Torre; (pg, ) (Entered: 06/05/2025) |
| 06/05/2025 | 67 | MOTION by Defendant Allsup, LLC for extension of time *to file response to Third Amended Complaint*<br><br>(Brunner, Robert) (Entered: 06/05/2025) |
| 06/05/2025 | 68 | MOTION by Plaintiff Graciela Dela Torre clarification or reconsideration regarding operative pleadings and leave to amend one aditional time (Exhibits) (Received via pro se online portal on 6/5/2025)<br><br>(emc, ) (Entered: 06/06/2025) |
| 06/05/2025 | 69 | MOTION by Plaintiff Graciela Dela Torre for clarification and correction of record regarding ex parte misrepresentations and role of "Susan Kelly Lenburg" in courtroom communications (Exhibits) (Received via pro se online portal on 6/5/2025)<br><br>(emc, ) (Entered: 06/06/2025) |
| 06/06/2025 | 70 | MOTION by Defendant Davies Life & Health, Inc. for extension of time *and motion for hearing on status*<br><br>(Attachments: # 1 Exhibit A - Email and Attachments)(Jeffery, Joseph) (Entered: 06/06/2025) |
| 06/06/2025 | 71 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff has submitted both a Second Amended Complaint 53 and a proposed Supplemental Complaint 58 . More recently, she submitted yet another Complaint 66 . Motion for Clarification or Reconsideration 68 and Motion for Clarification and Correction of Record 69 are granted as follows: Plaintiff is advised that there can be just a single operative complaint that stands complete on its own, without additional supplements. Her Second Amended Complaint, the Supplement Complaint, and the June 5 Complaint [53, 66] are all stricken without prejudice. The court directs Plaintiff to submit, on or before June 13, 2025, a Third Amended Complaint that includes all allegations to which she expects Defendants to respond. The parties are directed to communicate with the court only by way of filings in the court record. The courtroom deputy will communicate with parties and counsel only for purposes of scheduling. The dates now set for Defendants' responsive pleading are stricken; all Defendants' answers will be due 21 days after the submission of a single Third Amended Complaint. Defendant Allsup, LLC's motion for an extension of time to respond 67 is denied as moot. Mailed notice. (cp, ) (Entered: 06/06/2025) |
| 06/06/2025 | 72 | MOTION by Plaintiff Graciela Dela Torre for clarification regarding docket entry # 66 , request for correction of service, and request for judicial notice of improper ex parte communication (Received via pro se online portal on 6/6/2025)<br><br>(emc, ) (Entered: 06/09/2025) |
| 06/11/2025 | 73 | MOTION by Plaintiff Graciela Dela Torre for extension of time and renewed request for court-assisted referrment to pro bono program/counsel (Exhibits) (Received via pro se online portal on 6/11/2025)<br><br>(emc, ) (Entered: 06/11/2025) |
| 06/12/2025 | 74 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff seeks clarification of this court's orders and expresses concerns about ex parte communications with court staff. The motion 72 is denied without prejudice. The court confirms that communication with the court should be by way of filings in the court docket. It appears that Defendant has contacted staff with scheduling questions, and Plaintiff has responded with some email submissions of her own. As Defendant's communications do not involve the merits of any party's claims or defenses, the court declines to take judicial notice of any impropriety, but will not consider further emails to court staff from any party in this case. The court has already entered an order directing Plaintiff to file a further amended complaint no later than June 13; that order requires no clarification. The court will set an in-person hearing after Defendants have filed their responses to the anticipated amended complaint. Mailed notice. (cp, ) (Entered: 06/12/2025) |

| | | |
|---|---|---|
| 06/12/2025 | 75 | MOTION by Plaintiff Graciela Dela Torre to modify deadline and for clarification regarding unaddressed filing at Dkt. # 73 . (Exhibits) (Received via pro se online portal on 6/12/25.)<br><br>,<br><br>(ph, ) (Entered: 06/12/2025) |
| 06/12/2025 | 76 | NOTICE by Graciela Dela Torre re MOTION by Plaintiff Graciela Dela Torre for extension of time<br><br>MOTION by Plaintiff Graciela Dela Torre to modify deadline and for clarification regarding unaddressed filing at Dkt. # 73<br><br>75 . (Received via pro se online portal on 6/12/25.) (ph, ) (Entered: 06/12/2025) |
| 06/12/2025 | 78 | MOTION by Plaintiff Graciela Dela Torre to stay of deadline, to clarify and correct the record regarding docket entry 74 , and for judicial notice of prejudicial communication to court staff by defense counsel (Received via pro se online portal on 6/12/2025)<br><br>(emc, ) (Entered: 06/13/2025) |
| 06/13/2025 | 77 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's motion for extension of time and for clarification regarding unaddressed filing 75 is granted in part and denied in part. The unaddressed filing was a motion for an extension of time in which to prepare an amended complaint and a renewed request for recruitment of counsel. Ms. Dela Torre initiated this lawsuit in February 2025. She now seeks a further extension of the time for filing an amended pleading, but her request for nearly 60 days in which to do so (to August 8, 2025) 73 is denied. The court will extend the date by one week, from June 13, 2025 to June 20, 2025. The request for recruitment of counsel is also denied, but Ms. Dela Torre is welcome to contact the court's Pro Se Help Desk. Mailed notice. (cp, ) (Entered: 06/13/2025) |
| 06/13/2025 | 80 | THIRD AMENDED complaint by Graciela Dela Torre against All Defendants (Exhibits) (Received via pro se online portal on 6/13/2025) (emc, ) (Entered: 06/18/2025) |
| 06/16/2025 | 79 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Since June 4, 2025, when the court directed her to submit a single operative complaint 65 , Plaintiff has submitted some six motions for clarification and/or extension of time. The most recent motion to clarify 78 is denied. The court's orders are sufficiently clear. As ordered on June 13 77 , the date for submission of an amended complaint is extended to June 20, 2025, but no further. The court will not consider further submissions from Plaintiff until the proposed amended complaint has been submitted. Mailed notice. (cp, ) (Entered: 06/16/2025) |
| 06/17/2025 | 81 | MOTION by Plaintiff Graciela Dela Torre for reassignment of judge due to appearance of partiality and improper communications (Exhibits) (Received by mail in the Clerk's Office on 6/17/2025, postmarked 6/14/2025)<br><br>(emc, ) (Entered: 06/18/2025) |
| 06/20/2025 | 82 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff having filed her Third Amended Complaint 80 , Defendants are directed to answer or otherwise plead by July 10, 2025. Plaintiff's motion for reassignment of this case 81 is a motion for recusal and is denied without prejudice. Plaintiff's motion raises concerns about alleged inappropriate communications between court staff and opposing counsel; asserts that opposing counsel has engaged in "throw the rock and hide the hand" conduct; and objects to the court's rulings. The court has already reminded all parties that appropriate communication is by way of motion filed in the court docket. Neither alleged improper conduct by defense counsel nor disagreement with the court's rulings are a sufficient basis for recusal. Mailed notice (ags) (Entered: 06/20/2025) |
| 06/20/2025 | 83 | MOTION by Plaintiff Graciela Dela Torre to compel the court to identify the basis for characterizing an ex parte communication as "scheduling" and to correct the record accordingly (Received via pro se online portal on 6/20/2025)<br><br>(emc, ) (Entered: 06/23/2025) |
| 06/25/2025 | 84 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's motion "to compel the court to identify the basis for characterizing an ex parte communication as 'scheduling' and to correct the record accordingly" 83 is granted in that the court will print and place in the docket all of the email communications it has received in this case. The motion is otherwise denied. Mailed notice (ags) (Entered: 06/25/2025) |
| 06/30/2025 | 85 | EXHIBIT H to be docketed as Dok.54-1 (Redacted Version) by Graciela Dela Torre (Exhibits) (Received by mail in the Clerk's Office on 6/30/2025, postmarked 6/20/2025) (emc, ) (Entered: 06/30/2025) |
| 07/01/2025 | 86 | MOTION by Defendant Allsup, LLC for extension of time *of seven days to file response to Third Amended Complaint*<br><br>(Brunner, Robert) (Entered: 07/01/2025) |
| 07/02/2025 | 87 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for extension of time 86 is granted. Defendant Allsup, LLC is granted an additional 7 days, to and including 7/11/2025 to files its response to the Third Amended Complaint. Mailed notice. (cp, ) (Entered: 07/02/2025) |
| 07/02/2025 | 88 | OBJECTION by Plaintiff Graciela Dela Torre to extention of timeobjection to prejudicial language and preservation of record (Received via pro se online portal on 7/2/2025) (emc, ) (Entered: 07/02/2025) |
| 07/07/2025 | 89 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court perceives no "prejudicial language" in counsel's neutral explanation of his need for a modest extension of the time to respond to Plaintiff's Third Amended Complaint 86 , |

| | | and has granted that request 87 . Plaintiff's objection 88 is overruled. Mailed notice. (cp, ) (Entered: 07/07/2025) |
|---|---|---|
| 07/07/2025 | 90 | MOTION by Defendant Nippon Life Insurance Company of America for extension of time *to respond to pleadings*<br><br>(Wax Jacobs, Justin) (Entered: 07/07/2025) |
| 07/08/2025 | 91 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Nippon Life Insurance Company of America's motion for a 21 day extension of time to respond to pleadings 90 is granted. Defendant's deadline to respond to Third Amended Complaint is extended up to and including 8/1/2025. Mailed notice. (cp, ) (Entered: 07/08/2025) |
| 07/08/2025 | 92 | PETITION by Plaintiff Graciela Dela Torre for relief due to Pacer access denial. (Received via Box.com on 07/08/25) (aee, ) (Entered: 07/10/2025) |
| 07/08/2025 | 93 | PETITION by Plaintiff Graciela Dela Torre to remedy unfair CM/ECF mptofocatopm disparity. (Received via Box.com on 07/08/25) (aee, ) (Entered: 07/10/2025) |
| 07/08/2025 | 94 | PETITION by Plaintiff Graciela Dela Torre for relief due to Pacer access denial. (Received via Box.com on 07/08/25) (aee, ) (Entered: 07/10/2025) |
| 07/08/2025 | 95 | MOTION by Plaintiff Graciela Dela Torre to compel verification of counsel's medical hardship or, in the alternative, to require substitution of counsel (Exhibits). (Received via Box.com on 07/08/25) (aee, ) (Entered: 07/10/2025) |
| 07/08/2025 | 96 | REQUEST by Plaintiff Graciela Dela Torre for Judicial Conference with the Executive Committee regarding Dkt. 84 promise to docket Jude 3 email and procedural misrepresentations in Dkt. 65, 66, and 74 (Exhibits). (Received via Box.com on 07/08/25) (aee, ) (Entered: 07/10/2025) |
| 07/09/2025 | 97 | NOTICE of correction to civil cover sheet by Graciela Dela Torre. (Received via Box.com on 07/09/25) (aee, ) (Entered: 07/10/2025) |
| 07/10/2025 | 98 | ANSWER to amended complaint *(AND AFFIRMATIVE DEFENSES)* by Davies Life & Health, Inc.(Jeffery, Joseph) (Entered: 07/10/2025) |
| 07/10/2025 | 99 | MOTION by Defendant Davies Life & Health, Inc. for judgment on the pleadings *and*<br><br>, MOTION by Defendant Davies Life & Health, Inc. to dismiss<br><br>(Jeffery, Joseph) (Entered: 07/10/2025) |
| 07/10/2025 | 100 | MEMORANDUM by Davies Life & Health, Inc. in support of motion for judgment on the pleadings, motion to dismiss 99 (Attachments: # 1 Exhibit A - Nippon Welfare Benefits Plan)(Jeffery, Joseph) (Entered: 07/10/2025) |
| 07/11/2025 | 101 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Allsup, LLC<br><br>(Brunner, Robert) (Entered: 07/11/2025) |
| 07/11/2025 | 102 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Allsup, LLC *(Memorandum of Law in Support)*<br><br>(Brunner, Robert) (Entered: 07/11/2025) |
| 07/11/2025 | 103 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's petition to "remedy unfair CM/ECF notification disparity" notes that the Clerk has been sending duplicate notices to Nippon's attorney, Justin Wax Jacobs. The petition 93 is granted in that the Clerk is directed to limit notices to Mr. Jacobs to a single notification. Plaintiff's motion to compel verification of counsel's medical hardship 95 is denied. The court does not routinely require submission of medical records in support of a request for a continuance. Plaintiff notes that she did provide medical documentation in support of her own difficulties, but those difficulties did not prevent her from initiating this case, or from preparing three complaints since initiating this lawsuit in February; the court thus granted only a limited extension of the time for her to file yet another amended complaint 77 . Ms. Dela Torre's request for a conference with the Executive Committee 96 is denied without prejudice, and the court will forward that request to the court's Executive Committee for the Committee's consideration. Defendant Davies Life & Health's motion for judgment on the pleadings 99 and Defendant Allsup LLC's motion to dismiss [101, 102] are entered and continued for briefing. Plaintiff's responses are due August 22, 2025; replies are due on September 5, 2025. Mailed notice. (cp, ) (Entered: 07/11/2025) |
| 07/14/2025 | 104 | MOTION by Plaintiff Graciela Dela Torre for administrative reassignment due to appearance of impropriety and clerk misconduct pursuant to local rule 40.3(d) (Received via pro se online portal on 7/14/2025)<br><br>(emc, ) (Entered: 07/15/2025) |
| 07/14/2025 | 105 | NOTICE of judicial irregularities regarding dkts. 86, 87, 88 & 89 by Graciela Dela Torre (Received via pro se online portal on 7/14/2025) (emc, ) (Entered: 07/15/2025) |
| 07/14/2025 | 106 | NOTICE to the executive committee of patterned omissions, prejudice, and request for oversight by Graciela Dela Torre (Received via pro se online portal on 7/14/2025) (emc, ) (Entered: 07/15/2025) |
| 07/14/2025 | 107 | JUDICIAL NOTICE regarding non-service of dkt. 102, pacer access barriers, and plaintiff's intention to review the certificate of service by Graciela Dela Torre (Exhibits) (Received via pro se online portal on 7/14/2025) (emc, ) (Entered: 07/15/2025) |

| 07/14/2025 | 108 | JUDICIAL NOTICE of false conferral representations by defense counsels Joseph R. Jeffery and Robert W. Brunner by Graciela Dela Torre (Received via pro se online portal on 7/14/2025) (emc, ) (Entered: 07/15/2025) |
| 07/15/2025 | 109 | ORDER: Plaintiff moved "to compel the court to identify the basis for characterizing an ex parte communication as 'scheduling' and to correct the record accordingly." 83 . The court has granted that motion by directing that all of the email communications in this case be docketed together with this entry and placed in the electronic record. The court has prohibited the parties from communicating with the court by email, but concludes that Defendant's communications with the court were indeed non-substantive and limited to scheduling matters. Ms. Dela Torre herself communicated substantive matters by way of email, but both parties have now refrained from this practice. Signed by the Honorable Rebecca R. Pallmeyer on 7/15/2025. Mailed notice. (Attachments: # 1 Exhibit E-mail correspondence)(cp, ) (Entered: 07/15/2025) |
| 07/15/2025 | 110 | MOTION by Plaintiff Graciela Dela Torre for sanctions pursuant to rule 11(b), rule 16(f), and 28 U.S.C. § 1927 (Received via pro se online portal on 7/15/25.)<br><br>(jxm, ) (Entered: 07/16/2025) |
| 07/15/2025 | 111 | JUDICIAL NOTICE regarding pages 1-3 of Dkt. 109-1 by Graciela Dela Torre (Received via pro se online portal on 7/15/25.) (jxm, ) (Entered: 07/16/2025) |
| 07/15/2025 | 112 | JUDICIAL NOTICE regarding pages 4-16 of Dkt. 109-1 by Graciela Dela Torre (Received via pro se online portal on 7/15/25.) (jxm, ) (Entered: 07/16/2025) |
| 07/17/2025 | 113 | NOTICE of clarification and correction to judicial notices dkts. 111 and 112 by Graciela Dela Torre (Received via pro se online portal on 7/17/2025) (emc, ) (Entered: 07/18/2025) |
| 07/17/2025 | 114 | NOTICE by Plaintiff Graciela Dela Torre of defendant's (NLI) failure to respond to rule 11 sanctions motion (dkt. 57) and REQUEST for prompt ruling (Received via pro se online portal on 7/17/2025)<br><br>(emc, ) (Entered: 07/18/2025) |
| 07/18/2025 | 115 | FILED pursuant to the judicial conduct and disability act of 1980 by Graciela Dela Torre (Exhibits) (Received via pro se online portal on 7/18/2025) (emc, ) (Entered: 07/18/2025) |
| 07/18/2025 | 116 | CONFIDENTIAL MEMORANDUM to the executive committee by Graciela Dela Torre (Received via pro se online portal on 7/18/2025) (emc, ) (Entered: 07/18/2025) |
| 07/19/2025 | 117 | MOTION by Plaintiff Graciela Dela Torre for sanctions pursuant to FRCP 11(c) and 28 U.S.C. §1927 against counsel for Davies Life & Health, Inc. (Received via pro se online portal on 7/19/25.) (vkm, ) (Entered: 07/21/2025) |
| 07/21/2025 | 118 | MEMORANDUM by Nippon Life Insurance Company of America in Opposition to motion for order 114 , motion for sanctions 57 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Wax Jacobs, Justin) (Entered: 07/21/2025) |
| 07/22/2025 | 121 | EMERGENCY MOTION by Plaintiff Graciela Dela Torre for temporary restraining order (TRO) against NLI (Exhibits) (Received via pro se online portal on 07/22/25.) (bi, ) (Entered: 07/24/2025) |
| 07/23/2025 | 119 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Nippon has filed a response to Ms. Dela Torre's motion for sanctions, arguing that the motion does not comply with procedural requirements for such a motion and that Ms. Dela Torre's assertions of misconduct on the part of Mr. Jacobs are not true. Defendant has explained the circumstances surrounding its demand for arbitration, an account corroborated by documentary evidence and by Ms. Dela Torre's own submissions. Ms. Dela Torre has leave to file her reply, if any, within 14 days. Mailed notice. (cp, ) (Entered: 07/23/2025) |
| 07/24/2025 | 120 | MOTION by Defendant Allsup, LLC for leave to file *Response to Plaintiff's Motion for Sanctions*<br><br>(Brunner, Robert) (Entered: 07/24/2025) |
| 07/24/2025 | 123 | MOTION by Plaintiff Graciela Dela Torre to strike defendant NLI's dkt 118, untimely response to dkt. 57 as procedurally defective under local rule 78.3(b), FRCP 6(d), and in light of prior granted motions dkts. 37 and 38 (Received via pro se online portal on 7/24/2025)<br><br>(emc, ) (Entered: 07/28/2025) |
| 07/24/2025 | 124 | EMERGENCY MOTION by Plaintiff Graciela Dela Torre to strike defendant Allsup, LLC's motion to dismiss dkt. 102 for non-service, pattern of false certification, and due process violations against disabled litigant (Received via pro se online portal on 7/24/2025)<br><br>(emc, ) (Entered: 07/28/2025) |
| 07/24/2025 | 125 | JUDICIAL NOTICE by Graciela Dela Torre of prior withdrawal of arbitration filings, invalidity of NLI's dkt. 118 exhibits, and invocation of protection under FRCP 11(b) and local rule 83.51.3(a) (Exhibits) (Received via pro se online portal on 7/24/2025) (emc, ) (Entered: 07/28/2025) |
| 07/24/2025 | 126 | JUDICIAL NOTICE by Graciela Dela Torre of procedural non-compliance in NLI's dkt. 90, failure to confer, material inconsistencies between dkt. 90 and dkt. 118, and misuse of litigation tactics in contravention of court directives (Received via pro se online portal on 7/24/2025) (emc, ) (Entered: 07/28/2025) |

| | | |
|---|---|---|
| 07/24/2025 | 127 | NOTICE by Graciela Dela Torre of judicial filing and request for judicial notice (Exhibits) (Received via pro se online portal on 7/24/2025) (emc, ) (Entered: 07/28/2025) |
| 07/25/2025 | 122 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion for leave to file response 120 is granted. Defendant Allsup LLC may respond to Plaintiff's motion for sanctions by August 7, 2025; reply, if any, is due on August 21, 2025. Defendant Nippon is directed to file its response to Plaintiff's motion for TRO 121 also by August 7, 2025; reply in support of that motion is also due on August 21, 2025. Mailed notice. (cp, ) (Entered: 07/25/2025) |
| 07/25/2025 | 131 | JUDICIAL NOTICE of procedural impairment and MOTION by Plaintiff Graciela Dela Torre for relief (Received via pro se online portal on 7/25/2025)<br><br>(emc, ) (Entered: 07/29/2025) |
| 07/26/2025 | 132 | JUDICIAL NOTICE of procedural impairment and MOTION by Plaintiff Graciela Dela Torre for relief (Received via pro se online portal on 7/26/2025)<br><br>(emc, ) (Entered: 07/29/2025) |
| 07/26/2025 | 133 | DEMAND by Graciela Dela Torre to NLI to cease and desist all fedex communications (including signature required) improper service & preserve evidence immediate compliance required (Exhibits) (Received via pro se online portal on 7/26/2025) (emc, ) (Entered: 07/29/2025) |
| 07/26/2025 | 134 | JUDICIAL NOTICE by Graciela Dela Torre of forgery, litigation misconduct, and bad faith submissions by defense counsel Justin Wax Jacobs (NLI) (Exhibits) (Received via pro se online portal on 7/26/2025) (emc, ) (Entered: 07/29/2025) |
| 07/28/2025 | 128 | MEMORANDUM by Nippon Life Insurance Company of America in Opposition to motion for temporary restraining order 121 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Wax Jacobs, Justin) (Entered: 07/28/2025) |
| 07/28/2025 | 129 | MOTION by Defendant Nippon Life Insurance Company of America to enforce *the Court's February 13, 2025 Order Compelling Arbitration*<br><br>, MOTION by Defendant Nippon Life Insurance Company of America to Hold the Plaintiff in Civil Contempt of Court Pursuant to 18 U.S.C. 401(3)<br><br>(Attachments: # 1 Affidavit Affidavit in Support for Civil Contempt, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Wax Jacobs, Justin) (Entered: 07/28/2025) |
| 07/28/2025 | 130 | MOTION by Defendant Nippon Life Insurance Company of America for order *directing the U.S. Marshal or Deputy Marshal to serve the Plaintiff with Nippon's notice of motion to enforce and hold Graciela Dela Torre in Civil Contempt (Dkt. 129).*<br><br>(Wax Jacobs, Justin) (Entered: 07/28/2025) |
| 07/30/2025 | 135 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Defendant Nippon Life Insurance Company's motion for service by the United States Marshals Service 130 is granted. The Marshals are directed to serve Ms. Dela Torre at the address provided by Defendant, upon payment of the appropriate service fees. With respect to Plaintiff's motion for sanctions 110 , Nippon reported that Plaintiff failed to serve Nippon in accordance with the Rule 11(c)(2) safe harbor provision 118 . Her motion to strike Nippon's purportedly untimely response to the motion for sanctions 123 is therefore denied, and her reply in support of that motion remains due on August 6, as previously ordered 119 . With respect to her motion to strike Defendant Allsup, LLC's motion to dismiss, the court directs the Clerk to mail a copy of that motion and the supporting memorandum [101, 102] to Plaintiff at her address of record. This will cure any purported lack of notice, and the motion to strike 124 is therefore denied. On its own motion, the court extends the date for Plaintiff's response to Allsup's motion 101 and to the Davies motion to dismiss [99, 100], to August 29, 2025; replies will be due September 12, 2025. Plaintiff's emergency motion for a temporary restraining order 121 is entered and continued. Defendant Nippon has responded to that motion 128 . Plaintiff's reply, if any, shall be filed no later than August 11, 2025. Defendant Nippon's motion to enforce the court's order compelling arbitration 129 is entered and continued. The court will set a briefing schedule on that motion promptly on notice that Plaintiff has been served by the United States Marshal. Mailed notice. (cp, ) (Entered: 07/30/2025) |
| 07/30/2025 | 136 | SUPPLEMENTAL JUDICIAL NOTICE by Graciela Dela Torre and objection to dkts. 135 & 118 (Exhibits) (Received via pro se online portal on 7/30/2025) (emc, ) (Entered: 07/31/2025) |
| 07/30/2025 | 137 | URGENT MOTION by Plaintiff Graciela Dela Torre for evidentiary hearing pursuant to FRCP 43(c) and the court's inherent authority against defendant's attorney Justin Wax Jacobs & Nippon Life Insurance (NLI) (Exhibits) (Received via pro se online portal on 7/30/2025)<br><br>(emc, ) (Entered: 07/31/2025) |
| 07/31/2025 | | MAILED copy of documents 101 and 102 to Plaintiff. (emc, ) (Entered: 07/31/2025) |
| 07/31/2025 | 138 | JUDICIAL NOTICE by Graciela Dela Torre of material discrepancy in arbitration record in light of defendants' motions at dkts. 128-130 (Exhibits) (Received at the Intake Counter on 7/31/2025) (emc, ) (Entered: 08/01/2025) |

| | | |
|---|---|---|
| 08/01/2025 | 139 | ANSWER to amended complaint , COUNTERCLAIM filed by Nippon Life Insurance Company of America against Graciela Dela Torre . by Nippon Life Insurance Company of America(Wax Jacobs, Justin) (Entered: 08/01/2025) |
| 08/01/2025 | 143 | MOTION by Plaintiff Graciela Dela Torre to (1) Stay arbitration and contempt proceedings; (2) Strike Dkts. 128 , 129 , 130 ; (3) Impose sanctions under FRCP 11 againt Justin Wax Jacobs/Nippon Life Insurance. (Exhibits) (Received via pro se online portal on 8/1/25.) (rp, ) (Entered: 08/04/2025) |
| 08/01/2025 | 145 | CONSOLIDATED OPPOSITION by Plaintiff Graciela Dela Torre to 99 and request for leave to file verified fourth amended complaint (Received via pro se online portal on 8/1/2025) (emc, ) (Entered: 08/05/2025) |
| 08/01/2025 | 147 | EMERGENCY MOTION by Plaintiff Graciela Dela Torre for evidentiary hearing on document fabrication and for sanctions against Justin Wax Jacobs/NLI (Exhibits) (Received via pro se online portal on 8/1/2025)<br><br>(emc, ) (Entered: 08/05/2025) |
| 08/03/2025 | 144 | CONSOLIDATED REPLY by Plaintiff Graciela Dela Torre in support of emergency TRO (dkt. 121) and opposition to defendant Justin Wax Jacobs (NLI) motions dkts 128, 129, & 130 (Exhibits) (Received via pro se online portal on 8/3/2025) (emc, ) (Entered: 08/05/2025) |
| 08/04/2025 | 140 | AMENDED Answer by Nippon Life Insurance Company of America to answer to amended complaint, counterclaim 139 , COUNTERCLAIM filed by Nippon Life Insurance Company of America against Graciela Dela Torre . (Wax Jacobs, Justin) (Entered: 08/04/2025) |
| 08/04/2025 | 141 | MOTION by Counter Claimants Nippon Life Insurance Company of America, Nippon Life Insurance Company of America for joinder *of OpenAI as a Counterclaim Defendant Pursuant to FRCP Rule 19 or, alternatively, FRCP Rule 20*<br><br>(Wax Jacobs, Justin) (Entered: 08/04/2025) |
| 08/04/2025 | 142 | MEMORANDUM by Nippon Life Insurance Company of America in support of motion for joinder, 141 *of OpenAI, Inc. as a Counterclaim Defendant* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Wax Jacobs, Justin) (Entered: 08/04/2025) |
| 08/04/2025 | 146 | DECLARATION of Graciela Dela Torre in support of emergency relief, permanent injunction, and monetary damages against Justin Wax Jacobs & Nippon Life Insurance Company of America (Exhibits) (Received via pro se online portal on 8/4/2025) (emc, ) (Entered: 08/05/2025) |
| 08/04/2025 | 148 | JUDICIAL NOTICE by Graciela Dela Torre regarding clarity of three defendants by name identification (Justin Aaron Wax Jacobs, Joseph R. Jefferry, Robert W. Brunner) to preserve judicial clarity and economy (Received via pro se online portal on 8/4/2025) (emc, ) (Entered: 08/05/2025) |
| 08/05/2025 | 150 | NOTICE of filing by Graciela Dela Torre newly discovered evidence by Nippon Life Insurance Company of America and its counsel Justin Aaron Wax Jacobs: undocketed deposition notice and Transcript by Nippon Life Insurance Company of America (Justin Wax Jacobs) (Exhibits). (Received via pro se portal on 08/05/25) (aee, ) (Entered: 08/06/2025) |
| 08/06/2025 | 149 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: An in-person status hearing is set for 8/28/2025 at 11:30 a.m. in Courtroom 2503. Mailed notice. (cp, ) (Entered: 08/06/2025) |
| 08/06/2025 | 152 | URGENT MOTION by Plaintiff Graciela Dela Torre for retroactive email service of filings (Received via pro se online portal on 8/6/2025)<br><br>(emc, ) (Entered: 08/07/2025) |
| 08/07/2025 | 151 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff has reported that her access to PACER has been limited or even denied (see, e.g., 92 , 94 , 131 , 132 ). Apart from some reported delays in documents appearing in the docket, however, she has not advised of the specific issue she faces. The court notes, further, that Ms. Dela Torre has had no apparent difficulty in filing dozens of documents on the docket, often multiple filings in a single day. Should she need more information about PACER, or want to register for the court's on-line class, Ms. Dela Torre is encouraged to consult the quick reference guide on our court's website: https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_cmecf/quick_reference_0611a.pdf. A link to the court's Training Program appears on page 4. If Plaintiff's PACER access has been fully locked, she should contact 1-800-676-6856 or http://www.pacer.psc.uscourts.gov/register.html for assistance. PACER does not charge users for the first view of any document they seek to access, and the document can be printed at this first view. After the "one free view," PACER does impose charges if a user attempts to review a document multiple times. The petitions "for relief due to PACER access denial" 92 . 94 are denied, as any denial has not prevented Plaintiff from litigating this case aggressively. Mailed notice. (cp, ) (Entered: 08/07/2025) |
| 08/07/2025 | 153 | VERIFIED NOTICE by Graciela Dela Torre of completed service and request for judicial confirmation dkt 10 (later amended), 20, 21, 34 & 62. (valid service on: Allsup 3/11/2025, Davies L&H 3/13/2025 & NLI 3/18/2025) (Received via pro se online portal on 8/7/2025) (emc, ) (Entered: 08/07/2025) |
| 08/07/2025 | 154 | RESPONSE by Allsup, LLCin Opposition to MOTION by Plaintiff Graciela Dela Torre for sanctions<br><br>110 (Brunner, Robert) (Entered: 08/07/2025) |
| 08/08/2025 | 155 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: PACER access should eliminate the need for Plaintiff to receive additional email service of filings. The Urgent Motion for retroactive email service 152 is denied without prejudice |

| | | pending confirmation that Ms. Dela Torre has sought PACER training as directed. Mailed notice. (cp, ) (Entered: 08/08/2025) |
|---|---|---|
| 08/08/2025 | 156 | MOTION by Defendant Davies Life & Health, Inc. for leave to file *Response to Plaintiff's Motions for Sanctions, Instanter*<br><br>(Attachments: # 1 Exhibit 1 - Response to Plf's Mtns for Sanctions)(Jeffery, Joseph) (Entered: 08/08/2025) |
| 08/10/2025 | 157 | OPPOSITION by Plaintiff Graciela Dela Torre to defendant Justin Wax Jacobs' attorney for NLI filings dkt. 128 , 129 , 130 (Exhibits) (Received via pro se online portal on 8/10/2025) (emc, ) (Entered: 08/11/2025) |
| 08/10/2025 | 158 | REPLY by Plaintiff Graciela Dela Torre in support of motion for rule 11 sanctions (dkt. 57 & 114) against Nippon/Justin Wax Jacobs (118) evidence: fedex could not be located, invalidates service (Exhibits) (Received via pro se online portal on 8/10/2025) (emc, ) (Entered: 08/11/2025) |
| 08/10/2025 | 159 | REPLY by Plaintiff Graciela Dela Torre to davies life & health's opposition to motions for sanctions (dkts. 110 & 117) & incorporation of allsup's arguments (dkt. 154) (Exhibits) (Received via pro se online portal on 8/10/2025) (emc, ) (Entered: 08/11/2025) |
| 08/10/2025 | 160 | OPPOSITION by Plaintiff Graciela Dela Torre to defendant Justin Wax Jacobs' attorney for NLI filings dkt. 128 , 129 , 130 (Exhibits) (Received via pro se online portal on 8/10/2025) (emc, ) (Entered: 08/11/2025) |
| 08/10/2025 | 161 | DECLARATION of Graciela Dela Torre in support of emergency relief, permanent injunction, and monetary damages against Justin Wax Jacobs & Nippon Life Insurance Company of America (Exhibits) (Received via pro se online portal on 8/10/2025) (emc, ) (Entered: 08/11/2025) |
| 08/11/2025 | 162 | MOTION by Defendant Nippon Life Insurance Company of America for temporary restraining order *prohibiting Plaintiff, Dela Torre, from communicating with Nippon employees*<br><br>, MOTION by Defendant Nippon Life Insurance Company of America for preliminary injunction *prohibiting Plaintiff, Dela Torre, from communicating with Nippon employees without consent from Nippon's counsel*<br><br>, MOTION by Defendant Nippon Life Insurance Company of America for permanent injunction *prohibiting Plaintiff, Dela Torre, from communicating with Nippon employees without consent from Nippon's counsel*<br><br>(Attachments: # 1 Exhibit A)(Wax Jacobs, Justin) (Entered: 08/11/2025) |
| 08/11/2025 | 163 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff has moved for sanctions against all three Defendants 110 in this case. With respect to Defendant Nippon, Plaintiff contends Nippon has made false statements about service of its demand for arbitration. Her reply in support of this motion 158 includes a copy of a "FedEx Support Ticket" that she believes demonstrates the "shipment [of the arbitration demand] has not been located." But Plaintiff herself has a copy of a label image showing that she did receive the demand on or around January 30, 2025. Nippon has amply demonstrated 118 that its declaration concerning service of that demand was not in fact false, and there can be no dispute that Plaintiff has had timely notice of the demand, so there is no apparent prejudice resulting from statements Plaintiff claims to be false. Nor is a sanction warranted for Defendant Allsup or Davies's e-mail communications to Plaintiff. Plaintiff insists these communications violate Judge Chang's standing order. Whether or not that order remains in effect, and whether or not it was violated, a request for sanctions for what appears to be an effort at courtesy is frivolous. The motion for sanctions 110 is denied. An in-person hearing on remaining motions in this case remains set for August 28, 2025, at 11:30 a.m. Mailed notice. (cp, ) (Entered: 08/11/2025) |
| 08/12/2025 | 164 | CERTIFICATE of Service by Justin Aaron Wax Jacobs on behalf of Nippon Life Insurance Company of America regarding memorandum in support of motion, 142 , MOTION by Counter Claimants Nippon Life Insurance Company of America, Nippon Life Insurance Company of America for joinder *of OpenAI as a Counterclaim Defendant Pursuant to FRCP Rule 19 or, alternatively, FRCP Rule 20*<br><br>141 (Attachments: # 1 Exhibit A)(Wax Jacobs, Justin) (Entered: 08/12/2025) |
| 08/12/2025 | 165 | MOTION by Plaintiff Graciela Dela Torre for judicial notice and request for clarification regarding enforceability of prior order; request for limited stay to retain counsel and abeyance of pacer training requirement (Received via pro se online portal on 8/12/2025)<br><br>(emc, ) (Entered: 08/12/2025) |
| 08/13/2025 | 166 | NOTICE of Voluntary Dismissal of Non-Merits Motions Deference to the Court's guidance Dkt. 163 and Motion for leave to file Medical Document under seal by Graciela Dela Torre. (Received by online pro se portal on 8/13/25). (gcy, ) (Entered: 08/13/2025) |
| 08/13/2025 | 167 | U.S. MARSHAL AFFIDAVIT of Service regarding Summons/Complaint served on Nippon Life Insurance Company of America on 8/12/25. (Received by online pro se portal on 8/13/25). (gcy, ) (Entered: 08/13/2025) |
| 08/13/2025 | 168 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's motion for judicial notice, for clarification, for a limited stay and for abeyance of PACER training requirement 165 is granted in part and denied in part. The court takes notice of the order entered in 22 C 7059 granting the motion to compel arbitration and confirms that the order compelling arbitration is enforceable without the need to reopen the case. The court has reviewed the information furnished by Plaintiff concerning a FedEx shipment, but stands by its determination that Plaintiff has been provided adequate notice of the Nippon's filings and is not prejudiced by any discrepancy in FedEx's records. Recognizing that Plaintiff reportedly suffers from impairments, the court nevertheless denies her request for a limited stay and relief from the direction that she seek |

| | | |
|---|---|---|
| | | PACER training. Despite her limitations, Plaintiff has been able to file dozens of pleadings, often several in a single day. She can continue to do so without PACER training if that is her preference. Delay in resolution of this case will indeed prejudice Defendants. They have been required to review and respond to these multiple pleadings, which include unsupported accusations of misconduct on the part of their attorneys. Such accusations can have an unfair and damaging effect on counsel's professional reputation and militate in favor of a prompt resolution of this case. Plaintiff reports she wishes to retain counsel. She is encouraged to do so promptly. This case remains set for hearing on August 28, 2025, at 11:30 a.m. Plaintiff is advised that it is improper for her to contact employees of a party represented by counsel. Mailed notice. (cp, ) (Entered: 08/13/2025) |
| 08/14/2025 | 169 | MINUTE entry before the Honorable Rebecca R. Pallmeyer:In response to the court's order denying Plaintiff's motion for sanctions 163 , Plaintiff has submitted a "Notice of Voluntary Dismissal of Non-Merits Motions." It appears the motion was submitted prior to the court's ruling on Plaintiff's motion for judicial notice 168 . The Notice of Voluntary Dismissal 163 withdraws a number of motions "not addressing the merits of [Plaintiff's] post settlement claims." Plaintiff has not specifically identified each such motion, but pursuant to the court's understanding of her request, the Clerk is directed to terminate the following requests for relief: 47 57 , 104 , 114 , 117 , 121 , 131 , 132 , and 137 . This case remains set for hearing on August 28 on remaining pending motions. Plaintiff's motion 166 also asks leave to submit medical information set forth in "Exhibit A" under seal. That request is granted, but the court notes that "Exhibit A" has not in fact been filed with the court. Mailed notice. (cp, ) (Entered: 08/14/2025) |
| 08/18/2025 | 170 | CONSOLIDATED MOTION for Compliance, Guidance, Extension of Time, Pro Bono Referral, Supplementation, and Withdrawal by Plaintiff Graciela Dela Torre. (Attachments). (Received via online pro se portal on 8/18/25). (gcy, ) Modified on 8/18/2025 (gcy, ). (Entered: 08/18/2025) |
| 08/20/2025 | 171 | RESPONSE by Nippon Life Insurance Company of America to MOTION by Plaintiff Graciela Dela Torre 170 (Wax Jacobs, Justin) (Entered: 08/20/2025) |
| 08/21/2025 | 172 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff Dela Torre seeks a 21-day continuance to allow her to "review and revise previous filings for clarity and precision," respond to pending motions, and continue her search for counsel. This case has been pending since February 2025, however, and the court believes the settlement agreement Ms. Dela Torre now seeks to challenge requires arbitration of her dispute. She is free to seek guidance from counsel or from the arbitrator, but this federal case is ripe for resolution. The motion for an extension of time 170 is denied. A hearing remains set for August 28, 2025 at 11:30 a.m., at which time Plaintiff may hand-deliver any documents. Her reference to Exhibit A as part of Docket No. 154 is puzzling, as 154 is a submission by Defendant Allsup. As the court has denied Plaintiff's motion for sanctions on the merits 163 , her request for permission to withdraw her motion for sanctions is moot. Mailed notice. (cp, ) (Entered: 08/21/2025) |
| 08/26/2025 | 173 | RETURN of Service of 129 to Graciela Dela Torre on 8/22/2025 by U.S. Marshals (Received via pro se online portal on 8/26/2025) (emc, ) (Entered: 08/28/2025) |
| 08/28/2025 | 174 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: In open court, Plaintiff withdraws her claims against Defendants Davies Life & Health, Inc., and Allsup, LLC. Motions relating to those claims 99 , 101 , 102 are stricken. Counsel for the remaining Defendant (Nippon Life Insurance Company of America) will confer to seek a resolution of Plaintiff's claims against Nippon and Nippon's request for relief via arbitration. Plaintiff and Nippon are directed to file a written status report within 21 days; pending motions are stayed pending receipt of that report. Plaintiff's motion for joinder of OpenAI is entered and continued for briefing as follows: Response is due by 10/16/2025; and reply is due by 11/7/2025. Mailed notice. (cp, ) (Entered: 08/28/2025) |
| 09/17/2025 | 175 | STATUS Report by Graciela Dela Torre (Received via pro se online portal on 9/17/2025) (emc, ) (Entered: 09/17/2025) |
| 09/18/2025 | 176 | STATUS Report by Nippon Life Insurance Company of America (Wax Jacobs, Justin) (Entered: 09/18/2025) |
| 09/18/2025 | 177 | RESPONSE by Plaintiff Graciela Dela Torre to status report 176 (Exhibits) (Received via pro se online portal on 9/18/2025) (emc, ) (Entered: 09/19/2025) |
| 09/18/2025 | 178 | DECLARATION of Graciela Dela Torre regarding defendant's "settlement" communication (Received via pro se online portal on 9/18/2025) (emc, ) (Entered: 09/19/2025) |
| 09/19/2025 | 179 | MINUTE entry before the Executive Committee: On July 8, 2025, Plaintiff Gloria Dela Torre filed a "Request for Judicial Conference with the Executive Committee." (Dkt. 96) On July 11, 2025, Judge Pallmeyer denied her request without prejudice and forwarded the request to the Executive Committee. (Dkt. 103) The Executive Committee has considered document 96 and declines Dela Torre's request. The maintenance of docket entries and whether certain communications should be docketed is a matter for the assigned judge. No further action will be taken by the Executive Committee. The Clerk is directed to email a copy of this order to Ms. Dela Torre at gmestiza1@gmail.com, return receipt requested, pursuant to her pro se appearance form submission waiving the right to receive paper copies in this matter. E-Mailed notice. (lw, ) (Entered: 09/19/2025) |
| 09/22/2025 | | E-MAILED copy of order 179 to gmestiza1@gmail.com. (emc, ) (Entered: 09/22/2025) |
| 09/22/2025 | 180 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court has reviewed the competing status reports filed by Plaintiff Graciela Dela Torre 175 and Defendant Nippon Life Insurance Company 176 . Nippon reports that the Illinois |

| | | Department of Insurance has not confirmed Plaintiff's assertion that she has withdrawn the complaint she filed with that agency. In her report Plaintiff contends the court lacks jurisdiction to enforce the terms of a settlement that resulted in dismissal of an earlier lawsuit, No. 22 C 7059. But it was Plaintiff herself who invoked this court's jurisdiction by initiating this lawsuit. Judge Chang concluded that the court has subject matter jurisdiction to the extent Plaintiff's claims arise under ERISA, at least with respect to Defendant Davies Life & Health, Inc. [12, 13]. Judge Chang ultimately concluded that this case is "primarily a refiling of the prior case." This court agrees. That prior case, No. 22 C 7059, case was settled, and she entered into a settlement agreement that calls for arbitration of disputes arising out of the settlement. Although Plaintiff has made references to "post-settlement misconduct," she identifies no activity that is unrelated to the claims for benefits that she filed in her earlier lawsuit. In her Report, Plaintiff seeks "narrow, process-management guidance." The court provides that narrow guidance as follows: Although Ms. Dela Torre is now dissatisfied with the settlement that she reached months ago, that settlement is binding, as the court has explained. Defendant Davies Life & Health, Inc., and Allsup, LLC have been dismissed from this case. All that is left are Ms. Dela Torre's claims against Nippon. The court concludes those claims are subject to arbitration. She is directed to proceed with arbitration of her disputes. This case, including Nippon's counterclaims, are stayed pending arbitration. All pending motions are stricken. Civil case terminated. Mailed notice. (cp, ) (Entered: 09/22/2025) |
|---|---|---|
| 10/01/2025 | 181 | LETTER from Graciela Dela Torre. (Received via pro se online portal on 10/1/2025) (emc, ) (Entered: 10/01/2025) |
| 10/06/2025 | 182 | EXHIBIT A of Dkt. 166. by Plaintiff Graciela Dela Torre. (SEALED) (td, ) (Entered: 10/06/2025) |
| 10/06/2025 | 183 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The court construes Ms. Dela Torre's recent letter 181 as a motion for reconsideration of the court's order. The court stands by its order and its determination that Ms. Dela Torre's remaining claims are subject to arbitration. The court declines to recruit an attorney to represent Ms. Dela Torre, but she is welcome to contact the court's Hibbler Memorial Pro Se Assistance Program for assistance. https://hibbler-memorial-pro-se-assistance-program.appointlet.com/ Mailed notice. (cp, ) (Entered: 10/06/2025) |
| 10/08/2025 | 184 | NOTICE by Graciela Dela Torre regarding arbitration administrator and objection to ICDR Administration. (Received via pro se portal on 10/8/25) (aee, ) Modified on 10/8/2025 (aee, ). (Entered: 10/08/2025) |
| 10/08/2025 | 185 | RECORD NOTICE: by Graciela Dela Torre Nippon's Bath faith out-contract arbitration filing under ICDR/New York contrary to settlement's AAA commercial administration Dkt. 44-3 and resulting prejudice. (Received via pro se portal on 10/8/25) (aee, ) (Entered: 10/08/2025) |
| 10/10/2025 | 186 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: After Plaintiff's voluntary dismissal of defendants other than Nippon Life Insurance Company, the court concluded that all remaining claims are subject to arbitration 180 . Ms. Dela Torre sought reconsideration of that determination, but on October 6, 2025, the court denied that motion 183 . The court's order staying this case does not constitute a ruling on the merits of Ms. Dela Torre's challenges to the settlement she reached earlier with Nippon, nor on the merits of her claims that Nippon's post-settlement conduct was improper. Those challenges and claims are subject to the arbitration provision of the settlement agreement. This case remains closed on the court's docket, and the court's order staying this case pending arbitration is final and appealable. Mailed notice. (cp, ) (Entered: 10/10/2025) |
| 10/12/2025 | 187 | EXHIBIT JZP - improper arbitration forum filing AAA vs ICDR persuant to the settlement agreement (Justin Aaron Wax Jacobs/Nippon's ongoing bad faith pattern) by Graciela Dela Torre (Received via pro se online portal on 10/12/2025) (emc, ) (Entered: 10/15/2025) |
| 10/17/2025 | 188 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff is reminded that her case is no longer active on the court's docket. She is directed to bring her concerns about an "improper arbitration forum filing" to the attention of the arbitrator. Mailed notice. (cp, ) (Entered: 10/17/2025) |
| 12/08/2025 | 189 | NOTICE of arbitration suspension (for record only) by Graciela Dela Torre (Received via pro se online portal on 12/8/2025) (emc, ) (Entered: 12/10/2025) |
| 01/06/2026 | 190 | MOTION by Defendant Nippon Life Insurance Company of America to enforce *the Court's February 13, 2025 Order Compelling Arbitration and Subsequent Directives to Arbitrate*

(Wax Jacobs, Justin) (Entered: 01/06/2026) |
| 01/06/2026 | 191 | MEMORANDUM by Nippon Life Insurance Company of America in support of motion to enforce 190 *the Court's February 13, 2025 Order Compelling Arbitration and Subsequent Directives to Arbitrate* (Attachments: # 1 Affidavit, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K)(Wax Jacobs, Justin) (Entered: 01/06/2026) |
| 01/08/2026 | 192 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff's response, if any, to the motion to enforce 190 must be filed on or before January 20, 2026; reply due on January 27, 2026. Mailed notice. (cp, ) (Entered: 01/08/2026) |
| 01/10/2026 | 193 | CEASE and desist demand and notice of violation of Illinois rule of professional conduct 4.4(a) Justin Aaron Wax Jacobs' & Nippon Life Insurance Company of America submission of plaintiff photographs to U.S. Marshals & private investigator for the purpose of harassment by Graciela Dela Torre (Received via pro se online portal on 1/10/2026) (emc, ) (Entered: 01/12/2026) |
| 01/10/2026 | 194 | RESPONSE by Graciela Dela Torre in Opposition to 190 (Exhibits) (Received via pro se online portal on 1/10/2026) (emc, ) (Entered: 01/12/2026) |
| 01/12/2026 | 195 | NOTICE of section 3.6 of settlement agreement: "any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association in |

| | | accordance with its commercial arbitration rules by Graciela Dela Torre (Received via pro se online portal on 1/12/2026) (emc, ) (Entered: 01/12/2026) |
|---|---|---|
| 01/13/2026 | 196 | AFFIDAVIT by Defendant Nippon Life Insurance Company of America in Support of MOTION by Defendant Nippon Life Insurance Company of America to enforce *the Court's February 13, 2025 Order Compelling Arbitration and Subsequent Directives to Arbitrate*<br><br>190 *Affidavit of Service* (Attachments: # 1 Exhibit L)(Wax Jacobs, Justin) (Entered: 01/13/2026) |
| 01/20/2026 | 197 | REPLY by Nippon Life Insurance Company of America to response in opposition to motion 194 , MOTION by Defendant Nippon Life Insurance Company of America to enforce *the Court's February 13, 2025 Order Compelling Arbitration and Subsequent Directives to Arbitrate*<br><br>190 (Attachments: # 1 Exhibit M, # 2 Exhibit N)(Wax Jacobs, Justin) (Entered: 01/20/2026) |
| 01/20/2026 | 198 | SUR-REPLY in opposition to motion for contempt, notice to the court of fraud, and judicial notice of misconduct in cases: 1:22-cv-07059 closed feb 2025 arbitration ordered, not retained jurisdiction. 1:25-cv-01483 closed sep 22, 2025 current contempt motion filed here. both cases are closed, yet defendant is using the docket of 1:25-cv-01483 to enforce an order from 1:22-cv-07059 procedurally improper. Arbitration: 01-25-0000-4189 (ICDR) Suspended until feb 12, 2026. fraudulently triggered. 01-25-0005-7312 (AAA Commercial) on hold until feb 13, 2026. correct, active forum. by Plaintiff Graciela Dela Torre (Exhibits) (Received via pro se online portal on 1/20/2026) (emc, ) (Entered: 01/21/2026) |
| 01/20/2026 | 199 | RESPONSE in opposition to motion for contempt and CROSS-MOTION by Plaintiff Graciela Dela Torre for sanctions disqualification and protective order (Received via pro se online portal on 1/20/2026)<br><br>(emc, ) (Entered: 01/21/2026) |
| 02/01/2026 | 200 | DECLARATION in support of motions for sanctions for fraud on a tribunal, bad faith, and abuse of process by Graciela Dela Torre. (Received via pro se online portal on 02/01/2026.) (qrtr, ) (Entered: 02/02/2026) |
| 02/04/2026 | 201 | MOTION by Plaintiff Graciela Dela Torre for judicial notice of adjudicative facts under Fed.R.Evid.201 and supplemental evidence of fraudulent inducement in case no. 1:25-cv-01483(Received via pro se online portal on 2/4/26.) (rp, ) (Entered: 02/05/2026) |
| 03/01/2026 | 202 | MOTION by Plaintiff Graciela Dela Torre for declaratory ruling: the joint stipulation of dismissal is invalid for lack of plaintiff's signature under federal rule of civil procedure 41(a)(1)(A)(ii) (Exhibits) (Received via pro se online portal on 3/1/2026)<br><br>(emc, ) (Entered: 03/02/2026) |
| 03/01/2026 | 203 | PETITION by Plaintiff Graciela Dela Torre for declaratory ruling under Fed. R. Evid. 201, request for judicial notice, and finding of material breach since January 28, 2025 by defendant Nippon Life Insurance Company of America and its counsel Justin Aaron Wax Jacobs (Exhibits) (Received via pro se online portal on 3/1/2026)<br><br>(Attachments: # 1 Notice of Filing)(emc, ) (Entered: 03/02/2026) |
| 03/04/2026 | 204 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff Dela Torre asks the court for a declaratory ruling that the dismissal of her earlier lawsuit against Nippon Life Insurance Company is invalid because her own signature does not appear on the stipulation to dismiss. See Docket No. 34 in Case No. 22 C 7059. The stipulation was signed by Ms. Dela Torre's attorney, however, and, as established at a hearing before this court, the court found by clear evidences that Ms. Dela Torre was advised of and agreed to the terms of a settlement she entered into that resulted in the stipulation. (See Docket No. 94 in Case No. 22 C 7059.) Her repeated challenges to the order dismissing that earlier case pursuant to the stipulation are stricken as frivolous [199, 201]. The motion for a declaratory ruling [202, 203] is denied, and her remaining motions are terminated. Nippon Life Insurance Company's motion to enforce the court's order compelling arbitration 190 is granted. Plaintiff's continued refusal to arbitrate her dispute may be deemed an abandonment of her challenge[s] to the settlement. Mailed notice. (cp, ) (Entered: 03/04/2026) |
| 03/04/2026 | 205 | REQUEST for judicial notice under federal rule of evidence 201 by Plaintiff Graciela Dela Torre (Received via pro se online portal on 3/4/2026)<br><br>(emc, ) (Entered: 03/05/2026) |
| 03/04/2026 | 206 | NOTICE of compliance and gratitude to Judge Rebecca R. Pallmeyer and court staff by Graciela Dela Torre (Received via pro se online portal on 3/4/2026) (emc, ) (Entered: 03/05/2026) |
| 03/15/2026 | 207 | REQUEST by Plaintiff Graciela Dela Torre for judicial notice under Rule 201 and to correct the record (Received via pro se online portal on 3/15/2026)<br><br>(emc, ) (Entered: 03/17/2026) |
| 03/15/2026 | 208 | MOTION by Plaintiff Graciela Dela Torre to compel the court to exercise its inherent authority and to refer evidence of federal crimes by defendant Nippon Life Insurance Company of America and its counsel Justin Aaron Wax Jacobs to the United States Department of Justice (Received via pro se online portal on 3/15/2026)<br><br>(Attachments: # 1 Notice of Filing)(emc, ) (Entered: 03/17/2026) |

| | | |
|---|---|---|
| 03/16/2026 | 209 | REQUEST by Plaintiff Graciela Dela Torre for judicial notice pursuant to Federal Rule of evidence 201 regarding defendant Nippon Life Insurance Company of America and its counsel Justin Aaron Wax Jacobs's false statement under oath about the existence of Carr v. Gateway Inc. (Received via pro se online portal on 3/16/2026)<br><br>(emc, ) (Entered: 03/18/2026) |
| 03/19/2026 | 210 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: This case has been dismissed. Plaintiff's repeated efforts to reopen or challenge the result of this litigation (or of the earlier litigation she recognizes is related, No. 22 C 7059), and her allegations of misconduct on the part of opposing counsel appear to be baseless or irrelevant. Plaintiff made a baseless and demonstrably false allegation against her own previous attorneys in that earlier litigation, as demonstrated at a lengthy evidentiary hearing this court convened. The court now strikes her requests for judicial notice [205, 207, 209] and her motion asking the court to refer Mr. Jacobs for criminal investigation 208 . The court reminds Plaintiff that her remedy for decisions she views as incorrect is an appeal, not further filing in this court. The court again warns that further frivolous challenges will result in a recommendation that the Executive Committee of his court impose a filing restriction. Mailed notice. (cp, ) (Entered: 03/19/2026) |
| 03/19/2026 | 211 | MOTION by Plaintiff Graciela Dela Torre to correct clerical mistake pursuant to Federal Rule of Civil Procedure 60(A) as the February 13, 2025 hearing was only to address dkt. 37, petition to re-open (under seal by defendant's petition). The 07/30/2025 dkt. 137 motion for evidentiary hearing pursuant to FRCP 43(C) and the 08/01/2025 dkt. 147 emergency motion for evidentiary hearing on document fabrication were never conducted. (Received via pro se online portal on 3/19/2026)<br><br>(emc, ) (Entered: 03/20/2026) |
| 03/23/2026 | 212 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Motion to amend/correct 211 is stricken as moot. Mailed notice. (cp, ) (Entered: 03/23/2026) |
| 04/01/2026 | 213 | MOTION by Plaintiff Graciela Dela Torre for civil contempt and order to compel payment of arbitration fees (Received via pro se online portal on 4/1/2026)<br><br>(emc, ) (Entered: 04/02/2026) |
| 04/03/2026 | 214 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: Plaintiff Graciela Dela Torre has filed yet another motion this one, seeking a find of civil contempt and "order to compel payment of arbitration fees." She contends Defendant is "in civil contempt for willful failure to comply with this Court's orders compelling arbitration." She asks, further, that the court order Defendant to pay her share of the AAA filing fee. As Defendant Nippon demonstrated in its own motion to compel arbitration 191 , however, Ms. Dela Torre reported to the arbitrator that she is indigent and cannot pay the arbitration fee and demanded that the arbitrator "immediately order the SUSPENSION OF THIS ARBITRATION." (Exhibit I to "Defendant's Motion to Compel [191-10]) (emphasis original). Ms. Dela Torre added, "For absolute clarity, should Nippon offer to pay my share of the fees, I REFUSE." (Id.) Not surprisingly, the arbitrator has suspended the arbitration proceedings. (Exhibits J,K to Defendant's Motion to Compel [191-11, 12].) Surely Ms. Dela Torre can understand that she is not free to "refuse" payment of her fees by Nippon, on one hand, and demand a finding that Nippon is in contempt for failing to do so, on the other. Her motion 213 is denied. A final reminder: The parties settled this case in an agreement that calls for disputes to be subject to arbitration. Ms. Dela Torre appears to have changed her mind more than once about whether that provision is enforceable. The court has not. Mailed notice. (cp, ) (Entered: 04/03/2026) |
| 04/03/2026 | 215 | NOTICE of record: The only arbitration forum authorized by the settlement agreement is a domestic governed by Illinois law. Defendants NLICOA/JAWJ initiated an international forum, Plaintiff refused, the exhibits cited b y the court in dkt. 214 pertain to the international forum (ICDR). After exhausting all available venues to correct, including filing with this court, Plaintiff, in accordance with the settlement, initiated the domestic frum with Illinois law on November 17, 2025; fee waiver approved. (No action requested this notice is for the sake of the records clarity) by Graciela Dela Torre (Received via pro se online portal on 4/3/2026) (emc, ) (Entered: 04/06/2026) |
| 04/03/2026 | 216 | COMPLETION as the court's minute entry dkt. 214 omitted the following language from exhibit I (dkt. 191-10) by Graciela Dela Torre (Received via pro se online portal on 4/3/2026) (emc, ) (Entered: 04/06/2026) |
| 04/04/2026 | 217 | NOTICE of record: in light of minute entry dkt. 214, the court omitted that Justin Aaron Wax Jacobs attorney for Nippon, himself requested & obtained the suspension approval of the ICDR arbitration exhibit K, dkt. 191-12 contrary of the assertions in the minute entry (No action requested) by Graciela Dela Torre (Received via pro se online portal on 4/4/2026) (emc, ) (Entered: 04/06/2026) |
| 05/15/2026 | 218 | NOTICE by OpenAI Foundation, OpenAI Group PBC *OF FILING MOTION TO REASSIGN* (Attachments: # 1 Exhibit 1) (Mandell, Steven) (Entered: 05/15/2026) |
| 05/18/2026 | 219 | MINUTE entry before the Honorable Rebecca R. Pallmeyer: The parties are directed to file their objections, if any, to reassignment on or before June 1, 2026. Mailed notice. (cp, ) (Entered: 05/18/2026) |