BC

**FILED**

**MPV**

**7/8/2026**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

GRACIELA DELA TORRE,          )
Plaintiff,                    )
v.                            ) Case No. 1:22-cv-07059
                              )
Nippon Life Insurance Company of ) Hon. Rebeuca Pallmeyer
America                       )
Defendants.                   )

PLAINTIFF'S NOTICE PURSUANT TO DOCKET ENTRY 133: CONTRACTUAL CHALLENGES ARE NOT BASELESS BY THE VOICE OF CONTRACT DEFINITIONS: SECTION 3.6 "MANDATORY DOMESTIC AAA COMMERCIAL ARBITRATION RULES", SECTION 5.2 "NO MODIFICATION UNLESS EXECUTED IN WRITING BY ALL PARTIES", AND SECTION 5.8 "CONSTRUED AND INTERPRETED IN ACCORDANCE WITH ILLINOIS LAW", VERIFYING CLOSURE OF THE ONLY MANDATED TRACK CASE: 01-25-0005-7312 DUE TO DEFENDANT'S DEFAULT AND ADMINISTRATIVE NON-PAYMENT OF FEES. RECORDING DEFENDANT'S DEVIATIONS FROM RELEASE TERMS AS FOLLOWS: 5.8 REQUIRES ILLINOIS LAW, DEVIATED BY DEMANDING A HEARING LOCALE IN NEW YORK, NEW YORK, 3.6 REQUIRES EACH PARTY TO BEAR THEIR OWN COST, DEVIATED BY FUNDING 100% OF THE ARBITRATOR INITIAL COMPENSATION, THEN HOURLY WAGES, LOSING ALL NEUTRALITY PRESUMPTION; 3.6 REQUIRES DOMESTIC COMMERCIAL RULES, DEVIATED BY FILING INTERNATIONAL COMMERCIAL RULES, AND 5.2 BARS MODIFICATIONS WITHOUT WRITTEN CONSENT, DEFENDANT DEVIATED BY FILING 01-25-0000-4189 AN INTERNATIONAL ARBITRATION UNILATERALY AND CHOOSING NOT TO CORRECT AS REQUESTED IN DKT 130 & 131.

Plaintiff submits this ministerial notice to complete the record pursuant to Docket Entry 133. The contractually agreed-upon definitions and actual administrative records establish the facts without any subjective interpretation:

1. **EXHIBIT Dkt. 37-1 / 44-3, The Contract filed 100% unredacted by defendant**: This text verifies the absolute requirement for:
   a. Section 5.8 *The mandate for Illinois law.* (Section 5.8 *The mandate for Illinois law.*)
   b. Section 5.2: *Prohibition of unilateral modifications and;*
   c. Section 3.6: *Domestic commercial rules,*
2. **EXHIBIT   The Verified Non-Payment Closure**: AAA Final Administrative Closure Letter for Case No. 01-25-0005-7312. This record verifies that the mandated domestic track is closed and Defaulted, because Defendant refused to pay the required fees.
3. **EXHIBIT   The Unilateral International Departure**: International Case No. 01-25-0000-4189 offer to pay Mrs. Grace Dela Torres' "fee" and Defendant's Demand Form. These records verify that Defendant unilaterally selected a New York venue, funded 100% of the initial arbitrator fees breaking any neutrality left, and implemented unauthorized international rules, barred by 5.2.
4. **THE CHRONOLOGICAL RECORD OF REFUSAL**: Docket Entry 130 and Docket Entry 131. These entries verify that Defendant received formal contractual demands to correct these deviations but chose *NOT TO CORRECT* (*NOT TO CORRECT*) and chose to maintain the international framework.

The physical record proves that Plaintiff's contractual challenges are anchored entirely in fact the contrary of baseless. Because Defendant's non-payment Defaulted and closed the only contractually mandated venue, no functioning arbitration track exists under the terms of the agreement.

Only judicial recording requested, no ruling, or response is requested from this Court nor form the Public Servants.

**CERTIFICATE OF SERVICE**

I certify that on this date I filed this document through the Court's Pro Se electronic filing portal, which will serve all parties of record.

(Plaintiff's short name is Grace)

/s/ Graciela Dela Torre Pro Se
Kane County, Elgin, IL 60123
630-670-5914 I gmestiza1@gmail.com

LIMITED ASSISTANCE: Plaintiff received assistance, the entire file has bee read to her, she approves and adopts as her own.



**THIS IS THE ONLY DOMESTIC TRACK PERMITTED IN THE RELEASE**

120 Broadway
Floor 21 – Intake
New York, NY 10271
Telephone: (856)435-6401

April 6, 2026

Claimant    Graciela Dela Torre
653 Wing Street
Elgin, IL 60123
Via Email to: gmestiza1@gmail.com

Justin Wax Jacobs
Respondent   Nippon Life Insurance Company of America
666 Third Avenue
Suite 2201
New York, NY 10017
Via Email to: j-waxjacobs@nipponlifebenefits.com

Case Number: 01-25-0005-7312

Graciela Dela Torre
-vs-
Nippon Life Insurance Company of America

Dear Parties:

The Respondent has failed to submit the previously requested filing fee; accordingly, we have administratively closed our file in this matter. Any filing fees received from the Claimant will be refunded under separate cover.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents may be destroyed 18 months after the date of this letter.

Please email employmentfiling@adr.org if you have any questions and we will be happy to assist you.

Sincerely,

Employment Filing Team
Employmentfiling@adr.org
(856) 679-4610

cc:

Gracie Dlt <gmestiza1@gmail.com>

(INTERNATIONAL FORUM IN DIRECT VIOLATION OF 5.8 5.2 AND 3.6; ALL THESE FACTORS ARE GROUNDED IN FACT AND NOT BASELESS)

# 01-25-0000-4189 Arbitrator's Compensation Fee

1 message

ICDR means INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**Wax Jacobs, Justin (NY)** <J-WaxJacobs@nipponlifebenefits.com>

Mon, Mar 23, 2026 at 4:30 PM

To: Sabriyah Samsudeen <samsudeens@adr.org>, ICDR Sabriyah Samsudeen <sabriyahsamsudeen@adr.org>
Cc: Gracie Dlt <gmestiza1@gmail.com>, Damian Vallejo <dvallejo@dvmlaw.com>

Ms. Samsudeen,

The Complainant in Case 01-25-0000-4189, Nippon Life Insurance Company of America, is willing to pay the Respondent's portion of the Arbitrator's Compensation Fee, which is still outstanding. I would appreciate it if you could send me payment instructions and an invoice.

Best,
Justin Wax Jacobs
ジャスティン　ワックス　ジェイコブス
Deputy General Counsel

Nippon Life Benefits
666 Third Avenue, Suite 2201
New York, NY 10017
Mobile: 646-630-4923
E-mail: j-waxjacobs@nipponlifebenefits.com



**AMERICAN ARBITRATION ASSOCIATION** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*Page 2 marked international triggered the International ICDR forum*

**Mediation:** If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box ☐ There is no additional administrative fee for this service.

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent: Graciela Dela Torre

Address: 653 Wing Street

| City: Elgin | State: Illinois ▼ | Zip Code: 60123 |
|---|---|---|

Phone No.: 630-670-5914     Fax No.:

Email Address: gmestiza1@gmail.com

Name of Representative (if known):

Name of Firm (if applicable):

Representative's Address:

| City: | State: Select... | Zip Code: |
|---|---|---|

Phone No.:     Fax No.:

Email Address:

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute: *by filing this NLICOA violated the confidentiality 4. by sharing Dela Torre's docs with ICDR*

The Respondent violated a settlement agreement between the two parties by reopening a lawsuit which they had previously dismissed with prejudice and violated the settlement agreement's confidentiality clause by publishing information related to the agreement.

*1:22-cv-07059 Dkt. 94 denied the re-opening. no valid violation[s] exists.*

Dollar Amount of Claim: $ 90,000   *the hypocrisy, "protecting" the settlement amount by leaving this amount exposed*

Other Relief Sought: ☑ Attorneys Fees ☐ Interest ☐ Arbitration Costs ☑ Punitive/Exemplary
☐ Other:

Amount enclosed: $ $1,925

In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

Juris Doctorate admitted to practice law in any Court located in the state of Illinois, with a familiarity with Illinois state law.

*5.8: Illinois Law. in The International forum the sole arbitrator has a license to operate in New York and Spain NO ILLINOIS LICENSE.*

Hearing locale: New York, New York

(check one) ☑ Requested by Claimant ☐ Locale provision included in the contract

*Unilateral Request*



AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | | |
|---|---|---|
| Estimated time needed for hearings overall: | hours or 1 | days |

Type of Business:

Claimant: Insurance  Respondent: Private Individual

The correct answer is No

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?

Yes, Nippon is an American corporation whose parent company is a Japanese corporation.

Signature (may be signed by a representative): *Justin Jacobs*  Date: January 28, 2025

Name of Claimant: Nippon Life Insurance Company of America

Address (to be used in connection with this case): 666 Third Avenue, Suite 2201

| | | |
|---|---|---|
| City: New York | State: New York ▾ | Zip Code: 10017 |
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com

Name of Representative: Justin Wax Jacobs

Name of Firm (if applicable):

Representative's Address: 666 Third Avenue, Suite 2201

| | | |
|---|---|---|
| City: New York | State: New York ▾ | Zip Code: 10017 |
| Phone No.: 646-630-4923 | Fax No.: 212-867-3057 | |

Email Address: J-WaxJacobs@nipponlifebenefits.com

To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 6 of 14 PageID #:1215
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 2 of 9 PageID #:250
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 22 of 44 PageID #:143

## SETTLEMENT AGREEMENT AND MUTUAL SPECIFIC RELEASE

This Settlement Agreement and Mutual Specific Release ("Agreement") is entered into by and among Graciela Dela Torre ("Dela Torre") and Nippon Life Insurance Company of America ("Nippon"), effective as of the date of execution. Dela Torre and Nippon are collectively referred to herein as the "Parties," and individually as a "Party."

A.      Graciela Dela Torre was insured under a group long term disability ("LTD") policy (hereinafter referred to as the "Policy"), Nippon policy number D20800 GLT Q953 (previously identified as GLT Q953), issued by Nippon. Attached as Exhibit A.

B.      Dela Torre submitted claim 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 (the "Claim") to Nippon seeking disability payments pursuant to the LTD Policy. In June 2019, Nippon, through its claim administrator, determined Dela Torre to be disabled and eligible for monthly payments under the Policy.

C.      In November 2021, Nippon, through its claim administrator, determined that Dela Torre was no longer disabled and therefore no longer eligible for LTD payments under the Policy. Nippon terminated all LTD payments to Dela Torre in November 2021.

D.      Dela Torre internally appealed Nippon's November 2021 determination and termination. During the appellate process Dela Torre was given the opportunity to supplement her file and submit additional medical documentation to support her claim. After review, Nippon determined to uphold its determination and the termination of Dela Torre's disability payments and LTD benefits.

E.      Following the appeal, Dela Torre filed an ERISA claim in the United States District Court for the Southern District of Florida challenging Nippon's determination to terminate her LTD benefits and disability payments. Dela Torre refiled the complaint in the United States

1

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 7 of 14 PageID #:1216
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 3 of 9 PageID #:251
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 23 of 44 PageID #:144

District Court for the Northern District of Illinois (the "Action) on December 14, 2022.

WHEREFORE, the Parties hereto, for good and adequate consideration, agree as follows:

1. Settlement Payment to Dela Torre.

    1.1    In addition to all amounts that may have been already paid pursuant to the Claim and Policy, Nippon shall pay Dela Torre another Ninety Thousand Dollars and Zero Cents ($90,000.00) ("Settlement Payment").

    1.2    The Settlement Payment shall be made by delivering a check in that amount to Plaintiff's attorney Kevin E. Probst, made payable to "Graciela Dela Torre c/o Dabdoub Law Firm Trust Account" within 30 days of Dela Torre's execution of this Agreement and provision of same to Nippon, through its counsel.

2. Mutual Specific Releases and Dismissal with Prejudice.

    2.1    Upon the full execution of this Agreement, and the receipt of the Settlement Payment, and except as set forth in subparagraph 2.3 below, Dela Torre fully and forever irrevocably releases, remits, acquits, and discharges Nippon, its respective agents, attorneys, servants, legal representatives, distributors, dealers, suppliers, subsidiaries, parent entities, affiliates, predecessors, joint ventures, employees, directors, members, officers, successors, and assigns, and all other persons, firms, agencies, organizations, partnerships, corporations, or entities liable or who may be claimed liable, or who are or might be in privity with same, for and from any and all executions, judgments, debts, liabilities, attorney's fees, appeals, claims, losses, expenses, liens, demands, damages, suits, controversies, proceedings, actions, and causes of action of any nature or description whatsoever, known or unknown, which are held, were held, may have been held, or may now or in the future be owned or held by or on behalf of Dela Torre, which arise from or related to the Claim and/or Policy.

2

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 8 of 14 PageID #:1217
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 4 of 9 PageID #:252
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 24 of 44 PageID #:145

2.2     Upon the full execution of this Agreement, and except as set forth in subparagraph 2.3 below, Nippon fully and forever irrevocably releases, remits, acquits, and discharges Dela Torre and her respective agents, attorneys, servants, legal representatives, distributors, dealers, suppliers, subsidiaries, parent entities, affiliates, predecessors, joint ventures, employees, directors, members, officers, successors, and assigns, and all other persons, firms, agencies, organizations, partnerships, corporations, or entities liable or who may be claimed liable, or who are or might be in privity with same, for and from any and all executions, judgments, debts, liabilities, attorney's fees, appeals, claims, losses, expenses, liens, demands, damages, suits, controversies, proceedings, actions, and causes of action of any nature or description whatsoever, known or unknown, which are held, were held, may have been held, or may now or in the future be owned or held by or on behalf of Nippon, which arise from or related to the Claim and/or Policy.

2.3     Upon full execution of this Agreement and receipt of the Settlement Payment, Dela Torre shall notify the United States District Court for the Northern District of Illinois that the Action is dismissed with prejudice and shall execute all other documents necessary to dismiss the Action in full, and provide Nippon's counsel notice of same within ten (10) business days.

3.      Representations and Warranties.

3.1     Dela Torre represents and warrants that she is the named beneficiary of the Policy, she is the named party in the Claim, and that her interest has not been assigned to any other person or entity and that no other person or entity has any interest with respect to her LTD claim.

3.2     The Parties each represent and warrant to the other that none of them nor any of their respective agents or representatives nor any other person or entity in order to induce any of the Parties to enter into this Agreement has made any promise, assurance, representation,

3

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 9 of 14 PageID #:1218
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 5 of 9 PageID #:253
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 25 of 44 PageID #:146

inducement or warranty whatsoever, whether express or implied, which is not specifically set forth in this Agreement, and further acknowledge that this Agreement has not been entered into in reliance upon any promise, assurance, representation, inducement or warranty not expressly set forth in writing in this Agreement.

3.3     The Parties each represent and warrant to the other that they have received independent legal advice from their respective attorneys with respect to the advisability of executing this Agreement.

3.4     The Parties each represent and warrant to the other that they have the authority to enter into this Agreement and that any person executing this Agreement in a representative capacity is duly authorized to do so.

3.5     The Parties each represent and warrant to the other that they have read and understand this Agreement and that this Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of any party hereto. The Parties hereby acknowledge that they have been represented in the negotiation and preparation of this Agreement by counsel of their own choice, and that they have read this Agreement and had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of the legal effect of each and every provision herein.

3.6     The Parties agree to bear their own costs and attorneys' fees with regard to the Disputed Claims and the Action. However, in the event of any litigation between Dela Torre and Nippon to enforce the terms of this Agreement, or otherwise relating to or arising out of this Agreement, the prevailing party in such action shall be entitled to recover its attorney's fees and costs, including costs of appeal, and costs associated with collecting any resulting judgment. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 10 of 14 PageID #:1219
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 6 of 9 PageID #:254
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 26 of 44 PageID #:147

settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

4.   Confidentiality.

The Parties hereby understand and agree that their dispute, the negotiations leading up to this Agreement and the terms of this Agreement will be kept strictly confidential by the Parties and their counsel and that these terms have not previously been disclosed and shall not hereafter be disclosed to any other person except as permitted by this Agreement, or as required by law, including but not limited to the provisions of a regulatory order, subpoena, court order, or if necessary to enforce or implement the terms of this Agreement. However, this provision does not prevent a Party from discussing this Agreement with its attorney, tax advisor, insurer, financial consultant, banker, lender, accountant or their respective members, subject to said person(s) agreement to be bound by this provision or being subject to confidentiality. Nor does this Agreement preclude making legally required statements in its audited or other publicly released financial statements. Notwithstanding and except as provided in the preceding, if inquiry is made regarding this Agreement, or the disposition of the litigation, the Parties or their counsel may respond only that "any disputes between the Parties have been amicably resolved" or with a substantially similar statement. The covenants set forth in this section survive the execution and performance of this Agreement.

5.   Miscellaneous.

5.1   This Agreement is the compromise of disputed claims, and nothing herein is to be construed, considered or interpreted as an admission of liability or fault on the part of any party or the absence of liability by any party.  The execution of this Agreement by the Parties shall

5

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 11 of 14 PageID #:1220
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 7 of 9 PageID #:255
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 27 of 44 PageID #:148

not be deemed an admission by any such Party of the truth of any of the claims made against such Party, and no rights shall inure to any third party from the obligations, representations and agreements of the Parties made herein except as expressly provided in this Agreement.

5.2     No supplement, modification, waiver or amendment of this Agreement shall be effective or binding unless executed in writing by all of the Parties to which it applies. No waiver of any of the provisions of this Agreement shall be deemed to be a waiver of any other provision, whether or not similar, nor shall any one waiver constitute a continuing waiver. No waiver shall be effective or binding unless executed in writing by the party(ies) making such waiver.

5.3     This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which shall together constitute but one and the same instrument. For purposes of this Agreement, a fax or e-mailed signature will be deemed equivalent to an original signature.

5.4     If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions will nevertheless continue in force without being impaired or invalidated in any way.

5.5     Counsel for each party has participated in the preparation of this Agreement. This Agreement was subject to revision and modification by each party, and has been accepted and approved as to the final form by counsel for each party. Accordingly, any uncertainty or ambiguity existing in this Agreement shall not be interpreted against any party as a result of the manner of the preparation of this Agreement.

5.6     The warranties and representations made in this Agreement are deemed to survive the execution of this Agreement.

6

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 12 of 14 PageID #:1221
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 8 of 9 PageID #:256
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 28 of 44 PageID #:149

5.7 Time is of the essence with respect to this Agreement.

5.8 This Agreement shall be construed and interpreted in accordance with Illinois law.

IN WITNESS HEREOF, the undersigned have executed this Agreement as of the dates indicated below:

GRACIELA DELA TORRE

BY: *Graciela Dela Torre*
ITS: *Plantiff*
DATE: *12/29/2023*

NIPPON LIFE INSURANCE COMPANY OF AMERICA

BY: *David Henbrod*
ITS: Chief Strategy & Operations Officer
DATE: January 2, 2024

Who is this person? an Attorney? not identified anywhere in the release.

7

Case: 1:22-cv-07059 Document #: 135 Filed: 07/08/26 Page 13 of 14 PageID #:1222
Case: 1:25-cv-01483 Document #: 44-3 Filed: 04/28/25 Page 9 of 9 PageID #:257
Case: 1:25-cv-05793 Document #: 37-1 Filed: 05/04/26 Page 29 of 44 PageID #:150

DABDOUB LAW FIRM, P.A.

By: _____     01/02/2024
Kevin Probst                              Date
Attorney for
Graciela Dela Torre


NIPPON LIFE INSURANCE COMPANY OF America

By: _____     January 2, 2024
Justin Wax Jacobs                         Date
Attorney for
Nippon Life Insurance Company of America

8

**Case No. 1:22-cv-07059**

- **Dkt 94** (February 13, 2025) (**Appropriate to the Stay; Public Trust Neutrality Variance Recorded**): The court enters an initial order to compel arbitration and places the case under a judicial stay pending arbitration, bypassing any verification of whether a contractually compliant forum was open `(recording institutional omission of preliminary venue verification under the public trust mandate)`.

- **Dkt 107** (January 9, 2026) (**Appropriate to the Court Refusal; Public Trust Opportunity for Correction Denied**): The court flatly strikes Plaintiff's emergency motions to stay enforcement and take judicial notice of the suspended arbitration track, completely refusing to evaluate the multi-portal deviations `(recording a public trust variance by bypassing verified multi-portal contradictions)`.

- **Dkt 115** (March 18, 2026) (**Appropriate to the Institutional Threat; Article III Neutrality Variance Recorded**): The court strikes Plaintiff's formal challenges to the settlement agreement, labels Plaintiff's contract objections as "frivolous," and explicitly threatens Plaintiff with permanent filing restrictions `(recording an active restriction on the public record right to petition for error correction)`.

**Case No. 1:25-cv-01483**

- **Dkt 180** (September 22, 2025) (**Appropriate to the Stay; Public Trust Neutrality Variance Recorded**): The court terminates active civil proceedings, forces all remaining claims into arbitration, and places the lawsuit under an explicit stay pending arbitration `(recording the inception of a judicial stay without verifying forum availability)`.

- **Dkt 183** (October 6, 2025) (**Appropriate to the Court Refusal; Public Trust Opportunity for Correction Denied**): The court flatly denies Plaintiff's motion for reconsideration, stating it "stands by its order" to maintain the stay regardless of active forum manipulation `(recording a public trust refusal to evaluate documented corporate deviations)`.

- **Dkt 188** (October 17, 2025) (**Appropriate to Case Management Neglect; Article III Neutrality Variance Recorded**): The court issues a minute entry telling Plaintiff the case is inactive due to the stay and commands Plaintiff to take contract objections to the arbitrator, ignoring that the domestic track was stalled `(recording institutional neglect by directing a citizen to a dysfunctional administrative track)`.

- **Dkt 204** (March 4, 2026) (**Appropriate to the Coercion of Rights; Public Trust Neutrality Variance Recorded**): The court grants Nippon's motion to enforce the arbitration order and warns Plaintiff that a refusal to participate in the broken forum will be legally deemed an "abandonment" of Plaintiff's rights `(recording a neutrality variance through the forced coercion of non-contractual forum terms)`.

- **Dkt 214** (April 3, 2026) (**Appropriate to the Factual Omission; Public Record Opportunity for Judicial Correction Pending**): The court denies Plaintiff's civil contempt motion by claiming Plaintiff caused the suspension—completely omitting the fact that Nippon had already defaulted on its separate $2,100 domestic filing fee, destroying the operational foundation of the stay `(noting clear public record opportunity for judicial correction of a material factual omission)`.

- **Dkt 221** (June 9, 2026) (**Appropriate to the Stay; Article III Neutrality Variance Recorded**): The court issues a warning entry reminding Plaintiff that the case is stayed pending arbitration and that "there are no pending proceedings in this court," using the stay as a shield to block Plaintiff's notifications `(recording the use of a judicial stay to systematically silence documented contract alerts)`.

- **Dkt 225** (June 23, 2026) (**Appropriate to the Unilateral Revocation; Public Record Opportunity for Judicial Correction of Sua Sponte Error Pending**): The court unilaterally alters and revokes its own stay order, converting it into a complete dismissal, and eliminates the safety net of the stay while threatening Plaintiff with immediate filing restrictions `(noting public record opportunity for judicial correction of an extrajudicial, sua sponte procedural error to restore Article III neutrality)`.

**THE CIVIL RECORD MANIFESTS:** Dkt 225: **SUA SPONTE:** the court acting entirely on its own initiative to dismiss the case.
**ADMINISTRATIVE OMISSION**: Directing Plaintiff to an arbitration track that was already closed for corporate non-payment.
**NEUTRALITY VARIANCE**: Threatening Plaintiff with filing restrictions while permitting corporate Civil Contempt threats and contract deviations to stand unpenalized.